FILED

JUN 2 4 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO**

SA20CA0746 JKP

| | |
|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU, | Civil Action No. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, | |
| Defendants. | |

Plaintiffs Dr. Rodrigo Cantu and Melody Joy Cantu ("Cantus"), through their attorneys, complain as follows:

### Introduction

1.    This is an action for violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.* ("CFAA"), the Texas Harmful Access by Computer Act ("HACA"), and the Texas torts of malicious prosecution and intentional infliction of emotional distress.

2.    Defendants Dr. Sandra Guerra and Digital Forensics Corporation ("DFC") hacked, surveilled, and damaged Plaintiffs' protected computers and computer networks without authorization, and intentionally damaged those computers and networks and causing losses of more than $5,000. Defendant Dr. Sandra Guerra's goal was the malicious prosecution of Plaintiff Melody Joy Cantu, getting her arrested on charges the prosecutor eventually dropped. Defendant

1

DFC's goal was profits.  DFC upsold Dr. Guerra by urging her to file a police report in order to

get a Phase II report. The video footage of Dr. Guerra filing her false police report shows her

telling the officer that DFC requires her to file a police report.  This campaign of hacking,

surveillance, damage, and malicious prosecution intentionally inflicted emotional distress upon

the Cantus, as well as costs and expenses to investigate and ameliorate these attacks. Thus, they

seek compensatory, consequential, and punitive damages.

## The Parties

3.      Plaintiffs Melody and Dr. Rodriguez Cantu are married and citizens who reside in

Texas.

4.      Defendant Dr. Sandra Guerra ("Dr. Guerra") is a natural person who, upon

information and belief, resides in San Antonio, Texas.

5.      Defendant Digital Forensics Corporation is an Ohio based corporation, with an

office at 1100 NW Loop 410, #700, San Antonio, Texas 78213.[1]

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over these federal claims under 28

U.S.C. §§ 1331 and 1332, as the claims are federal questions under the Computer Fraud and

Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(5)(A)–(C) & 1030(g), because the actions

complained of resulted in loss of $5000 or more, and damage to ten or more computers, and

--------

[1] *Digital Forensics Corp. San Antonio, TX*, DIGITAL FORENSICS CORPORATION,
https://www.digitalforensics.com/locations/tx/san-antonio (last visited June 22, 2020).

happened within, or weren't discoverable until, the last two years from the date of this
Complaint.

      7.      For the claims brought under the laws of Texas, this Court has supplemental
jurisdiction under 28 U.S.C. § 1367. The harmful access by computer Tex. Civ. Prac. & Rem.
Code § 143.001, malicious prosecution *Davis v. Prosperity Bank*,[2] and intentional infliction of
emotional distress under *Twyman v. Twyman*, 855 S.W.2d 619, 621 (1993).

      8.      The Court has personal jurisdiction over the Defendants because Dr. Cantu
resides in the jurisdiction and Digital Forensics Corporation conducts business in the jurisdiction
through its San Antonio, TX division.

      9.      Venue is proper in the Western Division of Texas under 28 U.S.C. §§ 1391(b)
because the Defendants reside and/or conduct business in this judicial district and the events
complained substantially occurred in this District.

## Facts

      10.      In August 2018, Dr. Cantu and Melody Joy Cantu lived in a home in San Antonio.
Dr. Cantu worked at a local hospital, and Melody Joy Cantu ran the house and raised her three
children.

      11.      Melody Joy Cantu and Dr. Rodrigo Cantu are happily married. Dr. Rodrigo Cantu
has 2 children from his previous marriage to Defendant Dr. Sandra Guerra with whom he shared

---

[2] See also, *Richards v. Tebbe*, 2014 Tex. App. LEXIS 697. *6 (Tex. App-Houston [14th
Dist.] 2014, no pet.) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

custody. Even though Dr. Cantu and Dr. Guerra divorced a decade prior to this filing, Dr. Guerra

has repeatedly targeted the Cantu's in a campaign harassment motivated by her jealousy.

12.      On or about May 16, 2018 Dr. Guerra hired Defendant Digital Forensics

Corporation to phish and spy on the Cantu's through their computers.

13.      On August 21, 2018 Digital Forensic Corporation sent Melody Joy Cantu a text to

her smartphone with a hidden tracking link:  "Melody Joy Cantu clicked on the link, thinking it

was a normal business request. Melody, could you price this for me? Thx https://goo.gl/sCbwZZ.

Melody Joy Cantu clicked on the link, thinking it was a normal business request.

14.      On August 22, 2018 Digital Forensics completed Phase I of its investigation. The

report states:  "[I]f the client is interested in proceeding to Phase II, the client needs to file a

police.[3] A sample police report was included in the Phase I report.[4]

15.      The Digital Forensics Phase I report Digital Forensics also says that DFC  had

created "tracking URLs" ("phishing links") and that Dr. Guerra needed "to include the link in a

message containing something the suspect might be interested enough to click on: DO NOT

MENTION THE REAL PURPOSE BEHIND THE LINK. The message could be something like

"I'd like to send you money," or "You will not believe this," along with that URL created for that

suspect. Be creative, but do not reveal what the link really is."[5]

---

[3] (PHASE I REPORT, Ex. A at 25-26.)

[4] (Digital Forensics Corporation, Phase I Evaluation Report, Ex. A, 19 (2018).)

[5] (PHASE I REPORT, Ex. A at 17.)

4

16.     On August 29, 2018 Dr. Guerra attorney received a notice of deposition from Dr. Cantu's attorney in their custody proceedings at the time.

17.     On September 4, 2018, Dr. Sandra Guerra filed a police report against Melody Joy Cantu falsely accusing her of harassment. The police bodycam footage of her report shows Dr. Guerra telling the police officer that Digital Forensics required her to file the report if she wanted to proceed with Phase II of the investigation.

18.     The case was dropped for lack of prosecution on speedy trial grounds.

19.     On or about September 2018 Melody Cantu noticed that her internet connection and computers was slowing down and acting malfunctioning. Initially, she suspected that it was buggy software, slow connectivity, or the usual reasons one's internet connection slows down or stops. When the connection grew worse, she called her cable and internet service provider Spectrum Communications. Spectrum sent someone out to investigate the problem.

20.     On September 19, 2018 Spectrum's representative examined the Cantu's cable line leading into their house and discovered a cable signal splitter installed on their line that neither the cable company nor the Cantus had put there.

21.     A cable splitter is a type of wiretap that sends the data flowing through a cable to more than one recipient.[6] It does so by providing two or more hardware points to connect to the

—————————————————

[6] "[I]t is absolutely possible to split a cable signal and still have enough signal strength to operate a cable modem and feed HDTV signals to a QAM tuner (assuming the signal strength coming into the house is sufficient). And the Cable Act of 1992 means that it is legal to do so. But every

physical cable. A cable splitter must be spliced in, or put on the end of, a cable. It can be used to monitor the internet traffic coming in and out of a home.

22.     On November 15, 2018 a Spectrum representative discovers the cable splitter had been removed. There was no record of the splitter being removed by Spectrum. When Melody Cantu logged in to her router, she discovered that the firewall settings had been set to allow access to anyone and could not be reset by herself or by Spectrum when she called their internet support line.

23.     Beginning on January 3, 2019, the Cantus hired two computer forensics companies, Exhibit A Computer Forensics Investigations and Kip & Associates, that discovered that defendants Dr. Guerra and Digital Forensics Corporation hacking and surveilling the Cantus.

24.     Digital Forensics illegally phished the Cantu's, in violation of Texas's Anti-Phishing statute.[7]

25.     With her Digital Forensics' Phase I report in hand, Dr. Guerra filed her police

-------------------

time you split a cable or antenna signal, you lose at least 3 to 4 dB of signal strength. So if you're splitting the signal 5 times, you could have as much as 15 to 20 db of loss in the signal by the time it reaches your modem or tuner." Chris Boylan, *Will a Cable Splitter Hurt My Modem or HDTV Signal Strength?*, BIG PICTURE BIG SOUND (Jan. 23, 2007), https://www.bigpicturebigsound.com/split-cable-feed-hdtv-modem-999.shtml.

[7] *See Tex. Bus. & Com. Code* § 324.051 *et. seq.* The code limits who has standing to sue under it. *See id. at* § 324.101.

report against Melody Cantu. The police video of Dr. Guerra's police report shows Dr. Guerra

saying that defendant Digital Forensics Corporation required her to make the police report.

26.      Melody Cantu was arrested and arraigned.

27.      The case was eventually dismissed on speedy trial grounds.

## FIRST CAUSE OF ACTION
## COMPUTER FRAUD AND ABUSE ACT – UNAUTHORIZED ACCESS TO A
## PROTECTED COMPUTER
## 18 U.S.C. 1030(a)(2)(c)
### Against Defendants Sandra Guerra and Digital Forensics Corporation

28.      Plaintiffs incorporate the above paragraphs by reference, as though fully set forth

herein.

29.      Plaintiffs' computers are used in interstate commerce and comprise a "protected

computer" as that term is used in 18 U.S.C.§ 1030(e)(2)(B).

30.      Plaintiffs maintained and secured their computers by reasonable means.

31.      Defendants Dr. Guerra and Digital Forensics intentionally accessed the Cantus'

protected computer without authorization and thereby obtained information.

32.      As a result of Defendants' conduct, the Cantus suffered loss in expending time,

money, and resources aggregating at least $5,000 in value, to investigate the intrusion, assess the

damage, and restore their systems to their prior state.

## SECOND CAUSE OF ACTION
## COMPUTER FRAUD AND ABUSE ACT – UNAUTHORIZED DAMAGE TO A
## PROTECTED COMPUTER
## 18 U.S.C. 1030(5)(A)

33.      Plaintiffs incorporate the above paragraphs by reference, as though fully set forth

herein.

34.     Plaintiffs' computers are used in interstate commerce and comprise a "protected computer" as that term is used in 18 U.S.C. § 1030(e)(2)(B).

35.     Defendants Dr. Guerra and Digital Forensics knowingly caused the transmission of a program, information, code, or command and intentionally caused damage without authorization.

36.     This transmission affected ten or more computers.

37.     As a result of Defendants' conduct, the Cantus suffered damage when Defendants impaired the integrity of their data.

### THIRD CAUSE OF ACTION
### COMPUTER FRAUD AND ABUSE ACT – CONSPIRACY TO COMMIT UNAUTHORIZED ACCESS TO A PROTECTED COMPUTER
### 18 U.S.C. 1030(a)(2)(c) & 1030(b)

38.     Plaintiffs incorporate the above paragraphs by reference, as though fully set forth herein.

39.     Plaintiffs' computers are used in interstate commerce and comprise a "protected computer" as that term is used in 18 U.S.C. § 1030(e)(2)(B).

40.     Plaintiffs maintained and secured their computers by reasonable means.

41.     Defendants Dr. Guerra and Digital Forensics intentionally accessed the Cantus' protected computer without authorization and thereby obtained information.

42.     As a result of Defendants' conduct, the Cantus suffered loss in expending time, money, and resources aggregating at least $5,000 in value, to investigate the intrusion and a damages assessment.

43.     Defendants Dr. Guerra conspired with the Digital Forensics to affect this unauthorized access, in violation of 18 U.S.C. § 1030(b). Dr. Guerra took concerted action with

Digital Forensics to participate in a series of unlawful acts. Defendants performed one or more overt acts pursuant to and in furtherance of the common scheme.

44.     As a result of this conspiracy, Plaintiffs suffered loss in attempting to protect their rights against unauthorized access, downloading, and use of data and information stored in their computers and in expending time, money, and resources (aggregating at least $5,000 in value) to conduct an investigation into the intrusion and a damages assessment.

45.     As a result of the conspiracy, Plaintiffs also suffered damage to their businesses and goodwill.

46.     Therefore, Plaintiffs are entitled to compensatory damages under the CFAA.

**FOURTH CAUSE OF ACTION**
**COMPUTER FRAUD AND ABUSE ACT – ATTEMPT TO COMMIT UNAUTHORIZED**
**ACCESS TO A PROTECTED COMPUTER**
**18 U.S.C. 1030(a)(2)(c) & 1030(b)**

47.     Plaintiffs incorporate the above paragraphs by reference, as though fully set forth herein.

48.     Plaintiffs' computers are used in interstate commerce and comprise a "protected computer" as that term is used in 18 U.S.C.§ 1030(e)(2)(B).

49.     Plaintiffs maintained and secured their computers by reasonable means.

50.     Defendants Dr. Guerra and Digital Forensics intentionally accessed the Cantus' protected computer without authorization and thereby obtained information.

51.     As a result of Defendants' conduct, the Cantu's suffered loss in expending time, money, and resources aggregating at least $5,000 in value, to investigate the intrusion and a damages assessment.

52.     Defendant Dr. Guerra attempted with Digital Forensics to affect this unauthorized

access, in violation of 18 U.S.C. § 1030(b). Dr. Guerra took concerted action with Digital Forensics to participate in a series of unlawful acts. Defendants performed one or more substantial acts pursuant to and in furtherance of the common scheme.

53.      As a result of this conspiracy, Plaintiffs suffered loss in attempting to protect their rights against unauthorized access, downloading, and use of data and information stored in the their computers and in expending time, money, and resources (aggregating at least $5,000 in value) to conduct an investigation into the intrusion and a damages assessment.

54.      As a result of the conspiracy, Plaintiffs also suffered damage to their reputation and occupation.

**FIFTH CAUSE OF ACTION**
**HARMFUL ACCESS BY COMPUTER**
**Tex. Civ. Prac. & Rem. Code § 143.001**

55.      Plaintiffs incorporate the above paragraphs by reference, as though fully set forth herein.

56.      Dr. Guerra and DFC violated § 33.02 of the Texas Penal Code by knowingly or intentionally accessed the Cantus' computer, computer network, and/or computer system without the Plaintiffs consent.

57.      Dr. Guerra and DFC violated § 33.02 of the Texas Penal Code by accessing the Cantus' computer, computer network, and/or computer system with the intent to defraud or harm the Cantus.

58.      Dr. Guerra and DFC violated § 33.02 of the Texas Penal Code by accessing the Cantus' computer, computer network, and/or computer system with the intent to alter, damage, or delete the Cantus' property.

59.      Dr. Guerra and DFC violated § 33.22 of the Texas Penal Code by accessing the

Cantus' computer system or computer network without their consent with the intent to interrupt or suspend access to their computer system or network.

60.     The unauthorized access of the Cantus' computer, computer network, and/or computer system resulted in injury to the Cantus by forcing them to hire investigators, Exhibit A Computer Forensics Investigations and Kip & Associates to discover the source of the breach.

61.     As a result of the unauthorized access the Cantus paid the investigators [$$$$] for their services.

62.     As a result of the unauthorized access the Cantus were deprived of the full access and use of their computer system or computer network without their consent when the connection was throttled by the presence of the cable splitter.

63.     Pursuant to § 143.001 of the Texas Civil Practice and Remedies Code, Defendants' knowing and intentional violation of §§ 33.02 and 33.22 of the Texas Penal Code makes Defendants liable in a civil action for harmful access of the Cantus' computer, computer network, and/or computer system.

## SIXTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

64.     Plaintiffs incorporate the above paragraphs by reference, as though fully set forth herein.

65.     Defendant Dr. Guerra conspired with Defendant Digital Forensics to commence a criminal proceeding against Melody Joy Cantu.

66.     Defendant Digital Forensics touted the idea of filing police reports for them to continue their "so called" investigation.

67.     The prosecution against Plaintiff Melody Joy Cantu was in her favor as the case

was dismissed sue to the violation of her constitutional right to a speedy trial.

68.     Plaintiff Melody Cantu was innocent in the charge of Harassment by Defendant Dr. Guerra.

69.     The proceeding lacked probable cause as there was no evidence pointing to Defendant's claim of harassment by Plaintiff Melody Joy Cantu.

70.     The Defendants conspired to commence the criminal proceeding and it was filed with malicious intent by Defendant Dr. Guerra to pursue an in-depth investigation into Plaintiffs, as well as harass them.

71.     As a result of the malicious prosecution, Plaintiff Melody Joy Cantu suffered loss in paying attorney's fees for representation in the criminal matter.

72.     As a result of the malicious prosecution, Plaintiffs also suffered damage to their reputation and occupation.

73.     As a result of the malicious prosecution, Plaintiff Melody Joy Cantu suffered as emotional harm stemming from her arrest.

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

74.     Defendants Dr. Guerra and Digital Forensics acted intentionally or recklessly by engaging in a malicious prosecution of Melody Cantu and the cyberstalking of the Cantus.

75.     The Defendants conduct was extreme and outrageous because it opened the Cantus up to identity theft and wrongful legal actions.

76.     The actions of Defendants cased Plaintiffs emotional distress by putting the Cantus in a state of prolonged and sustained fear for their safety and privacy through repeated false charges, false investigations, and digital surveillance.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in its favor and award the following relief against Defendants:

a. An award against Defendants Dr. Guerra and Digital Forensics for compensatory damages plus interest and costs;

b. An award against Defendant consequential damages,

c. That the Court award punitive damages in an amount to be determined at trial;

d. That the Court award Plaintiffs its attorney's fees and expenses; and

e. That the Court award Plaintiffs such other and further relief as is just and proper under the circumstances.

Dated: June 23, 2020

Respectfully submitted,

Tor Ekeland (NYS Bar No. 449363)
Admission *Pro Hac Vice* pending
**Tor Ekeland Law, PLLC**
195 Montague Street, 14th Floor
Brooklyn, NY 11201

tor@torekeland.com
(718) 737-7264

*Attorneys for Plaintiffs Dr. Rodrigo Cantu*
*and Melody Cantu*

13