**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO**

_____

MELODY JOY CANTU AND DR. RODRIGO
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.

_____ _

**5:20-CV-0746 JKP – HJB**

**Motion to Dismiss Defendant Dr. Sandra Guerra's Counterclaims**

Table of Contents

Introduction .................................................................................................................. 1

Legal Standard ............................................................................................................. 2

Argument ..................................................................................................................... 3

I.    Count One Fails to Allege a CFAA Violation ................................................... 3

    A.  Count One Insufficiently Pleads CFAA Loss ............................................ 3

    B.  Dr. Cantu Accessed His Daughter's iPad with Authorization .................... 4

    C.  Dr. Guerra Does Not Have Standing to Sue for Alleged CFAA Violations to Others .......... 5

II.   Count Two Fails to Allege a HACA Violation .................................................. 5

    A.  Count Two Does Not Sufficiently Plead an Injury Under HACA ............... 6

    B.  Dr Cantu Had Effective Consent to Access His Daughter's iPad in His Home .............. 7

III.  Count Three Fails to Allege Conduct Constituting Stalking or Harassment .......... 7

    A.  Count Three Fails to Allege Threatened Physical Injury or Offense .............. 7

    B.  Tex. Pen. Code § 42.07(a) is a Criminal Statute with No Civil Cause of Action ......... 8

    C.  The Statute of Limitations for Count Three Has Run ................................. 8

IV.   Count Four Fails to Allege Extreme and Outrageous Conduct ......................... 9

    A.  IIED Requires Extreme and Outrageous Conduct ...................................... 9

    B.  The Statute of Limitations on Count Four Has Run .................................. 11

V.    Count Five Fails to Allege Any Particular Defamatory Statements .................. 11

    A.  Dr. Guerra has not Alleged She Requested a Correction, Clarification or Retraction of any Defamatory Statements as Required by Texas Law ......... 11

    B.  Count Five Fails to Plead Defamation with Particularity .......................... 12

    C.  The Statute of Limitations on Count Five Has Run .................................. 14

VI.   Count Six Fails to Sufficiently Plead Abuse of Process ................................. 14

Conclusion ................................................................................................................ 17

Table of Authorities

**Cases**

*Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610 (S.D. Tex. 2011)..........................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 2

*Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557 (1987) ................................................ 10

*Barton v. Barnett*, 226 F. Supp. 375 (N.D. Miss. 1964) ........................................................... 14

*Bell Alt. Corp. v. Twombly*, 550 U.S. 554 (2007) ................................................................. 2, 3

*Bell v. Simms*, 2009 U.S. Dist. LEXIS 152117 (W.D. Ark. Mar. 9, 2009)..................................... 6

*Berry v. Covarrubias*, No. 14-03-01137-CV, 2004 Tex. App. LEXIS 6492, (Tex. App. July 22, 2004) ......................................................................................................................... 8

*Bhalli v. Methodist Hosp.*, 896 S.W.2d 207 (Tex. App. -- Houston 1995)..................................... 12

*BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2016 U.S. Dist. LEXIS 44729 (S.D. Tex. Mar. 29, 2016)..................................................................................... 4

*Blackstock v. Tatum*, 396 S.W.2d 463 (Tex. Civ. App. 1965)..................................................... 2

*Bossin v. Towber*, 894 S.W.2d 25 (1994 Tex. App.) ............................................................... 16

*Brackens v. State*, 312 S.W.3d 831 (Tex. App. 2009) ............................................................... 7

*Cheatam v. JCPenney Co*, No. 1:16-CV-00072-MAC, 2016 U.S. Dist. LEXIS 121531 (E.D. Tex. July 13, 2016)................................................................................................................ 13

*Detenbeck v. Koester*, 886 S.W.2d 477 (Tex. Civ. App.—Hous. [1st Dist.] 1994) .................... 16

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734 (S.D. Tex. 1998) ............................... 2

*Indusoft, Inc.*, No. 03-16-00677-CV, 2017 Tex. App. LEXIS 110 (Tex. App. Jan. 10, 2017) .... 12

*Knepp v. State*, No. 05-08-00002-CR, 2009 Tex. App. LEXIS 1765 (Tex. App. Mar. 13, 2009) . 7

*Kosa v. Dep't of Homeland Sec.*, Civil Action No. 3:09-CV-196-N (BH), 2009 U.S. Dist. LEXIS 78347 (N.D. Tex. June 23, 2009)................................................................................... 6

*Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275 (5th Cir. 2001) ........................................ 5

*Meyers v. Siddons-Martin Emergency Grp. LLC*, No. 16-1197, 2016 U.S. Dist. LEXIS 130348, (E.D. La. Sep. 23, 2016) ................................................................................................ 4

*Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 (Tex. 1994).......................................................... 10

*Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925)..................................................................... 5

*Pittsburg SNF LLC v. PharMerica East, Inc.*, 2012 U.S. Dist. LEXIS 141005.......................... 16

*Prince v. Massachusetts*, 321 U.S. 158 (1944) ...................................................................... 5

*Porterfield v. Galen Hosp. Corp.*, 948 S.W.2d 916 (Tex. App.--San Antonio 1997) .................. 10

*Rajaee v. Design Tech Homes, Ltd.*, No. H-13-2517, 2014 U.S. Dist. LEXIS 159180 (S.D. Tex.
    Nov. 11, 2014) ................................................................................................................. 4

*Romero v. Brown*, 937 F.3d 514 (5th Cir. 2019) .......................................................................... 5

*Scott v. Houma-Terrebonne Hous. Auth.*, 02-770, 2002 U.S. Dist. LEXIS 16719 (E.D. La. Sep. 5,
    2002) ................................................................................................................................ 15

*Sw. Airlines Co. v. BoardFirst, L.L.C.*, No. 3: 06-CV-0891-B, 2007 U.S. Dist. LEXIS 96230
    (N.D. Tex. Sep. 12, 2007)........................................................................................... 4, 6

*Tandy Corp. v. McGregor*, 527 S.W.2d 246 (1975) ................................................................... 16

*Twyman v. Twyman*, 855 S.W.2d 619 (Tex. 1993)..................................................................... 10

*United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2015
    U.S. Dist. LEXIS 197006 (S.D. Miss. Aug. 6, 2015) ....................................................... 4

*Vest Safety Med. Servs, LLC v. Arbor Envtl. LLC*, 2020 U.S. Dist. LEXIS 124453 (S.D. Tex. July
    15, 2020) ........................................................................................................................... 6

*Wilson v. Monarch Paper Co.*, 939 F.2d 1138 (5th Cir. 1991) .................................................. 10

*Wornick Co. v. Casas*, 856 S.W.2d 732 (Tex. 1993).................................................................. 10


**Statutes**

18 U.S.C. § 1030(a)(2)(C) ............................................................................................................ 4

Tex. Civ. Prac. & Rem. Code § 16.003 .................................................................................. 9, 12

Tex. Civ. Prac. & Rem. Code § 73.055(a)(1) ............................................................................. 12

Tex. Civ. Prac. & Rem. Code § 85.003 ........................................................................................ 8

Tex. Civ. Prac. & Rem. Code §143.001 ....................................................................................... 6

Tex. Civ. Prac. & Rem. Code sec. 16.002 .................................................................................. 15

Tex. Pen. Code §33.02(a) .............................................................................................................. 6

Tex. Pen. Code § 42.07(a) ............................................................................................................. 9


**Other Authorities**

Restatement 2d of Torts, § 46 cmt. d (1965) ......................................................................... 10, 11

Plaintiffs Dr. Rodrigo Cantu and Melody Joy Cantu, through their undersigned attorneys, move this Court under Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Dr. Sandra Guerra's counterclaims.

## Introduction

This Court should dismiss Dr. Guerra's counterclaims with prejudice under Federal Rule of Civil Procedure 12(b)(6) because they are insufficiently pleaded as a matter of law.

First, Dr. Guerra insufficiently alleges a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C) for unauthorized access to a computer because: (1) she has not pleaded CFAA losses of $5000 or more reasonably related to the alleged computer intrusion; (2) Dr. Cantu, as a parent, is authorized to access the computers his minor daughter uses in his home; (3) the Verizon computers allegedly accessed are not Dr. Guerra's but Verizon's, and (4) 18 U.S.C. § 1039 is a federal criminal statute that does not permit civil actions.

Second, Dr. Guerra's allegation of a violation of the Texas Harmful Access by Computer Act ("HACA") in Count Two fails for the similar reasons the CFAA claims do. It fails to allege a cognizable HACA Injury. Moreover, Dr. Cantu had effective consent as a parent to access his minor daughter's iPad in his home.

Third, Dr. Guerra has failed to allege plausible facts that sufficiently establish she was stalked and harassed by Melody Cantu as required by Texas law, because, among other things, there is no allegation Melody Cantu threatened to physically injure Dr. Guerra or commit an offense against her, that Melody Cantu had the means to do so, and that Dr. Guerra clearly told Mrs. Cantu to stop. And most of the alleged harassment was directed towards other people. Finally, Count Three is barred by the two-year statute of limitations.

1

Fourth, Dr. Guerra fails to plead plausible facts that constitute extreme and outrageous conduct necessary to sustain a claim for Intentional Infliction of Emotional Distress ("IIED"). And Count Four is barred by the two-year statute of limitations.

Fifth, Dr. Guerra fails to allege she asked the Cantus to correct their allegedly defamatory statements, as Texas Law requires, nor does she particularly identify any defamatory statements by Plaintiffs. And Count Five is barred by the one-year statute of limitations.

Sixth, Dr. Guerra insufficiently pleads Abuse of Process as a matter of law because it is a cause of action limited to the illegitimate use of legal process and filing a lawsuit against someone doesn't count.[1]

As set forth below, all of Co-Defendant's (Dr. Guerra) counterclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss an action when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must assert a plausible claim and must set forth sufficient factual allegations to support the claim.[2]

To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] A claim lacks facial plausibility when the plaintiff fails to plead sufficient factual content that allows the

---

[1] *See, e.g.*, *Blackstock v. Tatum*, 396 S.W.2d 463, 468 (Tex. Civ. App. 1965).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662 at 677-78 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *see also Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).
[3] *Id.* (citing *Twombly*, 550 U.S. at 570).

court to draw the reasonable inference that the defendant is liable under the alleged claim.[4] "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[5] Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true."[6] Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief."[7]

**Argument**

As argued below, Dr. Guerra's counterclaims fail to allege plausible facts that if true would entitle her to relief as a matter of law. Moreover, all but Counts One and Two are barred by the statute of limitations as determined from the face of the Complaint.

## I.    Count One Fails to Allege a CFAA Violation

Count One insufficiently alleges CFAA loss and that the access to Dr. Guerra's computers was unauthorized.

### A.    Count One Insufficiently Pleads CFAA Loss

Dr. Guerra's CFAA counterclaim should be dismissed for failure to sufficiently plead the minimum $5,000 in loss for the CFAA claim.[8] 18 U.S.C. §1030(g) requires that CFAA loss be reasonably related to the alleged computer intrusion and total at least $5,000 over a one-year period. Courts routinely dismiss pleadings that only generally allege CFAA loss when it isn't clear

---

[4] *Id*. (citing *Twombly*, 550 U.S. at 556).
[5] *Id*. at 1950.
[6] *Id*.
[7] *Id*. at 1951.
[8] *See* 18 U.S.C. § 1030(a)(2)(C) (prohibiting unauthorized access to a protected computer).

on the face of the complaint if an alleged loss is reasonably related to the unauthorized access.[9] CFAA loss must be reasonably related to the alleged computer intrusion, and this must be clear from the complaint. That isn't the case here.

There is no connection between the alleged computer intrusion and the CFAA loss that reasonably establishes a connection between the intrusion and the loss as a matter of law.[10] There are only general allegations like that Dr. Guerra believed it necessary to hire Co-Defendant Digital Forensics Corporation, LLC ("DFC") to investigate on her behalf.[11] No specific costs are alleged. The Court should dismiss Count One for insufficiently pleading loss.

### B. Dr. Cantu Accessed His Daughter's iPad with Authorization

As a parent of a minor, Dr. Cantu was authorized to access his daughter's electronics. Dr. Guerra states in her Complaint that it was Dr. Cantu's daughter (with Dr. Guerra) that owned the iPad.[12] At other points Dr. Guerra claims it as her own.[13] Regardless, it was in the possession of their minor daughter in Mr. Cantu's home, and he was within his parental rights to access his

---

9 *See Meyers v. Siddons-Martin Emergency Grp. LLC*, No. 16-1197, 2016 U.S. Dist. LEXIS 130348, at *7-9 (E.D. La. Sep. 23, 2016); *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2015 U.S. Dist. LEXIS 197006, at *37-38 (S.D. Miss. Aug. 6, 2015); *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2016 U.S. Dist. LEXIS 44729, at *59-61 (S.D. Tex. Mar. 29, 2016) ("Without allegations that allow the Court to infer that Defendants are liable for cognizable losses under the CFAA, the Court must conclude that BHL's complaint runs afoul of Rule 12(b)(6) requirements."); *Rajaee v. Design Tech Homes, Ltd.*, No. H-13-2517, 2014 U.S. Dist. LEXIS 159180, at *9 (S.D. Tex. Nov. 11, 2014)(" Plaintiff has not offered evidence sufficient to raise a genuine issue of material fact that he sustained $5,000 in cognizable "loss" under the CFAA, and [his] CFAA claim is dismissed.").
10 *Sw. Airlines Co. v. BoardFirst, L.L.C.*, No. 3: 06-CV-0891-B, 2007 U.S. Dist. LEXIS 96230, at *46-48 (N.D. Tex. Sep. 12, 2007) ("There is thus no basis upon which the Court may determine whether Southwest's responsive efforts constitute "reasonable" costs incurred by the company due to BoardFirst's purported unauthorized access of the Southwest computer system.").
11 (Dr. Guerra's Countrcl. ¶25).
12 *See Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 288 (5th Cir. 2001) *citing Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-35, 69 L. Ed. 1070, 45 S. Ct. 571 (1925) (recognizing that the liberty of parents and guardians" includes the right "to direct the upbringing and education of children under their control"); *Prince v. Massachusetts*, 321 U.S. 158, 166, 88 L. Ed. 645, 64 S. Ct. 438 (1944) (recognizing that there is a constitutional interest in parents directing the "custody, care and nurture of the child").
13 (Dr. Guerra's Countrcl. ¶¶ 1, 30).

daughter's computer. Dr. Rodrigo Cantu, a co-parent, is entitled to check the electronics his

daughter uses.[14]

> **C.    Dr. Guerra Does Not Have Standing to Sue for Alleged CFAA Violations to Others**

The Verizon computers allegedly accessed are not Dr. Guerra's but Verizon's, and she

does not have standing to sue on behalf of alleged injuries to Verizon's computers.[15]

However, liability to a third party under the CFAA requires both illicit access of a

computer and damage or loss to the third party that owns the information on the computer.

> In this case, the computer in question belonged to Arvest, not to
> Bell. Only Arvest can define the limits of authorization to access
> Arvest's computers. According to Bell's complaint, Simms used an
> Arvest computer to access her personal information, but Bell does
> not allege that Simms lacked legitimate access to Arvest's
> computer, or exceeded her authorization from Arvest. In the
> absence of illicit access, Simms and Arvest cannot be liable under
> the CFAA for any loss or damage that Bell may have suffered.[16]

Verizon is the computer owner and thus, assuming the allegations are true, the cause of

action accrues to Verizon, and not Defendant Dr. Guerra. Accordingly, the CFAA claim should

be dismissed.

## II.    Count Two Fails to Allege a HACA Violation

The Court should dismiss Count Two's Texas Harmful Access by Computer Act

(HACA) for similar reasons argued in the CFAA claim above - insufficient pleading of injury, the

---

[14] *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019) ("Indeed, a parents' right to "care, custody, and control of their children" is "perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." (citations omitted)).
[15] (Dr. Guerra's Countrcl. ¶18).
[16] *Bell v. Simms*, 2009 U.S. Dist. LEXIS 152117, *8 (W.D. Ark. Mar. 9, 2009).

fact that Dr. Cantu had effective consent to access his daughters iPad in his home, and that Dr. Guerra does not have standing to assert the HACA claims of others.

### A.      Count Two Does Not Sufficiently Plead an Injury Under HACA

Tex. Civ. Prac. & Rem. Code §143.001 in conjunction with Tex. Penal Code §33.02(a) creates a civil cause of action against any person who "knowingly accesses a computer, computer network, or computer system without the effective consent of the owner."[17] Dr. Guerra has alleged no cognizable injury under HACA.[18] Dr. Guerra has only alleged that Plaintiffs "intentionally or knowingly accessing Dr. Guerra's computer, computer network, or computer system, as stated above, without Dr. Guerra's effective consent."[19] It is unclear what "access" she is referring to and we are left to assume she means the alleged attempted hacking of Verizon.[20] As set forth above, Dr. Guerra does not have standing to sue on behalf of Verizon and has alleged no harm to herself by the alleged attempted hacks. There are no allegations that the hacks were successful and indeed by her own statements, it appears no breach ever occurred. Dr. Guerra chose to close the account presumably out of an abundance of caution.[21] As the defendant failed to allege any loss or even a breach, even taking all her alleged facts as truth, the HACA claim must be dismissed.

---

[17] Tex. Civ. Prac. & Rem. Code §143.001; Tex. Penal Code §33.02(a); *Kosa v. Dep't of Homeland Sec.*, Civil Action No. 3:09-CV-196-N (BH), 2009 U.S. Dist. LEXIS 78347, at *7-9 (N.D. Tex. June 23, 2009).

[18] *Cf. Sw. Airlines Co. v. BoardFirst, L.L.C.*, No. 3: 06-CV-0891-B, 2007 U.S. Dist. LEXIS 96230, at *49-51 (N.D. Tex. Sep. 12, 2007) ("For instance, while certain investigative and responsive costs may be recoverable as a "loss" under the CFAA, Southwest provides no authority that the same types of costs constitute an "injury" within the meaning of § 143.001.). *See also*, *Vest Safety Med. Servs, LLC v. Arbor Envtl. LLC*, 2020 U.S. Dist. LEXIS 124453, *6 (S.D. Tex. July 15, 2020); *Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 630 (S.D. Tex. 2011).

[19] (Dr. Guerra's Countercl. ¶34.)

[20] (*Id.* ¶18.)

[21] (*Id.*),

**B.      Dr Cantu Had Effective Consent to Access His Daughter's iPad in His Home**

Dr. Cantu had effective consent to access his minor daughters iPad in his home for the same reasons stated in the CFAA argument section above.[22] Dr. Guerra at one point in her counterclaims states the iPad belonged to her daughter while at other points says it's her iPad. And Dr. Cantu had effective consent to access it both as his minor daughter's father and from Dr. Guerra, who knowingly sent the iPad with her daughter to Dr. Cantu's home.[23]

**III.     Count Three Fails to Allege Conduct Constituting Stalking or Harassment**

The Court should dismiss Dr. Guerra's Texas stalking and harassment count for failure to plead that the Plaintiffs threatened to commit bodily injury or an offense against her.

**A.      Count Three Fails to Allege Threatened Physical Injury or Offense**

To bring a civil stalking and harassment claim Texas law requires that "on more than one occasion the defendant engaged in harassing behavior . . . as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family; and . . .(A) the defendant, while engaged in harassing behavior, by acts or words threatened to inflict bodily injury on the claimant or to commit an offense against the claimant, a member of the claimant's family, or the claimant's property.[24] Dr. Guerra's counterclaims contain no such allegations. Moreover, the counterclaims never allege that Melody Cantu "had the apparent ability to carry out the threat" and that this ability reasonably instilled reasonable fear in Dr. Guerra of harm to herself or a family member, nor does it allege that Dr. Guerra once clearly demanded that

---

[22] *See* Part [I.B.], above; *Brackens v. State*, 312 S.W.3d 831, 839 (Tex. App. 2009) ("Appellant asserts that Legg was not authorized to view any files on his laptop. However, as noted above, appellant did not place any limitations on his request to back up his computer files").

[23] *Knepp v. State*, No. 05-08-00002-CR, 2009 Tex. App. LEXIS 1765, at *9 (Tex. App. Mar. 13, 2009) ("By leaving his computer open and unsecured, appellant knew he was leaving it for his coworkers to access.").

[24] Tex. Civ. Prac. & Rem. Code § 85.003.

Melody Cantu stop, all of which are statutorily required in Texas.[25] Additionally, as alleged in Plaintiffs' First Amended Complaint, the Bexar County Court dismissed with prejudice the criminal malicious prosecution initiated by Dr. Guerra and co-defendant Digital Forensics Corporation against Plaintiff Melody Cantu and that is the basis of her malicious prosecution claim.[26] This renders Dr. Guerra's alleged facts implausible on their face as neither a prosecutor nor court pursued them. Finally, the fact that most of the allegations related to stalking and harassment are in regards to other people further bolsters that the Court should dismiss Count Three with prejudice.

### B.     Tex. Pen. Code § 42.07(a) is a Criminal Statute with No Civil Cause of Action

Dr. Guerra's counterclaim alleging the Cantus violated Section 42.07(a)(7) of the Texas Penal Code should be dismissed because it is a penal statute that does not provide for a civil cause of action.[27]

### C.     The Statute of Limitations for Count Three Has Run

In the state of Texas, civil actions for personal injury have a two-year statute of limitations.[28] With the two-years commencing at the time the cause of action accrues. According to Dr. Guerra's facts, the date of the alleged harassment by Melody Cantu against Dr. Guerra occurred April 1, 2018.[29] This action was commenced on June 24, 2020, over two years from the

---

[25] *See* Tex. Civ. Prac. & Rem. Code § 85.003; *Berry v. Covarrubias*, No. 14-03-01137-CV, 2004 Tex. App. LEXIS 6492, at *18-20 (Tex. App. July 22, 2004) ("Berry did not allege the existence or violation of a restraining order and provided no summary judgment proof the appellees' allegedly harassing behavior had been reported to the police as a stalking offense").
[26] (First Am. Compl. ¶ 53)(Dkt. No. 6.)
[27] Tex.Pen.Code § 42.07(a).
[28] Tex. Civ. Prac. & Rem. Code § 16.003.
[29] (Dr. Guerra's Countrcl. ¶15 Docket 14.)

date of the alleged harassment.[30] Thus the Court should dismiss Count Three because the Statute of Limitations has run.

## IV.    Count Four Fails to Allege Extreme and Outrageous Conduct

Dr. Guerra fails to plead plausibly outrageous facts that give rise to a cause of action for Intentional Infliction of Emotional Distress.

### A.    IIED Requires Extreme and Outrageous Conduct

To recover under this tort, the plaintiff must prove that 1) the defendant acted intentionally or recklessly, 2) the conduct was "extreme and outrageous," 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the resulting emotional distress was severe."[31] Defendant Dr. Guerra must, and has not, allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[32] "Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct."[33] "Similarly, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct."[34] In determining whether conduct is extreme and outrageous context and the relationship of the parties is important as the nature of the relationship

---

[30] (Compl. Docket 1.)
[31] *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993).
[32] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)); Restatement 2d of Torts, § 46 cmt. d (1965).
[33] *Natividad*, 875 S.W.2d at 699.
[34] *See Porterfield v. Galen Hosp. Corp.*, 948 S.W.2d 916, 920 (Tex. App.--San Antonio 1997, writ denied); Restatement 2d of Torts, § 46 cmt. d (1965)."

can change the effect the standards to which society holds the parties.[35] Behavior is not outrageous merely because it is rude or event tortious.[36]

In this case Defendant Dr. Guerra has a rather notoriously fraught type of relationship with the Plaintiffs. They are her ex-husband and her ex-husband's new wife respectively. While this type of relationship does not grant the parties the right to behave maliciously towards each other, it does assume some level of friction. In paragraph 37 Dr. Guerra alleges that the Cantus created false accounts for STD websites, attempted to hack her email and Verizon accounts, and verbally harassed her and her daughters which caused her to suffer post-traumatic stress disorder. If the conduct alleged is true it is understandably upsetting however, it cannot "reasonably be regarded as so extreme as to "go beyond all possible bounds of decency."[37] However, it is not so extreme or outrageous as to give rise to an IIED claim.

Examples of cases where a claimant recovered under IIED are extreme indeed. The conduct alleged, even if true, does not rise to the level of causing a woman to miscarry by shooting her pet dog in front of her,[38] causing a heart patient to suffer a heart attack by violated doctor's orders and causing a scene in the hospital room to settle an insurance claim,[39] attempting to commit suicide in a someone else's kitchen with the intention to distress them,[40] giving a female swim party guest a swimsuit which dissolves in water for her use in a co-ed swimming pool,[41] or a

---

[35] *See Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 569, 94 L. Ed. 2d 563, 107 S. Ct. 1410 (1987) ("Some States consider the context and the relationship between the parties significant, placing special emphasis on the workplace."); *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir. 1991) ("The facts of a given claim of outrageous conduct must be analyzed in context . . . ."). "The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." Restatement 2d of Torts, § 46 cmt. e (1965).
[36] *See* Restatement 2d of Torts, § 46, cmt. d.
[37] *See id.*
[38] *Id.* at § 46
[39] *Id.*
[40] *Id.*
[41] *Id.*

police officer telling a suspect that their child is dying in the hospital and they cannot go see them unless they give a confession.[42] Instead this case is far more akin to telling an overweight girl that she looks like a hippo,[43] or a caller telling a telephone operator that he would break her neck if he were there.[44] These lasts two examples are upsetting and alarming, to be sure, but do not give rise to and IIED claim.

### B.    The Statute of Limitations on Count Four Has Run

Under Texas law, "the applicable limitations period for a claim of intentional infliction of emotional distress is two years from the accrual of the cause of action."[45] Therefore, Dr. Guerra's IIED claim is time barred as her allegations of the Cantus' behavior that have caused Dr. Guerra emotional distress and PTSD stem back to the alleged incident on April 1, 2018.[46] As this cause of action commenced on June 24, 2020, that is over two-years from the alleged incident.[47]

## V.    Count Five Fails to Allege Any Particular Defamatory Statements

As to the fifth count, it should be dismissed as the Co-Defendant Dr. Guerra failed to plead the alleged defamatory statements with particularity.

### A.    Dr. Guerra has not Alleged She Requested a Correction, Clarification or Retraction of any Defamatory Statements as Required by Texas Law

Under Texas law an action for defamation can only be maintained if the alleged defamed party has made a "timely and sufficient request for a correction, clarification, or retraction from

---

[42] *Id*.
[43] Restatement 2d of Torts, § 46.
[44] *Id*.
[45] *See Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 211 (Tex. App. -- Houston 1995); *see also* TEX. CIV. PRAC. & REM. CODE 16.003(a).
[46] (Dr. Guerra's Countrcl. ¶¶11, 15, 17).
[47] (Am. Compl. (Dkt. 6)).

the defendant"[48] served on the alleged defamer,[49] in writing,[50] and identifying the alleged

defamatory statements with particularity[51] or "the defendant has made a correction, clarification,

or retraction."[52] Defendant Dr. Guerra has failed to allege that she has asked for a correction,

clarification, or retraction. Additionally, as more than 90 days have passed since Dr. Guerra

received knowledge of the publication, which she alleges occurred prior to or during February

2020, more than six month ago, she cannot recover exemplary damages.[53] As Defendant Dr.

Guerra has failed to request the correction, clarification, or retraction timely and in writing as

required by Texas law[54] Count Five should be dismissed.

### B.      Count Five Fails to Plead Defamation with Particularity

Defendant Dr. Guerra has failed to plead defamation with particularity. To allege

defamation with particularity a claimant must identify 1) the statement(s) which are allegedly

defamatory, 2) the maker of the statement(s), 3) the date the statement(s) were made or

published, 4) the third parties to whom the statement(s) were made, 5) the circumstances under

which the statement(s) were made, and 6) evidence that the person who made the statement(s)

knew they were false, acted with actual malice, or were negligent.[55]

Defendant Dr. Guerra has alleged that Plaintiff Melody Joy Cantu defamed her but does

not in any way identify the allegedly defamatory statements. In fact, it is not even clear what

---

[48] Tex. Civ. Prac. & Rem. Code § 73.055(a)(1); *See* Tex. Civ. Prac. & Rem. Code § 73.05(a)(1) ("A person may maintain an action for defamation only if:  the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant."); *In re Indusoft, Inc.*, No. 03-16-00677-CV, 2017 Tex. App. LEXIS 110, at *3-4 (Tex. App. Jan. 10, 2017).
[49] *Id.* at § 73.055(d)(1).
[50] Tex. Civ. Prac. & Rem. Code § 73.055(d)(2).
[51] *Id.* at § 73.055(d)(3)-(5).
[52] *Id.* at § 73.055(a)(2).
[53] *Id.* at § 73.055(c).
[54] *Id.* at § 73.055.
[55] *Cheatam v. JCPenney Co*, No. 1:16-CV-00072-MAC, 2016 U.S. Dist. LEXIS 121531, at *16-17 (E.D. Tex. July 13, 2016).

statements Defendant Dr. Guerra is referring to in Count Five as she only refers to them as "the statements" without providing any direct quotes or sources for the alleged statements. Even in her Facts section she fails to lay out any quotes or publications made by the Plaintiffs and simply summarizes allegedly offensive or disparaging conduct without identifying any actual statements.

Furthermore, no dates are given as to when the statements were made, the actual party(s) to whom the statements were allegedly made is unclear and can only be, perhaps, narrowed down to "Dr. Guerra's husband's ex-wife"[56] and Humana?[57] It is equally unclear the circumstances under which the statements were made and Defendant Dr. Guerra has alleged that the statements were false and malicious but has not provided any evidence tending to prove this. Finally, the Defendant claims that these statements are so obviously defamatory as to be defamation *per se* however for the reasons already set forth it is impossible to even address that claim as it is unclear what the allegedly defamatory statements are. For these reasons Defendant Dr. Guerra has failed to plead defamation with particularity and Count Five should be dismissed.

As set forth above Defendant Dr. Guerra has failed to allege defamation with sufficient particularly, let alone defamation *per se*. As such she "has not alleged or 'specifically stated' any special damages for which he can recover. Thus, on [her] pleadings [s]he does not make a case for compensatory damages. Since [s]he makes no case for compensatory damages, [s]he can make no case for punitive damages. Therefore…on the face of the language used, as a legal certainty…the requisite jurisdictional amount is not now involved in this suit."[58]

---

[56] (Dr. Guerra's Countrcl. ¶ 22).
[57] (*Id.* at ¶ 44).
[58] *Barton v. Barnett*, 226 F. Supp. 375, 379-80 (N.D. Miss. 1964).

The law of defamation in Texas requires that defamation claims be pleaded with particularity.[59] Dr. Guerra only generally alleges that in May of 2019, she received information from Humana's human resources (where she worked at the time), generally stating, without particularity, that an anonymous complaint had been filed falsely claiming Dr. Guerra was posting proprietary information on social media and participating in human trafficking.[60] There are no quotes from the anonymous complaint.

### C.  The Statute of Limitations on Count Five Has Run

Texas has a one- year statute of limitations for defamation which runs from the time the defamatory statement was made.[61] As discussed above, Dr. Guerra has failed to identify any particular defamatory statement and Count Five should be dismissed on this ground alone. But assuming Dr. Guerra's allegations to be true, the last possible instance of defamation appearing to be June of 2019, over a year prior to Co-Defendant Dr. Guerra's filed counterclaims.[62]

## VI.  Count Six Fails to Sufficiently Plead Abuse of Process

Defendant Guerra conflates Abuse of Process with Malicious Prosecution:

> It is critical to a cause of action for abuse of process that the process be improperly used after it has been issued. See generally Debra T. Landis, Annotation, Civil Liability of Attorney for Abuse of Process, 97 A.L.R.3d 688 (1980). If wrongful intent or malice caused the process to be issued initially, the claim is instead one for malicious prosecution. Martin, 578 S.W.2d at 769. "When the

---

[59] *See e.g., Cheatam v. JCPenney Co*, No. 1:16-CV-00072-MAC, 2016 U.S. Dist. LEXIS 121531, at *16-17 (E.D. Tex. July 13, 2016) ("Cheatam's defamation claims do not contain sufficient detail to allow JCPenney or the individual defendants to respond and should be dismissed pursuant to Rule 12(b)(6)."); *Scott v. Houma-Terrebonne Hous. Auth.*, CIVIL ACTION NO. 02-770 SECTION "N" (4), 2002 U.S. Dist. LEXIS 16719, at *12-13 (E.D. La. Sep. 5, 2002) ("The Court agrees with the defendants that the plaintiff's allegations of defamation are conclusory.") (applying Louisiana law).
[60] (Dr. Guerra's Countrcl. ¶¶19-21).
[61] Tex. Civ. Prac. & Rem. Code sec. 16.002.
[62] (Dr. Guerra's Countrcl. ¶ 23 (Dkt. No. 14)).

process is used for the purpose for which it is intended, even
though accompanied by an ulterior motive, no abuse of process
occurs." Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377,
378-379 (Tex. App.--Texarkana 1989, no writ). To constitute
abuse of process, the process must have been used to accomplish
an end which is beyond the purview of the process and compels a
party to do a collateral thing which he could not be compelled to
do.  *Id.* at 379.[63]

The elements of an abuse of process claim are "(1) that the defendant made an illegal,

improper, perverted use of the process, a use neither warranted nor authorized by the process,

and (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted,

or improper use of process, and (3) that damage resulted to the plaintiff from the irregularity."[64]

Indeed, the purpose of the tort of abuse of process is to address harms suffered as a result

of a legitimate process used for an illegitimate purpose. Whereas, malicious prosecution is

designed to address harms suffered as a result of *illegitimate process*. "[T]he scope of the tort is

limited to the improper use of legal process, such as the issuance of a citation or a writ, and does

not extend to the prosecution of a civil action itself.[65]

Even were Defendant Dr. Guerra to allege that the summons itself was used for an

illegitimate purpose she has failed to demonstrate that it was in any way designed to accomplish

a purpose beyond what it is intended to be used for: to require Defendant Dr. Guerra to appear as

a defendant in this action.[66]

---

[63] *Bossin v. Towber*, 894 S.W.2d 25, 33, 1994 Tex. App. LEXIS 3109, *22-23.

[64] *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 249, 1975 Tex. App. LEXIS 3008, *7-8 (citing 1 Am. Jur. 2d, Abuse of Process, Sec. 4.).

[65] *Pittsburg SNF LLC v. PharMerica East, Inc*., 2012 U.S. Dist. LEXIS 141005, *9, 2012 WL 4509753; *See Detenbeck v. Koester*, 886 S.W.2d 477, 481 (Tex. Civ. App.—Hous. [1st Dist.] 1994) ("[A]buse of process consists not in the filing and maintenance of a civil action, but rather in the perversion of some process issued in the suit after its issuance.").”

[66] *Id.* ("PharMerica fails to plead a single instance where legal process, as opposed to maintenance of the civil action, was used improperly. Even if the undersigned interprets the counterclaim as referring to the summons

Defendant Dr. Guerra alleges in Count Six that Plaintiffs' suit was filed without probable cause and for the sole purpose of causing harm to Defendant Dr. Guerra reputational and career, she is not entitled to relief as a matter of law. Defendant Dr. Guerra has failed to set forth any evidence to support her allegations as to the motives behind the filing of this suit, and regular use of a summons or prosecution of a civil suit is not grounds for dismissal under Abuse of Process.

The Plaintiffs issued the summons in accordance with all norms and procedures for doing so and the Defendant has failed to allege otherwise. The summons was issued for the express purpose of bringing the Defendant into this action as a party for the prosecution of the civil suit as set out in the Complaint. The Defendant has failed to state any case for Abuse of Process other than that she does not desire to defend against a civil suit, which is not grounds for relief under an Abuse of Process claim. To hold that the filing of a suit for adjudication on the merits of a plausibly pleaded complaint is an abuse of process would be to hold, absurdly, that every case is the potential subject for an abuse of process claim.

---

originally issued to initiate the lawsuit, PharMerica's claim would still fail because PharMerica has not alleged that the summons itself was used for any purpose other than to require PharMerica to appear as a defendant.")

**Conclusion**

This Court should dismiss all of Dr. Guerra's counterclaims with prejudice, for the reasons stated above.

Dated: October 27, 2020

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
William N. Woodson, III
State Bar No. 24110551
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com
bill@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu and
Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 27st of October, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland