## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO

---

| | |
|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU, | 5:20-CV-0746 JKP – HJB |
| Plaintiffs, | |
| v. | |
| DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, | |
| Defendants. | |

---

**Initial Pre-Trial Conference Joint Report**

I. **Proposed Scheduling Recommendations**

1. As for initial disclosures, they are to be submitted by all parties on or before December 1, 2020.

2. As for the alternative dispute resolution report, the parties shall file it on or before February 15, 2021.

3. As for the offer of settlement from parties asserting claims for relief, those parties shall submit a written offer on or before February 15, 2021. As for the offer of settlement from opposing parties, those parties shall respond to the written offer on or before March 1, 2021.

4. As for the last day for parties to file any motion seeking to amend or supplement pleadings, or join parties. Those are to be filed on or before March 17, 2021.

5. As for the designation of experts, parties asserting claims for relief shall file their designation of testifying experts on or before February 17, 2021.

6. As for the designation of experts, parties resisting claims shall file their designation of testifying experts on or before April 2, 2021.

7. As for the rebuttal of experts containing written reports, the parties shall file those within 30 days of receipt of the report from the opposing expert.

8. As for the discovery deadline, parties are to have completed discovery by May 17, 2021.

9. As for the settlement negotiations status report, all counsel shall confer and file said report on or before May 31, 2021

10. As for the dispositive motions deadline, all parties shall file any such motions no later than June 16, 2021.

11. As for the pre-trial conference and the trial date, those will be up to the District Court's discretion.

II. **Joint Rule 26(f) Report**

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the parties (including any members of a partnership or LLC) are diverse and the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the diversity of the parties and the amount in controversy.

There are currently no outstanding jurisdictional issues.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?

    Plaintiffs are considering naming entitles, subsidiaries, and corporate members

    of Co-Defendant Digital Forensics Corporation, LLC.

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

    ❖ For Plaintiffs' (Melody Joy Cantu and Dr. Rodrigo Cantu):

    ➢ Plaintiffs' cause of action is for the hacking, surveilling, and damaging Plaintiffs' protected computers and computer networks without authorization or effective consent, and intentionally damaging those computers and networks, causing losses greater than $5,000. A malicious prosecution was also filed against Plaintiff Melody Cantu. Plaintiff Melody Cantu was arrested right before a scheduled holiday trip with her husband and children, on charges eventually dismissed on speedy trial grounds. This was followed by a filing of a false Child Protective Services complaint against Plaintiffs. All of the aforementioned events cause Plaintiff much emotional distress.

      ▪ The elements of Plaintiffs' cause of action are: violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq. ("CFAA"), the Federal Wiretap Act, 18 U.S.C. §§ 2510 et. seq., the Texas Harmful Access by Computer Act ("HACA"), Texas Penal Code § 33.02(b-1) (1), and the Texas torts of malicious prosecution and intentional infliction of emotional distress.

    ➢ The plaintiffs' defenses to Dr. Guerra's counterclaims are, that they insufficiently plead as a matter of law and barred by the statute of limitations.

      ▪ The elements of Plaintiffs' defenses are:

        1. Dr. Guerra insufficiently alleges a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C) for unauthorized access to a computer because: (1) she has not pleaded CFAA losses of $5000 or more reasonably related to the alleged computer intrusion; (2) Dr. Cantu, as a parent, is authorized to access the computers his minor daughter uses in his home; (3) the Verizon computers allegedly accessed are not Dr. Guerra's but Verizon's, and (4) 18 U.S.C. § 1039 is a federal criminal statute that does not permit civil actions.

2. Second, Dr. Guerra's allegation of a violation of the Texas Harmful Access by Computer Act ("HACA") in Count Two fails for the similar reasons the CFAA claims do. It fails to allege a cognizable HACA Injury. Moreover, Dr. Cantu had effective consent as a parent to access his minor daughter's iPad in his home.
3. Third, Dr. Guerra has also failed to allege plausible facts that sufficiently establish she was stalked and harassed by Plaintiff Melody Cantu as required by Texas law because, among other things, there is no allegation Plaintiff Melody Cantu threatened to physically injure Dr. Guerra or commit an offense against her, that Plaintiff Melody Cantu had the means to do so, and that Dr. Guerra clearly told Plaintiff Melody Cantu to stop. And most of the alleged harassment was directed towards other people. The two-year statute of limitations bars this counterclaim.
4. Fourth, Dr. Guerra fails to plead plausible facts that constitute extreme and outrageous conduct necessary to sustain a claim for Intentional Infliction of Emotional Distress ("IIED"). The two-year statute of limitations bars this counterclaim.
5. Fifth, Dr. Guerra fails to allege she asked the Plaintiffs to correct their allegedly defamatory statements, as Texas Law requires, nor does she particularly identify any defamatory statements by Plaintiffs. The two-year statute of limitations bars this counterclaim.
6. Sixth, Dr. Guerra insufficiently pleads Abuse of Process as a matter of law because it is a cause of action limited to the illegitimate use of legal process and, filing a lawsuit against someone doesn't count.

- ❖ For Defendant Dr. Sandra Guerra ("Defendant/Counter-Plaintiff Guerra"):

    - ➢ Defendant Dr. Sandra Guerra ("Defendant/Counter-Plaintiff Guerra") will assert defenses to Plaintiffs' causes of action that they are insufficiently pleaded as a matter of law (causes of action 1-8).  Defendant also asserts that the Computer Fraud & Abuse Act's (causes of action 1-8) $5,000 damage threshold is not met.  Defendant also asserts that the two (2) year statutes of limitations bar Plaintiffs' claims for the Computer Fraud & Abuse Act (causes of action 1-8), the Texas Civil Practice & Remedies Code, Sec. 143.001 (causes of action 9-11), the Federal Wiretap Act, 18 U.S.C. Sec. 2510 et. seq. (causes of action 12), and for the claim of intentional infliction of emotional distress (cause of action 14).  Also, the one (1) year statute of limitation bars the claim for malicious prosecution (cause of action 13).  Defendant/Counter-Plaintiff Guerra also specifically denies Plaintiffs' factual allegations as specifically articulated in Guerra's Answer and Counterclaim.

➢ The elements of Defendant/Counter-Plaintiff Guerra's causes of action asserted in her Counterclaim are:

1. Violation of 18 U.S.C Sec. 1030(a)(2)(c):
   - intentionally accessing a protected computer without authorization or exceeding authorized,
   - and thereby obtaining personal and private accounts, information, and document from any protected computer without permission.
2. Violation of Tex. Civ. Prac. & Rem. Code § 143.001 & Tex. Penal Code § 33.02(a) (the Harmful Access by Computer Act ("HACA"):
   - intentionally or knowingly accessing a computer, computer network, or computer system without effective consent.
   - The intentional or knowing violation gives rise to a civil cause of action under Texas Civil Practice & Remedies Code Section 143.001.
3. Violation of Tex. Civ. Prac. & Rem. Code § 85.001 & Tex. Pen. Code § 42.07(a) (Stalking and Harassing Behavior).
   - Sending electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend Dr. Guerra.
   - threatens, in a manner reasonably likely to alarm the person receiving the threat; or
   - sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.
   - In addition to harassing communications to Dr. Guerra directly, Melody repeatedly called and messaged Dr. Guerra's former in-laws and professional colleagues in an intrusive and disparaging manner.
4. Intentional Infliction of Emotional Distress.
   - the defendant acted intentionally or recklessly;
   - the defendant's conduct was extreme and outrageous;
   - the defendant's actions caused the plaintiff emotional distress;
   - the resulting emotional distress was severe; and
   - Proximate damages.
5. Defamation.
   - there was a published statement;
   - the statement was defamatory and concerning the plaintiff, &
   - the defendant acted with either actual malice – if the plaintiff was a public official or public figure – or negligence – if the plaintiff was a private figure – regarding the truth of the statement; and
   - proximate damages.
6. Abuse of Process.
   - there was a published statement;
   - the statement was defamatory and concerning the counter-plaintiff; and

4

- the defendant acted with negligence as the counter-plaintiff was a private figure – regarding the truth of the statement; and
- proximate damages.

4. Are there agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

    Parties are not prepared to make any stipulations at this time.

5. What are the parties' views and proposals on all items identified in Rule 26(f)(3)?

    The plaintiffs agree to the discovery schedule set forth above and plan to work out a more detailed discovery plan such as any issues with disclosures, privilege, and any limitations parties have.

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

    All discovery remains to be done. On October 16, 2019, Co-Defendant Dr. Guerra's counsel turned over a report that she received from Co-Defendant Digital Forensics Corporation, LLC, following a preservation letter we sent.

7. What, if any, discovery disputes exist?

    No discovery dispute exists.

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    The parties have not discussed filing a proposed order pursuant to Federal Rule of Evidence 502, but plan to do so.

9. Have the parties discussed mediation?

>The parties have not discussed mediation but plan to.

### III. Advisory as to Magistrate Jurisdiction

- ❖ Plaintiffs do not consent to proceed before a United States Magistrate Judge in this matter (please see the attached form).

- ❖ Defendant/Counter-Plaintiff Guerra consents to proceeding before a United States Magistrate Judge in this matter (please see the attached form).

Dated: November 13, 2020

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com
bill@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

7

**Certificate of Service**

I certify that on this 13th of November, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU and<br>DR. RODRIGO CANTU,<br><br>Plaintiffs,<br><br>v.<br><br>DR. SANDRA GUERRA and<br>DIGITAL FORENSICS CORPORATION,<br><br>Defendants. | §§§§§§§§§§§ | SA-20-CV-746-JKP (HJB) |

**CONSENT ADVISORY TO THE CLERK OF COURT**

The undersigned party in the above captioned case elects as follows (please select only one of the following options):

☐ <u>I Consent to Proceed Before A United States Magistrate Judge in accordance with provisions of 28 U.S.C. § 636.</u> The undersigned party in the above captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal must be taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

☐ <u>I Do Not Consent to Proceed Before A United States Magistrate Judge</u>. The undersigned party in the above captioned case elects not to have this case decided by a United States Magistrate Judge, and prefers that this case proceed before the District Judge.

Melody Joy Cantu and Dr. Rodrigo Cantu
_____
**Party Name (Printed)**

Dated: __11/12/2020__, 2020.

By: _Tor Ekeland_ (DocuSigned by: F419C509B82B4E2...)
_____
Signature of Attorney or *Pro Se* Party