UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO

---

MELODY JOY CANTU AND DR. RODRIGO CANTU,

          Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC,

          Defendants.

5:20-CV-0746 JKP – HJB

---

**Reply in Support of Plaintiffs' Motion to Dismiss**

**Dr. Sandra Guerra's Amended Counterclaims**

TABLE OF CONTENTS

Introduction ............................................................................................................................. 1

Argument ................................................................................................................................ 2

I.   Count One Fails to Allege a CFAA Violation ................................................................ 2

   A.   Defendant Insufficiently Pleads CFAA Loss ........................................................... 2

   B.   Dr. Cantu Had the Right to Access His Daughter's Ipad ......................................... 4

   C.   Defendant Cannot Make a CFAA Claim on Behalf of Verizon .............................. 5

II.  Count Two Fails to Allege a HACA Violation ............................................................. 5

III. Plaintiffs' Contact with Others is Insufficient to Sustain Defendant's Stalking

   Claim……………………………………………………………………………..6

IV.  Count Four Insufficiently Alleges Outrageous Conduct Necessary for IIED ............. 6

V.   Count Five Fails to Plead a Defamation Retraction Demand, and Defamation,

   with Particularity ..................................................................................................... 7

VI.  Count Six Fails to Sufficiently Plead Abuse of Process ............................................. 8

Conclusion ............................................................................................................................. 9

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 3

*Bell Alt. Corp. v. Twombly*, 550 U.S. 554 (2007) .............................................................................. 3

*BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2016 U.S. Dist. LEXIS 44729 (S.D. Tex. Mar. 29, 2016) ................................................................................................ 4

*Blackstock v. Tatum*, 396 S.W.2d 463 (Tex. Civ. App. 1965) ........................................................ 1

*Cheatam v. JCPenney Co*, No. 1:16-CV-00072-MAC, 2016 U.S. Dist. LEXIS 121531 (E.D. Tex. July 13, 2016) ................................................................................................................................... 7

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734 (S.D. Tex. 1998) ................................ 3

*Meyers v. Siddons-Martin Emergency Grp. LLC*, No. 16-1197, 2016 U.S. Dist. LEXIS 130348 (E.D. La. Sep. 23, 2016) ....................................................................................................................... 4

*Pittsburg SNF LLC v. PharMerica East, Inc.*, 2012 U.S. Dist. LEXIS 141005, 2012 WL 4509753 ............................................................................................................................................. 8

*Rajaee v. Design Tech Homes, Ltd.*, No. H-13-2517, 2014 U.S. Dist. LEXIS 159180 (S.D. Tex. Nov. 11, 2014) ................................................................................................................................... 4

*Romero v. Brown*, 937 F.3d 514 (5th Cir. 2019) .............................................................................. 4

*Scott v. Houma-Terrebonne Hous. Auth.*, CV No. 02-770 SECTION "N" (4), 2002 U.S. Dist. LEXIS 16719 (E.D. La. Sep. 5, 2002) ........................................................................................... 7

*United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2015 U.S. Dist. LEXIS 197006 (S.D. Miss. Aug. 6, 2015) ................................................................ 4

*Wornick Co. v. Casas*, 856 S.W.2d 732 (Tex. 1993) ....................................................................... 6

**Statutes**

18 U.S.C. 1030(e)(11) ............................................................................................................................. 3

Tex. Civ. Prac. & Rem. Code § 73.055(d) ....................................................................................... 7

Plaintiffs Dr. Rodrigo Cantu and Melody Joy Cantu, through their undersigned attorneys, hereby reply in support of their motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Dr. Sandra Guerra's amended counterclaims.

## Introduction

This Court should dismiss Defendant Dr. Guerra's amended counterclaims with prejudice because they are insufficiently pleaded as a matter of law. For instance, Defendant pleads conclusory facts that the financial jurisdictional threshold of $5,000 or more was met, but no hard numbers, payments, or receipts in support of their Computer Fraud and Abuse Act ("CFAA") Loss ("CFAA Loss") claims. But courts do not recognize this type of vague pleading as a sufficient factual basis claims of CFAA Loss, and routinely dismiss on this basis.

Nor does anything change the fact that the statute of limitations bars counts Three through Five of Defendant's amended counterclaims. Or that Texas State Law requires a retraction demand for defamation (Count Five) be sent via a letter containing the requisite statutory particularity the Defendant hasn't alleged. Just as they've failed to allege any specific defamatory statements as Texas State Law mandates along with every state in the Union. Defendant merely alludes to general subjects and nothing specific. Finally, Dr. Guerra insufficiently pleads Abuse of Process as a matter of law because it is a cause of action limited to the illegitimate use of legal process, and filing a normal civil lawsuit against someone doesn't come close.[1]

---

[1] *See, e.g., Blackstock v. Tatum*, 396 S.W.2d 463, 468 (Tex. Civ. App. 1965).

Defendant Dr. Guerra's response mistakenly claims that Plaintiffs' Motion To Dismiss argues facts. As detailed in the Plaintiffs' Motion to Dismiss and below, however, Defendant's counterclaims fail to cite plausible facts that as a matter of law support their claims, even assuming they're true. This Court should dismiss all of Co-Defendant's (Dr. Guerra's) amended counterclaims under Federal Rule of Civil Procedure 12(b)(6) with prejudice.

**Argument**

I.   **Count One Fails to Allege a CFAA Violation**

Defendant hasn't alleged any number amount of CFAA Loss; merely that there was a CFAA loss of $5,000 or more. Courts routinely dismiss CFAA claims for failing to specifically plead number amounts for CFAA Loss - or for pleading facts as CFAA Loss that aren't by statutory definition - as defined under 18 U.S.C. 1030(e)(11). Saying you've met the threshold of CFAA Loss that sustains a civil cause of action is not enough. Defendant misconstrues the standard here as a Due Process Notice issue, arguing that because a response to their claims is possible, it necessarily follows that the claims are sufficient as a matter of law. But the issue is whether the plausible facts alleged support all the elements of the cause of action at law - not whether a response is possible. And Defendant's amended counterclaims fail to do so.

A.   **Defendant Insufficiently Pleads CFAA Loss**

The CFAA requires a loss of $5,000 or more in order to sustain a civil cause of action under it. Merely pleading that one has met this financial loss threshold is not enough; as discussed in Plaintiffs' Motion to Dismiss, Defendant's counterclaims must plead plausible facts

supporting the allegation.[2] When it comes to pleading CFAA Loss, this means reasonable losses directly related to the alleged intrusion, or consequential damages from any interruption of service (something not alleged here).[3]

Defendant Dr. Guerra fails to identify a single payment made to co-defendant Digital Forensics Corporation ("DFC") - or anyone - that meets the $5,000.00 loss threshold. Dr. Guerra pleads no numbers beyond the conclusory statements that she's met the threshold for CFAA Loss. One expects Defendant Dr. Guerra to have receipts, or allege numbers from invoices, as courts require and as Plaintiff did.[4] Nor are we told the alleged value of her work that she purportedly had to take off; or why she needed to take time off when she'd purportedly hired DFC to handle it.

This lack of particularity is an issue is because it makes it impossible to determine if the alleged financial loss comes within the scope of the definition of CFAA Loss as a matter of law. This is important because if there isn't $5,000 or more of CFAA Loss, there is no civil jurisdiction. That's why Courts require details like specific payment amounts for particular services to be pleaded plausibly if a CFAA claim is to make it past the pleading stage.[5] Courts

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Alt. Corp. v. Twombly, 550 U.S. 554 (2007)); see also Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

[3] 18 U.S.C. 1030(e)(11) "The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service . . . .").

[4] (First Am. Compl. ¶47-52)(Dkt. No. 6.)

[5] 18 U.S.C. §1030(g) requires that CFAA loss be reasonably related to the alleged computer intrusion and total at least $5,000 over a one-year period. *See also Meyers v. Siddons-Martin Emergency Grp. LLC*, No. 16-1197, 2016 U.S. Dist. LEXIS 130348, at *7-9 (E.D. La. Sep. 23, 2016); *United States ex rel. Rigsby v. State Farm Fire &*

don't need to be burdened with CFAA litigation only to find out down the line that the claim didn't meet the jurisidictional threshold. Defendant pleads insufficient facts to sustain a civil CFAA claim as a matter of law and the Court should dismiss the CFAA counterclaims with prejudice. Presumably, if the Defendant had receipts, they could have totaled and detailed them and added the numbers to their amended counterclaims, as Plaintiffs did with their CFAA claim. But given the opportunity, Defendant didn't amend her counterclaim to include specific payments, and her facts are insufficient to establish they are CFAA losses as a matter of law. Thus, the Court should dismiss Defendant's CFAA Claims with prejudice.

### B. Dr. Cantu Had the Right to Access His Daughter's Ipad

Dr. Guerra and Dr. Cantu have two daughters together. As argued in Plaintiff's Motion to Dismiss, as their father, Dr. Cantu had every right to access his minor daughter's computer.[6] To hold otherwise is to argue parents can't monitor their children's internet or computer activity. Defendant doesn't dispute that Dr. Cantu is her father and that his daughter was in his home. Nor do they allege any limitations on Dr. Cantu's parental authority in his own home with regard to his minor daughter. Thus, as a matter of law based on the facts pleaded, the Court should dismiss Defendant's CFAA claim[s] on this count because there was no unauthorized access. A parent has a right to access his minor child's computers and can authorize others to do so. Defendant

---

*Cas. Co.*, No. 1:06CV433-HSO-RHW, 2015 U.S. Dist. LEXIS 197006, at *37-38 (S.D. Miss. Aug. 6, 2015); *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2016 U.S. Dist. LEXIS 44729, at *59-61 (S.D. Tex. Mar. 29, 2016) ("Without allegations that allow the Court to infer that Defendants are liable for cognizable losses under the CFAA, the Court must conclude that BHL's complaint runs afoul of Rule 12(b)(6) requirements."); *Rajaee v. Design Tech Homes, Ltd.*, No. H-13-2517, 2014 U.S. Dist. LEXIS 159180, at *9 (S.D. Tex. Nov. 11, 2014)(" Plaintiff has not offered evidence sufficient to raise a genuine issue of material fact that he sustained $5,000 in cognizable "loss" under the CFAA, and [his] CFAA claim is dismissed.").

[6] *See Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019) ("Indeed, a parents' right to "care, custody, and control of their children" is "perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." (citations omitted)).

furthermore relinquished any claims to unauthorized access when she voluntarily gave the iPad to her daughter, knowing the daughter would be at Dr. Cantu's with it.

### C. Defendant Cannot Make a CFAA Claim on Behalf of Verizon

Defendant attempts to plead a CFAA claim based on access to online accounts housed on servers controlled by Verizon, and owned by Verizon, or a vendor it contracted with. As argued in Plaintiff's Motion to Dismiss, Defendant cannot bring a CFAA claim on the basis of access to computers and servers they don't own. Defendant alleged in their counterclaim that the computers accessed are Verizon's, and she is stuck with this fact at the pleading stage.[7] Defendant does not have standing to sue on behalf of alleged injuries to Verizon's computers. Moreover, there are no allegations that the hacks were successful, and indeed by Defendant's own statements, it appears no breach ever occurred.[8]

### II.   Count Two Fails to Allege a HACA Violation

As detailed in the Motion to Dismiss, the Court should dismiss Count Two's Texas Harmful Access by Computer Act (HACA) for similar reasons argued in the CFAA claim above. In her amended counterclaims, Defendant still insufficiently pleads injury, and ignores the fact that Dr. Cantu had parental rights to access his minor daughter's iPad in his home. Moreover, Defendant does not have standing to assert the HACA claims of others.

---

[7] (Dr. Guerra's Am. Countrcl. ¶21).
[8] Dr. Guerra's Resp. to Mot. to Dismiss ¶29)(Dkt. No. 32.)

### III.   Plaintiffs' Contact with Others is Insufficient to Sustain Defendant's Stalking Claim

Defendant only alleges one in-person meeting with Plaintiff Melody Cantu. Despite alleging stalking and harassment count against Melody Joy Cantu Defendant doesn't plead a single message sent directly to her. Instead, Defendant lists text messages and phone calls Plaintiff made to other people. As argued in the Motion to Dismiss, this is insufficient to sustain a claim of stalking - there is no pattern or course of conduct here that rises to the level of harassment or stalking as a matter of law. A one-time meeting, no matter how emotional, does not a course of conduct make. Moreover, the cause of action is barred by the statute of limitations, and Defendant's attempt to claim that the filing of Plaintiff's lawsuit miraculously changes that is unavailing. Asserting legal rights in a judicial forum is not a form of stalking. It is the opposite. Judicial remedies are our society's chosen method to resolve disputes between parties in lieu of forms of self help our society discourages - like stalking or forms of violence. To argue that filing a lawsuit is a form of stalking and harassment is to argue

### IV.   Count Four Insufficiently Alleges Outrageous Conduct Necessary for IIED

As argued in Plaintiff's Motion to Dismiss, Defendant's factual allegations don't come close to being the type of outrageous, societally condemned and shocking action courts will allow past the pleading stage.[9] Moreover, the claim is barred by the statute of limitations.

---

[9] *See, e.g., Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993).

### V. Count Five Fails to Plead a Defamation Retraction Demand, and Defamation, with Particularity

Defendant Dr. Guerra is mistaken in thinking that Federal Rule of Civil Procedure 9(b) imposes a particularity requirement on defamation claims. It is Texas State Law.[10] And in Texas, like in most states, it is not enough to merely allege the subject matter of an alleged defamatory statement, but that the statement itself be identified, and:  when it was published, the alleged particular meaning, and the specific circumstances giving rise to the defamatory meaning.

Defendant Dr. Guerra has alleged that Plaintiff Melody Joy Cantu defamed her generally but does not in any way identify the allegedly defamatory statements beyond subject matter categories. In fact, it is not even clear what statements Defendant Dr. Guerra is referring to in Count Five. She only refers to them as "the statements" without providing any direct quotes or sources for the alleged statements. Even in her Facts section, she fails to lay out any quotes or publications made by the Plaintiffs and summarizes allegedly offensive or disparaging conduct without identifying any actual statements.[11] This is insufficient to meet the requirement that defamation be pleaded with particularity.

Moreover, the Texas statute requires that retraction letters contain a number of elements that go to the above particularity standards. Defendant, while alleging she sent a Cease and Desist Letter, hasn't alleged that it met the statutory requirements. Additionally, the statute of

---

[10] ex. Civ. Prac. & Rem. Code § 73.055(d)(3)-(5).
[11] *See e.g., Cheatam v. JCPenney Co*, No. 1:16-CV-00072-MAC, 2016 U.S. Dist. LEXIS 121531, at *16-17 (E.D. Tex. July 13, 2016) ("Cheatam's defamation claims do not contain sufficient detail to allow JCPenney or the individual defendants to respond and should be dismissed pursuant to Rule 12(b)(6)."); *Scott v. Houma-Terrebonne Hous. Auth.*, CV No. 02-770 SECTION "N" (4), 2002 U.S. Dist. LEXIS 16719, at *12-13 (E.D. La. Sep. 5, 2002) ("The Court agrees with the defendants that the plaintiff's allegations of defamation are conclusory.") (applying Louisiana law).

7

limitations has run on this claim, and it should be dismissed for that reason as well. This Court should dismiss the defamation count with prejudice, for failure to plead particularity.

### VI.     Count Six Fails to Sufficiently Plead Abuse of Process

Defendant Guerra continues to conflate Abuse of Process with Malicious Prosecution**.** The purpose of the tort of abuse of process is to address harms suffered as a result of a legitimate process used for an illegitimate purpose. Whereas, malicious prosecution is designed to address harms suffered as a result of illegitimate process. "[T]he scope of the tort is limited to the improper use of legal process, such as the issuance of a citation or a writ, and does not extend to the prosecution of a civil action itself. See *Detenbeck v. Koester*, 886 S.W.2d 477, 481 (Tex. Civ. App.—Hous. [1st Dist.] 1994) ("[A]buse of process consists not in the filing and maintenance of a civil action, but rather in the perversion of some process issued in the suit after its issuance.")."[12]

The Defendant has failed to state any case for Abuse of Process other than that she does not desire to defend against a civil suit, which is not grounds for relief under an Abuse of Process claim. To hold that the filing of a suit for adjudication on the merits of a plausibly pleaded complaint is an abuse of process would be to hold, absurdly, that every case is the potential subject for an abuse of process claim.

---

[12] *Pittsburg SNF LLC v. PharMerica East, Inc.*, 2012 U.S. Dist. LEXIS 141005, *9, 2012 WL 4509753.

**Conclusion**

For the reasons set forth above, the Court should grant Plaintiffs' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6). Moving Plaintiffs respectfully request that all Dr. Guerra's counterclaims against Plaintiffs be dismissed.

Dated: January 13, 2021

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 13th of January, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland