UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MELODY JOY CANTU and
DR. RODRIGO CANTU,**

    *Plaintiffs*,

v.                                                                Case No. SA-20-CV-0746-JKP-HJB

**DR. SANDRA GUERRA and
DIGITAL FORENSICS
CORPORATION,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss* (ECF No. 16) filed by Defendant Digital Forensics Corporation ("DFC"). Plaintiffs have filed two responses (ECF Nos. 17 and 19). Defendant has not filed a reply brief. The motion is ripe for ruling. After considering the motion, related briefing, and the *First Amended Complaint* (ECF No. 6), the Court DENIES the motion.

Pursuant to Fed. R. Civ. P. 12(b)(6), DFC moves to dismiss all claims asserted against it for Plaintiffs' failure to state a claim upon which relief can be granted. The two-page motion lacks any significant argument and merely cites to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Within the same document, DFC presents its Original Answer and Affirmative Defenses.

"To prevail on a motion to dismiss an ordinary claim under Fed. R. Civ. P. 12(b)(6)," the defendant "must show" that the plaintiff is unable to satisfy the applicable standard for stating a claim under Fed. R. Civ. P. 8(a). *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (discussing standard applied prior to *Twombly*). This means that, despite the natural focus on the allegations of the operative pleading, the movant has the burden on a motion to dismiss under Rule 12(b)(6). *Newton v. Bank of Am., N.A.*, No. CV SA-19-CA-797-FB, 2019 WL

6048000, at *2 (W.D. Tex. Aug. 29, 2019). Courts, furthermore, may find conclusory statements insufficient to support dismissal under Rule 12(b)(6), especially when the movant disregards relevant portions of the operative pleading. *See #1 Fan Co., LLC v. Pepco Licensed Prod., Inc.*, No. SA-09-CA-1029-FB, 2011 WL 13269165, at *2 (W.D. Tex. Mar. 16, 2011). And, when the movant presents "no argument or authority for the plaintiffs to refute or this Court to consider," the movant has failed to carry its burden. *Id*. Mere invocation of Rule 12(b)(6) and mention of *Twombly* is insufficient to carry movant's burden.

Although DFC denies having a contract with co-defendant Sandra Guerra, *see* Mot. at 2, the Court reviews the operative pleading as to whether Plaintiffs have stated a claim upon which relief can be granted. In this instance, the First Amended Complaint contains ample allegations to connect DFC with the co-defendant and to Plaintiffs' claims. *See First Am. Compl*. ¶¶ 2-6, 33-37, 48-51. Despite DFC's denial, Plaintiffs have asserted plausible claims against it. *See Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As this is the only argument presented for dismissal, Defendant has not carried its burden to support dismissal under Rule 12(b)(6). DFC presents no other basis for its motion to dismiss, and the Court will not further assess whether Plaintiffs' various claims fail under Rule 12(b)(6). Nor will it engage in speculation as to whether any defense, such as a statute of limitations, may bar a claim even though Plaintiffs address such possibility in their briefing.

On the present motion, such additional assessment would essentially amount to judicial screening of the claims asserted in this case. But Rule 12(b)(6) is not a judicial screening mechanism like 28 U.S.C. § 1915(e)(2) for actions commenced in forma pauperis or § 1915A for actions filed by prisoners. Instead, it is a vehicle for a party to affirmatively seek dismissal. And invocation of Rule 12(b)(6) places the burden on the movant to show that dismissal is warranted.

Unlike a Rule 12(b)(1) motion where the burden is on the party asserting subject matter jurisdiction, the movant has the burden to show dismissal is warranted under Rule 12(b)(6). *Ehiemua-Wiggins v. Napolitano*, No. CIV.A. H-09-2286, 2010 WL 519704, at *1 (S.D. Tex. Feb. 8, 2010) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

For the foregoing reasons, the Court **DENIES** the *Motion to Dismiss* (ECF No. 16) filed by Defendant Digital Forensics Corporation.

**IT IS SO ORDERED.**

**SIGNED this 25th day of June 2020.**

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**