IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU** and **DR. RODRIGO CANTU,** *Plaintiffs* | § § § § § § § § § § § § § |
| V. | |
| **DR. SANDRA GUERRA** and **DIGITAL FORENSICS CORPORATION, LLC** *Defendants* | |

CASE NO.: 5:20-CV-00746-JKP (HJB)

**DEFENDANT, DR. SANDRA GUERRA'S MOTION TO ENFORCE SCHEDULING ORDER AND FOR SANCTIONS AGAINST PLAINTIFFS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"), and files this her Motion to Enforce Scheduling Order and for Sanctions Against Plaintiffs, and in support thereof would show unto the Court as follows:

**I.     Introduction**.

1.     Pursuant to the Order of the Court [Doc. 68], each party's respective counsel attended a Zoom hearing on February 25, 2022 regarding the parties' [Seventh] Joint Continuance Request [Doc. 67]. The Court entered an Order on February 25, 2022 [Doc. 70] (the "Scheduling Order") which specifically states: "The Parties **must** complete the agreed mediation or other ADR proceeding by **June 29, 2022.** At the conclusion of any ADR proceeding, a report must be filed with the Court."

2.     Despite the express order of the Court, Plaintiffs now refuse to participate in mediation.

3. Therefore, Defendant files this Motion requesting that the Court issue an order compelling Plaintiffs to comply with the Scheduling Order, which requires *all* parties to participate in mediation. Defendant also requests that the Court impose sanctions against Plaintiffs and/or Plaintiffs' counsel pursuant to FRCP 16(f)(1)(C). Additionally, or alternatively, Defendant requests that the Court order Plaintiffs and/or Plaintiffs' counsel, pursuant to FRCP 16(f)(2), to pay the reasonable attorneys' fees incurred by Defendant as a result of Plaintiffs' noncompliance with the Scheduling Order.

## II. Relevant Factual and Procedural History.

4. At its core, this lawsuit is a thinly veiled attempt by Plaintiffs to re-litigate matters which were the subject of a 2008 District Court lawsuit involving the custody of the then-minor children of Plaintiff, Rodrigo David Cantu, and Defendant (the "District Court Lawsuit").[1] Plaintiffs allegations against Defendant in this lawsuit primarily involve a domestic/family dispute. However, in order to invoke the jurisdiction of this Court, Plaintiffs have also alleged various federal claims which present "federal questions under the Computer Fraud and Abuse Act, 18 U.S.C. §§1030(a)(2(C), 1030(a)(5)(A)-(C) & 1030(g)."[2]

5. The parties agreed to attend an early mediation before conducting depositions and conducting written discovery. Plaintiffs and Dr. Guerra participated in a Zoom mediation with mediator, Donald R. Philbin, Jr. on August 20, 2021, which was ultimately unsuccessful. *See* Doc. 60.

6. However, counsel for DFC was permitted to withdraw as counsel of record for DFC

---

[1] Defendant requests the Court to take judicial notice of Cause No. 2008-CI-18856, *In the Interest of Sofia Elena Cantu and Maya Isabella Cantu*, in the 150th Judicial District Court of Bexar County, Texas.
[2] Complaint, Doc. 01, ¶6.

for personal/medical reasons on August 6, 2021 [Doc. 56].  No attorney filed a Notice of Appearance on behalf of DFC before the scheduled mediation.  Therefore, DFC did not participate in the mediation held on August 20, 2021.

7. On November 4, 2021, J. David Apple, of the law firm of Apple & Fink, LLP, filed a Notice of Attorney Appearance for DFC. [Doc. 63].  DFC was not represented by counsel and did not actively participate in the litigation of this lawsuit during the period between August 6, 2021 and November 4, 2021.  Therefore, in light of DFC's engagement of new counsel, the parties filed a Sixth Continuance Request [Doc. 65].  The Court granted the parties' Sixth Continuance Request on December 15, 2022 [Doc. 66].

8. On February 16, 2022, the parties' filed a [Seventh] Joint Continuance Request [Doc. 67].  Pursuant to the Order of the Court [Doc. 68], each party's respective counsel attended a Zoom hearing on February 25, 2022 regarding the parties' [Seventh] Joint Continuance Request [Doc. 67].

9. At hearing, the parties discussed the status of the case with U.S. Magistrate Judge Henry J. Bemporad.  During the hearing, Judge Bemporad advised the parties that he intended to issue an order that, among other things, required Plaintiffs, Dr. Guerra, and DFC to mediate. Plaintiffs' counsel did not enter or voice any objection at the hearing to the Court's instructions regarding mediation.

10. The Court entered the Scheduling Order on February 25, 2022 [Doc. 70], which specifically states: "The Parties **must** complete the agreed mediation or other ADR proceeding by **June 29, 2022.**  At the conclusion of any ADR proceeding, a report must be filed with the Court. *See* Local Rule CV-88(g). "

11. On May 6, 2022, counsel for Dr. Guerra emailed counsel for Plaintiffs and DFC to

propose Mr. Philbin as the mediator (since he was already familiar with the case) and advise of the numerous dates Mr. Philbin was available to mediate between June 20 – June 28, 2022.

12. Counsel for Mr. Apple promptly responded with his and his clients' availability for a Zoom mediation on the offered dates. On that same day, Ms. Nicole Guitelman, on behalf of Plaintiffs,[3] advised that Plaintiffs' counsel would discuss the mediation dates with Plaintiffs and "get back [to everyone]." *See* Exhibit A. Plaintiffs' counsel did not inform anyone at that time that Plaintiffs or Plaintiffs' counsel had any objection to mediation.

13. On May 17, 2022, counsel for DFC emailed Plaintiffs' counsel to request an update from Plaintiffs on scheduling mediation. *See id*. Counsel for Dr. Guerra responded to all parties advising that Mr. Philbin had become booked up through June 30, 2022 while the parties had been awaiting Plaintiffs' response. Counsel for Dr. Guerra advised the parties of Mr. Philbin's availability in early July 2022 and proposed several dates for mediation. *See id*.

14. On May 17, 2022, Ms. Guitelman, on behalf of Plaintiffs, unilaterally imposed the following condition to Plaintiffs' attendance at mediation:

> "…in regards to the mediation, we need to know what has changed from the previous mediation offer [on August 20, 2021 (*9 months ago*)]. Our clients have mediated with Dr. Guerra multiple times in the past[4] and are left with the notion that your client never had an interest in a resolution. Therefore, we request to know what has changed for your client this time." *See* Exhibit A.

15. Counsel for Dr. Guerra reminded Plaintiffs' counsel of the Scheduling Order. *See id*. However, Ms. Guitelman, on behalf of Plaintiffs' counsel, ignored the fact that DFC had not participated in the prior mediation and responded as follows:

---

[3] Ms. Guitelman is not an attorney of record for Plaintiffs on any of the pleadings in this matter. Ms. Guitelman is identified in the signature block of her emails as a "Law Clerk" at Tor Ekland Law, PLLC in New York City, New York.

[4] Plaintiffs' counsel conflates this case with the District Court Lawsuit. As discussed *supra* ¶4, Plaintiffs and Dr. Guerra only attend *one* prior mediation in this cause.

"We have already mediated with Dr. Guerra in this matter, and see no value in spending our client's money on additional mediation, given your expressed position at the last one [on August 2 *(9months ago)*].

**We are unaware of any mediation requirement or requirement by order of the court…**" *See* Exhibit A (emphasis added).

### III.     Argument and Authorities.

16.     Plaintiffs' refusal to participate in mediation with both DFC and Dr. Guerra is a violation of the Scheduling Order and the Federal Rules.  Accordingly, Defendant requests that the Court issue an order compelling Plaintiffs to comply with the Scheduling Order which requires all parties to participate in mediation and, thereafter, file a report with the Court in accordance with Local Rule CV-88(g).  Defendant also requests that the Court impose sanctions against Plaintiffs and/or Plaintiffs' counsel pursuant to FRCP 16(f)(1)(C).  Additionally, or alternatively, Defendant requests that the Court order Plaintiffs and/or Plaintiffs' counsel, pursuant to FRCP 16(f)(2), to pay the reasonable attorneys' fees incurred by Defendant as a result of Plaintiffs' noncompliance with the Scheduling Order.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court, (i) grant Defendant's Motion to Enforce Scheduling Order and for Sanctions Against Plaintiffs in its entirety, (ii) impose sanctions against Plaintiffs and/or Plaintiffs' counsel pursuant to FRCP 16(f)(1)(C), (iii) additionally, or alternatively, order Plaintiffs and/or Plaintiffs' counsel, pursuant to FRCP 16(f)(2), to pay Defendant $750.00 (or $1,500.00 in the event the Court holds an oral hearing on this Motion) for the reasonable attorneys' fees incurred by Defendant as a result of Plaintiffs' noncompliance with the Scheduling Order, and (iv) grant Defendant all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

Dated:  May 19, 2022.                    Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By:   */s/Ricardo G. Cedillo*
  RICARDO G. CEDILLO
  Texas State Bar No. 04043600
  rcedillo@lawdcm.com
  BRANDY C. PEERY
  Texas State Bar No. 24057666
  bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## CERTIFICATE OF SERVICE

I certify that on this 19th day of May 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

   */s/Ricardo G. Cedillo*
   RICARDO G. CEDILLO