UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU, | 5:20-CV-0746 JKP – HJB |
| Plaintiffs, | |
| v. | |
| DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO CO-DEFENDANT DR. GUERRA'S MOTION TO ENFORCE SCHEDULING ORDER AND FOR SANCTIONS**

**Plaintiff's Opposition to Co-Defendant's Motion to Compel**

Co-Defendant Dr. Sandra Guerra's ("Dr. Guerra") motion seeks to compel Plaintiffs Melody Joy Cantu and Rodrigo David Cantu ("the Cantus") to repeat mediation. The Cantus disagree with Co-Defendant Dr. Guerra's enforcement of the court order at Dkt No. 68. The Cantu's never opposed the order, as mediation with Dr. Guerra was completed on August 20, 2021, followed by a joint filing to the Court stating that the parties do not plan to mediate any further. The Court should deny Dr. Guerra's motion.

I. **Factual Background**

On March 25, 2021, in compliance with Local Rule CV-88(b), parties filed a "Joint Alternative Dispute Resolution Status Report."[1] In it, the parties state they have agreed to mediate this matter with a specific mediator, Don Philbin. On August 20, 2021, Co-Defendant Dr. Guerra and the Cantus participated in an unfruitful mediation with Mr. Philbin and, following said mediation, filed a "Joint Advisory to the Court."[2] According to the Joint Advisory, the Cantus participated in a mediation with Dr. Guerra and could not come to an agreement. Parties agreed they had no intent to continue mediation.[3]

---

[1] (Joint ADR Status Report) (Dkt. No. 44.)
[2] (Joint Advisory to the Court) Dkt. No. 60.)
[3] *Id* at ¶ 3.

1

In the same "Joint Advisory to the Court", the Cantus and Dr. Guerra state Co-Defendant Digital Forensics Corporation, LLC's ("DFC") counsel of record withdrew two weeks prior to the mediation between the Cantus and Dr. Guerra. Therefore, DFC did not participate in the mediation.

On May 6, 2022, Dr. Guerra's counsel reached out to request repeat mediation, this time with DFC as a party to the mediation. On August 20, 2021, the Cantus mediated with Dr. Guerra. Concerned with spending time, money, and their emotional well-being on another mediation attempt with Dr. Guerra, we reached out to Dr. Guerra's counsel regarding dates for mediation and depositions. In addition, the Cantus requested we find out what has changed from the last mediation, that compelled Dr. Guerra and her counsel to request we go down that beaten path. The Cantus were open to the possibility of repeat mediation if Dr. Guerra provided good cause.

Dr. Guerra's counsel refused to provide a reason for requesting repeat mediation and insisted that there is a court order that we are violating. Dr. Guerra's motion cites Dkt. No. 70, "The Scheduling Order," states:

"The Parties must complete the agreed mediation or other ADR proceedings by June 29, 2022. At the conclusion of any ADR proceeding, a report must be filed with the Court."

This order is in place to make sure all alternative dispute resolutions be completed by a specific date and is not a requirement to repeat costly and fruitless ADRs. Per our records and the "Joint Advisory to the Court", the Cantus have fulfilled said obligation with Dr. Guerra.[4]

Our firm is in communication with DFC's counsel and has offered them the option of mediation.

## II.   Argument

The right to a jury trial is a fundamental common-law right preserved by the Framers of the Constitution.[5] In order to prevent the U.S. history with the British courts, the Seventh Amendment was instituted as a safeguard to prevent forced trials by non-jury tribunals. While alternative dispute resolution does not violate the Seventh Amendment, required participation in mediation before being allowed to seek a jury trial is a precondition that effectively strips away rights to a jury trial, specifically burdening the parties with costs for the mediation and attorney's fees.

As counsel to the Cantus, our firm is not interested in churning hours and suggesting our clients go through additional, emotionally trying, and costly mediation for no good cause.

---

[4] (Joint Advisory to the Court) Dkt. No. 60.)
[5] *See* U.S. CONST. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…").

We've complied with the Court's straightforward standing order and local rules. Per Local Rule CV-88, parties are allowed to request relief from ADR.[6] In another matter, this Court stated the following in regard to Local Rule CV-88:

> The Court's local rules provide that "[t]he court may refer a case to ADR on the motion of a party, on the agreement of the parties, or on its own motion. . . ." Local Rule CV-88(c). If a case is referred to ADR, a party has the right to object and "may obtain relief from an order upon a showing of good cause." *Id.* at 88(g); *Andre v. Allstate Texas Lloyd's*, 2016 U.S. Dist. LEXIS 189821, 2016 WL 9414129, at *3 (W.D. Tex. Oct. 14, 2016). But, as Judge Yeakel has noted in a very similar case, under the applicable statute a party "is required to consider use of an alternative dispute resolution procedure but is not obliged to consent to one." Dkt. No. 24, *Farrington v. Infowars, LLC*, No. 1:20-cv-332 LY (Oct. 22, 2020) at 2.[7]

Dr. Guerra seeks a remedy where she has no right.

## Conclusion

This Court should deny Dr. Guerra's Motion to Enforce Scheduling Order and Request for Sanctions because the Cantu's and Dr. Guerra have mediated and stated so in a joint filing with the Court. Furthermore, Dr. Guerra has no legal right to compel mediation.

---

[6] *See* Local Rule CV-88(g).
[7] *Mustard v. Infowars, LLC*, No. A-20-CV-0485-RP, 2020 U.S. Dist. LEXIS 200258 (W.D. Tex. Oct. 27, 2020).

4

Dated: May 26, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

## Certificate of Service

I certify that on this 26th of May 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland