# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

---

MELODY JOY CANTU AND DR. RODRIGO CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC,

Defendants.

5:20-CV-0746 JKP – HJB

---

# PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM IN SUPPORT TO COMPEL DEFENDANTS' DISCOVERY

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 8, 2022, in the above-entitled Court, Plaintiffs Melody Joy Cantu and Dr. Rodrigo David Cantu ("Plaintiffs") move this Court for an order compelling Co-Defendants to respond to Plaintiffs' outstanding discovery requests by producing items they are withholding under Federal Rules of Civil Procedure and Local Rules 37. Notably, Plaintiffs have requested the contract between the Co-Defendants at the heart of this case.[1] They refuse to do so. And Co-Defendants are refusing to produce documents relating to their phishing, hacking, and investigation of the Plaintiffs, specifically those using "Detective.com" and other third-party vendors. Co-Defendant Dr. Guerra used various third party vendors against Plaintiffs, and we request the production of those documents.

In regards to the harm Co-Defendant Dr. Guerra asserts, we have requested; the production of all receipts and statements relating to this matter, for the hiring of all third parties investigating the Cantus and those allegedly protecting Dr. Guerra from the Cantus (i.e., attorneys and security guards); corporate documents from Co-Defendant DFC, LLC, specifically information regarding their company structure, as they state there is another company involved but have not responded. We want to know what, if any, association between DFC, LLC and the third party company(s) DFC claims Dr. Guerra hired to investigate the Cantus. As well as DFC, LLC's licenses to conduct such business in the state of Texas.

---

[1] *See* Decl. of T. Ekeland at ¶5.

1

Plaintiffs requested Co-Defendants provide the above documents in their request for production. Co-Defendants refused. Counsel for Co-Defendant Dr. Guerra offered to enter into an Agreed Confidentiality and Protective Order in place even to consider providing Plaintiffs with the documents.[2] Upon Plainiffs' request for the cause or explanation of the purpose of said order, Dr. Guerra's counsel stated there was a confidentiality provision in the contract with DFC. Plaintiffs' counsel does not agree that an Agreed Confidentiality and Protective Order for the discovery is necessary to provide the discovery in this matter.[3] As Co-Defendants otherwise refused to prove the requise information, this leaves Plaintiffs no other choice than to seek Court intervention. Plaintiffs, therefore, request that the Court enter an order compelling Co-Defendants to produce the requested discovery responses and for their reasonable expenses incurred in making this motion, including attorney's fees.

Additionally, due to the upcoming discovery deadline being June 15, we request this Court stay the discovery deadline until we Plaintiffs receive and review the outstanding discovery.

---

[2] *See* Decl. of T. Ekeland at ¶6.
[3] *See* Decl. of T. Ekeland at ¶7.

Dated: June 9, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu*
*and Dr. Rodrigo Cantu*

## MEMORANDUM IN SUPPORT

## Background

On January 14, 2022, Plaintiffs, through counsel, served discovery requests on Co-Defendants Dr. Sandra Guerra and Digital Forensics Corporation, LLC.[4] Plaintiffs requested discovery necessary to back their arguments and prepare for trial, as well as prepare to refute counterclaims. (January 14, 2022, Discovery: *First Request for Production to Defendant Dr. Guerra; First Set of Interrogatories to Defendant Dr. Guerra; First Set of Requests for Admission to Defendant Dr. Guerra; First Request for Production to Defendant DFC, LLC; First Set of Interrogatories to Defendant DFC, LLC; First Set of Requests for Admission to Defendant DFC, LLC.*)

Under Federal Rules of Civil Procedure 33 and 34, Co-Defendants had over 30 days to respond, with additional continuances. To date, Co-Defendants have refused to provide the aforementioned requested documents.[5] Plaintiffs' counsel made numerous good faith attempts to obtain the discovery responses from Defendants without court action. Following emails back and forth with both Co-Defendants, they have refused to provide sufficient documentation, claiming blanket confidentiality and that if they find something sufficient, they will supplement with the documents.

---

[4] *See* Decl. of T. Ekeland at ¶3.
[5] *See* Decl. of T. Ekeland at ¶4.

## Argument

The Federal Rules of Civil Procedure permit parties in litigation to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."[6].

Specifically relating to documents in their possession, parties subject to a request must produce:

> Any designated documents or electronically stored information- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangable things…[7]

The purpose of discovery requests is to support your claims or defense in good faith. Without discovery, supporting one's statements would be on a "she said he said" basis with conflicting statements.

> Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1); *see Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (citation and internal marks omitted); *see Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010) (applying Rule 26(b)(1) discovery rules in an ERISA action).[8]

> [The Fifth Circuit] recognizes broad and liberal treatment of the federal discovery rules. *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991). In civil cases, parties are

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] *Id.* at 34(a)(1).

[8] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

entitled to discover all information relevant to any party's claim or defense that is not privileged. Fed. R. Civ. P. 26(b)(1).[9]

In light of these rules, their broad construction, and Plainitffs' repeated requests for relevant discovery items, Co-Defendants stand in violation of the Federal Rules of Civil Procedure.

## I.    Co-Defendants' Evasive Responses Are Unjustified

Under Federal Rule of Civil Procedure 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Plaintiffs duly served their discovery requests, specifically production requests, to Co-Defendants who refused to substantially produce.

Dr. Guerra's Responses to Plaintiffs' Request for Productions: "Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records."

DFC, LLC Responses to Plaintiffs' Request for Productions: Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and amounts to nothing more than an

---

[9] *Davis v. United States Marshals Serv.,* 849 F. App'x 80, 86-87 (5th Cir. 2021).

impermissible "fishing expedition," Defendant objects to this request for the reason that it asks

for information that is not proportional to the needs of the case. Specifically, the requested

discovery is of low importance to resolving the issues, and the requested discovery places a

burden or expense on Defendant that outweighs its likely benefit.

Co-Defendants have produced a single document following our requests for production to

both parties.

Defendant Dr. Guerra's responses claimed they would supplement if they find anything,

which in itself is a non-response and not an actual supplement under the letter and spirit of the

Civil Rules. Defendant DFC, LLC's responses all cite to an alleged "Confidentiality Clause" in

their contract with Dr. Guerra as a blanket excuse to avoid production.

## II.      Co-Defendants' Failure to Produce Prejudices Plainitiffs

Co-Defendants' dilatory tactics prejudice Plaintiffs by leaving them inadequate time to

follow up on any production with additional requests, as well as timely prepare for upcoming

depositions and trial.[10] Plaintiffs suspect that Co-Defendants are withholding numerous

documents, including their contract between them, and records, exhibits and other documents

and audio recordings that may require substantial time to review and forensically examine. The

Co-Defendants have produced no documents following our requests. Dr. Guerra did provide

---

[10] *See* Decl. of T. Ekeland at ¶8.

some documents following the filing of her counterclaims, most of those documents we already had.

## Conclusion

For the above reasons, Plaintiffs request that this Court grant their Motion to Compel and stay the discovery deadline until Plaintiffs receive and review the outstanding discovery.

Dated: June 9, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu
and Dr. Rodrigo Cantu*

9

**Certificate of Service**

I certify that on this 9th of June 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland