# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

MELODY JOY CANTU AND DR. RODRIGO CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC,

Defendants.

5:20-CV-0746 JKP – HJB

## PLAINTIFFS' ATTACHMENTS TO DKT. NO. 78 MOTION TO COMPEL DISCOVERY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU and** § <br> **DR. RODRIGO CANTU,** § <br> *Plaintiffs* § <br> § <br> §    **CASE NO 5:20-CV-00746-JKP (HJB)** <br> § <br> V. § <br> § <br> **DR. SANDRA GUERRA and** § <br> **DIGITAL FORENSICS** § <br> **CORPORATION, LLC** <br> *Defendants* | |

**DEFENDANT, DR. SANDRA GUERRA'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:   Plaintiffs, MELODY JOY CANTU and DR. RODRIGO CANTU, by and through their attorneys of record, Tor Ekeland, TOR EKELAND LAW, PLLC, 30 Wall Street, 8th Floor, New York, NY 10005, Email: tor@torekeland.com, and Rain Minns, MINNS LAW FIRM, P.C. d/b/a RAIN MINNS LAW FIRM, 4412 Spicewood Springs Rd., Suite 500, Austin, TX 78759-8583, Email: rain@rainminnslaw.com.

Now comes Defendant, DR. SANDRA GUERRA, and serves these her Objections Responses to Plaintiffs' First Request for Production of Documents, attached hereto and incorporated herein as if fully copied and set forth at length.

Respectfully submitted,

dc&m Davis, Cedillo & Mendoza, INC.
ATTORNEYS AT LAW
McCombs Plaza, Suite 250
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 660-3795

By:______________________________
RICARDO G. CEDILLO
State Bar No. 04043600
rcedillo@lawdcm.com
BRANDY C. PEERY
State Bar No. 24057666
bpeery@lawdcm.com

**ATTORNEYS FOR DEFENDANT,**
**DR. SANDRA GUERRA**

## CERTIFICATE OF SERVICE

I certify that on this 28th day of February 2022, a true and correct copy of the foregoing was served to all counsel of record for the parties in accordance with the Federal Rules of Civil Procedure.

______________________________
Ricardo G. Cedillo

# DEFENDANT, DR. SANDRA GUERRA'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All communications, including recordings, ESI, emails, phone calls, etc., between Dr. Guerra and any investigative services she has used to look into Dr. Cantu and/or Mrs. Cantu.

**OBJECTIONS**: Defendant objects to this request on the grounds that: (i) it is argumentative; (ii) assumes facts not established with respect to whether Defendant engaged the services of any third party for the specific purpose of "look[ing] into" Plaintiffs as opposed to another purpose; and (iii) is vague as to the phrase "look into."

**RESPONSE:** Defendant interprets "look into" as meaning to try to discover the facts about something or someone. Subject to and without waiving the foregoing objections, please see GUERRA 000037 – 000087 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

## REQUEST FOR PRODUCTION NO. 2:

Recordings, transcripts, and/or records of communications between Dr. Guerra and Dr. Cantu and/or Mrs. Cantu.

**OBJECTIONS**: Defendant objects to this request on the grounds that it is not properly limited in scope.

**RESPONSE:** Subject to and without waiving the foregoing objection, Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

## REQUEST FOR PRODUCTION NO. 3:

Contracts Dr. Guerra signed with any investigative service including Detective.com, and Digital Forensics Corporation LLC.

**OBJECTIONS**: Defendant objects to this request on the grounds that it is not properly limited in scope.

**RESPONSE:** Subject to and without waiving the foregoing objection, Defendant will produce responsive, non-privileged documents (if any) within

her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 4:**

All statements, such as bank statements, receipts of cash/check withdrawals containing evidence that Dr. Guerra paid for her counsel Andrew Del Cueto.

**OBJECTIONS:** Defendant objects to this request on the grounds that it: (i) seeks information protected by the attorney-client privilege and/or work-product privilege; (ii) seeks information and materials constituting Defendant's private and/or confidential information; and (iii) is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:**

Provide receipts and all records related to the purchase of the iPads for your daughters (referenced in your counterclaims) and any evidence that show you were searching for the lost or missing iPad.

**RESPONSE:** Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications between Dr. Guerra and Digital Forensics Corporation, LLC.

**RESPONSE:** Please see GUERRA 000062 – 000087 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning this matter which Dr. Guerra will raise, introduce, or rely upon at trial.

**OBJECTION:** Defendant objects to this request on the grounds that it is premature as discovery has only recently begun in this case.

**RESPONSE:**   Subject to and without waiving the foregoing objection, please see GUERRA 000001 – 000097 previously produced.  Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.  Defendant further reserves the right to use at trial any document produced by any party to this cause of action.

**REQUEST FOR PRODUCTION NO. 8:**

Any ESI or physical evidence or documentation asserting that there has been unauthorized access to Dr. Cantu's and Dr. Guerra's daughters' iPad.

**RESPONSE:**   Please see GUERRA 000062 – 000096 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.  Defendant further reserves the right to use at trial any document produced by any party to this cause of action.

**REQUEST FOR PRODUCTION NO. 9:**

Any ESI or physical evidence or documentation asserting that Dr. Guerra's Verizon account has been accessed without authorization.

**RESPONSE:**   Please see GUERRA 000062 – 000096 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 10:**

Any ESI or physical evidence or documentation asserting that Dr. Guerra sustained a loss due to the unauthorized access of her daughters' iPad and/or Verizon account.

**RESPONSE:**   Please see GUERRA 000062 – 000096 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 11:**

Any ESI or physical evidence or documentation asserting that Dr. Guerra's computer network has been accessed without authorization.

> **RESPONSE:** Please see GUERRA 000062 – 000096 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 12:**

Any ESI or physical evidence or documentation asserting that Dr. Guerra's personal email has been accessed without authorization.

> **RESPONSE:** Please see GUERRA 000062 – 000096 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 13:**

Any ESI or physical evidence or documentation obtained from accessing Mrs. Cantu's email, social media, personal devices, and router.

> **RESPONSE:** Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 14:**

Any ESI or physical evidence or documents containing information regarding defamation of your character by the Cantus.

> **RESPONSE:** Please see GUERRA 000021 – 000036 and GUERRA 000088 – 000096 previously produced. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 15:**

Any ESI or physical evidence or documents containing direct threats to you or your children by the Cantus.

    **RESPONSE:** Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 16:**

Any bank statements or credit card statements showing that you hired security for your wedding.

    **OBJECTION:** Defendant objects to this request on the grounds that it: (i) seeks information and materials constituting Defendant's private and/or confidential information.

    **RESPONSE:** Subject to and without waiving the foregoing objection, Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 17:**

A copy of your restraining order against Mrs. Cantu.

    **OBJECTION:** Defendant objects to this request on the grounds that it is argumentative and assumes facts not established.

    **RESPONSE:** Subject to and without waiving the foregoing objection, none. Defendant did not obtain a temporary restraining order against Plaintiff, Melody Joy Cantu. On April 2, 2018, Dr. Guerra and Plaintiff, Dr. David Cantu, met at the Bexar County Courthouse Annex to file a restraining order against Plaintiff, Melody Joy Cantu. Defendant was informed that she was unable to obtain a restraining order against Plaintiff, Melody Joy Cantu, because she had not had a sexual relationship with Plaintiff, Melody Joy Cantu. Plaintiff, Dr. David Cantu, proceeded to request a restraining order against Melody which was timely issued.

**REQUEST FOR PRODUCTION NO. 18:**

Any ESI or physical evidence or documentation containing your last contact and/or communication with Mrs. Cantu.

> **RESPONSE:** Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 19:**

Any phone bills and/or ESI containing calls to the police regarding alleged stalking by Mrs. Cantu.

> **RESPONSE:** Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 20:**

Any ESI or physical evidence or documents showing you had to miss work due to alleged hacking(s).

> **RESPONSE:** Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 21:**

Any ESI or physical evidence or documents that show your email and name were used to set up online profiles/accounts on your behalf.

> **RESPONSE:** Please see GUERRA 000062 – 000096. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 22:**

Any ESI or physical evidence or documents that your personal email(s) account(s) were accessible through your daughter's iPad.

**RESPONSE:**   Please see GUERRA 000062 – 000096. Defendant will produce other responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 23:**

Any ESI or physical evidence or documents containing phone records from April 1, 2018 – April 2, 2018.

**OBJECTION**:   Defendant objects to this request as not being properly limited in scope. This request does not state with reasonable particularity the phone records of calls to or from whom or between whom it seeks.

**RESPONSE:**   Subject to and without waiving the foregoing objection, Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 24:**

Any ESI or physical evidence or documentation, including any hardware electronic devices or software given to DFC for forensic analysis or any other analysis.

**RESPONSE:**   Defendant will produce responsive, non-privileged documents (if any) within her custody, possession, or control after a diligent search of Defendant's records.

**REQUEST FOR PRODUCTION NO. 25:**

All documents related to your recent settlement with Humana Inc.

**OBJECTION:**   Defendant objects to this request on the grounds that: (i) it seeks Defendant's private and confidential information; (ii) seeks documents that are protected by the work-product privilege and/or attorney-client privilege; (iii) seeks documents that are subject to a confidentiality agreement between Defendant and a third party; (iv) not properly limited in scope and amounts to nothing more than an impermissible "fishing expedition;" and (v) is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELODY JOY CANTU AND <br> DR. RODRIGO CANTU, <br><br> Plaintiffs, <br><br> V. <br><br> DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 5:20-CV-0746-JKP <br> § <br> § <br> § <br> § <br> § |

**DEFENDANT DIGITAL FORENSICS CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

TO: Plaintiffs Melody Joy Cantu and Dr. Rodrigo Canto, by and through their attorneys of record, Tor Ekeland, Tor Ekeland Law, PLLC, 195 Montague Street, 14th Floor, Brooklyn, NY 11201, and Rain Levy Minns, Minns Law Firm, P.C., d/b/a Rain Minns Law Firm, 4412 Spicewood Springs Road, Suite 500, Austin, Texas 78759

Defendant Digital Forensics Corporation, LLC ("Defendant or DFC") submits its Objections and Responses to Plaintiffs' First Request for Production.

### DEFENDANT'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

The following objections to Instructions and Definitions are incorporated by reference into each specific objection to each request:

1. Defendant objects to Plaintiffs' Instructions and Definitions to the extent they are inconsistent with the plain meaning of a defined term or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules.

2. Defendant objects to the definition of "DFC" as overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this definition to the extent it requires Defendant to provide information not in its possession, care, custody, or control.

3. Defendant objects to the definition of "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this definition to the extent it requires Defendant to provide information not in its possession, care, custody, or control.

4. Defendant objects to the Instructions to the extent they seek the production of information or documents containing proprietary or confidential business information before the parties have agreed to, and the Court has entered, a protective order establishing a procedure for disclosing such information under Rule 26(c).

5. Defendant objects to the Instructions to the extent they are overly broad, unduly burdensome, seeking the production of irrelevant evidence, and not proportional to the needs of the case.

6. Defendant objects to the Instructions to the extent they are contrary to, and attempt to impose obligations beyond, Federal Rules of Civil Procedure 26 and 34.

7. Defendant objects to the Instructions to the extent they subject Defendant to significant expense and undue burden in responding through, *inter alia,* the identification, collection, restoration, and/or processing of information or otherwise, that is likely to be disproportionate relative to the likely probative value, if any, of the information sought. Defendant further objects to producing electronically stored information or other records in response to Plaintiff's First Requests for Production other than in a form to which Defendant agrees and which is reasonable. Defendant reserves the right to have the cost of searching for, collecting, and producing any electronically stored information or other records or items shifted to Plaintiff.

8. Defendant objects to the Instructions to the extent they seek the disclosure of documents or information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications, including recordings, ESI, emails, phone calls, etc., between DFC and any agents or investigative services they used to look into Dr. Cantu and/or Mrs. Cantu.

**RESPONSE:** Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege, which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 2:** Recordings, transcripts, and/or records of communications between DFC and Dr. Guerra.

**RESPONSE:** Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further object to this request for the reason that it covers privileged communications between Defendant and its counsel as well as documents that are protected from discovery by the work product privilege, all of which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 3:** Contract(s) Dr. Guerra signed with DFC (and as defined above).

**RESPONSE:** Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege, which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 4:** All statements, such as bank statements, receipts of cash/check withdrawals containing evidence that Dr. Guerra paid DFC.

**RESPONSE:** Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege,

which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 5:** All statements, such as bank statements, receipts of cash/check withdrawals containing evidence that Dr. Guerra received any form or refund from DFC.

**RESPONSE:** Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege, which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications concerning this matter which DFC will raise, introduce, or rely upon at trial.

**RESPONSE:** Defendant has not determined what documents it will raise, introduce or rely upon at trial and, thus, will supplement this response.

**REQUEST FOR PRODUCTION NO. 7:** Any ESI or physical evidence or documentation pointing to any form of unauthorized access of the Cantus internet service, cable providers, etc., by DFC.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and assumes facts not in evidence. Subject to and without waiving the forgoing objections, Defendant has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:** Any ESI or physical evidence or documentation containing the Cantus' personal information.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege, which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 9:** Any ESI or physical evidence or documentation showing the Cantus had any form of participation or knowledge of alleged unauthorized access of Dr. Guerra's devices and/or internet service/accounts.

**RESPONSE:** Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and

amounts to nothing more than an impermissible "fishing expedition," Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 10:**   Any ESI or physical evidence or documentation asserting that Dr. Guerra's computer network has been accessed without authorization.

**RESPONSE:**   Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and amounts to nothing more than an impermissible "fishing expedition," Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 11:**   Any ESI or physical evidence or documentation asserting that Dr. Guerra's personal email has been accessed without authorization.

**RESPONSE:**   Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and amounts to nothing more than an impermissible "fishing expedition," Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 12:**   Any ESI or physical evidence or documentation obtained from accessing the Cantus' email, social media, personal devices, and router.

**RESPONSE:**   Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and amounts to nothing more than an impermissible "fishing expedition," Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 13:**   Any ESI or physical evidence or documentation containing the Phase I and Phase II reports for Dr. Guerra.

**RESPONSE:**   Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the

work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and amounts to nothing more than an impermissible "fishing expedition," Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 14:** Any ESI or physical evidence or documentation containing information of what, if any, association DFC has with Tactical Rabbit, Inc.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 15:** Any ESI or physical evidence or documentation containing information of what, if any, association DFC has with Green Squirrel Aquatics, LLC.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 16:** Any ESI or physical evidence or documentation containing lists of all of DFC's parent companies, subsidiaries, affiliates, divisions, departments, affiliated entities, directors, officers, employees, agents, consultants, members, independent contractors hired by DFC, or other person acting (or purporting to act) on its behalf from 2018 to the present.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 17:** Any ESI or physical evidence or documents that show the Cantus had used Dr. Guerra's email and/or name to set up online profiles/accounts on Dr. Guerra's behalf.

**RESPONSE:** Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information, seeks documents that are protected by the work-product privilege and/or attorney-client privilege, seeks documents that are subject to a confidentiality agreement, assumes facts not in evidence, and is not properly limited in scope and amounts to nothing more than an impermissible "fishing expedition," Defendant objects to this

request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 18:** Any ESI or physical evidence or documentation of hard drive backups or any other hardware provided to you by Dr. Guerra.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that and to the extent it seeks Defendant's private and confidential information. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege, which Defendant is withholding.

**REQUEST FOR PRODUCTION NO. 19:** Any ESI or physical evidence or documentation listing information on those who wrote Better Business Bureau reviews on DFC.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case. Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 20:** Any ESI or physical evidence or documentation of DFC's insurance providers.

**RESPONSE:** Defendant objects to this request for the reason that it is vague and overly broad. Defendant objects to this request for the reason that it asks for information that is not proportional to the needs of the case and amounts to nothing more than an impermissible "fishing expedition." Specifically, the requested discovery is of low importance to resolving the issues and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request for the reason that it covers documents that are protected from discovery by the work product privilege, which Defendant is withholding.

Respectfully submitted,

/s/ J. David Apple
J. David Apple
State Bar No. 01278850
jdapple@applefinklaw.com
APPLE & FINK, LLP
735 Plaza Blvd., Suite 200
Coppell, Texas 75019
Telephone: (972) 315-1900
Facsimile: (972) 315-1955

**ATTORNEYS FOR DEFENDANT DIGITAL FORENSICS CORPORATION, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022 a true and correct copy of the foregoing document was served on the following counsel of record pursuant to the Texas Rules of Civil Procedure:

Tor Ekeland
Tor Ekeland Law, PLLC
195 Montague Street, 14th Floor
Brooklyn, NY 11201
*tor@torekeland.com*

Rain Levy Minns
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Road, Suite 500
Austin, Texas 78759
*rain@rainminnslaw.com*

Ricardo G. Cedillo
Brandy C. Perry
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry, Suite 250
San Antonio, Texas 78212
*rcedillo@lawdcm.com*
*bperry@lawdcm.com*

/s/ J. David Apple
J. David Apple

Dated: June 13, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

## Certificate of Service

I certify that on this 13th of June 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland