IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU and** § | |
| **DR. RODRIGO CANTU,** § | |
| *Plaintiffs* § | |
| § | |
| § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| § | |
| V. § | |
| § | |
| **DR. SANDRA GUERRA and** § | |
| **DIGITAL FORENSICS** § | |
| **CORPORATION, LLC** § | |
| *Defendants* § | |

**DEFENDANT, DR. SANDRA GUERRA'S RESPONSE TO
PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM
IN SUPPORT TO COMPEL DEFENDANTS' DISCOVERY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"), and files this her Response to Plaintiffs' Notice of Motion and Memorandum in Support to Compel Defendants' Discovery [Doc. 78] (the "Motion"), and, in support thereof, would respectfully show unto the Court as follows:

1. Plaintiffs incorrectly represent to the Court in Plaintiffs' Motion that "the upcoming discovery deadline [is] June 15 [, 2022]."[1] The Scheduling Order [Doc. 70] provides that the "[p]arties shall initiate all discovery procedures in time to complete discovery on or before June 15, 2022" but specifically states "[counsel] may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances." However, Plaintiffs failed to advise the Court in their Motion that the parties

---

[1] Motion, p. 2.

previously agreed in writing to extend the discovery deadline until **July 31, 2022**.[2]  Accordingly, Plaintiffs' request to stay discovery is premature.

2. Defendant produced documents bates labeled GUERRA000001 – 000097 prior to Plaintiffs filing their Motion.  Defendant has supplemented her production with documents bates labeled GUERRA000098 – 000183 as of the date hereof.

3. At its core, this lawsuit is a thinly veiled attempt by Plaintiffs to re-litigate matters which were the subject of a 2008 District Court lawsuit involving the custody of the then-minor children of Plaintiff, Rodrigo David Cantu, and Defendant.[3]  Plaintiffs' allegations against Defendant in this lawsuit primarily involve a domestic/family dispute.

4. Nevertheless, in order to invoke the jurisdiction of this Court, Plaintiffs have also alleged various federal claims which present "federal questions under the Computer Fraud and Abuse Act, 18 U.S.C. §§1030(a)(2(C), 1030(a)(5)(A)-(C) & 1030(g)."[4]  To that end, Plaintiffs seek, among other things, production of the contract between Defendant, Dr. Guerra, and Defendant, Digital Forensics Corporation, LLC ("DFC") (collectively, "Co-Defendants"), which

---

[2] Ms. Nicole Guitelman confirmed Plaintiffs' agreement to extend the discovery deadline to July 31, 2022 via email dated May 25, 2022 to counsel for Defendant, Dr. Guerra, and counsel for Defendant, Digital Forensics Corporation, LLC.  Ms. Guitelman does not appear as an attorney of record for Plaintiffs on any of the pleadings in this matter but is identified in the signature block of her emails as a "Law Clerk" at Tor Ekland Law, PLLC in New York City, New York.  Mr. Ekland has appeared herein as counsel *pro hac vice* for Plaintiffs.  Rain Levy Minns filed a Notice of Appearance [Doc. 7] but has not corresponded with counsel for Defendant or actively participated in the litigation.  Michael Hassard with the law firm Tor Ekland Law, PLLC filed a Notice of Appearance [Doc. 71] on April 20, 2022 but has not filed a Motion for Admission Pro Hac Vice.

[3] Defendant requests the Court to take judicial notice of Cause No. 2008-CI-18856, *In the Interest of Sofia Elena Cantu and Maya Isabella Cantu*, in the 150th Judicial District Court of Bexar County, Texas.

[4] Complaint, Doc. 01, ¶6.

Plaintiffs claim is "at the heart of this case."[5]

5.  However, the contract sought by Plaintiffs is subject to an express confidentiality provision between Co-Defendants, Dr. Guerra and DFC.  On April 8, 2022, Mr. Ekland's law clerk, Ms. Nicole Guitelman, emailed counsel for Dr. Guerra to inquire whether "Dr. Guerra would be willing to waive the confidentiality clause in her contract with DFC" and consent to the production of the contract.  In response, counsel for Dr. Guerra proposed that the parties enter into an Agreed Confidentiality and Protective Order in the form set out in Appendix H-1 of the Local Rules as a precondition to Co-Defendants' agreement to produce the contract and certain other private, personal, and/or confidential documents requested by Plaintiffs.   Plaintiffs summarily rejected this proposal on the grounds that Plaintiffs' counsel simply "does not agree that an Agreed Confidentiality and Protective Order for the discovery is necessary to provide the discovery in this matter."[sic][6]

6.  "When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together. A lawyer should refrain from filing motions to compel or for sanctions unless all reasonable efforts to resolve the dispute with opposing counsel have been exhausted."[7]  Considering the parties' acrimonious history (which is underscored by the parties' respective claims of intentional infliction of emotional distress and other allegations of harassment set forth in the parties' pleadings[8]), as well as the fact that Plaintiffs seek production of a contract which is subject to an express confidentiality provision between DFC and Dr. Guerra (and others) and other information of a sensitive and private nature, Dr. Guerra's proposal that the parties enter

---

[5] Motion, p. 1.
[6] Motion, p. 2.
[7] Local Rule AT-4(e),
[8] *See* Plaintiffs' First Amended Complaint [Doc. 3] and First Amended Answer, Affirmative Defenses, and First Amended Counterclaim of Defendant, Dr. Sandra Guerra [Doc. 37].

into an Agreed Confidentiality and Protective Order in the form set out in Appendix H-1 is a reasonable resolution to this discovery dispute.

7. DFC agrees with Dr. Guerra's proposal to enter into an Agreed Confidentiality and Protective Order and has agreed to produce the contract between Dr. Guerra and DFC subject thereto.

8. In accordance with Local Rule CV-7(h), counsel for Dr. Guerra attempted to confer with Plaintiffs' counsel again on June 14, 2022 and reiterated Dr. Guerra's proposal that the parties enter into an Agreed Confidentiality and Protective Order to facilitate the production of documents by all parties.  Mr. Ekland's law clerk, Ms. Guitelman, advised on June 14, 2022 that Plaintiffs' counsel would "reiterate [Dr. Guerra's] offer to enter into an Agreed Confidentiality and Protective Order with [Plaintiffs]…and let [Defendants] know whether [Plaintiffs] agree."  Counsel for Dr. Guerra has not received a response from Plaintiffs' counsel as of this date.

9. With the exception of Dr. Guerra's confidentiality objections to Plaintiffs' requests for production, Plaintiff's Motion does not address any other objections asserted by Dr. Guerra in response to Plaintiffs' First Requests for Production and Plaintiffs' counsel has not conferred with counsel for Defendant on any such objections.

10. Plaintiffs have failed to comply with Local Rule AT-4(e).  Consequently, Plaintiffs' Motion should be denied in its entirety.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court deny Plaintiffs' Notice of Motion and Memorandum in Support to Compel Defendants' Discovery and grant Defendant all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

Dated: June 16, 2022.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: _/s/Ricardo G. Cedillo_
  RICARDO G. CEDILLO
  Texas State Bar No. 04043600
  rcedillo@lawdcm.com
  BRANDY C. PEERY
  Texas State Bar No. 24057666
  bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## CERTIFICATE OF SERVICE

I certify that on this 16th day of June 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

  _/s/Ricardo G. Cedillo_
  RICARDO G. CEDILLO