# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO                    5:20-CV-0746 JKP – HJB
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA AND DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.


_____




**PLAINTIFFS' MOTION TO QUASH SUBPOENAS FOR MEDICAL RECORDS**

# INTRODUCTION

Plaintiffs move this Court to quash Defendant Dr. Sandra Guerra's seven subpoenas demanding Plaintiffs' confidential medical records, of no relevance to this matter, because the subpoenas:

a.  violate the Health Information Portability and Accountability Act ("HIPAA").

b.  are overbroad as to time and subject matter and seek irrelevant and confidential medical information; and

c.  violate Federal Rules of Civil Procedure ("FRCP") 45's notice requirement.

# BACKGROUND

Plaintiffs and Co-Defendants are currently engaged in active discovery in the Western District of Texas. On June 28, 2022, Co-Defendant Dr. Guerra sent out subpoenas for deposition of doctors and therapists ("Medical Providers"). Plaintiffs' counsel was notified of these subpoenas at roughly the same time they were served. The subpoenas did not include any HIPAA release from the Plaintiffs. The subpoenas confused the medical providers because they were not clear as to who they were seeking information about. The subpoenas don't mention who they're seeking information for until the fourth page. The medical providers were also confused as to who sent the subpoenas, asking undersigned counsel whether they were sent by us. Furthermore, the company hired by Dr. Guerra to serve the subpoenas continually harassed the medical providers with constant phone calls, at one point calling a provider over a dozen times in a four-hour time span.

1

Co-Defendant Dr. Guerra served subpoenas on the following medical providers: Stephen L. Cervantes, LPC; Dr. Elizabeth Joann Murphey, PhD; Dina Trevino, PhD; John R. Seals, M.D.; and Randolph A. Pollock, MA, LPC. Each of the subpoenas commanded the production of the following:

> ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format ….

Blend Litigation Support ("Blend") first notified Plaintiffs' counsel of the subpoenas via email at 8:03pm ET on June 28, 2022, the same day the subpoenas were noticed to the Medical Providers. On July 5, 2022, undersigned counsel emailed Dr. Guerra's counsel asking them to withdraw their subpoenas in lieu of us moving to quash. They have not agreed to our request.

2

# ARGUMENT

Defendant's subpoenas seek irrelevant confidential medical information protected under HIPAA. Moreover, this is not a Medical Malpractice case, it is a Computer Fraud and Abuse Act hacking case where Co-Defendants Dr. Guerra and Digital Forensics Corporation, LLC hacked Plaintiffs' computers as part of their campaign of Malicious Prosecution. Furthermore, the subpoenas are overbroad in scope and fail to give proper notice as required by FRCP 45.

### A.  HIPAA Protects Plaintiffs' Medical Records

Dr. Guerra's subpoenas do not comply with HIPAA. HIPAA protects the privacy of medical records and information.[1] Attorney issued subpoenas are different than court orders when it comes to HIPAA.[2] As the department of Health and Human Services summarizes on its website:

> "A HIPAA-covered provider or plan may disclose information to a party issuing a subpoena only if the notification requirements of the Privacy Rule are met. Before responding to the subpoena, the provider or plan should receive evidence that there were reasonable efforts to: Notify the person who is the subject of the information about the request, so the person has a chance to object to the disclosure or [s]eek a qualified protective order for the information from the court."[3]

---

[1] 42 U.S.C. §§ 17921-17953.
[2] *Health Information Privacy,* U.S. Department of Health & Human Services, https://www.hhs.gov/hipaa/for-individuals/court-orders-subpoenas/index.html (last visited July 12, 2022).
[3] *Health Information Privacy,* U.S. Department of Health & Human Services, https://www.hhs.gov/hipaa/for-individuals/court-orders-subpoenas/index.html *citing* 45 C.F.R. §§ 164.512(e).

3

Dr. Guerra did not attempt either of the above reasonable efforts prior to serving the subpoenas.

We move to quash these subpoenas as they require disclosure of privileged or other protected matter.[4] A claim of intentional infliction of emotional distress does not waive rights to privacy for eight years of medical information and medical billing information regarding all treatment or conditions unrelated to the claims or defenses in the litigation. Dr. Guerra's subpoenas for irrelevant and unrestricted medical records belonging to Plaintiffs are part of a fishing expedition into highly sensitive information. Plaintiffs have not waived the privileged information Dr. Guerra is requesting, nor have they been asked to. Until Plaintiffs waive their physician-patient privilege, Dr. Guerra cannot compel the production of records and depositions by subpoenaing documents from Plaintiffs' medical providers.

According the FRCP, when issuing a subpoena, there must be reasonable steps taken to avoid undue burden or expense on a person subject to a subpoena.[5] The Fifth Circuit has considered undue burdens present when serving a subpoena and looks at the following six factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden

---

[4] Fed. R. Civ. P. 45(d)(3)(A)(iii).
[5] Fed. R. Civ. P. 45(d)(1).

imposed."[6] As Dr. Guerra's subpoena demands are overbroad as to scope and subject matter, and are irrelevant to any claim or defense and lack much needed specifics, Plaintiffs requests the Court quash the subpoenas.

### B.  Notice

Defendant Dr. Guerra concurrently mailed out a copy of the subpoenas to Plaintiffs' counsel, on the date they were served to the Medical Providers. According to the Federal Rules, "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."[7] The purpose of the notice requirement is to allow opposing parties an opportunity to object to the subpoena(s). Plaintiffs reached out to Dr. Guerra's counsel regarding these subpoenas and gave them time to respond to our request to withdraw them, to which they did not agree. Meanwhile, Medical Providers are contacting Plaintiff to express concern both over the non-stop harassing calls from Blend Litigation Support, and over providing any answer to these subpoenas, as they want to remain HIPAA compliant and don't think they can even say whether the Plaintiffs were patients.

---

[6] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F. 3d 812, 818 (5th Cir. 2004).
[7] Fed. R. Civ. P. 45(a)(4).

## C.  Scope

Co-Defendant Dr. Guerra's subpoenas to Plaintiffs' Medical Providers are overbroad as to scope and subject matter. When it comes to discovery, the Federal Rules limit scope: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."[8]

An overbroad blanket request for all medical records going back through 2014, leaves open much room for information not related to this matter, specifically when the Medical Providers have little to no knowledge of the existence of this lawsuit. Plaintiffs object to the unlimited scope and subject matter in the subpoenas. Co-Defendant Dr. Guerra is attempting to engage in an overarching review of remote and irrelevant medical records not related to the underlying basis for Plaintiffs' lawsuit.

---

[8] Fed. R. Civ. P. 26(b)(1).

6

## CONCLUSION

Defendant's subpoenas for Plaintiffs' private medical information should be quashed. Plaintiffs respectfully request that the Court grant this Motion to Quash Subpoenas Issued by Co-Defendant Dr. Guerra.

Dated: July 13, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu
and Dr. Rodrigo Cantu*

8

**Certificate of Service**

I certify that on this 13th of July 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland