**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU and** | § | |
| **DR. RODRIGO CANTU,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| | § | |
| V. | § | |
| | § | |
| **DR. SANDRA GUERRA and** | § | |
| **DIGITAL FORENSICS** | § | |
| **CORPORATION, LLC** | § | |
| *Defendants* | § | |

**DEFENDANT, DR. SANDRA GUERRA'S RESPONSE TO**
**PLAINTIFFS' MOTION TO QUASH SUBPOENAS FOR MEDICAL RECORDS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"), and

files this her Response to Plaintiffs' Motion to Quash Subpoenas for Medical Records [Doc. 90]

(the "Motion"), and, in support thereof, would respectfully show unto the Court as follows:

**I.**
**BACKGROUND**

1.      Plaintiffs have asserted eight causes of action against Dr. Guerra and Co-Defendant,

Digital Forensics Corporation, LLC ("DFC") ("Dr. Guerra and DFC are, collectively,

"Defendants") under the Computer Fraud and Abuse Act; one cause of action under the Federal

Wiretap Act,18 U.S.C. §210 *et seq.*; and three causes of action under Texas statutory authority for

alleged electronic access interference and access to a computer system or network.[1] Plaintiffs have

also asserted civil claims against Defendants under Texas law for malicious criminal prosecution

---

[1] Plaintiffs' First Amended Complaint [Doc. 3].

and intentional infliction of emotional distress.

2.       On December 1, 2020, Plaintiffs served Plaintiff's[sic] Initial Disclosures Pursuant

to Rule 26(a)(1) of the Federal Rules of Civil Procedure, a copy of which is attached hereto as

Exhibit A. ("Plaintiffs' Initial Disclosures").[2] Plaintiffs identified Dr. John Seals, Steve Cervantes,

Randolph Pollock, MA, LPC, Dr. Joann Murphy, and Deena Trevino, PhD in Plaintiffs' "List of

Witnesses" and provided the following descriptions for each:

| Dr. John Seals | (210) 615-2222; 4410 Medical Dr #240; San Antonio, TX 78229 | Melody Joy Cantu's neuropsychologist with information on trauma and stress caused by Defendants, as well as helped Melody's children with trauma. |
| Steve Cervantes | (210) 341-3525; 325 E Sonterra, San Antonio, TX 78258 | Dr. Rodrigo David Cantu's therapist from 2017. |
| Randolph A. Pollock, MA, LPC | (210) 558-8200; 11118 Wurzbach, Suite 207, San Antonio, TX 78230 | Melody Joy Cantu's therapist for panic and anxiety. |

| Dr. Joann Murphy | (210) 495- 0221; 1202 W Bitters Rd #3, San Antonio, TX, 78216 | Forensic Phycologist consulted Cantus after Melody's arrest. |
| Deena Trevino | (210) 647- 7712; 7272 Wurzbach Rd #1504, San Antonio, TX 78240 | Court appointed therapist in their civil case. |

3.       Plaintiffs also disclosed the following costs for medical treatment in their

calculation of Plaintiffs' purported damages which they seek to recover from Defendants:[3]

---

[2] The Certificate of Service attached to Plaintiffs' Initial Disclosures is signed by Nicole Guitelman.  Ms. Guitelman is a law clerk at the law office of Plaintiffs' counsel, Tor Ekeland Law, PLLC.  Ms. Guitelman is not a licensed attorney and is not admitted to practice in the Western District of Texas.

[3] Madeleine Joy Ross, William Stuart Ross, and Lilian Grace Ross are Plaintiff, Melody Joy Cantu's minor children.  Plaintiff, Melody Joy Cantu, has not asserted any causes of action against Defendants as "next friend" (or otherwise) on behalf of her minor children.  Mrs. Cantu's minor children are also the subject of an ongoing custody dispute between Mrs., Cantu and her former

Case 5:20-cv-00746-JKP-HJB   Document 93   Filed 07/20/22   Page 3 of 6

| Dr. Seals | Melody Joy Cantu - $2762.12<br>Dr. Rodrigo David Cantu- $600<br>William Stuart Ross $2334.77<br>Madeleine Joy Ross- $2495.29 | As a result of the trauma to Cantus and their family caused by Defendants' actions, Cantus and Melody's children much emotional stress- necessitating therapy. |
| Randolf Pollock | Madeleine Joy Ross - $1479.16<br>William Stuart Ross $ 791.66<br>Lilian Grace Ross - $416.66 | As a result of the trauma to Cantus and their family caused by Defendants' actions, Cantus and Melody's children much emotional stress- necessitating therapy. |
| Steve Cervantes | $2600 | As a result of the trauma to Cantus and their family caused by Defendants' actions, Dr. Cantu required therapy. |

4.     Based upon Plaintiffs' pleadings and Plaintiffs' Initial Disclosures, Dr. Guerra served notices of her intent to take the depositions upon written questions to the treating physicians identified on Plaintiffs' Initial Disclosures and subpoena for the production of Plaintiffs' medical and billing records from January 1, 2014 to the present. *See* Exhibit B.  The notices were sent to Plaintiffs' counsel via facsimile and email on June 28, 2022.  **No medical or billing records have been produced as of this date**.

5.     Although Plaintiffs have identified these specific medical providers as individuals with knowledge of relevant facts and specifically seek the recovery of medical costs related to the treatment of their alleged severe emotional distress, Plaintiffs have filed a motion to quash the production of Plaintiffs' medical and billing records claiming, among other things, that Plaintiffs' "confidential medical records" are "of no relevance to this matter."[4]  Dr. Guerra responds that

husband, Charles R. Ross, in Cause 2011-CI-07983, *In the Matter of the Marriage of Melody Joy Ross and Charles Robert Ross and in the Interest of Madeleine Joy Ross, William Stuart Ross, and Lilian Grace Ross,* Children, pending in the 288th Judicial District Court of Bexar County, Texas. Accordingly, for this reason (and many others), Defendants maintain that the costs for the medical treatment of Plaintiff, Melody Joy Cantu's children are not damages that may be recovered by Plaintiffs in this Lawsuit.
[4] Motion, p. 1 (first sentence).

Plaintiffs' Motion should be denied in its entirety for the following reasons:

## II.
## ARGUMENT AND AUTHORITY

6.      Under Federal Rule of Civil Procedure 26(b), parties may obtain discovery concerning:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[5]

7.      Plaintiffs have asserted civil causes of action against Defendants under Texas law for IIED and malicious prosecution.   In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.[6]   Texas Rule of Evidence 509 recognizes the physician-patient privilege, but, in civil proceedings, Texas provides for an exception where the party relies on the condition as part of the party's claim or defense.[7]   The Texas Supreme Court has recognized "the exceptions to the medical and mental health privileges apply when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some legal significance."[8] R.K. v. Ramirez, 887 S.W.2d 836, 840, 843 (Tex. 1994).

8.      Plaintiffs claim that Plaintiff, Melody Joy Cantu, "suffered emotional harm stemming from her arrest"[9] and also claim that "[t]he action of Defendants caused Plaintiffs

---

[5] FED. R. CIV. P. 26(B)(1).
[6] FED. R. EVID. 501.
[7] TEX. R. EVID. 509(e)(4).
[8] *R.K. v. Ramirez*, 887 S.W.2d 836, 840, 843 (Tex. 1994).
[9] Plaintiffs' First Amended Complaint [Doc. 3], ¶121.

emotional distress by putting them in a prolonged and sustained fear for their safety and privacy of their family, and themselves…"[10]  However, Plaintiffs testified that Plaintiff, Melody Joy Cantu, suffers from Major Depressive Disorder and Panic Disorder with Agoraphobia,[11] which were diagnosed years before the date of Plaintiffs' alleged injuries.  Plaintiffs also state in Plaintiffs' Initial Disclosures that Plaintiff, Dr. Rodrigo Cantu, was seeking treatment with Stephen L. Cervantes, LPC "since 2017," which is also prior to the date of Plaintiffs' alleged injuries.

9.      In addition, Plaintiffs represented in the parties' Third Continuance Request [Doc. 47] and Fourth Continuance Request [Doc. 49] filed on May 14, 2021 and June 15, 2021, respectively, that Plaintiff, Melody Joy Cantu, suffered a "medical emergency" on January 30, 2021 when she was thrown from a horse.  Plaintiffs advised therein that Plaintiff, Melody Joy Cantu "continue[d] to be in immense pain and repeatedly visit[ed] doctors and the hospital to deal with issues stemming from the event."[12]  Plaintiffs further advised that, "[a]s of May 5, 2021, Mrs. Cantu's doctors advised her to remain at home for *a least another month*."[13]  However, Plaintiff, Dr. Rodrigo Cantu, testified that he and Plaintiff, Melody Joy Cantu, traveled from San Antonio, Texas to Hawaii for a 5-day vacation in June 2021.

10.      Therefore, the medical and billing records requested by Dr. Guerra fall within the exception of TEX. R. EVID. 509 and are not facially overbroad or irrelevant because Plaintiffs are complaining of emotional trauma and distress.   The medical records are also relevant to the

---

[10] *Id*. at ¶124.
[11]  https://www.mayoclinic.org/diseases-conditions/agoraphobia/symptoms-causes/syc-20355987
("Agoraphobia (ag-uh-ruh-FOE-be-uh) is a type of anxiety disorder in which you fear and avoid places or situations that might cause you to panic and make you feel trapped, helpless or embarrassed. You fear an actual or anticipated situation, such as using public transportation, being in open or enclosed spaces, standing in line, or being in a crowd.")
[12] Doc. 47, ¶3.
[13] *Id*. at 4. (emphasis added).

credibility of Plaintiffs.  Consequently, Plaintiffs' Motion should be denied  in its entirety.

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court deny Plaintiffs' Motion to Quash Subpoenas for Medical Records and grant Defendant all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

Dated:  July 20, 2022.                              Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By:    */s/Ricardo G. Cedillo*
     RICARDO G. CEDILLO
     Texas State Bar No. 04043600
     rcedillo@lawdcm.com
     BRANDY C. PEERY
     Texas State Bar No. 24057666
     bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of July 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

     */s/Ricardo G. Cedillo*
     RICARDO G. CEDILLO