IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU and** § | |
| **DR. RODRIGO CANTU,** § | |
| *Plaintiffs* § | |
| § | |
| § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| § | |
| V. § | |
| § | |
| **DR. SANDRA GUERRA and** § | |
| **DIGITAL FORENSICS** § | |
| **CORPORATION, LLC** § | |
| *Defendants* § | |

**DEFENDANT, DR. SANDRA GUERRA'S RESPONSE TO
PLAINTIFFS' SEVENTH [SIC] CONTINUANCE REQUEST**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"), and files this her Response to Plaintiffs' Seventh [sic] Continuance Request [Doc. 95] (the "Continuance Request"), and, in support thereof, would respectfully show unto the Court as follows:

1. This case has been pending for over 2 years. Plaintiffs filed suit on June 24, 2020 but did not serve a single request for written discovery to Defendants until over a year and a half later on January 14, 2022.[1] Plaintiffs did not notice a single deposition of a party or non-party

---

[1] Plaintiffs served 25 requests for production, 14 interrogatories, and 12 requests for admissions to Dr. Guerra on January 14, 2022. Plaintiffs served 20 requests for production, 20 interrogatories, and 17 requests for admissions to DFC on January 14, 2022. Dr. Guerra served her responses and objections to Plaintiffs' first set of written discovery on February 28, 2022, and DFC served its objections and responses to Plaintiffs' first set of written discovery on March 4, 2022.

until July 14, 2022 (just 3 weeks ago).[2]

2. Although titled "Seventh" Continuance Request, this is actually Plaintiffs' *eighth* request for continuance.[3] Dr. Guerra joined in Plaintiffs' first, second, third, fourth and fifth requests for continuance based upon Plaintiffs' representation that Plaintiff, Melody Joy Cantu, suffered a medical emergency requiring an extended recovery time that prevented her from participating in the litigation.[4] Plaintiffs advised the Court and counsel that Plaintiff, Melody Joy Cantu, was thrown from a horse on January 30, 2021. In the continuances filed on May 14, 2021 [Doc. 47], June 15, 2021 [Doc. 49], and August 16, 2021 [Doc. 57], Plaintiffs represented to the Court that Plaintiff, Melody Joy Cantu, "continue[d] to be in immense pain and repeatedly visit[ed] doctors and the hospital to deal with issues stemming from the event."[5] Plaintiffs further advised that, "[a]s of May 5, 2021, Mrs. Cantu's doctors advised her to remain at home for *a least another month.*"[6] However, Plaintiff, Dr. Rodrigo Cantu, recently testified that he and Plaintiff, Melody Joy Cantu, traveled from San Antonio, Texas to Hawaii for a 5-day vacation in 2021[7] and Plaintiff, Melody Joy Cantu, posted a picture on Facebook on June 11, 2021 taken in Hawaii the week prior.[8]

---

[2] Plaintiffs served their notices of the oral and videotaped depositions of Dr. Guerra, the corporate representative of DFC, DFC's expert, Shawn Kassal, and DFC's counsel, David Apple on July 14, 2022. Plaintiffs conducted the following depositions on the following dates: DFC's expert, Shawn Kassal (July 18, 2022), DFC's 2 corporate representatives (July 19, 2022), and Dr. Guerra (July 21, 2022). Plaintiffs withdrew their notice of Mr. Apple's deposition.

[3] *See* First Continuance Request [Doc. 42]; Second Continuance Request [Doc. 45]; Third Continuance Request [Doc. 47]; Fourth Continuance Request [Doc. 49]; Fifth Continuance Request [Doc. 57]; Sixth Continuance Request [Doc. 65]; Seventh Continuance Request [Doc. 67]; Eighth Continuance Request [Doc. 95].

[4] *See* First Continuance Request, ¶3 [Doc. 42]; Second Continuance Request, ¶3-5 [Doc.45]; Third Continuance Request, ¶3-4 [Doc. 47]; Fourth Continuance Request, ¶3-4 [Doc. 49]; Fifth Continuance Request, ¶3-4 [Doc. 57].

[5] *Id*.

[6] Third Continuance Request, ¶4 [Doc. 47] (emphasis added).

[7] *See* Exhibit 1, Deposition of Plaintiff, Dr. Rodrigo Cantu dated July 16, 2022, 79:16-81:16.

[8] *See* Exhibit 2, Melody Joy Cantu Facebook Post.

3. On February 25, 2022, in response to the parties' Seventh Joint Continuance Request, the Court entered an Order [Doc. 70] expressly providing as follows: "Parties shall initiate all discovery procedures in time to complete discovery on or before **June 15, 2022**…Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances."

4. The parties subsequently agreed in writing to extend the discovery deadline until **July 31, 2022**.[9] The Court entered an Order [Doc. 89] on June 23, 2022 providing that discovery must be completed on or before **July 31, 2022**, mediation must be held on or before August 15, 2022, and dispositive motions must be filed on or before August 31, 2022. Eight days later, Plaintiffs filed their second set of written requests for discovery to Defendants on July 1, 2022.[10] DFC timely filed its objections and responses to Plaintiffs' second set of written discovery on July 29, 2022 and Dr. Guerra timely served her responses and objections on August 1, 2022.

5. As of this date, Dr. Guerra has produced a total of 980 pages of documents (which includes the contract and email communications between Dr. Guerra and DFC) as part of Dr. Guerra's Initial Rule 26 Disclosures and in response to Plaintiffs' 48 requests for production. Dr.

---

[9] Ms. Nicole Guitelman confirmed Plaintiffs' agreement to extend the discovery deadline to July 31, 2022 via email dated May 25, 2022 to counsel for Dr. Guerra and counsel for DFC. Ms. Guitelman does not appear as an attorney of record for Plaintiffs on any of the pleadings in this matter but is identified in the signature block of her emails as a "Law Clerk" at Tor Ekeland Law, PLLC in New York City, New York. Mr. Ekeland has appeared herein as counsel *pro hac vice* for Plaintiffs. Rain Levy Minns filed a Notice of Appearance [Doc. 7] but has not corresponded with counsel for Defendant or actively participated in the litigation. Michael Hassard with the law firm Tor Ekeland Law, PLLC filed a Notice of Appearance [Doc. 71] on April 20, 2022 but has not filed a Motion for Admission Pro Hac Vice.

[10] Plaintiffs served 23 requests for production and 22 interrogatories to Dr. Guerra on July 1, 2022. Plaintiffs previously served 14 interrogatories to Dr. Guerra on January 14, 2022, therefore, Dr. Guerra objected to Plaintiffs' second set of interrogatories Nos. 12-22 on the grounds that they violate Fed. R. Civ. P. 33(a) which prohibits a party from serving more than 25 written interrogatories on any party. Plaintiffs served 9 requests for production and 14 interrogatories to DFC on July 1, 2022.

Guerra produced documents bates labeled GUERRA00001-000097 on December 1, 2020, GUERRA000098-000183 on June 16, 2022, GUERRA000184 on June 22, 2022, GUERRA000185-000196 on June 24, 2022, GUERRA000197-000312 on July 20, 2022, GUERRA000313-000971 on July 29, 2022, and GUERRA000972-000980 on August 1, 2022.

6.  The oral and videotaped depositions of Plaintiffs, Dr. Cantu and Melody Joy Cantu, were taken on July 16, 2022 by Dr. Guerra's counsel. Counsel for Dr. Guerra and DFC also took the oral and videotaped deposition of Plaintiffs' purported "testifying expert," Jeff Fischbach on July 26, 2022.[11] Plaintiffs' counsel took the oral and videotaped depositions of DFC's expert, Shawn Kassel, on July 18, 2022, two of DFC's corporate representatives on July 19, 2022, and Dr. Guerra's July 21, 2022. As of this date, Plaintiffs have not noticed the deposition of any other party or non-party.[12]

7.  Plaintiffs' *eighth* Continuance Request is nothing more than a bad faith, dilatory tactic resulting from Plaintiffs' inexcusable failure and/or refusal over the past 2 years to diligently prosecute their purported claims against Defendants. Defendants were induced by Plaintiffs into

---

[11] Mr. Fischbach testified he did not prepare an expert report and is only a "consultant" for Plaintiffs' counsel at this point.

[12] Dr. Guerra noticed the depositions of non-parties, Jackie Johnston, Dottie Laster, and Danielle Wollervweron, who were identified in Plaintiffs' Initial Rule 26 Disclosures as "witnesses." Dr. Guerra served these deposition notices to Plaintiffs' counsel on July 11, 2022 and July 12, 2022. Despite diligent efforts to serve these non-parties, counsel for Dr. Guerra has been unable to do so because Plaintiffs refuse to provide Dr. Guerra's counsel with the correct addresses and telephone numbers for these non-parties. Plaintiff, Melody Joy Cantu, testified she is still in communication with Ms. Johnston and even spoke with her days before Mrs. Cantu's deposition on July 16, 2022 (after the date of Dr. Guerra's attempts to have Ms. Johnston served) but Plaintiffs still refuse to provide her current mailing address and phone number. In response to repeated requests for this information, Ms. Guitelman (Mr. Ekeland's law clerk) advised, that after speaking with Plaintiffs about the depositions of 10 fact witnesses identified on Plaintiffs' Initial Rule 26 Disclosures, they "have decided that [they] are withdrawing [them] as potential witness[es] in this matter." Counsel for Dr. Guerra has informed counsel for Plaintiffs that Dr. Guerra has not, and does not, waive her right to depose these non-parties or call them at trial.

agreeing to multiple prior extensions of the discovery period under the false pretense that Plaintiff, Melody Joy Cantu, was in such severe pain that she could not participate in discovery (but, as it turns out, she was well enough to travel to and vacation in Hawaii). Defendants have already incurred considerable time and expense in connection with defending themselves against the frivolous claims asserted against them by Plaintiffs. They will incur additional time and expense and will be further prejudiced if Plaintiffs are granted yet another extension of the discovery period.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court deny Plaintiffs' Seventh [sic] Continuance Request and grant Defendant all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

Dated: August 5, 2022.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: ___/s/Ricardo G. Cedillo___
RICARDO G. CEDILLO
Texas State Bar No. 04043600
rcedillo@lawdcm.com
BRANDY C. PEERY
Texas State Bar No. 24057666
bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of August 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

                                              */s/Ricardo G. Cedillo*
                                              RICARDO G. CEDILLO