UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA AND DIGITAL FORENSICS CORPORATION, LLC,

Defendants.
_____

5:20-CV-0746 JKP – HJB

**NOTICE OF MOTION FOR OPPOSED PROTECTIVE ORDER**

Please take notice that Plaintiff Melody Joy Cantu intends to move this Court on September 8th, 2022, at such time as the Court shall deem just, or as such date this Court shall determine, for issuance of a protective order governing Plaintiff's medical and billing records.

August 25, 2022
New York, NY

<u>s/ Michael Hassard</u>
NYS Bar #: 5824768
Tor Ekeland Law, PLLC
30 Wall St., 8th Floor
New York, NY 10005
(718) 737-7264
michael@torekeland.com

<u>s Tor Ekeland</u>
*pro hac vice*
NYS Bar #: 4493631
Tor Ekeland Law, PLLC
30 Wall St., 8th Floor
New York, NY 10005
(718) 737-7264
tor@torekeland.com
*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA AND DIGITAL FORENSICS CORPORATION, LLC,

Defendants.

_____

5:20-CV-0746 JKP – HJB

## Plaintiff's Opposed Motion For Protective Order Regarding Plaintiff's Production of Medical Records

Plaintiff Melody Joy Cantu moves this Court for a Protective Order governing any of her medical records produced to Defendants in response to Defendant's requests for her medical records. Plaintiff reached out to Defendants counsel regarding this motion. Defendant Dr. Guerra's counsel opposes this motion, and we did not hear back from Defendant Digital Forensic Corporation's counsel before filing.

## Relief Sought

Defendant Dr. Guerra has issued third-party subpoenas for Plaintiff Melody Joy Cantu's medical and billing records. Plaintiff moves this Court to allow Plaintiffs to submit all relevant medical and billing records under a protective order from this Court and redacted for privacy, privilege and in accordance with FRCP 5.2. Plaintiff would retain unredacted originals of the records in exactly the form she received them.

1

## HIPPA Covers Plaintiff's Medical and Billing Records

Unfettered access to unredacted medical records, especially sensitive records, without a protective order violates the Health Insurance Portability and Accountability Act of 1996 (HIPAA). HIPAA requires that health information which is personally or individually identifiable be protected by covered entities.[1] Disclosure is allowed if required by law[2]; whenever a court orders the disclosure[3]; or in response to a "subpoena, discovery request, or other lawful process" if appropriate notice is given or if reasonable efforts to obtain a protective order are available.[4] The court order should limit the disclosure to "only the protected health information expressly authorized by such order."[5] The rules discussing notice and protective orders provide explicit requirements for the protective order, including a prohibition on re-disclosure and a return or destruction of all records, including copies, at the end of the litigation[6].

Congress allows states to otherwise regulate medical privacy, privilege and redaction. HIPAA pre-empts state laws which are less stringent than HIPAA, but allows state laws to be more stringent than the Privacy Rules found within 45 CFR 160 and 164.[7]

## Texas Imposes More Stringent Standard That HIPPA

Tex. Health & Safety Code, Chapter 181, is the Texas medical records privacy equivalent of HIPPA. It states in relevant part:

> (2)  "Covered entity" means any person who:

---

[1] 45 CFR 160.003
[2] 45CFR 164.512
[3] 45CFR 164.512(e)(1)(i)
[4] 45CFR 164.512(e)(1)(ii)(A) and (B)
[5] 45CFR 164.512(e)(1)(i)
[6] 45CFR 164.512(e)(1)(v)(A) and (B)
[7] 45CFR 160.203

> (A) for commercial, financial, or professional gain, monetary fees, or dues, or on a cooperative, nonprofit, or pro bono basis, engages, in whole or in part, and with real or constructive knowledge, in the practice of assembling, collecting, analyzing, using, evaluating, storing, or transmitting protected health information. The term includes a business associate, health care payer, governmental unit, information or computer management entity, school, health researcher, health care facility, clinic, health care provider, or person who maintains an Internet site;
>
> (B) comes into possession of protected health information;
>
> (C) obtains or stores protected health information under this chapter; or
>
> (D) is an employee, agent, or contractor of a person described by Paragraph (A), (B), or (C) insofar as the employee, agent, or contractor creates, receives, obtains, maintains, uses, or transmits protected health information.
>
> (2-a) "Disclose" means to release, transfer, provide access to, or otherwise divulge information outside the entity holding the information.[8]

Texas law is more stringent than HIPPA in that Chapter 181 applies to attorneys, including both plaintiff and defense counsel as covered entities.

## The Physician and Mental Health Patient Privileges as Embodied in Texas Rules of Evidence 509 and 510 Further Protect Plaintiff's Privacy Interests

Texas Rules of Evidence 509 and TRE 510 allow patients to refuse disclosure of privileged information:

> (c) General Rule in a Civil Case. In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:
>
> (1) a confidential communication between a physician and the patient that relates to or was made in connection with any professional services the physician rendered the patient; and
>
> (2) a record of the patient's identity, diagnosis, evaluation, or treatment created or maintained by a physician.[9]

---

[8] Tex. Health & Safety Code Sec. 181.001(b)(2)-(2-a).
[9] Tex. Rule of Evidence 509.

3

And

> (b) General Rule; Disclosure.
>
> (1) In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:
>
> (A) a confidential communication between the patient and a professional; and
>
> (B) a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional.[10]

Each rule, of course, contains a narrow litigation exception to the privilege:

> (e) Exceptions in a Civil Case. This privilege does not apply:
>
> (4) Party Relies on Patient's Condition. If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.[11]

And

> (d) Exceptions. This privilege does not apply:
>
> (5) Party Relies on Patient's Condition. If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.[12]

Fed. R. Civ. P. 26(b)(1) requirement that the disclosed records be "reasonably related to the injuries or damages asserted" appears equivalent to TRE 509 and TRE 510's litigation

---

[10] Tex. Rule of Evidence 510.
[11] Tex. Rule of Evidence 509 (e)(4).
[12] Tex. Rule of Evidence 510 (d)(5); *see also, In re Nance*, 143 S.W.3d 506 (Tex. App. – Austin 2004); *see also Dillard Dept. Stores, Inc. v. Hall*, 909 S.W. 2d 491, 492 (Tex. 1995); *see also In re Alford Chevrolet-Geo*, 977 S.W.2d 173, 181 (Tex. 1999); *See also K Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996).

exception requiring relevance to the condition relied upon by the party. Although the FRE does not create the same medical privilege as Texas rules of evidence, in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

## Conclusion

This court should issue the attached proposed protective order to protect Plaintiff Melody Cantu's medical and billing records.

Brooklyn, NY
August 25th, 2022

                                            s/ Michael Hassard
                                            NYS Bar #: 5824768
                                            Tor Ekeland Law, PLLC
                                            30 Wall St., 8th Floor
                                            New York, NY 10005
                                            (718) 737-7264
                                            michael@torekeland.com

                                            s Tor Ekeland
                                            *pro hac vice*
                                            NYS Bar #: 4493631
                                            Tor Ekeland Law, PLLC
                                            30 Wall St., 8th Floor
                                            New York, NY 10005
                                            (718) 737-7264
                                            tor@torekeland.com

                                            *Counsel for Plaintiffs Melody Joy*
                                            *Cantu and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 25th of August 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| Plaintiff | § § § § | |
| v. | § § | CIVIL ACTION NO. |
| Defendant | § § § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a.  For Counsel or Attorneys Only information:

   i.   retained counsel for the parties in this litigation and their respective staff;

   ii.  actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been

[ 1 ]

           designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

**3.    Designation Criteria**

a.    *Nonclassified Information.*  Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.    *Classified Information.*  A party shall designate as Classified Information only

[ 2 ]

such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

      c.    *For Counsel or Attorneys Only.*  The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

      d.    *Ultrasensitive Information.*  At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.**    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this

[ 3 ]

litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

    **5.    Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

    **6.    Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions

any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7.     Disclosure to Qualified Persons**

a.     *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.     *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.     Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8.     Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or

[ 5 ]

For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11. Challenging the Designation

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the

court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

      b.     *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

## 12. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

## 13. Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

## 14. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any

Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15.  Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**16.  Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17.  Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18.   Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19.   Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, 20_____.


_____
UNITED STATES DISTRICT JUDGE