**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU and** | § | |
| **DR. RODRIGO CANTU,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| | § | |
| V. | § | |
| | § | |
| **DR. SANDRA GUERRA and** | § | |
| **DIGITAL FORENSICS** | § | |
| **CORPORATION, LLC** | § | |
| *Defendants* | § | |

**DEFENDANT, DR. SANDRA GUERRA'S MOTION TO COMPEL**
**PLAINTIFFS' RESPONSES TO WRITTEN DISCOVERY**
**AND REQUEST FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"),
and, in accordance with the Court's Order [Doc. 98] and the Fed. R. Civ. P. 37, files this her Motion
to Compel Plaintiffs' Responses to Written Discovery and Request for Sanctions, and, in support
thereof, respectfully shows unto the Court as follows:

I.    **Background**.

1.    Plaintiffs have asserted an affirmative claim against Dr. Guerra and co-defendant,
Digital Forensics Corporation, LLC ("DFC"), for the recovery of attorneys' fees.[1]  Plaintiffs also
seek to recover damages from Dr. Guerra and DFC in the amount of  "approximately $50,000" for
"fees, taxes, and penalties" Plaintiffs claim they incurred "for withdrawing money from their

---

[1] Plaintiffs' First Amended Complaint [Doc. 6], "Prayer for Relief," (d).

retirement funds in order to pay attorney's fees."[2]

2.       Dr. Guerra served her First Requests for Production to Plaintiff, Melody Joy Cantu, on June 15, 2022 and First Requests for Production to Plaintiff, Dr. Rodrigo Cantu, on June 24, 2022 requesting, among other documents, a copy of all written engagement agreements between Plaintiffs and the attorneys/law firms representing them in this lawsuit and copies of all fee statements and/or invoices evidencing the attorneys' fees, expenses, and costs Plaintiffs seek to recover from Defendants.  Plaintiff, Melody Joy Cantu, and Plaintiff, Dr. Rodrigo Cantu served their respective objections and responses to such requests for production on July 15, 2022 and July 25, 2022, respectively, but failed to produce the aforementioned documents.[3]

3.       Plaintiffs also identified 11 individuals in Plaintiffs' Initial Disclosures as "witnesses" likely to have discoverable information.[4]  Dr. Guerra served her Second Requests for Production to Plaintiff, Melody Joy Cantu, and First Requests for Production to Plaintiff, Dr. Rodrigo Cantu, on June 24, 2022 requesting, among other documents, all written communications between Plaintiffs and these 11 non-parties.  Plaintiffs served their respective objections and responses to such requests for production on July 25, 2022 but failed to produce the aforementioned documents.[5]

4.       Counsel for Dr. Guerra has attempted to confer with counsel for Plaintiffs, but the parties were unable to resolve this discovery dispute.[6]

---

[2] Exhibit 1, Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (Plaintiffs' Initial Disclosures"), p. 8.

[3] Exhibit 2, Plaintiff, Melody Joy Cantu's Objections and Responses to Dr. Guerra's First Requests for Production.

[4] Exhibit 1, pp. 1-2.

[5] Exhibit 3, Plaintiff, Melody Joy Cantu's Objections and Responses to Dr. Guerra's Second Requests for Production; Exhibit 4, Plaintiff, Dr. Rodrigo Cantu's Objections and Responses to Dr. Guerra's Second Requests for Production.

[6] Exhibit 5 and Exhibit 6.

II.     **Argument and Authorities**.

5.      Rule 26(b)(1) provides as follows:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[7]

6.      [The Fifth Circuit] recognizes broad and liberal treatment of the federal discovery rules. *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991). The Court should grant Dr. Guerra's Motion and assess sanctions against Plaintiffs and/or Plaintiffs' counsel pursuant to Fed. R. Civ. P. 37(a)(5) for the following reasons:

A.      **REQUESTS FOR PRODUCTION OF PLAINTIFFS' ENGAGEMENT AGREEMENTS AND ATTORNEYS' FEE STATEMENTS/INVOICES.**

7.      Plaintiff, Melody Joy Cantu, objected as follows to Dr. Guerra's following requests for production and Plaintiff, Dr. Rodrigo Cantu, asserted the same objections to the same requests for production propounded by Dr. Guerra:[8]

**Request For Production No. 16:**

All written contracts, agreements, engagement letters and/or understandings between you and any attorney(s) and/or law firms representing you in this lawsuit.

Objections: Plaintiff objects to this request on the grounds that it is premature, it seeks information covered by work-product privilege and/or attorney-client privilege; Plaintiff also objects to this request on the grounds that it is not properly limited in scope and is overbroad.

---

[7] Fed. R. Civ. P. 26(b)(1).
[8] Exhibit 2, RFP No. 16-17; Exhibit 4, RFP Nos. 33-34.

**Request For Production No. 17:**

Produce all fee statements and/or invoices from you attorney(s) and/or any law firm(s) representing you in this Lawsuit showing the attorney's fees, expenses, and costs you are seeking to recover in this lawsuit.

> Objections: Plaintiff objects to this request on the grounds that it is premature, it seeks information covered by work-product privilege and/or attorney-client privilege; Plaintiff also objects to this request on the grounds that it is not properly limited in scope and is overbroad.

8.      "In an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived."[9]   Here, Plaintiffs have asserted an affirmative claim against Dr. Guerra and DFC for the recovery of attorneys' fees.[10]  Plaintiffs also seek to recover damages from Dr. Guerra and DFC in the amount of  "approximately $50,000" for "fees, taxes, and penalties" Plaintiffs claim they incurred "for withdrawing money from their retirement funds in order to pay attorney's fees."[11]  Therefore, Plaintiffs' claim for attorneys' fees and damages  puts Plaintiffs' attorneys' fees (including, without limitation, whether or not Plaintiffs have any sort of contingency fee arrangement with Plaintiffs' counsel) squarely at issue in this litigation. Consequently, Plaintiffs have waived any privilege by offensive use.

9.      Furthermore, Dr. Guerra's requests for these documents are *not* premature.  This case has been pending for over 2 years and the discovery period expires in  17 days on September 15, 2022.[12]

10.      Additionally, Dr. Guerra attempted to obtain information concerning Plaintiffs' claims for attorneys' fees and damages through less obtrusive means by asking Plaintiffs for this

---

[9] *Rep. Ins. Co. v. Davis,* 856 S.W.2d 158, 163; *see also In re Nat's Lloyds Inc. Co.*, 532 S.W.3d 794, 807 (Tex. 2017) (an opposing party may waive its work-product privilege through offensive use).
[10] Plaintiffs' First Amended Complaint [Doc. 6], "Prayer for Relief," (d).
[11] Exhibit 1, p. 8.
[12] Doc. 98.

information during their depositions.  However, Plaintiffs were unable and/or unwilling to answer specific questions regarding the amount of attorneys' fees they have paid or provide any detail regarding their fee arrangements with their attorneys.  For example, Plaintiff, Melody Joy Cantu testified as follows:

> Q.· ·How are you paying your attorneys?
> **A.· ·Bank wire.**
> Q.· ·Do you pay them hourly?
> **A.· ·No.**
> Q.· ·How do your -- how do your attorneys charge you for the services they're providing to you, is it hourly –
> MR. EKELAND:· Objection.
> Q.· ·-- or is it a contingency?
> MR. EKELAND:· Objection.
> **THE WITNESS:· It's --**
> MR. EKELAND:· You can answer.
> **THE WITNESS:· I -- I have had to refill my retainer multiple times and it is not hourly and it is not a contingency.**
> Q.· ·(By Ms. Peery) So, they do not charge you by the hour?
> MR. EKELAND:· Objection.
> **THE WITNESS:· I -- I don't go through the statements and look.· I see a lot of very detailed billing and I trust my attorney, so I pay him.**
> Q.· ·(By Ms. Peery) I'm trying to -- you've made a claim for attorneys' fees in this case and I'm trying to understand the basis for that claim.
> **A.· ·It's a lot.**
> Q.· ·Do you pay your -- your attorney -- is your arrangement with your attorney to pay him a flat fee or does he charge by the hour?
> MR. EKELAND:· Objection.· You can answer.
> **THE WITNESS:· It is not a flat fee.**
> Q.· ·(By Ms. Peery) Okay.· So, he charges by the hour?
> MR. EKELAND:· Objection.
> **THE WITNESS:· I don't know his billing.**
> Q.· ·(By Ms. Peery) Okay.· But, ma'am, you did sign an Engagement Agreement, did you not?
> MR. EKELAND:· Objection.
> **THE WITNESS:· I did.· I signed it three years ago and I don't remember what it says.**
> Q.· ·(By Ms. Peery) How much does your attorney charge an hour?
> MR. EKELAND:· Objection.
> **THE WITNESS:· I don't -- I don't remember.**[13]

---

[13] <u>Exhibit 7</u>, 29:4-30:22.

11.     Dr. Cantu also testified that he could not recall the amounts he and Mrs. Cantu paid

for their attorneys' fees.  In fact, he referred counsel for Dr. Guerra to the very documents which

Plaintiffs now refuse to produce:

> **THE WITNESS:· I think we talked about this or my wife talked about it
> before.· We have an agreement, it's not a contingency.· I think initially we
> were paying hourly and now we have an agreement for his representation
> through the rest of our case.**
> Q.· ·(By Ms. Peery) Okay.· And what's that agreement?
>      MR. EKELAND:· Objection.
> **THE WITNESS:· That he will represent us for the rest of the case.**
> Q.· ·(By Ms. Peery) Okay.· That he'll represent you for the rest of the case, and
>      what -- what are you paying him to represent you for the rest of the case?
>      MR. EKELAND:· Objection.
> **THE WITNESS:· We're paying him American dollars.**
> Q.· ·(By Ms. Peery) Are you paying him on an hourly basis or a flat fee?
>      MR. EKELAND:· Objection.· You can answer, if you can.
> **THE WITNESS:· We had a flat fee and there are other expenses that we pay
> to him.**
> Q.· ·(By Ms. Peery) How much is the flat fee?
>      MR. EKELAND:· Objection.
> **THE WITNESS:· I don't recall.**
> Q.· ·(By Ms. Peery) Would that be contained in your Engagement Agreement?
> **A.· ·Yes.· Or we had a -- I think there was an amended Engagement
>      Agreement that --**
> Q.· ·Okay.· So, you signed an Engagement Agreement and then an amended
>      Engagement Agreement --
>      MR. EKELAND:· Objection.
> Q.· ·-- is that correct?
> **A.· ·Correct.**
> Q.· ·How much were you paying your attorney, Mr. Ekeland, when you were
>      paying him an hourly fee, how much was his hourly fee?
>      MR. EKELAND:· Objection.· You can answer.
> **THE WITNESS:· I don't recall the exact amount.**
> Q.· ·(By Ms. Peery) How much is the flat fee?
>      MR. EKELAND:· Objection.
> **THE WITNESS:· I don't recall the exact amount, but it's in the documents if
> we can -- if we need to pull them up.[14]**

---

[14] Exhibit 8, 9:17-11:11.

12.     Plaintiffs' counsel never asserted any objection to the foregoing deposition questions based upon any purported privilege and never instructed his clients not to answer based upon such purported privilege grounds. Thus, Plaintiffs have further waived any objection to the production of their engagement agreements with their attorneys and attorneys' fee statements and invoices based upon any purported work product or attorney-client privilege.

13.     Plaintiffs evasive answers to the foregoing deposition questions and failure to produce the documents responsive to Dr. Guerra's Request for Production No. 16 and 17 must be treated as a failure to disclose, answer or respond under Fed. R. Civ. P. 37(4).  Accordingly, Dr. Guerra requests that the Court order Plaintiffs to produce documents responsive to such requests for production and, pursuant to Fed. R. Civ. P. 37(a)(5), order Plaintiffs and/or Plaintiffs' counsel to pay the reasonable attorneys' fees incurred by Dr. Guerra in bringing this Motion as result of Plaintiffs' failure to comply with the rules of discovery.

**B.  REQUESTS FOR PRODUCTION OF COMMUNICATIONS BETWEEN PLAINTIFFS AND NON-PARTIES IDENTIFIED IN PLAINTIFFS' INITIAL DISCLOSURES.**

14.     Rule 26(a)(1)(A)(i) requires Plaintiffs to provide Dr. Guerra with "the name… of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing may use to support its claims or defenses…"  Accordingly, Plaintiffs identified the following 11 individuals in Plaintiffs Initial Disclosures as "witnesses" likely to have discoverable information.[15]

| Dottie Laster | (210) 882-2259 | Private Investigator hired by Cantus for the criminal matter against Melody Cantu. |
| Kristina Prewit | (877) 445-5362; 100 NE Loop 410 STE 540, San Antonio, TX 78216 | Forensic expert for ExhibitA, which the Cantus hired. |

---

[15] Exhibit 1, pp. 1-2.

| Jackie Johnston | (210) 367-4641; 1130 Summit Crst, San Antonio, TX, 78258 | Friend of Plaintiff and knew background on the case. |
| Mindy Holeman | (503) 754-5884; 732 June Dr, Molalla, OR, 97038 | Melody Joy Cantu's half-sister helped Melody dealing with all issues stemming from the criminal and civil matters. |
| Dale Hammerschmidt | (254) 781-1679; 720 Morningside Dr, Nolanville, TX, 76559 | Friend of Melody Joy Cantu, witness to Cantus' trauma caused by Defendants. |
| Danielle Wollervweron | (830) 992-1438; 2020 Briarwood Cir, Fredericksburg, TX 78624 | Friend of Cantus, witness to Cantus' trauma caused by Defendants. |
| Rene Charles | (281) 384-0407; 18519 W Laura Shore Dr, Cypress, TX 77433 | Friend of Cantus, witness to Cantus' trauma caused by Defendants. |

| Sameer Kinra | (713) 824-1342; 5624 Signal Point, Austin, TX 78724 | Melody Joy Cantu's friend who was with her when contacting Spectrum regarding the cable router. |
| Janet Betts | 011441565653711; 88 London Road, Crewe, England, CW4 7BD, UK | Melody Joy Cantu's friend Cantus' trauma caused by Defendants. |
| Lorena M. Hernandez | Information not available. | Has information regarding the timeline of events of when the Cantus reconciled and who knew. |
| Keira Schwartz Dux | (832) 795-2542; 6705 Cambian Pine, Las Vegas, NV 89140 | Lived with Melody Joy Cantu after her arrest and witnessed trauma to Cantus, as well as the issues involved with the criminal case. |

15.     Dr. Guerra propounded written discovery to Plaintiffs requesting copies of all written communications between Plaintiffs and the foregoing individuals regarding any matter that is the subject of this lawsuit.[16]  However, Plaintiffs objected as follows to the requests for production of written communications between Plaintiffs and 8 of the foregoing 11 individuals:[17]

---

[16] Exhibit 3, RFP Nos. 20-30; Exhibit 4, RFP Nos. 12-22.

[17] Exhibit 3, RFP No. 21, 23, 24, 26-30; Exhibit 4, RFP Nos. 13, 15, 16, 18-22 (all individuals

**Request For Production No. 21:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Rene Charles regarding any matter that is the subject of this lawsuit.

> Objection: Rene Charles is no longer a potential witness in this matter.

16.     However, Plaintiffs' objection to Dr. Guerra's requests for production on the grounds that such individuals are "no longer a potential witness in this matter" is not a valid objection. Plaintiffs' unilateral decision not to call the individuals identified in Plaintiffs' Initial Disclosures does not dispose of Plaintiffs' obligation to respond to written discovery regarding their communications with these individuals. Plaintiffs, by identifying these individuals in Plaintiffs' Initial Disclosures, cannot refute that these individuals have discoverable information. Thus, Plaintiffs' communications with these individuals are both relevant and discoverable under Fed. R. Civ. P. 26(b)(1), and Dr. Guerra has not and does not waive her right to call these individuals for deposition or at trial.

17.     Additionally, Plaintiff, Melody Joy Cantu, has objected to the production of all written communications between her and Dottie Laster, Jackie Johnston, and Danielle Wollervweron on the grounds that such requests for production "seeks information and materials constituting Plaintiff's private and/or confidential information and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."[18] Again, Plaintiffs' identification of these individuals in Plaintiffs' Initial Disclosures is an admission by Plaintiffs that these individuals have discoverable information.[19]   Additionally, the Court has already entered a

---

identified in paragraph 14 of this Motion except Jackie Johnston, Danielle Wollervweron, and Dottie Laster)
[18] Exhibit 3, RFP No. 20, 22, 25.
[19] *See* Fed. R. Civ. P. 26(a)(1)(A)(i) ("…a party must, without awaiting a discovery request, provide to the other parties the name… of each individual likely to have discoverable

Confidentiality and Protective Order [Doc. 88], *which Plaintiffs opposed*.[20]  Thus, Melody Joy Cantu's objections to the production of written communications between her and these individuals based upon relevance or confidentiality is entirely frivolous and unfounded.

18.      Accordingly, Dr. Guerra requests that the Court order Plaintiffs to produce documents responsive to Dr. Guerra's requests for production of all communications between Plaintiffs and the individuals identified in Plaintiffs' Initial Disclosures, and, pursuant to Fed. R. Civ. P. 37(a)(5),  order Plaintiffs and/or Plaintiffs' counsel to pay the reasonable attorneys' fees incurred by Dr. Guerra in bringing this Motion as result of Plaintiffs' failure to comply with the rules of discovery.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court, (i) grant Dr. Guerra's Motion to Compel Plaintiffs' Responses to Written Discovery and Request for Sanctions, (ii) order Plaintiffs and/or Plaintiffs' counsel, pursuant to Fed. R. Civ. P. 37(a)(5), to pay Dr. Guerra $2,500.00 (or $5,000.00 in the event the Court holds an oral hearing on this Motion) for the reasonable attorneys' fees incurred by Dr. Guerra as a result of Plaintiffs' noncompliance with the rules of discovery, and (iii) grant Defendant all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

---

information—along with the subjects of that information—that the disclosing may use to support its claims or defenses…"
[20] Doc. 78, p. 2.

Dated:  August 29, 2022.                          Respectfully submitted,

                                                  **DAVIS, CEDILLO & MENDOZA, INC.**

                                                  McCombs Plaza, Suite 500
                                                  755 E. Mulberry Avenue
                                                  San Antonio, Texas 78212
                                                  Telephone No.: (210) 822-6666
                                                  Telecopier No.: (210) 822-1151

                                                  By:  ___*/s/Ricardo G. Cedillo*_____
                                                     RICARDO G. CEDILLO
                                                     Texas State Bar No. 04043600
                                                     rcedillo@lawdcm.com
                                                     BRANDY C. PEERY
                                                     Texas State Bar No. 24057666
                                                     bpeery@lawdcm.com

                                                  ATTORNEYS  FOR  DEFENDANT,  DR. SANDRA
                                                  GUERRA


                              **<u>CERTIFICATE OF SERVICE</u>**

        I certify that on this 29th day of August 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.


                                                  ___*/s/Ricardo G. Cedillo*_____
                                                  RICARDO G. CEDILLO