# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

| | |
|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU, | 5:20-CV-0746 JKP – HJB |
| Plaintiffs, | **Plaintiff Melody Joy Cantu's Objections and Responses to Dr. Guerra's First Request for Production of Documents.** |
| v. | |
| DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, | |
| Defendants. | |

**To:** **Dr. Sandra Guerra**, by and through her counsel of record Ricardo G. Cedillo, Email: rcedillo@lawdcm.com and Brandy Peery, Email: bpeery@lawdcm.com, DAVIS, CEDILLO & MENDOZA, INC. 755 E. Mulberry, Suite 250, San Antonio, Texas 78212.

Plaintiff MELODY JOY CANTU and serves these Objections and Responses to Dr. Guerra's First Request for Production of Documents, attached, and incorporated herein as if fully copied and set forth at length.

Dated: July 15, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 15th of July 2022, a true and correct copy of the foregoing was served to all counsel of record for the parties in accordance with the Federal Rules of Civil Procedure.

/s/ Tor Ekeland

**Plaintiff Melody Joy Cantu's Objections and Responses to Dr. Guerra's First Request for Production of Documents.**

**General Objections**

1. Plaintiff objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other recognized privilege.
2. Plaintiff objects to the Requests to the extent that they require Plaintiff to search for and produce documents or information that are not within its possession, custody, or control.
3. Plaintiff objects to the Requests to the extent they seek information or documents that cannot be located by Plaintiff after reasonable diligent inquiry, are readily available from public sources, or are available to Defendant's Counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.
4. Plaintiff objects to the Requests to the extent they seek or rely on legal conclusions or interpretations and/or would require Plaintiff to reach a legal conclusion in order to prepare a response.
5. Plaintiff objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.
6. By providing these responses, Plaintiff does not waive any rights to timing of responses to these Requests for Production or other discovery requests or pleading rights it has under the Rules, including service.

**Request For Production No. 1:**

Copies of all affidavits, sworn statements, and testimony you made or provided in connection with the Cantu Divorce.

> Objections: Plaintiff objects to this request on the grounds that it is private information which pertains to a matter unrelated to this case, between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information; and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Response: Subject to and without waiving the foregoing objection, Plaintiff states there are no affidavits, sworn statements, and/or testimonies.

**Request For Production No. 2:**

Copies of all affidavits, sworn statements, and testimony you made or provided in connection with the Custody Case.

> Objections: Plaintiff was not a party to the custody case.

**Request For Production No. 3:**

All communications (including without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Plaintiff Dr. Rodrigo Cantu during the time period commencing on March 30, 2018 through May 15, 2018.

> Objections: Plaintiff objects to this request on the grounds that it is private information between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 4:**

Your standard telephone and cellular telephone records and call logs from January 1, 2018 through August 31, 2018.

>Objections: Plaintiff objects to this request on the grounds that it is not properly limited in scope and overly broad and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request For Production No. 5:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Defendant, Dr. Guerra.

>Objections: Plaintiff objects on the grounds that Defendant seeks information that they are in possession and control of.

>Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 6:**

Your standard telephone and cellular telephone records and call logs relating to any communications You has with Defendant, Dr. Guerra.

>Objections: Plaintiff objects on the grounds that Defendant seeks information that they are in possession and control of.

>Response: Plaintiff does not recall telephone communications between herself and Dr. Guerra.

**Request For Production No. 7:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Sofia Elena Cantu.

>Objections: Plaintiff objects to this request on the grounds that it is private information which pertains to a matter unrelated to this case, between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information; and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

>Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 8:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Isabella Cantu.

> Objections: Plaintiff objects to this request on the grounds that it is private information which pertains to a matter unrelated to this case, between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information; and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 9:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Joy Brown.

> Objections: Plaintiff objects to this request as the request is overbroad and irrelevant because it seeks information not reasonably calculated to lead to discoverable evidence.
>
> Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 10:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Nate Bellinger.

> Objections: Plaintiff objects to this request as the request is overbroad and irrelevant because it seeks information not reasonably calculated to lead to discoverable evidence.
>
> Response: See Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No.11:**

All social media posts created and/or posted by you regarding Defendant. Dr. Guerra.

>Objections: Plaintiff objects on the grounds that the question is vague and ambiguous; it is also overbroad and seeks information that's irrelevant because it is not reasonably calculated to lead to discoverable evidence.

>Response: Subject to and without waiving the foregoing objection, Plaintiff states that she has never created and/or posted regarding Dr. Guerra.

**Request For Production No. 12:**

All communications between you and Spectrum/Charter regarding the "investigation" performed on September 21, 2018 at Plaintiffs' home by the representative sent by Spectrum/Charter on September 21, 2018 at Plaintiffs' home.

>Objections: Plaintiff objects on the grounds that the request is vague and ambiguous regarding the phrase "investigation performed" and it seeks irrelevant information not reasonably calculated to lead to discoverable evidence.

>Response: See Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 13:**

All communications between you and Spectrum/Charter regarding the alleged discovery by the representative sent by Spectrum/Charter on September 21, 2018 that the cable signal splitter installed on Plaintiffs' line at their home had been removed.

>Objections: Plaintiff objects on the grounds that the request is vague and ambiguous regarding the phrase "investigation performed" and it seeks irrelevant information not reasonably calculated to lead to discoverable evidence.

>Response: See Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 14:**

All communications between you and Spectrum/Charter regarding the alleged discovery by the representative sent by Spectrum/Charter on November 15, 2018 that the cable signal splitter installed on Plaintiffs' line at their home.

> Objections: Plaintiff objects on the grounds that the request is vague and ambiguous regarding the phrase "investigation performed" and it seeks irrelevant information not reasonably calculated to lead to discoverable evidence.
>
> Response: See Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 15:**

All photographs and documents You provided to your retained expert, Mr. Jeff Fischbach.

> Objections: Plaintiff objects on the grounds that the request is overbroad and seeks attorney-client communications and work-product and irrelevant information not reasonably calculated to lead to discoverable evidence.
>
> Response: Subject to and without waiving the foregoing objection, Plaintiff refers to Plaintiffs' Expert Disclosures and has yet to receive discovery by Defendants that's viewable by the expert and will supplement as necessary.

**Request For Production No. 16:**

All written contracts, agreements, engagement letters and/or understandings between you and any attorney(s) and/or law firms representing you in this lawsuit.

> Objections: Plaintiff objects to this request on the grounds that it is premature, it seeks information covered by work-product privilege and/or attorney-client privilege; Plaintiff also objects to this request on the grounds that it is not properly limited in scope and is overbroad.

**Request For Production No. 17:**

Produce all fee statements and/or invoices from you attorney(s) and/or any law firm(s) representing you in this Lawsuit showing the attorney's fees, expenses, and costs you are seeking to recover in this lawsuit.

Objections: Plaintiff objects to this request on the grounds that it is premature, it seeks information covered by work-product privilege and/or attorney-client privilege; Plaintiff also objects to this request on the grounds that it is not properly limited in scope and is overbroad.