# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO**

---

MELODY JOY CANTU AND DR. RODRIGO
CANTU,

                              Plaintiffs,


              v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

                           Defendants.

---

**5:20-CV-0746 JKP – HJB**


**Plaintiff Dr. Rodrigo Cantu's
Objections and Responses to
Dr. Guerra's First Request
for Production of Documents.**

**To:**   **Dr. Sandra Guerra**, by and through her counsel of record Ricardo G. Cedillo, Email: rcedillo@lawdcm.com and Brandy Peery, Email: bpeery@lawdcm.com, DAVIS, CEDILLO & MENDOZA, INC. 755 E. Mulberry, Suite 250, San Antonio, Texas 78212.

Plaintiff DR. RODRIGO CANTU and serves these Objections and Responses to Dr. Guerra's First Request for Production of Documents, attached, and incorporated herein as if fully copied and set forth at length.

1

Dated: July 25, 2022

Stipulated and respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Rain Levy Minns

Rain Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

*Counsel for Plaintiffs Melody Joy Cantu
and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 25th of July 2022, a true and correct copy of the foregoing was served to all counsel of record for the parties in accordance with the Federal Rules of Civil Procedure.

/s/ Tor Ekeland

**Plaintiff Dr. Rodrigo Cantu's Objections and Responses to Dr. Guerra's
First Request for Production of Documents.**

### General Objections

1. Plaintiff objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other recognized privilege.
2. Plaintiff objects to the Requests to the extent that they require Plaintiff to search for and produce documents or information that are not within its possession, custody, or control.
3. Plaintiff objects to the Requests to the extent they seek information or documents that cannot be located by Plaintiff after reasonable diligent inquiry, are readily available from public sources, or are available to Defendant's Counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.
4. Plaintiff objects to the Requests to the extent they seek or rely on legal conclusions or interpretations and/or would require Plaintiff to reach a legal conclusion in order to prepare a response.
5. Plaintiff objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.
6. By providing these responses, Plaintiff does not waive any rights to timing of responses to these Requests for Production or other discovery requests or pleading rights it has under the Rules, including service.

**Request For Production No. 1:**

All receipts, invoices, and documents evidencing the costs and damages identified in Section 3 of Plaintiffs' Initial Required Disclosures served on December 1, 2020.

    Response: Costs are ongoing; see Plaintiff Dr. Rodrigo Cantu's First Production; Plaintiff will supplement with additional receipts.

**Request For Production No. 2:**

The document identified as "Exhibit A Forensic Report for Cantus" in Section 2 of Plaintiffs' Initial Required Disclosures served on December 1, 2020.

    Response: See Plaintiff Dr. Rodrigo Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 3:**

The document identified as "KIP & Associates Forensic Report for Cantus" in Section 2 of Plaintiffs' Initial Required Disclosures served on December 1, 2020.

    Response: See Plaintiff Dr. Rodrigo Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 4:**

All photos referenced in Section 2 of Plaintiffs' Initial Required Disclosures served on December 1, 2020 relating to the cable box splitter.

    Response: see Plaintiff Melody Joy Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 5:**

All documents evidencing the phone calls referenced in Section 2 of Plaintiffs' Initial Required Disclosures served on December 1, 2020 relating to the cable box splitter.

> Response: Plaintiff Dr. Rodrigo Cantu did not make any phone calls regarding the cable box splitter.

**Request For Production No. 6:**

All documents concerning or pertaining to the phone calls with Spectrum regarding the cable splitter referenced in Section 2 of Plaintiffs' Initial Required Disclosures served on December 1, 2020.

> Response: Plaintiff Dr. Rodrigo Cantu did not make any phone calls regarding the cable box splitter.

**Request For Production No. 7:**

Copies of the screenshots of "suspicious computer and phone activity" referenced in Section 2 of Plaintiffs' Initial Required Disclosures served on December 1, 2020.

> Response: Plaintiff Dr. David Cantu does not have screenshots of suspicious phone activity.

**Request For Production No. 8:**

Copies of all affidavits, sworn statements, and testimony you made or provided in connection with the Cantu Divorce.

> Objections: Plaintiff objects to this request on the grounds that it is private information between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

> Response: Plaintiff Dr. David Cantu did not make any affidavits, sworn statements, or testimony in connection with the Cantu Divorce.

**Request For Production No. 9:**

Copies of all affidavits, sworn statements, and testimony you made or provided in connection with the Custody Case.

> Objections: Plaintiff objects on the grounds that Defendant seeks information that they are in possession and control of.

Response: See Plaintiff Dr. Rodrigo Cantu's First Production; Plaintiff will supplement if additional information presents itself.

**Request For Production No. 10:**

All communications (including without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Plaintiff, Melody Joy Cantu, during the time period commencing on June 17, 2016 and ending on the date you remarried Plaintiff, Melody Joy Cantu, which pertain to or concern Defendant, Dr. Sandra Guerra.

Objections: Plaintiff objects to this request on the grounds that it is private information between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 11:**

All communications (including without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Plaintiff, Melody Joy Cantu, during the time period commencing on June 17, 2016 and ending on the date you remarried Plaintiff, Melody Joy Cantu, regarding any matter that is the subject of this lawsuit.

Objections: Plaintiff objects to this request on the grounds that it is private information between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Response: Subject to and without waiving the foregoing objection, see Plaintiff Melody Joy Cantu's First Production; Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 12:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Danielle Wollervweron regarding any matter that is the subject of this lawsuit.

Response: Plaintiff does not have evidence of communications between himself and Danielle Wollervweron regarding this matter; Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 13:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Rene Charles regarding any matter that is the subject of this lawsuit.

Objection: Rene Charles is no longer a potential witness in this matter.

**Request For Production No. 14:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Dottie Laster regarding any matter that is the subject of this lawsuit.

Response: Plaintiff does not have evidence of communications between himself and Danielle Wollervweron regarding this matter; Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 15:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Kristina Prewit regarding any matter that is the subject of this lawsuit.

Objection: Kristina Prewit is no longer a potential witness in this matter.

Response: See Plaintiff Dr. Rodrigo Cantu first production.

**Request For Production No. 16:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Sheri Makowski regarding any matter that is the subject of this lawsuit.

Objection: Sheri Makowski is no longer a potential witness in this matter.

Response: See Plaintiff Dr. Rodrigo Cantu first production.

**Request For Production No. 17:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Jackie Johnston regarding any matter that is the subject of this lawsuit.

> Objections: Plaintiff does not have evidence of communications between himself and Jackie Johnston regarding this matter; Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 18:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Daniel Hammerschmidt regarding any matter that is the subject of this lawsuit.

> Objection: Daniel Hammerschmidt is no longer a potential witness in this matter.

**Request For Production No. 19:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Sameer Kinra regarding any matter that is the subject of this lawsuit.

> Objection: Sameer Kinra is no longer a potential witness in this matter.

**Request For Production No. 20:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Janet Betts regarding any matter that is the subject of this lawsuit.

> Objection: Janet Betts is no longer a potential witness in this matter.

**Request For Production No. 21:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Lorena M. Hernandez regarding any matter that is the subject of this lawsuit.

> Objection: Lorena M. Hernandez is no longer a potential witness in this matter.

**Request For Production No. 22:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Keira Schwartz Dux regarding any matter that is the subject of this lawsuit.

    Objection: Keira Schwartz Dux is no longer a potential witness in this matter.

**Request For Production No. 23:**

Your standard telephone and cellular telephone records and call logs from January 1, 2018 through August 31, 2018.

    Objections: Plaintiff objects to this request on the grounds that it is not properly limited in scope and overly broad and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request For Production No. 24:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Defendant, Dr. Guerra.

    Objections: Plaintiff objects on the grounds that Defendant seeks information that they are in possession and control of.

    Response: Subject to and without waiving the foregoing objection, see Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 25:**

Your standard telephone and cellular telephone records and call logs relating to any communications You has with Defendant, Dr. Guerra.

    Objections: Plaintiff objects on the grounds that Defendant seeks information that they are in possession and control of.

    Response: Subject to and without waiving the foregoing objection, see Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 26:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Sofia Elena Cantu.

> Objections: Plaintiff objects to this request on the grounds that it is private information which pertains to a matter unrelated to this case, between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information; and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

> Response: Subject to and without waiving the foregoing objection, see Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 27:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Isabella Cantu.

> Objections: Plaintiff objects to this request on the grounds that it is private information which pertains to a matter unrelated to this case, between the Plaintiffs; it also seeks information and materials constituting Plaintiff's private and/or confidential information; and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

> Response: Subject to and without waiving the foregoing objection, see Plaintiff Dr. Rodrigo Cantu will supplement if additional information presents itself.

**Request For Production No. 28:**

All communications between you and Spectrum/Charter regarding the "investigation" performed on September 21, 2018 at Plaintiffs' home by the representative sent by Spectrum/Charter on September 21, 2018.

> Response: Plaintiff Dr. Cantu did not communicate with Spectrum/Charter, the account is under Melody Joy Cantu.

**Request For Production No. 29:**

All communications between you and Spectrum/Charter regarding the alleged discovery by the representative sent by Spectrum/Charter that a cable signal splitter had been installed on Plaintiffs' line at their home.

11

Response: Plaintiff Dr. Cantu did not communicate with Spectrum/Charter, the account is under Melody Joy Cantu.

**Request For Production No. 30:**

All communications between you and Spectrum/Charter regarding the alleged discovery by the representative sent by Spectrum/Charter that the cable signal splitter allegedly installed on Plaintiffs' line at their home had been removed.

Response: Plaintiff Dr. Cantu did not communicate with Spectrum/Charter, the account is under Melody Joy Cantu.

**Request For Production No. 31:**

All photographs and documents You provided to your retained expert, Mr. Jeff Fischbach.

Objections: Plaintiff objects on the grounds that the request is overbroad and seeks attorney-client communications and work-product and irrelevant information not reasonably calculated to lead to discoverable evidence.

Response: Subject to and without waiving the foregoing objection, Plaintiff refers to Plaintiffs' Expert Disclosures; see Plaintiff Dr. Rodrigo Cantu's First Production.

**Request For Production No. 32:**

All your correspondence with your retained expert, Mr. Jeff Fischbach.

Response: Plaintiff does not have communications with Mr. Jeff Fischbach.

**Request For Production No. 33:**

All written contracts, agreements, engagement letters and/or understandings between you and any attorney(s) and/or law firms representing you in this lawsuit.

Objections: Plaintiff objects to this request on the grounds that it is premature, it seeks information covered by work-product privilege and/or attorney-client privilege; Plaintiff also objects to this request on the grounds that it is not properly limited in scope and is overbroad.

12

**Request For Production No. 34:**

Produce all fee statements and/or invoices from you attorney(s) and/or any law firm(s) representing you in this Lawsuit showing the attorney's fees, expenses, and costs you are seeking to recover in this lawsuit.

> Objections: Plaintiff objects to this request on the grounds that it is premature, it seeks information covered by work-product privilege and/or attorney-client privilege; Plaintiff also objects to this request on the grounds that it is not properly limited in scope and is overbroad.