# EXHIBIT 5

| From: | Brandy Peery |
|---|---|
| To: | Tor Ekeland; Michael Hassard; Rain Minns |
| Cc: | David Apple; Nicole Guitelman; Ricardo Cedillo |
| Subject: | (Cantu v. Guerra) - Dr. Guerra"s RFPs re: Plaintiffs" Engagement Letters and Attorneys" Fee Statements |
| Date: | Friday, August 26, 2022 4:58:00 PM |
| Attachments: | External Re (Cantu v. Guerra) - Defendant"s RFPs re Plaintiffs" Engagement Letters and Attorneys" Fee Statements.msg |
| | RE External Cantu v. Guerra - Plaintiffs" Third Set of Productions to DFC and Dr. Guerra.msg |
| | image001.jpg |
| | image004.png |
| | image007.png |
| Importance: | High |

Tor-

This is our final attempt to confer with you on Dr. Guerra's requests for production No. 16 and No. 17 requesting, respectively, a copy of Plaintiffs' engagement letter with your firm and Ms. Minn's firm and copies of your and Ms. Minn's billing statements and invoices.

Plaintiffs have asserted a claim against Defendants for the recovery of attorneys' fees. *See* Plaintiffs' First Amended Complaint, Prayer for Relief, (d).  In addition, Plaintiffs assert in Plaintiffs' Initial Disclosures that they suffered loss in the approximate amount of $50k "in fees, taxes, and penalties for withdrawing money form their retirement funds in order to pay attorneys' fees." Accordingly, Plaintiffs' affirmative claim for attorney fees squarely puts Plaintiffs' attorney fees at issue in the litigation. Therefore, Plaintiffs have waived any privilege by offensive use. *See Rep. Ins. Co. v. Davis,* 856 S.W.2d 158, 163 ("In an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived.").

Furthermore, Dr. Guerra's requests for these documents is *not* premature.  This case has been pending for over 2 years and the discovery period expires in 20 days on September 15, 2022. We attempted to obtain information regarding Plaintiffs' claims for attorneys' fees by less intrusive means by asking them about it during their depositions.  However, they were unable to answer specific questions regarding the amounts they have paid for attorneys' fees and otherwise provided conflicting information regarding their fee arrangements.  For example, Melody Cantu testified as follows:

4    Q.  How are you paying your attorneys?
5    A.  Bank wire.
6    Q.  Do you pay them hourly?
7    A.  No.
8    Q.  How do your — how do your attorneys charge
9 you for the services they're providing to you, is it
10 hourly —
11          MR. EKELAND:  Objection.
12    Q.  — or is it a contingency?
13          MR. EKELAND:  Objection.
14          THE WITNESS:  It's --
15          MR. EKELAND:  You can answer.
16          THE WITNESS:  I — I have had to refill
17 my retainer multiple times and it is not hourly and it
18 is not a contingency.
19    Q.  (By Ms. Peery) So, they do not charge you by
20 the hour?
21          MR. EKELAND:  Objection.
22          THE WITNESS:  I — I don't go through the
23 statements and look.  I see a lot of very detailed
24 billing and I trust my attorney, so I pay him.
25    Q.  (By Ms. Peery) I'm trying to -- you've made a

Page 30

1 claim for attorneys' fees in this case and I'm trying to
2 understand the basis for that claim.
3    A.  It's a lot.
4    Q.  Do you pay your — your attorney — is your
5 arrangement with your attorney to pay him a flat fee or
6 does he charge by the hour?
7          MR. EKELAND:  Objection.  You can answer.
8          THE WITNESS:  It is not a flat fee.
9    Q.  (By Ms. Peery) Okay.  So, he charges by the
10 hour?
11          MR. EKELAND:  Objection.
12          THE WITNESS:  I don't know his billing.
13    Q.  (By Ms. Peery) Okay.  But, ma'am, you did sign
14 an Engagement Agreement, did you not?
15          MR. EKELAND:  Objection.
16          THE WITNESS:  I did.  I signed it three
17 years ago and I don't remember what it says.
18    Q.  (By Ms. Peery) How much does your attorney
19 charge an hour?
20          MR. EKELAND:  Objection.
21          THE WITNESS:  I don't -- I don't
22 remember.

Dr. Cantu also testified that he could not recall the amounts paid and, in fact, referred us to the documents which Plaintiffs refuse to produce:

```
 1   Q.  How much were you paying your attorney,
 2  Mr. Ekeland, when you were paying him an hourly fee, how
 3  much was his hourly fee?
 4          MR. EKELAND:  Objection.  You can answer.
 5          THE WITNESS:  I don't recall the exact
 6  amount.
 7   Q.  (By Ms. Peery) How much is the flat fee?
 8          MR. EKELAND:  Objection.
 9          THE WITNESS:  I don't recall the exact
10  amount, but it's in the documents if we can -- if we
11  need to pull them up.
12   Q.  (By Ms. Peery) Okay.  As of today,
13  approximately how much have you paid your attorneys?
14          MR. EKELAND:  Objection.  You can answer.
15   Q.  (By Ms. Peery) For this --
16          MS. PEERY:  I'm sorry, Tor.
17          MR. EKELAND:  I'm sorry, did I step over
18  you or --
19          MS. PEERY:  No, I stepped over you.  And
20  let me just re-ask the question.
21   Q.  (By Ms. Peery) How much have you paid your
22  attorney -- as of today, how much have you paid your
23  attorneys for their fees excluding expenses?
24          MR. EKELAND:  Objection.  You can answer.
25          THE WITNESS:  I don't recall the exact
                                              Page 12
 1  amount.
```

As I advised in my email (attached) dated June 25, 2022, we are willing to enter into a Rule 11 Agreement providing that all parties will produce copies of their respective fee statements and/or invoices (redacted for privilege) 2 weeks before trial. This offer still stands.  Please let us know if you agree.

However, with respect to the engagement letters, demand is hereby made that Plaintiffs immediately deliver copies of Plaintiffs' engagement letter with your firm and Ms. Minn's firm (redacted for privilege). If we do not receive these by 5:00 p.m. CST on Monday, August 29th, we will file a Motion to Compel with the Court.

**Brandy C. Peery**
**Shareholder**
dcm-logo-HORIZ

*Note: New Suite Number*

OFFICE:     210-822-6666
FAX:          210-660-3795
EMAIL:      bpeery@lawdcm.com
ADDRESS:   755 E. Mulberry Ave., Suite 250
                    San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not

written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.  Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this  email to create a legally binding obligation.

| From: | Nicole Guitelman |
|---|---|
| To: | Brandy Peery; Tor Ekeland; Rain Minns; Michael Hassard |
| Cc: | Ricardo Cedillo; David Apple |
| Subject: | [External] Re: (Cantu v. Guerra) - Defendant"s RFPs re: Plaintiffs" Engagement Letters and Attorneys" Fee Statements |
| Date: | Monday, July 25, 2022 12:17:54 PM |

Brandy,

We think the issue of attorney's fees is premature. Your client testified she had no evidence for her counterclaims. Depositions last week revealed that discovery has been withheld. We intend to make additional discovery requests and motions as necessary, and will confer with you before so doing, as required.

We give you a final opportunity to produce the Humana settlement report that you are withholding before we file motion to compel to produce it. A protective and confidentiality order governs this case.

In order to facilitate the ongoing discovery in this matter, as well as the upcoming mediation, let us know if you agree to an extension ending on August 31, 2022.

On behalf of Tor Ekeland.

Best,

Nicole Guitelman
Law Clerk, Pending Admission
Tor Ekeland Law, PLLC
30 Wall Street,
8th Floor
New York, NY 10005-2205
(718) 737-7264

nicoleg@torekeland.com
www.torekeland.com

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.

**From:** Brandy Peery <bpeery@lawdcm.com>

**Date:** Monday, July 25, 2022 at 10:54 AM

**To:** Tor Ekeland <tor@torekeland.com>, Rain Minns <rain@rainminnslaw.com>, Michael Hassard <Michael@torekeland.com>

**Cc:** Ricardo Cedillo <rcedillo@lawdcm.com>, David Apple <jdapple@applefinklaw.com>, Nicole Guitelman <nicoleg@torekeland.com>

**Subject:** (Cantu v. Guerra) - Defendant's RFPs re: Plaintiffs' Engagement Letters and Attorneys' Fee Statements

Tor-

Please allow this email to serve as our attempt to confer on Plaintiff, Melody Joy Cantu's objections to Dr. Guerra's requests for production No. 16 and No. 17 requesting a copy of Plaintiffs' engagement letter with your firm and Ms. Minn's and copies of your and Ms. Minn's billing statements and invoices.

Plaintiffs have asserted a claim against Defendants for the recovery of attorneys' fees. Making a claim for attorney fees puts Plaintiffs' attorney fees at issue in the litigation. Therefore,

Plaintiffs have waived the privilege by offensive use. *See Rep. Ins. Co. v. Davis,* 856 S.W.2d 158, 163 ("In an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived.").

We are willing to enter into a Rule 11 Agreement providing that all parties will produce copies of their respective fee statements and/or invoices (redacted for privilege) 2 weeks before trial. Please advise if agree.

However, with respect to the engagement letters, demand is hereby made that Plaintiffs immediately deliver copies of Plaintiffs' engagement letter with your firm and Ms. Minn's (redacted for privilege). If we do not receive these by the end of the day tomorrow, we will file a Motion to Compel with the Court.

**Brandy C. Peery**
**Shareholder**

dcm-logo-HORIZ



*Note: New Suite Number*

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

| | |
|---|---|
| **From:** | Brandy Peery |
| **To:** | Tor Ekeland; Michael Hassard; Rain Minns; David Apple |
| **Cc:** | Kathleen N. Folks; Ricardo Cedillo; Nicole Guitelman |
| **Subject:** | RE: [External] Cantu v. Guerra - Plaintiffs" Third Set of Productions to DFC and Dr. Guerra |
| **Date:** | Wednesday, August 17, 2022 10:03:00 AM |
| **Attachments:** | External Re (Cantu v. Guerra) - Defendant"s RFPs re Plaintiffs" Engagement Letters and Attorneys" Fee Statements.msg |

Tor:

I am available for depositions on August 30; September 1-4, 6-7, 9-15. Please note that we previously noticed the depositions of Jackie Johnston, Danielle Wollervweron, Dottie Laster, and Kristina Prewitt and have made several attempts to serve them, but Plaintiffs provided incorrect contact information for them in their Initial Disclosures. Despite our repeated requests for their updated telephone numbers and addresses, Plaintiffs have refused to supplement their Initial Disclosures to provide the correct contact information for these witnesses. Mrs. Cantu testified she is still in contact with these witnesses and, therefore, has the ability to obtain their contact information and provide it to us as required under the Rules. We intend to take the depositions of these 4 witnesses on the dates proposed but will coordinate with the witnesses. If these witnesses do not wish to be served, then please let us know if they have authorized you to accept service on their behalf. If that is the case, please let us know by Friday, August 19th which of the dates they are available for their depositions.

With respect to re-deposing Dr. Guerra, you already spent hours deposing her on July 21, 2022 (which was after the dates of the depositions of DFC's expert and corporate representative). At the conclusion of Dr. Guerra's deposition, you said on the record that you had no further questions and you passed the witness. You did not note on the record that you were reserving the right to re-depose Dr. Guerra on any specific topics or issues. Accordingly, we object to your "blanket" request to re-depose Dr. Guerra. However, in an effort to comply with the Local Rules and Judge Bemporad's explicit order to reasonably cooperate on resolving discovery disputes, if there are specific limited topics that were not covered in Dr. Guerra's deposition on July 21st that you allege you only were made aware of *after* her deposition, then we *may* consider presenting Dr. Guerra for such limited purpose. Please send us the topics you intend to address during your re-deposition of Dr. Guerra and we will review and get back with you. In addition, we will agree to present Dr. Guerra for her re-deposition on the condition that you agree to present Melody Joy Cantu and Dr. Cantu for re-deposition on issues and topics (including, without limitation, the medical records, their engagement agreements with their attorneys, attorneys' fee statement, correspondence with non-party fact witnesses) that they refused to produce prior to their depositions on July 16th.

With respect to Christine Hefel and Ben Delgado, these individuals are non-parties and Dr. Guerra has no control over these individuals. You are free to notice their depositions on the proposed dates and have them served. Please note that all communications between Mr. Delgado and Dr. Guerra made during their marriage are subject to the marital communication privilege. We will object to any deposition examination questions regarding any communications between Mr. Delgado and Dr. Guerra based upon such privilege and instruct Mr. Delgado not to answer.

With respect to Nate Bellinger, Mr. Bellinger does not live in Texas and is outside subpoena range. Nevertheless, we will confer with Dr. Guerra and Mr. Bellinger regarding his willingness to voluntarily appear for his deposition. Notwithstanding the foregoing, all

communications between Mr. Bellinger and Dr. Guerra made during their marriage are subject to the marital communication privilege. We will object to any deposition examination questions regarding any communications between Mr. Bellinger and Dr. Guerra based upon such privilege and instruct Mr. Bellinger not to answer.

With respect to Ricardo, he is available to be deposed on September 13 or 14. However, as set forth in Dr. Guerra's expert designation, it is anticipated that, in addition to Dr. Guerra's attorneys' fees, Ricardo will also testify regarding the reasonableness of *Plaintiffs'* attorneys' fees. We have made repeated requests for production of Plaintiffs' engagement agreement with their attorneys' and copies of their attorneys' fee statements redacted for privilege, but Plaintiffs' refuse to produce them. Plaintiffs have asserted a claim against Defendants for the recovery of attorneys' fees. Making a claim for attorney fees puts Plaintiffs' attorney fees at issue in the litigation. Therefore, Plaintiffs have waived the privilege by offensive use. *See Rep. Ins. Co. v. Davis,* 856 S.W.2d 158, 163 ("In an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived."). Furthermore, Plaintiffs' objection that our request for these documents is "premature" is unfounded as we are 30 days away from the discovery deadline and Plaintiffs are asking to depose Ricardo and Mr. Apple on the issue of attorneys' fees. Please immediately provide these documents.

**Brandy C. Peery**
**Shareholder**
dcm-logo-HORIZ



*Note: New Suite Number*

OFFICE:      210-822-6666
FAX:           210-660-3795
EMAIL:       bpeery@lawdcm.com
ADDRESS:  755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

**From:** Nicole Guitelman <nicoleg@torekeland.com>
**Sent:** Tuesday, August 16, 2022 9:09 PM
**To:** Brandy Peery <bpeery@lawdcm.com>; Tor Ekeland <tor@torekeland.com>; Michael Hassard <Michael@torekeland.com>; Rain Minns <rain@rainminnslaw.com>; David Apple <jdapple@applefinklaw.com>
**Cc:** Kathleen N. Folks <kfolks@lawdcm.com>; Ricardo Cedillo <rcedillo@lawdcm.com>
**Subject:** [External] Cantu v. Guerra - Plaintiffs' Third Set of Productions to DFC and Dr. Guerra

Good Evening all,

Please see the attached:

*Third Request for Production to Digital Forensics Corporation, LLC.*
*Third Request for Production to Dr. Sandra Guerra*

Following our review of the Deposition Transcripts, we seek to call the following individuals for Deposition. We are flexible and are available to depose these individuals on the following days: August 30; September 1-4, 6-15. Please let us know of their availability by Friday 8/19/22 EOB, so that we can send out Notices of Deposition, otherwise we will choose a date on their behalf.

On behalf of DFC:

- Examiner 223 (author of Phase I report Igor Mikhaylov);
- A DFC corporate representative that can speak to DFC's corporate structure and with knowledge of "Records Retention" as referenced in Mr. Quellos Transcript at 8:5 (as the previous rep's produced by DFC did not have sufficient knowledge on said topics);
- DFC's owner Dmitry Belkin;
- Brian Pishek, Sean McCarthy and Brent Walters  (see Mr. Beardshall's transcripts 12:18-20 and Mr. Quellos Transcript 9:3-9:6), both testified these individuals worked on Dr. Guerra's matter;
- Operations Manager Kenneth Probola (Mr. Beardshall's Transcript 20:10);
- Human Resources Head Jacqueline Diab (Mr. Beardshall's Transcript 20:11-14);
- DFC CTO Victor Sobieski (Mr. Quellos Transcript 10:25-11:1);
- David Apple

On behalf of Dr. Guerra:

- Dr. Guerra (we will be requesting a second deposition date with the court);
- Christine Hefel;
- Nate Bellinger;
- Ben Delgado;
- Ricardo Cedillo and/or Brandy Peery

Kind Regards,
Nicole

Law Clerk, Pending Admission
Tor Ekeland Law, PLLC
30 Wall Street,
8th Floor
New York, NY 10005-2205
(718) 737-7264

nicoleg@torekeland.com
www.torekeland.com

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.