# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO                    5:20-CV-0746 JKP – HJB
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.


_____


## NOTICE OF MOTION


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:


PLEASE TAKE NOTICE that on September 13th, 2022, or upon such date as this Court

determines, Plaintiffs Melody Joy Cantu and Dr. Rodrigo David Cantu ("Plaintiffs") will move

this Court, as argued in the attached supporting memorandum of law, for an order compelling

Defendant Digital Forensics Corporation, LLC ("DFC") to produce improperly withheld

discovery and for sanctions, costs and attorney's fees for the prejudice and unnecessary work it

has created.


Brooklyn, NY
Dated: August 29th, 2022

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

/s/ Michael Hassard

(NY Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Plaintiffs Melody Joy Cantu
and Dr. Rodrigo Cantu*

2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO                5:20-CV-0746 JKP – HJB
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.


_____




# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT DIGITAL FORENSICS CORPORATION, LLC

1

## Background

On January 14, 2022, Plaintiffs, through counsel, served discovery requests on Co-Defendants Dr. Sandra Guerra and Digital Forensics Corporation, LLC ("DFC").[1] On January 14th, 2022, Plaintiffs requested necessary discovery to prepare for trial and refute counterclaims.[2] On June 9, 2022, Plaintiffs filed a Motion to Compel with regards to discovery withheld by Defendant Dr. Sandra Guerra. Following a hearing on the Motion to Compel on June 22, 2022, this Court granted the motion in Part, directing Defendant Dr. Sandra Guerra to produce the contract between herself and DFC.

Defendant DFC did not produce any discovery in this case until August 17, 2022. On July 18th, 2022 Plaintiffs deposed Defendant DFC's expert witness Shawn Kasal. This was followed on July 19th, 2022 by two more depositions of representatives of DFC, Sean Quellos and Paul Beardshall. These depositions confirmed the existence of key pieces of evidence that DFC has withheld from Plaintiffs, to the prejudice of Plaintiffs. On August 17, 2022, DFC produced a small amount of Discovery, omitting all the evidence Plaintiff's requested from DFC based on what was discovered through depositions of their witnesses. This motion follows.

This Court has already granted Plaintiffs' first motion to compel against DFC. DFC has failed to substantially comply with the Court's order in regard to that motion. Plaintiff brings the

---

[1] *See* Decl. of T. Ekeland at ¶3.
[2] *First Request for Production to Defendant DFC, LLC; First Set of Interrogatories to Defendant DFC, LLC; First Set of Requests for Admission to Defendant DFC, LLC, January 14, 2022.*

second motion to compel in requesting the Court order DFC to produce the discovery it is improperly withholding. Plaintiffs request that this Court impose sanctions upon DFC for failure to cooperate with the discovery process, and award costs and attorney's fees to Plaintiffs.

Under Federal Rules of Civil Procedure 33 and 34, Co-Defendants had over 30 days to respond, with additional continuances. To date, Defendant DFC has refused to provide the aforementioned requested documents, or the documents that came up in initial depositions.[3] The discovery produced on August 17, 2022 is non-responsive and appears hand-picked to support Defendant DFC's counterclaims. Plaintiffs' counsel made numerous good faith attempts to obtain the discovery responses from Defendants without court action. Following emails back and forth with DFC, they have refused to provide sufficient documentation, claiming blanket confidentiality and that if they find something sufficient, they will supplement with the documents. DFC has left Plaintiffs with no other option than to request that this Court compel production of these documents.

## Argument

The Federal Rules of Civil Procedure permit parties in litigation to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."[4]. Specifically relating to documents in their possession, parties subject to a request must produce:

---

[3] *See* Decl. of T. Ekeland at ¶¶ 4 and 5.
[4] Fed. R. Civ. P. 26(b)(1).

Any designated documents or electronically stored information-including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangable things…[5]

The purpose of discovery requests is to support your claims or defense in good faith. Without discovery, supporting one's statements would be on a "she said he said" basis with conflicting statements.

Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1); *see Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (citation and internal marks omitted); *see Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010) (applying Rule 26(b)(1) discovery rules in an ERISA action).[6]

[The Fifth Circuit] recognizes broad and liberal treatment of the federal discovery rules. *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991). In civil cases, parties are entitled to discover all information relevant to any party's claim or defense that is not privileged. Fed. R. Civ. P. 26(b)(1).[7]

In light of these rules, their broad construction, and Plainitffs' repeated requests for relevant discovery items, Defendant DFC, LLC stands in violation of the Federal Rules of Civil Procedure.

---

[5] *Id.* at 34(a)(1).
[6] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).
[7] *Davis v. United States Marshals Serv.,* 849 F. App'x 80, 86-87 (5th Cir. 2021).

The Federal Rules of Civil Procedure Rule 37 permits a party to move for sanction when the opposing party does not co-operate with Discovery.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[8]

When a party fails to co-operate with Discovery, and the failure to comply with Discovery impacted the other party, the Court:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).[9]

Throughout the 5th Circuit, Courts have repeatedly adopted a liberal application for imposition of sanctions in an effort to encourage parties to co-operate with Discovery procedures.[10] It is well established that the District Court has the discretion to impose sanctions under Rule 37.[11]

---

[8] *USCS Fed Rules Civ Proc R 37(c)(1).*
[9] *USCS Fed Rules Civ Proc R 37(c)(1)(a-c).*
[10] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990). *See Jorge v. Atl. Hous. Found., Inc.*, No. 3:20-cv-2782-N, 2022 U.S. Dist. LEXIS 66268, at *2 (N.D. Tex. Apr. 11, 2022).
[11] *Sciambra v. Graham News Co.*, 841 F.2d 651, 655 (5th Cir.), *cert. denied*, 488 U.S. 855 (1988) (holding a District Court has discretion to impose sanctions under Rule 37).

## I.      Defendant DFC's Evasive Discovery Responses Are Unjustified

Under Federal Rule of Civil Procedure 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Plaintiffs duly served their discovery requests, specifically production requests, to DFC who refused to substantially produce.

DFC responsed to Plaintiffs' January 14th, 2022 Request for Productions for the first time on August 17th, 2022. This came after depositions and after DFC's lawyers repeatedy dodged or ignored a multitude of further, informal requests to expedite production. The production submitted to Plaintiffs on August 17th, 2022 omits most of the key documents that were confirmed to exist by DFC representatives in the July, 2022 depositions. DFC has not responded to any of the following requests, specifically made in Plaintiff's Third Request for Production after depositions:

     a.  List all the Federal Court cases DFC Expert Shawn Kasal testified in as referenced in his 7/18/22 Deposition Transcript 13:16-14:10.

     b.  Produce all the case notes referenced by DFC Expert Shawn Kasal in his 7/18/22 Deposition Transcript 24:15-24:16.

     c.  Produce the case file, notes, and data referenced by DFC Expert Shawn Kasal in his 7/18/22 Deposition Transcript 25:15-26:9.

     d.  Produce all emails and communications with DFC Expert Shawn Kasal, (and all witnesses who testified in this matter), as referenced by Mr. Kasal in his 7/18/22 Deposition Transcript 27:25-28:2.

     e.  Produce all emails and communications with Examiner 223 (author of the Phase I Report).

f.  Produce all case files and notes Examiner 223 (author of the Phase I Report Igor Mikhaylov), as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 29:23-29:25.

g.  Identify the server, the Raw text files of the code, files, documents, logs, etc, stored on the server referenced by DFC Expert Shawn Kasal in his 7/18/22 Deposition Transcript 99:8-18.

h.  Produce the Client Relations Manager file for this matter, as referenced by DFC's employee Paul Beardshall in his 7/19/22 Deposition Transcript 10:6-10:8.

i.  Produce all emails, phone records, voicemails, and communications relating to this matter, to and from DFC employee Mr. Beardshall, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 11:23-12:1.

j.  Produce all "internal CRM notes" relating to this matter, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 12:23

k.  Produce all information, files, etc for the third party vendors (TLO, Skopenow, and Google shortener), used in this matter, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 23:4-23:8.

l.  Provide the name of the CRM software Mr. Beardshall says is "Sugar CRM", as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 23:18-23:22.

m.  Produce all information related to the tracking of the clone kit, and the clone kit sent to Dr. Guerra, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 26:23-26:24.

n.  Produce all communications logged by the CRM, as well as the CRM logs, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 28:24-29:2

o.  Produce all forensic lab files, communications with the lab, and information related the Forensic Lab in Cleveland (as it relates to this matter), as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 33.8-33:10.

p.  Produce the CV and list of cases (including depositions) DFC employee Sean Quellos testified in, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 6:5-6:9.

q.  Produce the case files related to this matter, as well as CRM case notes, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 7:14-8:6.

r.  Produce the CV and list of cases (including depositions) DFC employee Sean Quellos testified in, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 6:5-6:9.

s.  Produce all files and information related to the use of forensic software "Magnet Axiom", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 9:15-9:24.

t.  Produce all files, information, communications and the like related to the tracking URL links sent in this matter "to a webpage that's hosted by out domain", including domain name and registration information, and all logs, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 10:17-10:20.

u.  Produce all data "used by the examiner", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 11:12-11:15.

v.  Produce all reports for this matter, Mr. Quellos states if it's not in the Phase I Report then he can "pull the data", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 12:5.

w.  Produce the notes reviewed by Mr. Quellos, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 12:15-12:19.

x.  Produce the data Mr. Quellos testifies is still in DFC's possession, obtained from Facebook and LinkedIn, that Mr. Quellos stated he can get us a copy of, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 13:13-13:22; 14:13-14:16.

y.  Produce all files, information, communications, etc, related to case number 157307, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 15:2-15:5

z.  Produce the "Client Questionnaire", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 15:21-15:24.

8

aa. Produce all "evidence of a website being created that's mentioned within this report", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 16:20-16:21.

bb. Produce the data used to generate "the report", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 17:5-17:8.

cc. Produce all information, data, communications, etc., related to the forensic extractions and processing (including all draft reports), as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 20:6-20:10.

dd. Produce all chat messages from internal messaging systems like Teams, Rocket Chat, or Slack, related to this matter, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 21:21-21:25.

ee. Produce all data, information, communications, logs, etc., for the "domain we have", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 24:20-24:21.

ff. Produce any and all registrations for DFC in the state of Texas.

gg. Produce any and all PI licenses for DFC in the state of Texas.

hh. Produce all data and information related to Dr. Guerra's laptop, and any remote access, imaging, or any type of work on it, as referenced by Dr. Guerra in her 7/21/22 Deposition Transcript 15:1-15:23.

All of this should have been produced in response to Plaintiffs' First Request for Production. Plaintiff's only learned that DFC kept a client relation management file and operated a server where they ran their malicious code from during depositions. Because DFC failed to disclose any of this discovery prior to depositions, Plaintiffs were prejudiced in their ability to inquire about the discovery they were denied. Should this matter go to trial, Plaintiffs will ask for an adverse jury instruction form the court based on DFC's discovery violations.

The discovery produced by DFC on August, 17th, 2022, DFC's only production to date, appears to be hand-picked to support previous pleadings by the defense, and completely omits documents that would favor Plaintiffs' position. This violates the Federal Rules of Civil Procedure and the spirit of Discovery.

Prior to this minimal production, Defendant DFC's responses all cite to an alleged "Confidentiality Clause" in their contract with Defendant Dr. Guerra as a blanket excuse to avoid production.

## II.      Defendant DFC's Failure to Produce Prejudices Plaintiffs

DFC's dilatory tactics prejudice Plaintiffs by leaving them inadequate time to follow up on any production with additional requests, as well as timely prepare for upcoming depositions and trial. Plaintiffs suspect that DFC is withholding numerous documents and records, exhibits and other documents and audio recordings that may require substantial time to review and forensically examine. Plaintiff have included a list of the specific discovery requests in the attached Declaration at paragraph 5.[12]

---

[12] *See* Decl. of T. Ekeland at ¶5.

## Conclusion

For the above reasons, Plaintiffs request that this Court grant Plaintiffs' Motion to Compel discovery, issue appropriate sanctions for Defendant DFC, LLC's failure to meet its discovery obligations, and grant costs and attorney fees for the unnecessary work this has generated.

Brooklyn, New York
Dated: August 29, 2022

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland
(NY Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
(NY Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Plaintiffs Melody Joy Cantu
and Dr. Rodrigo Cantu*

12

**Certificate of Service**

I certify that on this 29th of August 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland

13

_____

MELODY JOY CANTU AND DR. RODRIGO
CANTU,

      Plaintiffs,

      v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

      Defendants.

_____

Case No. 20-cv-0746-JKP-HJB

**DECLARATION OF TOR
EKELAND IN SUPPORT OF
PLAINTIFFS' MOTION TO
COMPEL AND FOR SANCTIONS**

 

I, Tor Ekeland, hereby declare under the penalty of perjury under to 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice law in New York State and am admitted to this practice in this court pro hac vice. I am the managing partner of Tor Ekeland Law, PLLC.

2. I write these statements on behalf of my clients Melody Joy Cantu and Dr. Rodrigo David Cantu ("Cantus"), the Plaintiffs in this matter, alongside Michael Hassard, an Associate at Tor Ekeland Law, in the above-captioned action. I submit this declaration in support of the Motion to Compel Discovery, Administer Sanctions and Award Attorney's Fees in this case.

3. On January 14, 2022, Plaintiffs served Co-Defendants Dr. Sandra Guerra and Digital Forensics, LLC ("DFC") discovery requests.

4. To date, Defendant Digital Forensics Corporation, LLC has provided minimal discovery, it was only during deposition that we learned the extent of the discovery improperly withheld by Digital Forensics Corporation, LLC.

5. After learning of the extent of withheld Discovery, Plaintiff's provided Digital Forensics Corporation with a specific list in its Third Request for Production specifically listing the items withheld by Digital Forensics Corporation, LLC. DFC has failed to produce any of the following items requested:

a. List all the Federal Court cases DFC Expert Shawn Kasal testified in as referenced in his 7/18/22 Deposition Transcript 13:16-14:10.

b. Produce all the case notes referenced by DFC Expert Shawn Kasal in his 7/18/22 Deposition Transcript 24:15-24:16.

c. Produce the case file, notes, and data referenced by DFC Expert Shawn Kasal in his 7/18/22 Deposition Transcript 25:15-26:9.

d. Produce all emails and communications with DFC Expert Shawn Kasal, (and all witnesses who testified in this matter), as referenced by Mr. Kasal in his 7/18/22 Deposition Transcript 27:25-28:2.

e. Produce all emails and communications with Examiner 223 (author of the Phase I Report).

f. Produce all case files and notes Examiner 223 (author of the Phase I Report Igor Mikhaylov), as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 29:23-29:25.

g. Identify the server, the Raw text files of the code, files, documents, logs, etc, stored on the server referenced by DFC Expert Shawn Kasal in his 7/18/22 Deposition Transcript 99:8-18.

h. Produce the Client Relations Manager file for this matter, as referenced by DFC's employee Paul Beardshall in his 7/19/22 Deposition Transcript 10:6-10:8.

i. Produce all emails, phone records, voicemails, and communications relating to this matter, to and from DFC employee Mr. Beardshall, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 11:23-12:1.

j. Produce all "internal CRM notes" relating to this matter, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 12:23

k. Produce all information, files, etc for the third party vendors (TLO, Skopenow, and Google shortener), used in this matter, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 23:4-23:8.

l. Provide the name of the CRM software Mr. Beardshall says is "Sugar CRM", as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 23:18-23:22.

m.  Produce all information related to the tracking of the clone kit, and the clone kit sent to Dr. Guerra, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 26:23-26:24.

n.  Produce all communications logged by the CRM, as well as the CRM logs, as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 28:24-29:2

o.  Produce all forensic lab files, communications with the lab, and information related the Forensic Lab in Cleveland (as it relates to this matter), as referenced by Mr. Beardshall in his 7/19/22 Deposition Transcript 33.8-33:10.

p.  Produce the CV and list of cases (including depositions) DFC employee Sean Quellos testified in, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 6:5-6:9.

q.  Produce the case files related to this matter, as well as CRM case notes, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 7:14-8:6.

r.  Produce the CV and list of cases (including depositions) DFC employee Sean Quellos testified in, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 6:5-6:9.

s.  Produce all files and information related to the use of forensic software "Magnet Axiom", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 9:15-9:24.

t.  Produce all files, information, communications and the like related to the tracking URL links sent in this matter "to a webpage that's hosted by out domain", including domain name and registration information, and all logs, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 10:17-10:20.

u.  Produce all data "used by the examiner", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 11:12-11:15.

v.  Produce all reports for this matter, Mr. Quellos states if it's not in the Phase I Report then he can "pull the data", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 12:5.

w.  Produce the notes reviewed by Mr. Quellos, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 12:15-12:19.

3

x.   Produce the data Mr. Quellos testifies is still in DFC's possession, obtained from Facebook and LinkedIn, that Mr. Quellos stated he can get us a copy of, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 13:13-13:22; 14:13-14:16.

y.   Produce all files, information, communications, etc, related to case number 157307, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 15:2-15:5

z.   Produce the "Client Questionnaire", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 15:21-15:24.

aa.  Produce all "evidence of a website being created that's mentioned within this report", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 16:20-16:21.

bb.  Produce the data used to generate "the report", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 17:5-17:8.

cc.  Produce all information, data, communications, etc., related to the forensic extractions and processing (including all draft reports), as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 20:6-20:10.

dd.  Produce all chat messages from internal messaging systems like Teams, Rocket Chat, or Slack, related to this matter, as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 21:21-21:25.

ee.  Produce all data, information, communications, logs, etc., for the "domain we have", as referenced by Mr. Quellos in his 7/19/22 Deposition Transcript 24:20-24:21.

ff.  Produce any and all registrations for DFC in the state of Texas.

gg.  Produce any and all PI licenses for DFC in the state of Texas.

hh.  Produce all data and information related to Dr. Guerra's laptop, and any remote access, imaging, or any type of work on it, as referenced by Dr. Guerra in her 7/21/22 Deposition Transcript 15:1-15:23.

Dated: August 29th, 2022                                      /s/ Tor Ekeland

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO                5:20-CV-0746 JKP – HJB
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.


_____


**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT DIGITAL FORENSICS CORPORATION, LLC**

On this day, came on to be considered Plaintiffs' Motion to Compel and for Sanctions Against Defendant Digital Forensics Corporation, LLC, and the Court after hearing the argument and evidence thereon and being of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED by the Court that said Motion for Continuance be GRANTED.

IT IS SO ORDERED.

Dated: _____ 2022

_____
UNITED STATES MAGISTRATE JUDGE