IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELODY JOY CANTU and § | |
| DR. RODRIGO CANTU, § | |
| *Plaintiffs* § | |
| § | |
| § | CASE NO.: 5:20-CV-00746-JKP (HJB) |
| § | |
| V. § | |
| § | |
| DR. SANDRA GUERRA and § | |
| DIGITAL FORENSICS § | |
| CORPORATION, LLC § | |
| *Defendants* § | |

**DEFENDANT, DR. SANDRA GUERRA'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S PRODUCTION OF MEDICAL RECORDS AND REQUEST FOR SANCTIONS AGAINST PLAINTIFFS AND/OR PLAINTIFFS' COUNSEL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"), and files this her Response to Plaintiff's Opposed Motion for Protective Order Regarding Plaintiff's Production of Medical Records and Request for Sanctions Against Plaintiffs and/or Plaintiffs' Counsel, in support thereof, would respectfully show unto the Court as follows:

**I.      BACKGROUND AND SUMMARY**

1.      Dr. Guerra served notices of her intent to take the depositions upon written questions to the treating physicians identified on Plaintiffs' Initial Disclosures and subpoena for the production of Plaintiffs' medical and billing records from January 1, 2014 to the present (the "Third-Party Subpoenas").[1] **No medical or billing records have been produced as of this date**.

---

[1] *See* Exhibit 4.

2. Plaintiffs filed Plaintiffs' Motion to Quash Subpoenas for Medical Records[2] and the Court held a hearing on the motion on August 11, 2022. The Court denied the motion without prejudice and ordered the parties to confer in good faith as to the records requested by the subpoenas in question.[3] The parties conferred but were unable to reach a resolution.[4]

3. Plaintiffs' counsel represented to the Court during the hearing held on August 11, 2022 that if Dr. Guerra required Plaintiffs' medical and billing records, "all [counsel for Dr. Guerra] needed to do was ask [Plaintiffs' counsel for them]." Dr. Guerra has repeatedly requested these records through discovery[5] to Plaintiffs even though Plaintiffs were obligated under Rule 26(a)(1)(A)(ii) to produce these records without awaiting a discovery request.

4. Counsel for Dr. Guerra proposed that the parties enter into an Agreed Confidentiality and Protective Order in the form set out in Appendix H-1 of the Local Rules.[6] Plaintiffs opposed the entry of such Agreed Confidentiality and Protective Order,[7] and Plaintiffs' counsel declared under penalty of perjury that "[they] do not agree that an Agreed Confidentiality and Protective Order for the discovery is necessary to provide the discovery in this matter."[8] Nevertheless, the Court entered the standard Confidentiality and Protective Order[9] on June 23, 2022 (the "June 23rd Confidentiality and Protective Order").

5. Counsel for Dr. Guerra specifically advised Plaintiffs' counsel on August 18, 2022, August 25, 2022, and August 28, 2022 that "[Dr. Guerra and her counsel] do not have any issue

---

[2] Doc. 90.
[3] Doc. 98.
[4] See Exhibit 1 and Doc. 100.
[5] Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, Exhibit 5, Exhibit 6.
[6] Doc. 80, ¶5.
[7] Doc. 78, p. 3.
[8] Doc. 78-2, ¶7.
[9] Doc. 88.

with [Plaintiffs'] medical and billing records being produced subject to the Court's [June 23rd] Confidentiality and Protective Order."[10] But, Plaintiffs still refused to compromise or allow for the production of Plaintiffs' medical and billing records pursuant to the Third-Party Subpoenas or Dr. Guerra's written discovery requests to Plaintiffs.

6. *Now* Plaintiff, Melody Joy Cantu,[11] has filed an Opposed Motion for Protective Order Regarding Plaintiff's Production of Medical Records [Doc. 101] requesting the Court to enter a form of "protective order to protect Plaintiff Melody Joy Cantu's medical and billing records"[12] that is nearly *identical* to the June 23rd Confidentiality and Protective Order that Plaintiffs previously ***opposed***.[13]

7. Plaintiff, Melody Joy Cantu's Motion is frivolous and asserted in bad faith. Accordingly, for the reasons set forth above and below, Dr. Guerra requests that the Court order the production of Plaintiffs' medical and billing records pursuant to the Third-Party Subpoenas and assess sanctions against Plaintiffs and/or Plaintiffs' counsel pursuant to Fed. R. Civ. P. 37(a)(5).

## II.     ARGUMENT AND AUTHORITIES.

8. [The Fifth Circuit] recognizes broad and liberal treatment of the federal discovery rules.[14] Rule 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[10] Exhibit 1, Exhibit 2, Exhibit 3.
[11] Plaintiff, Dr. Rodrigo Cantu, is not included in the Motion and no protective order regarding the production of Dr. Cantu's medical or billing records is requested in the Motion.
[12] Doc. 101, p. 5.
[13] *Compare* Doc. 88 to Doc. 101, p. 9-17.
[14] *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991).

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[15]

9. Plaintiffs identified Dr. John Seals, Steve Cervantes, Randolph Pollock, MA, LPC, Dr. Joann Murphy, and Deena Trevino, PhD in Plaintiffs' Initial Disclosures as "witnesses" likely to have discoverable information:[16]

| Dr. John Seals | (210) 615-2222; 4410 Medical Dr #240; San Antonio, TX 78229 | Melody Joy Cantu's neuropsychologist with information on trauma and stress caused by Defendants, as well as helped Melody's children with trauma. |
|---|---|---|
| Steve Cervantes | (210) 341-3525; 325 E Sonterra, San Antonio, TX 78258 | Dr. Rodrigo David Cantu's therapist from 2017. |
| Randolph A. Pollock, MA, LPC | (210) 558-8200; 11118 Wurzbach, Suite 207, San Antonio, TX 78230 | Melody Joy Cantu's therapist for panic and anxiety. |

| Dr. Joann Murphy | (210) 495- 0221; 1202 W Bitters Rd #3, San Antonio, TX, 78216 | Forensic Phycologist consulted Cantus after Melody's arrest. |
|---|---|---|
| Deena Trevino | (210) 647- 7712; 7272 Wurzbach Rd #1504, San Antonio, TX 78240 | Court appointed therapist in their civil case. |

10. Plaintiffs also disclosed the following costs for medical treatment in their calculation of Plaintiffs' purported damages which they seek to recover from Defendants:[17]

---

[15] Fed. R. Civ. P. 26(b)(1).
[16] Exhibit 7, Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Plaintiffs' Initial Disclosures").
[17] Exhibit 7, p. 8.

| | | |
|---|---|---|
| Dr. Seals | Melody Joy Cantu - $2762.12<br>Dr. Rodrigo David Cantu- $600<br>William Stuart Ross $2334.77<br>Madeleine Joy Ross- $2495.29 | As a result of the trauma to Cantus and their family caused by Defendants' actions, Cantus and Melody's children much emotional stress- necessitating therapy. |
| Randolf Pollock | Madeleine Joy Ross - $1479.16<br>William Stuart Ross $ 791.66<br>Lilian Grace Ross - $416.66 | As a result of the trauma to Cantus and their family caused by Defendants' actions, Cantus and Melody's children much emotional stress- necessitating therapy. |
| Steve Cervantes | $2600 | As a result of the trauma to Cantus and their family caused by Defendants' actions, Dr. Cantu required therapy. |

11.     Although Plaintiffs have identified these specific medical providers as individuals with knowledge of relevant facts and specifically seek the recovery of medical costs related to the treatment of their alleged severe emotional distress, Plaintiff, Melody Joy Cantu, seemingly opposes the production of her medical and billing records pursuant to the Third-Party Subpoenas and Dr. Guerra's requests for written discovery to Plaintiffs.  However, Plaintiff's Motion is nothing more than a recitation of applicable law.  Plaintiff makes no effort whatsoever in her Motion to apply the law to the facts in this case or otherwise explain why the documents should not be produced in accordance with the Third-Party Subpoenas or how or why the existing June 23rd Confidentiality and Protective Order is not applicable to such medical and billing records.  In fact, *Plaintiff* points out to the Court in her Motion that Texas Rule of Evidence 509 recognizes an exception to the physician-patient privilege where the party relies on the condition as part of the party's claim or defense.[18]  However, it is significant to note that Plaintiff does not provide any argument *opposing* the application of such exception to the production of Plaintiffs' medical or billing records.

---

[18] Doc. 101, p. 4.

12. The medical and billing records requested by Dr. Guerra fall within the exception of TEX. R. EVID. 509 and are not facially overbroad or irrelevant because Plaintiffs are complaining of emotional trauma and distress. The medical records are also relevant to the credibility of Plaintiffs. Furthermore, the Court's June 23rd Confidentiality and Protective Order renders Plaintiff's current request for a protective order that *she previously opposed* moot.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court, (i) deny Plaintiff's Opposed Motion for Protective Order Regarding Plaintiff's Production of Medical Records; (ii) order the production of Plaintiffs' medical and billing records pursuant to the Third-Party Subpoenas; (iii) order Plaintiffs to provide Dr. Guerra and/or any necessary third-party with a HIPAA authorization to effectuate the production of Plaintiffs' medical and billing records pursuant to the Third-Party Subpoenas; (iv) order Plaintiffs and/or Plaintiffs' counsel, pursuant to Fed. R. Civ. P. 37(a)(5), to pay Dr. Guerra $5,000.00 (or $7,500.00 in the event the Court holds an oral hearing on this Motion) for the reasonable attorneys' fees incurred by Dr. Guerra as a result of Plaintiff's frivolous and bad faith Motion *and* the reasonable attorneys' fees incurred by Dr. Guerra in connection with Plaintiff's prior opposition to the entry June 23rd Confidentiality and Protective Order and representation by Plaintiff's counsel that a confidentiality and protective order was not necessary for discovery in this matter;[19] and (v) grant Dr. Guerra all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

---

[19] *Supra* ¶4.

Dated:  September 1, 2022.                    Respectfully submitted,

                                            **DAVIS, CEDILLO & MENDOZA, INC.**

                                            McCombs Plaza, Suite 500
                                            755 E. Mulberry Avenue
                                            San Antonio, Texas 78212
                                            Telephone No.: (210) 822-6666
                                            Telecopier No.: (210) 822-1151

                                            By:   _/s/Ricardo G. Cedillo_
                                                  RICARDO G. CEDILLO
                                                  Texas State Bar No. 04043600
                                                  rcedillo@lawdcm.com
                                                  BRANDY C. PEERY
                                                  Texas State Bar No. 24057666
                                                  bpeery@lawdcm.com

                                      ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## CERTIFICATE OF SERVICE

I certify that on this 20th day of July 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

                                              _/s/Ricardo G. Cedillo_
                                              RICARDO G. CEDILLO