# EXHIBIT 2



**Attachments:** 2022 08 11 Doc 98 Order.pdf
RE External Re Dr. Guerra" Subpoena for Medical Records (Cantu v. Guerra).msg

---

**From:** Brandy Peery
**Sent:** Thursday, August 25, 2022 1:16 PM
**To:** Michael Hassard <Michael@torekeland.com>; jdapple@applefinklaw.com
**Cc:** Tor Ekeland <tor@torekeland.com>; Ricardo Cedillo <rcedillo@lawdcm.com>
**Subject:** RE: [External] Cantu v. Guerra - Protective Order - Medical Records

What relief are you seeking in your Protective Order? We are opposed to any effort prohibiting us from obtaining these records. We clearly set out our position in the emails I sent Tor last week which you were copied on (see attached). Tor represented to the Court at our hearing on August 11th that he would provide the records if we just asked for them and we have repeatedly done so. We attempted to confer as required by the Court's Order [Doc. 98] but there was no effort to compromise.

**Brandy C. Peery**
**Shareholder**

***Note: New Suite Number***

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

---

**From:** Michael Hassard <Michael@torekeland.com>
**Sent:** Thursday, August 25, 2022 12:53 PM
**To:** Brandy Peery <bpeery@lawdcm.com>; jdapple@applefinklaw.com
**Cc:** Tor Ekeland <tor@torekeland.com>
**Subject:** [External] Cantu v. Guerra - Protective Order - Medical Records

Brandy and David,

Good Afternoon, I am taking over for Nicole Guitelman on this matter. We are filing a request for a protective order covering Ms. Cantu's medical records. Can you please let me know whether you consent to a protective order covering medical records, I will send you both a copy prior to filing.

Michael Hassard
Associate Attorney
Tor Ekeland Law, PLLC
& TorMark Law, LLP
30 Wall Street, 8th Floor
New York, NY 10005
p. 718-737-7264

torekeland.com
tormarklaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU and DR. RODRIGO CANTU, Plaintiffs, | § | |
| v. | § | SA-20-CV-746-JKP (HJB) |
| DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, Defendants. | § | |

**ORDER**

Before the Court are Plaintiffs' Motion to Quash Subpoenas for Medical Records (Docket Entry 90) and Plaintiffs' Seventh Continuance Request (Docket Entry 95). Pretrial motions in this case have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(c).

A hearing was held on the motions on August 11, 2022. In accordance with the Court's rulings at the hearing, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion to Quash Subpoenas for Medical Records (Docket Entry 90) is **DENIED WITHOUT PREJUDICE**. The parties must confer in good faith as to the records requested by the subpoenas in question, and must, **on or before August 18, 2022**, file a Joint Advisory to the Court regarding the outcome of the parties' conference. If no resolution has been reached, Plaintiff may reurge a request for relief by way of motion for protective order under Federal Rule of Civil Procedure 26(c), **on or before August 25, 2022**. The Court notes that a motion for protective order under Rule 26(c) is subject to the provisions of Federal Rule of Civil Procedure 37; accordingly, any motion filed by Plaintiffs or response by the

Defendants must address whether reasonable expenses, including attorney's fees, should be imposed on any party, attorney, or both. *See* FED. R. CIV. P. 37(a)(5).

(2) Plaintiffs' Seventh Continuance Request (Docket Entry 95) is **GRANTED**. The discovery deadline in this case is extended until **September 15, 2022**, and the dispositive-motion deadline is extended until **October 14, 2022**. Any discovery motion in this case, and any motion seeking sanctions under Federal Rule of Civil Procedure 11 or other relief regarding any prior court filing in this case, must be filed **on or before August 29, 2022**. Any discovery motion or response must address whether reasonable expenses, including attorney's fees, must be awarded against any party, attorney, or both. *See* FED. R. CIV. P. 37(a)(5).

**SIGNED** on August 11, 2022.

Henry J. Bemporad
United States Magistrate Judge

**From:** Brandy Peery
**To:** Tor Ekeland; Rain Minns; Michael Hassard; David Apple
**Cc:** Ricardo Cedillo; Kathleen N. Folks; Susan V. Holt; Nicole Guitelman
**Subject:** RE: [External] Re: Dr. Guerra" Subpoena for Medical Records (Cantu v. Guerra)
**Date:** Thursday, August 18, 2022 5:09:00 PM
**Attachments:** image002.jpg
image003.png
image004.jpg
2022 08 18 Joint Advisory to Court Re Def Dr. Guerra"s Subpoena of Plaintiffs" Medical and Billing Records.pdf

---

Tor:

It appears from your law clerk's email below that we are at an impasse.

First, Section 1 of the Court's Order [Doc 98] for which we must file a Joint Advisory relates only to Dr. Guerra's subpoenas for Plaintiffs' medical records. I will address this issue first and then address the other discovery issues raised in Ms. Guitelman's email.

The purpose serving the subpoena directly to the medical providers is to ensure we obtain *all* medical and billing records, not just the records within your clients' custody, possession, or control. It is unusual for any individual to maintain *all* their medical and billing records. These are generally maintained by the provider. In fact, Mrs. Cantu testified she couldn't "remember offhand" whether she had her medical records from Dr. Searls because it had "been a while." When asked if she could search for the records, she replied, "I guess I could." Her deposition was taken on July 26th. It has been over 3 weeks and we still have not received these records or any response as to whether Mrs. Cantu has them. The custodian of records for each of the medical providers is the best source for obtain a full, complete, and accurate set of medical and billing records. Plaintiffs can resolve this matter by simply directing these providers to provide us with the requested records along with the business records affidavit. Plaintiffs can do this by executing the proposed HIPAA authorizations we sent you on July 20th (nearly one month ago).

Secondly, we are entitled to the *unredacted* medical records. Plaintiffs have not provided any arguments as to why the exception to the physician-patient privilege under TRE 509 and *R.K. v. Ramirez*, 887 S.W.2d 836, 840, 843 (Tex. 1994) does not apply to Plaintiffs' medical records in this case. *See* Dr. Guerra' Response to Plaintiffs' Motion to Quash, ¶6-10.

Furthermore, Ms. Guitelman states in her email below that your office is "working with Plaintiffs to compile all medical billing records for the relevant time period and will produce them to [us]" but does not state Plaintiff's proposed "relevant time period" or *when* the documents will actually be produced. Per my email from yesterday (below), our request for Plaintiffs' medical and billing records extends from January 1, 2014 (approximately 4 years before Dr. Guerra and her minor children were accosted at Pei Wei by Mrs. Cantu) to the present. The dates are relative to Mrs. Cantu's admitted pre-existing conditions and the Cantus' prior custody suit and span until the present considering Plaintiffs' responses to discovery that costs are still being incurred. I stated in my email below that if it is your contention that the requests are overly broad in time or scope, then please let us know how you propose we limit the time and scope and we will consider a compromise. Ms. Guitelman's email below provides no such proposal as to a limit on time or scope. Time is of the essence as the discovery deadline expires in less than 30 days. We demand that the medical and billing documents that are the subject of our subpoenas noticed on June 28th be produced no later than August 26th.

Lastly, as to Confidentiality, the Court has already entered a Confidentiality and Protective Order in this Case [Doc 88], which you opposed. We do not have any issue with the medical or billing records being produced subject to the Court's Confidentiality and Protective Order.

**Please find attached a proposed Joint Advisory to the Court stating that the parties have conferred and were unable to reach a resolution. Please let us know as soon as possible if you approve for filing today.**

As to the other discovery issues addressed in Ms. Guitelman's email, I have reviewed Plaintiffs' first, second, and third set of RFPS and have not seen any requests for production of "all medical records in relation to [Dr. Guerra's] defamation Counterclaim, including all information related to any sexually transmitted disease and information on use of Valtrex" or any documents related to her diagnosis of PTSD. Will you please direct us to where these appear in Plaintiffs' discovery requests?

**Brandy C. Peery**
**Shareholder**
dcm-logo-HORIZ

***Note: New Suite Number***

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

---

**From:** Nicole Guitelman <nicoleg@torekeland.com>
**Sent:** Thursday, August 18, 2022 11:32 AM
**To:** Brandy Peery <bpeery@lawdcm.com>; Tor Ekeland <tor@torekeland.com>; Rain Minns <rain@rainminnslaw.com>; Michael Hassard <Michael@torekeland.com>; David Apple <jdapple@applefinklaw.com>
**Cc:** Ricardo Cedillo <rcedillo@lawdcm.com>; Kathleen N. Folks <kfolks@lawdcm.com>; Susan V. Holt <sholt@lawdcm.com>
**Subject:** [External] Re: Dr. Guerra' Subpoena for Medical Records (Cantu v. Guerra)

Brandy,

Pursuant to the Court's Order [Doc. 98], please allow this email to serve as our effort to confer on Plaintiffs' Motion to Quash Dr. Guerra's Subpoena of Plaintiffs' Medical and Billing Records.
As per Rule 26, we are working with Plaintiffs to compile all medical billing records for the relevant time period and will produce them to you.

As for the medical records, we will produce all non-privileged, responsive information in our custody, possession, and control. We assert the therapist-patient privilege prevents the release of most, if not all, of these documents to you. We will also seek a protective order before any of these sensitive and confidential medical records can be released. Furthermore, in the subpoenas, you request ALL forms of medical information that pertain to either Dr. Cantu or Mrs. Cantu. We have received your most recent discovery request and are working with Plaintiffs to acquire/compile all necessary documents.

On July 20, 2022, a week after we filed a motion to quash your subpoenas, you sent us the HIPAA authorizations. We informed you weeks prior that you failed to attach the necessary HIPAA authorization forms to your subpoenas. You refused to work with us, stating your disagreement, and necessitating our Motion to Quash.

Rule 26 requires you produce Dr. Guerra's medical records. You claim a diagnosis of PTSD, caused by Plaintiffs, in your Counterclaims. We seek those records, as they were never produced in the Initial Disclosures and in Discovery. Again, we ask that you to produce all medical records in relation to your defamation Counterclaim, including all information related to any sexually transmitted disease and information on use of Valtrex.

Finally, as the Court has ordered us to file a Joint Report today. Please give us your thoughts on how you would like to proceed.

On behalf of Tor Ekeland.

Kind Regards,
Nicole

Law Clerk, Pending Admission
Tor Ekeland Law, PLLC
30 Wall Street,
8th Floor
New York, NY 10005-2205
(718) 737-7264

nicoleg@torekeland.com
www.torekeland.com

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.

---

**From:** Brandy Peery <bpeery@lawdcm.com>
**Date:** Wednesday, August 17, 2022 at 11:45 AM
**To:** Tor Ekeland <tor@torekeland.com>, Rain Minns <rain@rainminnslaw.com>, Michael Hassard <Michael@torekeland.com>, David Apple <jdapple@applefinklaw.com>
**Cc:** Ricardo Cedillo <rcedillo@lawdcm.com>, Kathleen N. Folks <kfolks@lawdcm.com>, Susan V. Holt <sholt@lawdcm.com>, Nicole Guitelman <nicoleg@torekeland.com>
**Subject:** Dr. Guerra' Subpoena for Medical Records (Cantu v. Guerra)

Tor-

Pursuant to the Court's Order [Doc. 98], please allow this email to serve as our effort to confer on Plaintiffs' Motion to Quash Dr. Guerra's Subpoena of Plaintiffs' Medical and Billing Records. Plaintiffs have included treatment costs as part of Plaintiffs' alleged damage model and identified Dr. John Seals, Randolph A. Pollock, MA, LPC, Dr. Joann Murphy, and Deena Trevino on Plaintiffs' list of "witnesses" on Plaintiffs' Initial Disclosures (attached) and as persons with knowledge of relevant facts thereby rendering these records discoverable. Section 3 of Plaintiffs' Initial Disclosures (Damages Calculation) includes costs for treatment with Dr. Seals, Steve Cervantes, and Randolph Pollock. In Section 2 of Plaintiffs' Initial Disclosures (category of documents), Plaintiffs list "receipts for costs listed below [which includes costs for treatment with Dr. Seals, Steve Cervantes, and Randolph Pollock]." Plaintiffs have a duty to provide these medical and billing records under Rule 26 without us even asking, nevertheless we have made numerous requests but still have not received any of the requested records.

You advised the Court during our hearing last week that if we needed the billing and medical records "all [we] needed to do was ask you for them." You received the notices of the subpoenas on June 28th. We did not receive a response until July 5th when your law clerk, in spite of Plaintiffs' Initial Disclosures, emailed us stating, "There is nothing in this case justifying your blanket request for medical information."

We sent our First Requests for Production to Dr. Cantu on June 24, 2022 requesting documents regarding Plaintiffs' claims for cost and damages (including medical costs) set forth in Section 3 of Plaintiffs' Disclosures. We received the below response on July 25th and still have not received any of the requested documents.

I also attempted to confer with you and sent you proposed HIPAA authorizations on July 20th. Again, we received no response.

In a "belt and suspenders" effort to ensure we have clarified all the documents and information we seek from

th

Plaintiffs, we sent the attached Interrogatories and RFPs to Plaintiffs on August 15 .

We have now repeatedly requested that Plaintiffs provide copies of their medical and billing records from the providers identified in Plaintiffs' Initial Disclosures. Will you now honor your representations to the Court that you will provide this information "if [we] just ask for it?"

Our request for medical and billing records is from January 1, 2014 (approximately 4 years before Dr. Guerra and her minor children were accosted at Pei Wei by Mrs. Cantu) to the present. The dates are relative to Mrs. Cantu's admitted pre-existing conditions and the Cantus' prior custody suit and span until the present in light of Plaintiffs' responses to discovery that costs are still being incurred. If it is your contention that the requests are overly broad in time or scope, then please let us know how you propose that we limit the time and scope and we will consider a compromise.

**Brandy C. Peery**
**Shareholder**
dcm-logo-HORIZ

***Note: New Suite Number***

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU and | § | |
| DR. RODRIGO CANTU, | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | CASE NO 5:20-CV-00746-JKP (HJB) |
| | § | |
| V. | § | |
| | § | |
| DR. SANDRA GUERRA and | § | |
| DIGITAL FORENSICS CORPORATION, | § | |
| LLC | § | |
| *Defendants* | § | JURY DEMANDED |

**JOINT ADVISORY TO THE COURT REGARDING DEFENDANT, DR. GUERRA'S SUBPOENA OF PLAINTIFFS' MEDICAL AND BILLING RECORDS**

Pursuant to paragraph 1 of the Court's Order [Doc. 98], Plaintiffs, MELODY JOY CANTU and DR. RODRIGO CANTU (collectively, "Plaintiffs"), and Defendant, DR. SANDRA GUERRA ("Dr. Guerra"), file this Advisory to the Court:

1. The parties have conferred on Dr. Guerra's subpoenas of Plaintiffs' medical and billing records which are the subject of Plaintiffs' Motion to Quash Subpoenas for Medical Records [Doc. 90] and Defendant, Dr. Guerra's Response thereto [Doc. 93].

2. No resolution has been reached by the parties.

Date: August 18, 2022.

Respectfully submitted,

**TOR EKELAND LAW, PLLC**
30 Wall Street, 8th Floor
New York, NY
Telephone: (718) 737 - 7264
Facsimile: (718) 504 - 5417

By: *\/s/Tor Ekeland*
TOR EKELAND
NY Bar No. 4493631
*Pro Hac Vice*
tor@torekeland.com

*and*

**MINNS LAW FIRM, P.C.**
**D/B/A RAIN MINNS LAW FIRM**
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Telephone: (512) 372-3222
Facsimile: (512) 861-2403

By: */s/Rain Levy Minns*
RAIN LEVY MINNS
Texas State Bar No. 24034581
rain@rainminnslaw.com

COUNSEL FOR PLAINTIFFS/COUNTER-DEFENDANTS, MELODY JOY CANTU AND DR. RODRIGO CANTU

                         **DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza
755 E. Mulberry Avenue, Suite 500
San Antonio, Texas 78212
Telephone: (210) 822-6666
Facsimile: (210) 660-3795

By: *\/s/Ricardo G. Cedillo*
RICARDO G. CEDILLO
Texas State Bar No. 04043600
rcedillo@lawdcm.com
BRANDY C. PEERY
Texas State Bar No. 24057666
bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF, DR. SANDRA GUERRA

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of August 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

*/s/Tor Ekeland*
TOR EKELAND

*/s/Ricardo G. Cedillo*
RICARDO G. CEDILLO