# EXHIBIT 3



**Attachments:** RE External Re Dr. Guerra" Subpoena for Medical Records (Cantu v. Guerra).msg
2022 06 23 Doc 88 Confidentiality and Protective Order.pdf

---

**From:** Brandy Peery
**Sent:** Monday, August 29, 2022 12:51 PM
**To:** Tor Ekeland <tor@torekeland.com>; David Apple <jdapple@applefinklaw.com>; Michael Hassard <Michael@torekeland.com>
**Subject:** RE: [External] Re: Cantu v. Guerra - Protective Order - Medical Records

Tor-

The Confidentiality Order entered by the Court is a global order. I also advised you and Michael in my email on August 18th (attached) as follows:

"Lastly, as to Confidentiality, the Court has already entered a Confidentiality and Protective Order in this Case [Doc 88], which you opposed. We do not have any issue with the medical or billing records being produced subject to the Court's Confidentiality and Protective Order."

**Brandy C. Peery**
**Shareholder**
dc&m | Davis, Cedillo & Mendoza, INC.
ATTORNEYS AT LAW

***Note: New Suite Number***

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

---

**From:** Tor Ekeland <tor@torekeland.com>
**Sent:** Monday, August 29, 2022 12:42 PM
**To:** David Apple <jdapple@applefinklaw.com>; Michael Hassard <Michael@torekeland.com>
**Cc:** Brandy Peery <bpeery@lawdcm.com>
**Subject:** [External] Re: Cantu v. Guerra - Protective Order - Medical Records

Not on these records, and we want the assurance.

T

---

**From:** David Apple <jdapple@applefinklaw.com>
**Date:** Monday, August 29, 2022 at 11:23 AM
**To:** Michael Hassard <Michael@torekeland.com>
**Cc:** bpeery@lawdcm.com <bpeery@lawdcm.com>, Tor Ekeland <tor@torekeland.com>
**Subject:** Re: Cantu v. Guerra - Protective Order - Medical Records

Michael,

There is already a protective order in place in this case.

David

J. David Apple
APPLE & FINK, LLP
735 Plaza Blvd.
Suite 200
Coppell, Texas 75019
(972) 315-1900 x223
(972) 315-1955 fax
jdapple@applefinklaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a law firm. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, or any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

On Thu, Aug 25, 2022 at 12:52 PM Michael Hassard <Michael@torekeland.com> wrote:

> Brandy and David,
>
> Good Afternoon, I am taking over for Nicole Guitelman on this matter. We are filing a request for a protective order covering Ms. Cantu's medical records. Can you please let me know whether you consent to a protective order covering medical records, I will send

you both a copy prior to filing.

Michael Hassard
Associate Attorney
Tor Ekeland Law, PLLC
  & TorMark Law, LLP
30 Wall Street, 8th Floor
New York, NY 10005
p. 718-737-7264

torekeland.com
tormarklaw.com

**From:** Brandy Peery
**To:** Tor Ekeland; Rain Minns; Michael Hassard; David Apple
**Cc:** Ricardo Cedillo; Kathleen N. Folks; Susan V. Holt; Nicole Guitelman
**Subject:** RE: [External] Re: Dr. Guerra" Subpoena for Medical Records (Cantu v. Guerra)
**Date:** Thursday, August 18, 2022 5:09:00 PM
**Attachments:** image002.jpg
image003.png
image004.jpg
2022 08 18 Joint Advisory to Court Re Def Dr. Guerra"s Subpoena of Plaintiffs" Medical and Billing Records.pdf

---

Tor:

It appears from your law clerk's email below that we are at an impasse.

First, Section 1 of the Court's Order [Doc 98] for which we must file a Joint Advisory relates only to Dr. Guerra's subpoenas for Plaintiffs' medical records. I will address this issue first and then address the other discovery issues raised in Ms. Guitelman's email.

The purpose serving the subpoena directly to the medical providers is to ensure we obtain *all* medical and billing records, not just the records within your clients' custody, possession, or control. It is unusual for any individual to maintain *all* their medical and billing records. These are generally maintained by the provider. In fact, Mrs. Cantu testified she couldn't "remember offhand" whether she had her medical records from Dr. Searls because it had "been a while." When asked if she could search for the records, she replied, "I guess I could." Her deposition was taken on July 26th. It has been over 3 weeks and we still have not received these records or any response as to whether Mrs. Cantu has them. The custodian of records for each of the medical providers is the best source for obtain a full, complete, and accurate set of medical and billing records. Plaintiffs can resolve this matter by simply directing these providers to provide us with the requested records along with the business records affidavit. Plaintiffs can do this by executing the proposed HIPAA authorizations we sent you on July 20th (nearly one month ago).

Secondly, we are entitled to the *unredacted* medical records. Plaintiffs have not provided any arguments as to why the exception to the physician-patient privilege under TRE 509 and *R.K. v. Ramirez*, 887 S.W.2d 836, 840, 843 (Tex. 1994) does not apply to Plaintiffs' medical records in this case. *See* Dr. Guerra' Response to Plaintiffs' Motion to Quash, ¶6-10.

Furthermore, Ms. Guitelman states in her email below that your office is "working with Plaintiffs to compile all medical billing records for the relevant time period and will produce them to [us]" but does not state Plaintiff's proposed "relevant time period" or *when* the documents will actually be produced. Per my email from yesterday (below), our request for Plaintiffs' medical and billing records extends from January 1, 2014 (approximately 4 years before Dr. Guerra and her minor children were accosted at Pei Wei by Mrs. Cantu) to the present. The dates are relative to Mrs. Cantu's admitted pre-existing conditions and the Cantus' prior custody suit and span until the present considering Plaintiffs' responses to discovery that costs are still being incurred. I stated in my email below that if it is your contention that the requests are overly broad in time or scope, then please let us know how you propose we limit the time and scope and we will consider a compromise. Ms. Guitelman's email below provides no such proposal as to a limit on time or scope. Time is of the essence as the discovery deadline expires in less than 30 days. We demand that the medical and billing documents that are the subject of our subpoenas noticed on June 28th be produced no later than August 26th.

Lastly, as to Confidentiality, the Court has already entered a Confidentiality and Protective Order in this Case [Doc 88], which you opposed. We do not have any issue with the medical or billing records being produced subject to the Court's Confidentiality and Protective Order.

**Please find attached a proposed Joint Advisory to the Court stating that the parties have conferred and were unable to reach a resolution. Please let us know as soon as possible if you approve for filing today.**

As to the other discovery issues addressed in Ms. Guitelman's email, I have reviewed Plaintiffs' first, second, and third set of RFPS and have not seen any requests for production of "all medical records in relation to [Dr. Guerra's] defamation Counterclaim, including all information related to any sexually transmitted disease and information on use of Valtrex" or any documents related to her diagnosis of PTSD. Will you please direct us to where these appear in Plaintiffs' discovery requests?

**Brandy C. Peery**
**Shareholder**
dcm-logo-HORIZ

***Note: New Suite Number***

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

---

**From:** Nicole Guitelman <nicoleg@torekeland.com>
**Sent:** Thursday, August 18, 2022 11:32 AM
**To:** Brandy Peery <bpeery@lawdcm.com>; Tor Ekeland <tor@torekeland.com>; Rain Minns <rain@rainminnslaw.com>; Michael Hassard <Michael@torekeland.com>; David Apple <jdapple@applefinklaw.com>
**Cc:** Ricardo Cedillo <rcedillo@lawdcm.com>; Kathleen N. Folks <kfolks@lawdcm.com>; Susan V. Holt <sholt@lawdcm.com>
**Subject:** [External] Re: Dr. Guerra' Subpoena for Medical Records (Cantu v. Guerra)

Brandy,

Pursuant to the Court's Order [Doc. 98], please allow this email to serve as our effort to confer on Plaintiffs' Motion to Quash Dr. Guerra's Subpoena of Plaintiffs' Medical and Billing Records.
As per Rule 26, we are working with Plaintiffs to compile all medical billing records for the relevant time period and will produce them to you.

As for the medical records, we will produce all non-privileged, responsive information in our custody, possession, and control. We assert the therapist-patient privilege prevents the release of most, if not all, of these documents to you. We will also seek a protective order before any of these sensitive and confidential medical records can be released. Furthermore, in the subpoenas, you request ALL forms of medical information that pertain to either Dr. Cantu or Mrs. Cantu. We have received your most recent discovery request and are working with Plaintiffs to acquire/compile all necessary documents.

On July 20, 2022, a week after we filed a motion to quash your subpoenas, you sent us the HIPAA authorizations. We informed you weeks prior that you failed to attach the necessary HIPAA authorization forms to your subpoenas. You refused to work with us, stating your disagreement, and necessitating our Motion to Quash.

Rule 26 requires you produce Dr. Guerra's medical records. You claim a diagnosis of PTSD, caused by Plaintiffs, in your Counterclaims. We seek those records, as they were never produced in the Initial Disclosures and in Discovery. Again, we ask that you to produce all medical records in relation to your defamation Counterclaim, including all information related to any sexually transmitted disease and information on use of Valtrex.

Finally, as the Court has ordered us to file a Joint Report today. Please give us your thoughts on how you would like to proceed.

On behalf of Tor Ekeland.

Kind Regards,
Nicole

Law Clerk, Pending Admission
Tor Ekeland Law, PLLC
30 Wall Street,
8th Floor
New York, NY 10005-2205
(718) 737-7264

nicoleg@torekeland.com
www.torekeland.com

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.

---

**From:** Brandy Peery <bpeery@lawdcm.com>
**Date:** Wednesday, August 17, 2022 at 11:45 AM
**To:** Tor Ekeland <tor@torekeland.com>, Rain Minns <rain@rainminnslaw.com>, Michael Hassard <Michael@torekeland.com>, David Apple <jdapple@applefinklaw.com>
**Cc:** Ricardo Cedillo <rcedillo@lawdcm.com>, Kathleen N. Folks <kfolks@lawdcm.com>, Susan V. Holt <sholt@lawdcm.com>, Nicole Guitelman <nicoleg@torekeland.com>
**Subject:** Dr. Guerra' Subpoena for Medical Records (Cantu v. Guerra)

Tor-

Pursuant to the Court's Order [Doc. 98], please allow this email to serve as our effort to confer on Plaintiffs' Motion to Quash Dr. Guerra's Subpoena of Plaintiffs' Medical and Billing Records. Plaintiffs have included treatment costs as part of Plaintiffs' alleged damage model and identified Dr. John Seals, Randolph A. Pollock, MA, LPC, Dr. Joann Murphy, and Deena Trevino on Plaintiffs' list of "witnesses" on Plaintiffs' Initial Disclosures (attached) and as persons with knowledge of relevant facts thereby rendering these records discoverable. Section 3 of Plaintiffs' Initial Disclosures (Damages Calculation) includes costs for treatment with Dr. Seals, Steve Cervantes, and Randolph Pollock. In Section 2 of Plaintiffs' Initial Disclosures (category of documents), Plaintiffs list "receipts for costs listed below [which includes costs for treatment with Dr. Seals, Steve Cervantes, and Randolph Pollock]." Plaintiffs have a duty to provide these medical and billing records under Rule 26 without us even asking, nevertheless we have made numerous requests but still have not received any of the requested records.

You advised the Court during our hearing last week that if we needed the billing and medical records "all [we] needed to do was ask you for them." You received the notices of the subpoenas on June 28th. We did not receive a response until July 5th when your law clerk, in spite of Plaintiffs' Initial Disclosures, emailed us stating, "There is nothing in this case justifying your blanket request for medical information."

We sent our First Requests for Production to Dr. Cantu on June 24, 2022 requesting documents regarding Plaintiffs' claims for cost and damages (including medical costs) set forth in Section 3 of Plaintiffs' Disclosures. We received the below response on July 25th and still have not received any of the requested documents.

I also attempted to confer with you and sent you proposed HIPAA authorizations on July 20th. Again, we received no response.

In a "belt and suspenders" effort to ensure we have clarified all the documents and information we seek from

th

Plaintiffs, we sent the attached Interrogatories and RFPs to Plaintiffs on August 15 .

We have now repeatedly requested that Plaintiffs provide copies of their medical and billing records from the providers identified in Plaintiffs' Initial Disclosures. Will you now honor your representations to the Court that you will provide this information "if [we] just ask for it?"

Our request for medical and billing records is from January 1, 2014 (approximately 4 years before Dr. Guerra and her minor children were accosted at Pei Wei by Mrs. Cantu) to the present. The dates are relative to Mrs. Cantu's admitted pre-existing conditions and the Cantus' prior custody suit and span until the present in light of Plaintiffs' responses to discovery that costs are still being incurred. If it is your contention that the requests are overly broad in time or scope, then please let us know how you propose that we limit the time and scope and we will consider a compromise.

**Brandy C. Peery**
**Shareholder**
dcm-logo-HORIZ

***Note: New Suite Number***

OFFICE: 210-822-6666
FAX: 210-660-3795
EMAIL: bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU and | § | |
| DR. RODRIGO CANTU, | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | CASE NO 5:20-CV-00746-JKP (HJB) |
| | § | |
| V. | § | |
| | § | |
| DR. SANDRA GUERRA and | § | |
| DIGITAL FORENSICS CORPORATION, | § | |
| LLC | § | |
| *Defendants* | § | JURY DEMANDED |

**JOINT ADVISORY TO THE COURT REGARDING DEFENDANT, DR. GUERRA'S SUBPOENA OF PLAINTIFFS' MEDICAL AND BILLING RECORDS**

Pursuant to paragraph 1 of the Court's Order [Doc. 98], Plaintiffs, MELODY JOY CANTU and DR. RODRIGO CANTU (collectively, "Plaintiffs"), and Defendant, DR. SANDRA GUERRA ("Dr. Guerra"), file this Advisory to the Court:

1. The parties have conferred on Dr. Guerra's subpoenas of Plaintiffs' medical and billing records which are the subject of Plaintiffs' Motion to Quash Subpoenas for Medical Records [Doc. 90] and Defendant, Dr. Guerra's Response thereto [Doc. 93].

2. No resolution has been reached by the parties.

Date: August 18, 2022.

Respectfully submitted,

**TOR EKELAND LAW, PLLC**
30 Wall Street, 8th Floor
New York, NY
Telephone: (718) 737 - 7264
Facsimile: (718) 504 - 5417

By: *___/s/Tor Ekeland____________________*
TOR EKELAND
NY Bar No. 4493631
*Pro Hac Vice*
tor@torekeland.com

*and*

**MINNS LAW FIRM, P.C.**
**D/B/A RAIN MINNS LAW FIRM**
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Telephone: (512) 372-3222
Facsimile: (512) 861-2403

By: *___/s/Rain Levy Minns____________________*
RAIN LEVY MINNS
Texas State Bar No. 24034581
rain@rainminnslaw.com

COUNSEL FOR PLAINTIFFS/COUNTER-DEFENDANTS, MELODY JOY CANTU AND DR. RODRIGO CANTU

        **DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza
755 E. Mulberry Avenue, Suite 500
San Antonio, Texas 78212
Telephone: (210) 822-6666
Facsimile: (210) 660-3795

By: *\/s/Ricardo G. Cedillo*
RICARDO G. CEDILLO
Texas State Bar No. 04043600
rcedillo@lawdcm.com
BRANDY C. PEERY
Texas State Bar No. 24057666
bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF, DR. SANDRA GUERRA

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of August 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

*/s/Tor Ekeland*
TOR EKELAND

*/s/Ricardo G. Cedillo*
RICARDO G. CEDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU and DR. RODRIGO CANTU, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | SA-20-CV-746-JKP (HJB) |
| | § | |
| DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Consistent with the Court's ruling at the hearing held in this case on June 22, 2022, the Court's enters this standard Confidentiality and Protective Order in this case. The Court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a Protective Order for such information is justified in this matter:

- to expedite the flow of information;
- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;
- to adequately protect information the parties are entitled to keep confidential;
- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;
- to address the handling of confidential materials at the end of the litigation; and
- to serve the ends of justice.

This Protective Order does not confer blanket protection on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

**1. Confidential Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a. the party, if a natural person;

b. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Confidential information, are bound by the terms of this Protective Order;

c. retained counsel for the parties in this litigation and their respective staff;

d. this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

e. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential information are bound by the terms of this Protective Order;

f. jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential information are bound by the terms of this Protective Order;

g. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

h. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the

information confidential, provided that such persons may see and use the Confidential information but not retain a copy; and

i. such other person or persons as this court may designate after notice and an opportunity to be heard.

**3. Designation Criteria**

a. A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Confidential information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b. Confidential information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

## 4. Use of Confidential information

All Confidential information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms of this Order.

## 5. Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Confidential information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." The designation should be made in a fashion or form that is conspicuous yet allows the Confidential information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

## 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential information by indicating on the record at the deposition that the testimony is "Confidential."

Any party also may designate information disclosed at a deposition as Confidential information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential information. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Confidential information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential information is being used or discussed.

**7. Disclosure to Qualified Persons**

Confidential information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information.

**8. Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential information later may be designated and shall be treated as Confidential information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9. Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential information during inspection. At the time of copying for the receiving parties, Confidential information shall be marked prominently "Confidential" by the producing party.

**10. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential information, irrespective of which party produced such information.

**11. Challenging the Designation of Confidential Information**

A party shall not be obligated to challenge the propriety of a designation of Confidential information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential

information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential information unless the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential information.

**12. Challenging Release of Confidential Information to Qualified Person**

In the event that any party in good faith believes that a particular Qualified Person or the disclosure of particular Confidential information to such person should be precluded, the objecting party shall give written notice to the opposing party and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the written notice to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Confidential information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**13. Manner of Use in Proceedings**

In the event a party wishes to use any Confidential information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

**14. Filing Under Seal**

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential information by any party to this litigation consistent with the sealing requirements of the court.

**15. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding

this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential information.

**16. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**17. Duty to Ensure Compliance**

Any party providing Confidential information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19. Modifications and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

It is so **ORDERED.**

**SIGNED** on June 23, 2022.

Henry J. Bemporad
United States Magistrate Judge