# EXHIBIT 4

# Facsimile Cover Sheet

**To:**

**Company:**

**Phone:**

**Fax:**  (972) 315-1955

**From:**  Blend Record Retrieval, Inc. BRR

**Company:**  Blend Record Retrieval, Inc.

**Phone:**

**Fax:**  18772558158

**Date:**  06/28/2022

**Pages including this cover sheet:**  89

## Comments:

```
Cause No. 5:20-CV-0746-JKP-HJB / Please see the attached notice(s) &
DWQ(s) along with the waiver/order form.
Thank you,
Blend Litigation Support
E: records@blendlit.com
P: (210) 227-9500
F: (877) 255-8158
```

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**WAIVER OF NOTICE PERIOD & COPY ORDER FORM**

Originally delivered with Notice of Intention to Take Written Deposition(s) on **June 28, 2022**.

Blend Document Technologies, LLC has been commissioned by **Ricardo G. Cedillo** of **DAVIS, CEDILLO & MENDOZA, INC.** to obtain records on **Melody Joy Cantu** from the following custodian(s) for use in the above-referenced case.

[   ] **I AGREE TO WAIVE THE NOTICE PERIOD**          [   ] **I DO NOT WAIVE THE NOTICE PERIOD**
    (Applies to entire notice, unless otherwise indicated on this sheet)              (Default if no response)

If you would like copies of the records and depositions for any of these, please indicate by checking the box next to the appropriate entity(ies) below. Price quotes are available upon request.

[   ] **John R. Seals, M.D. (Medical records)**
[   ] **John R. Seals, M.D. (Billing records)**
[   ] **Randolph A. Pollock, MA, LPC (Medical records)**
[   ] **Randolph A. Pollock, MA, LPC (Billing records)**
[   ] **Dr. Elizabeth Joann Murphey, PHD (Medical records)**
[   ] **Dr. Elizabeth Joann Murphey, PHD (Billing records)**
[   ] **Dina Trevino, PhD (Medical records)**
[   ] **Dina Trevino, PhD (Billing records)**

[   ] **ALL OF THE ABOVE**          [   ] **NO COPIES**
                                                      (Default if no response)

[   ] Contact me for fee approval on any record set over $_____ before sending copies.

Please bill invoices for record copies to:

_____
Date of signature and return

_____
**Responding attorney signature**

_____
Printed name

By ordering copies of records with this form, you acknowledge responsibility for charges assessed for production and delivery. You also acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in Bexar County, Texas. All order cancellations must be submitted in writing. If records have already been copied and fees incurred, billing will be prorated accordingly.

Please return to:          **Blend Document Technologies, LLC**
                            1015 Central Parkway North, Ste. 100
                            San Antonio, TX 78232
                            TEL: (210) 227-9500 | FAX: (877) 255-8158
                            records@blendlit.com

6506          **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS**

To **Plaintiff(s)**, by and through their attorneys of record: **Rain Levy Minns (MINNS LAW FIRM, P.C.) and Tor Ekeland (TOR EKELAND LAW, PLLC)**;
To all other parties, by and through their attorneys of record: **J. David Apple (APPLE & FINK, LLP)**

You will please take notice that on 07/13/2022 at 10:00 a.m., at the offices of the Custodian(s) of records, a deposition by written questions will be taken of the Custodian(s) of records for:

**John R. Seals, M.D. (Medical records) located at 4410 Medical Dr., Ste 240, San Antonio, TX 78229**
**John R. Seals, M.D. (Billing records) located at 4410 Medical Dr., Ste 240, San Antonio, TX 78229**
**Randolph A. Pollock, MA, LPC (Medical records) located at 11118 Wurzbach Rd, Ste 207, San Antonio, TX 78230**
**Randolph A. Pollock, MA, LPC (Billing records) located at 11118 Wurzbach Rd, Ste 207, San Antonio, TX 78230**
**Dr. Elizabeth Joann Murphey, PHD (Medical records) located at 1202 W Bitters Rd, Ste 3, San Antonio, TX 78216**
**Dr. Elizabeth Joann Murphey, PHD (Billing records) located at 1202 W Bitters Rd, Ste 3, San Antonio, TX 78216**
**Dina Trevino, PhD (Medical records) located at 7272 Wurzbach Rd #1504, San Antonio, TX 78240**
**Dina Trevino, PhD (Billing records) located at 7272 Wurzbach Rd #1504, San Antonio, TX 78240**

before a Notary Public for        **Blend Document Technologies, LLC**
                                   **1015 Central Parkway North, Ste. 100**
                                   **San Antonio, TX 78232**
                                   **Tel: (210) 227-9500 | Fax: (877) 255-8158**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce all records, as described on the attached questions and/or exhibit(s), and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to **Melody Joy Cantu**, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

/s/ Ricardo G. Cedillo

**Ricardo G. Cedillo**
Bar #04043600
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212-3135
Tel.: (210) 822-6666   |   Fax: (210) 660-3795
**Attorney for Defendant(s), Dr. Sandra Guerra**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all parties listed by hand delivery, e-mail, facsimile, and/or certified mail on this day.

Dated: ___June 28, 2022___                    By:    /s/ Ricardo G. Cedillo

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | ) |
| | ) |
| V. | )     Civil Action No.   5:20-CV-0746-JKP-HJB |
| | ) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                      John R. Seals, M.D.
4410 Medical Dr., Ste 240
San Antonio, TX 78229
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: John R. Seals, M.D., 4410<br>Medical Dr., Ste 240, San Antonio, TX 78229 | Date and Time:<br><br>07/13/2022 10:00 AM |
|---|---|

     The deposition will be recorded by this method:   Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/28/2022

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Ricardo G. Cedillo<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant(s)
Dr. Sandra Guerra                                   , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                           *Server's signature*

                                                _____
                                                           *Printed name and title*

                                                _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **MELODY JOY CANTU AND** | § |
| **DR. RODRIGO CANTU** | § |
| | § |
| **V.** | §    CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § |
| **DR. SANDRA GUERRA AND** | § |
| **DIGITAL FORENSICS CORPORATION, LLC** | § |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of records for:    **John R. Seals, M.D.**
Records pertain to:         **Melody Joy Cantu**
Records requested:         **See Attached Exhibit 'A'**

1. Please state your full name, official title and business address.

   Answer: _____

2. Please state whether **John R. Seals, M.D.** has provided healthcare services and/or treatment to **Melody Joy Cantu**.

   Answer: _____

3. Please state whether **John R. Seals, M.D.** has ever made or caused to be made any notes, records and/or reports pertaining to **Melody Joy Cantu**.

   Answer: _____

4. Are documents such as those described above under your supervision, direction, custody and/or control?

   Answer: _____

5. Have you received a subpoena for the production of the above described documents?

   Answer: _____

6. Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

   Answer: _____

7. Were these documents made (or caused to be made) during the regular course of business activity?

   Answer: _____

8. Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

   Answer: _____

9. Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

   Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

6506.001

**EXHIBIT B**

12. Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____

WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly
sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records
attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

**ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT**, including but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format (IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD) pertaining to: Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | ) |
| V. | ) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | ) |

Civil Action No.  5:20-CV-0746-JKP-HJB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
John R. Seals, M.D.
4410 Medical Dr., Ste 240
San Antonio, TX 78229
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: John R. Seals, M.D., 4410 Medical Dr., Ste 240, San Antonio, TX 78229 | Date and Time:<br>07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:  Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/28/2022

*CLERK OF COURT*

OR

|  |  |
|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | /s/ Ricardo G. Cedillo<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendant(s)
Dr. Sandra Guerra                                                        , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:   **John R. Seals, M.D.**
Records pertain to:          **Melody Joy Cantu**
Records requested:           **See Attached Exhibit 'A'**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these documents as originals, or as true copies thereof?

    Answer: _____

6.  Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition.  Have you complied? If not, please give the reasons for any omissions.

    Answer: _____

7.  Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

    Answer: _____

8.  Were such documents kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of **John R. Seals, M.D.** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

    Answer: _____

**EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Melody Joy Cantu** for the period of **01/01/2014 to present**:

   A.   TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

   Answer: _____

   B.   TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

   Answer: _____

   C.   TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

   Answer: _____

   D.   TOTAL AMOUNT PAID BY **Melody Joy Cantu** OR THEIR REPRESENTATIVES:

   Answer: _____

   E.   TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

   Answer: _____

   F.   TOTAL AMOUNT STILL OWED, AND BY WHOM:

   Answer: _____

_____

WITNESS (Custodian of Records)

     Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

     SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC

My commission expires: _____

**EXHIBIT B**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

### EXHIBIT 'A'

**ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.**

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | )<br>) |
| V. | )<br>) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | )<br>)<br>) |

Civil Action No.   5:20-CV-0746-JKP-HJB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

Randolph A. Pollock, MA, LPC
11118 Wurzbach Rd, Ste 207
San Antonio, TX 78230
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Randolph A. Pollock, MA,<br>LPC, 11118 Wurzbach Rd, Ste 207, San Antonio, TX 78230 | Date and Time:<br>07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

CLERK OF COURT

OR

_____                    /s/ Ricardo G. Cedillo
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant(s)
Dr. Sandra Guerra                                    , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

MELODY JOY CANTU AND                          §
DR. RODRIGO CANTU                             §
                                              §
V.                                            §     CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB**
                                              §
DR. SANDRA GUERRA AND                         §
DIGITAL FORENSICS CORPORATION, LLC            §

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:   **Randolph A. Pollock, MA, LPC**
Records pertain to:         **Melody Joy Cantu**
Records requested:          **See Attached Exhibit 'A'**

1.  Please state your full name, official title and business address.

    Answer: _____

2.  Please state whether **Randolph A. Pollock, MA, LPC** has provided healthcare services and/or treatment to **Melody Joy Cantu**.

    Answer: _____

3.  Please state whether **Randolph A. Pollock, MA, LPC** has ever made or caused to be made any notes, records and/or reports pertaining to **Melody Joy Cantu**.

    Answer: _____

4.  Are documents such as those described above under your supervision, direction, custody and/or control?

    Answer: _____

5.  Have you received a subpoena for the production of the above described documents?

    Answer: _____

6.  Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

    Answer: _____

7.  Were these documents made (or caused to be made) during the regular course of business activity?

    Answer: _____

8.  Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

    Answer: _____

9.  Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

    Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

**EXHIBIT B**

12.  Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____

_____

WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly
sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records
attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

6506.003

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format (IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD) pertaining to: Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.

6506

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND <br> DR. RODRIGO CANTU <br><br> V. <br><br> DR. SANDRA GUERRA AND <br> DIGITAL FORENSICS CORPORATION, LLC | ) <br> ) <br> )    Civil Action No.   5:20-CV-0746-JKP-HJB <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                    Randolph A. Pollock, MA, LPC
                    11118 Wurzbach Rd, Ste 207
                    San Antonio, TX 78230
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Randolph A. Pollock, MA, <br> LPC, 11118 Wurzbach Rd, Ste 207, San Antonio, TX 78230 | Date and Time: <br><br> 07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

| | | |
|---|---|---|
|      *CLERK OF COURT* | OR | |
| | | /s/ Ricardo G. Cedillo |
|     *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant(s)
Dr. Sandra Guerra                                   , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU AND** | § |
| **DR. RODRIGO CANTU** | § |
| | § |
| **V.** | §   CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § |
| **DR. SANDRA GUERRA AND** | § |
| **DIGITAL FORENSICS CORPORATION, LLC** | § |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:  **Randolph A. Pollock, MA, LPC**
Records pertain to:          **Melody Joy Cantu**
Records requested:          **See Attached Exhibit 'A'**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these documents as originals, or as true copies thereof?

    Answer: _____

6.  Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition.  Have you complied? If not, please give the reasons for any omissions.

    Answer: _____

7.  Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

    Answer: _____

8.  Were such documents kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of **Randolph A. Pollock, MA, LPC** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

    Answer: _____

**EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Melody Joy Cantu** for the period of **01/01/2014 to present**:

A.  TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

Answer: _____

B.  TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

Answer: _____

C.  TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

Answer: _____

D.  TOTAL AMOUNT PAID BY **Melody Joy Cantu** OR THEIR REPRESENTATIVES:

Answer: _____

E.  TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

Answer: _____

F.  TOTAL AMOUNT STILL OWED, AND BY WHOM:

Answer: _____


_____
WITNESS (Custodian of Records)

          Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

          SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My commission expires: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

**ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.**

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | ) |
| | ) |
| V. | )   Civil Action No.   5:20-CV-0746-JKP-HJB |
| | ) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

Dr. Elizabeth Joann Murphey, PHD
1202 W Bitters Rd, Ste 3
San Antonio, TX 78216
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dr. Elizabeth Joann<br>Murphey, PHD, 1202 W Bitters Rd, Ste 3, San Antonio, TX<br>78216 | Date and Time:<br>07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

| CLERK OF COURT | |
|---|---|
| | OR |
| | /s/ Ricardo G. Cedillo |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant(s)
Dr. Sandra Guerra                                                   , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____    for travel and $ _____    for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

MELODY JOY CANTU AND                           §
DR. RODRIGO CANTU                              §
                                               §
V.                                             §     CIVIL ACTION NO.  **5:20-CV-0746-JKP-HJB**
                                               §
DR. SANDRA GUERRA AND                          §
DIGITAL FORENSICS CORPORATION, LLC             §

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of records for:  **Dr. Elizabeth Joann Murphey, PHD**
Records pertain to:        **Melody Joy Cantu**
Records requested:         **See Attached Exhibit 'A'**

1. Please state your full name, official title and business address.

   Answer: _____

2. Please state whether **Dr. Elizabeth Joann Murphey, PHD** has provided healthcare services and/or treatment to **Melody Joy Cantu**.

   Answer: _____

3. Please state whether **Dr. Elizabeth Joann Murphey, PHD** has ever made or caused to be made any notes, records and/or reports pertaining to **Melody Joy Cantu**.

   Answer: _____

4. Are documents such as those described above under your supervision, direction, custody and/or control?

   Answer: _____

5. Have you received a subpoena for the production of the above described documents?

   Answer: _____

6. Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

   Answer: _____

7. Were these documents made (or caused to be made) during the regular course of business activity?

   Answer: _____

8. Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

   Answer: _____

9. Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

   Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

6506.005                          **EXHIBIT B**

12. Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

6506.005                                            **EXHIBIT B**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU AND | § | |
| DR. RODRIGO CANTU | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB |
| | § | |
| DR. SANDRA GUERRA AND | § | |
| DIGITAL FORENSICS CORPORATION, LLC | § | |

### EXHIBIT 'A'

**ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT, including** but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format **(IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD)** pertaining to: Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.

6506

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | )<br>) |
| V. | )<br>) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | )<br>)<br>) |

Civil Action No.   5:20-CV-0746-JKP-HJB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

Dr. Elizabeth Joann Murphey, PHD
1202 W Bitters Rd, Ste 3
San Antonio, TX 78216
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dr. Elizabeth Joann<br>Murphey, PHD, 1202 W Bitters Rd, Ste 3, San Antonio, TX<br>78216 | Date and Time:<br>07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

CLERK OF COURT

OR

_____           /s/ Ricardo G. Cedillo
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant(s)
Dr. Sandra Guerra                                                    , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     _____

_____     on *(date)* _____  ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____     for travel and $ _____     for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                            *Server's signature*

                                       _____
                                            *Printed name and title*

                                       _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:  **Dr. Elizabeth Joann Murphey, PHD**
Records pertain to:        **Melody Joy Cantu**
Records requested:         **See Attached Exhibit 'A'**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these documents as originals, or as true copies thereof?

   Answer: _____

6. Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition. Have you complied? If not, please give the reasons for any omissions.

   Answer: _____

7. Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

   Answer: _____

8. Were such documents kept in the regular course of business of this facility?

   Answer: _____

9. Was it in the regular course of business of **Dr. Elizabeth Joann Murphey, PHD** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

   Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

   Answer: _____

6506.006                                **EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Melody Joy Cantu** for the period of **01/01/2014 to present**:

A.  TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

Answer: _____

B.  TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

Answer: _____

C.  TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

Answer: _____

D.  TOTAL AMOUNT PAID BY **Melody Joy Cantu** OR THEIR REPRESENTATIVES:

Answer: _____

E.  TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

Answer: _____

F.  TOTAL AMOUNT STILL OWED, AND BY WHOM:

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My commission expires: _____


6506.006                                    **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

**ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.**

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | ) |
| | ) |
| V. | ) Civil Action No.   5:20-CV-0746-JKP-HJB |
| | ) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:             Dina Trevino, PhD
7272 Wurzbach Rd #1504
San Antonio, TX 78240
*(Name of person to whom this subpoena is directed)*

✔ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dina Trevino, PhD, 7272<br>Wurzbach Rd #1504, San Antonio, TX 78240 | Date and Time:<br><br>07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

✔ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

           *CLERK OF COURT*

                                   OR

                                            /s/ Ricardo G. Cedillo

        *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant(s)
Dr. Sandra Guerra                                     , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135 (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **MELODY JOY CANTU AND** | § |
| **DR. RODRIGO CANTU** | § |
| | § |
| **V.** | §   CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § |
| | § |
| **DR. SANDRA GUERRA AND** | § |
| **DIGITAL FORENSICS CORPORATION, LLC** | § |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of records for:  **Dina Trevino, PhD**
Records pertain to:             **Melody Joy Cantu**
Records requested:             **See Attached Exhibit 'A'**

1.  Please state your full name, official title and business address.

    Answer: _____

2.  Please state whether **Dina Trevino, PhD** has provided healthcare services and/or treatment to **Melody Joy Cantu**.

    Answer: _____

3.  Please state whether **Dina Trevino, PhD** has ever made or caused to be made any notes, records and/or reports pertaining to **Melody Joy Cantu**.

    Answer: _____

4.  Are documents such as those described above under your supervision, direction, custody and/or control?

    Answer: _____

5.  Have you received a subpoena for the production of the above described documents?

    Answer: _____

6.  Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

    Answer: _____

7.  Were these documents made (or caused to be made) during the regular course of business activity?

    Answer: _____

8.  Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

    Answer: _____

9.  Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

    Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

**EXHIBIT B**

12. Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____

WITNESS (Custodian of Records)

    Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly
sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records
attached hereto are exact duplicates of the original records.

    SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

**ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT, including** but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format **(IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD)** pertaining to: Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

MELODY JOY CANTU AND
DR. RODRIGO CANTU

                )
                )

V.

                )    Civil Action No.  5:20-CV-0746-JKP-HJB
                )

DR. SANDRA GUERRA AND
DIGITAL FORENSICS CORPORATION, LLC

                )
                )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                        Dina Trevino, PhD
                        7272 Wurzbach Rd #1504
                        San Antonio, TX 78240
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dina Trevino, PhD, 7272 Wurzbach Rd #1504, San Antonio, TX 78240 | Date and Time:<br><br>07/13/2022 10:00 AM |
|---|---|

        The deposition will be recorded by this method:  Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

                *CLERK OF COURT*

                                        OR

                                          /s/ Ricardo G. Cedillo

        *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant(s)
Dr. Sandra Guerra                               , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135 (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

From: Blend Record Retrieval Fax: 18772558158 To: Fax: (972) 315-1955 Page: 47 of 89 06/28/2022 9:34 PM

Case 5:20-cv-00746-JKP Document 104-4 Filed 09/01/22 Page 48 of 90

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9633;  I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

&#9633;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

            _____
               *Server's signature*

            _____
               *Printed name and title*

            _____
               *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:   **Dina Trevino, PhD**
Records pertain to:             **Melody Joy Cantu**
Records requested:             **See Attached Exhibit 'A'**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these documents as originals, or as true copies thereof?

   Answer: _____

6. Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition.  Have you complied? If not, please give the reasons for any omissions.

   Answer: _____

7. Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

   Answer: _____

8. Were such documents kept in the regular course of business of this facility?

   Answer: _____

9. Was it in the regular course of business of **Dina Trevino, PhD** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

   Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

   Answer: _____

6506.008                                    **EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Melody Joy Cantu** for the period of **01/01/2014 to present**:

A.  TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

Answer: _____

B.  TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

Answer: _____

C.  TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

Answer: _____

D.  TOTAL AMOUNT PAID BY **Melody Joy Cantu** OR THEIR REPRESENTATIVES:

Answer: _____

E.  TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

Answer: _____

F.  TOTAL AMOUNT STILL OWED, AND BY WHOM:

Answer: _____


_____
WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My commission expires: _____


6506.008                                          **EXHIBIT B**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

### EXHIBIT 'A'

**ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Melody Joy Cantu; DOB: 01/20/1976; SSN: XXX-XX-X931.**

**EXHIBIT B**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

MELODY JOY CANTU AND §
DR. RODRIGO CANTU §
§
V. § CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB**
§
DR. SANDRA GUERRA AND §
DIGITAL FORENSICS CORPORATION, LLC §

### WAIVER OF NOTICE PERIOD & COPY ORDER FORM

Originally delivered with Notice of Intention to Take Written Deposition(s) on **June 28, 2022**.

Blend Document Technologies, LLC has been commissioned by **Ricardo G. Cedillo** of **DAVIS, CEDILLO & MENDOZA, INC.** to obtain records on **Rodrigo Cantu** from the following custodian(s) for use in the above-referenced case.

[ ] **I AGREE TO WAIVE THE NOTICE PERIOD**          [ ] **I DO NOT WAIVE THE NOTICE PERIOD**
   (Applies to entire notice, unless otherwise indicated on this sheet)      (Default if no response)

If you would like copies of the records and depositions for any of these, please indicate by checking the box next to the appropriate entity(ies) below. Price quotes are available upon request.
[ ] **Stephen L. Cervantes, LPC (Medical records)**
[ ] **Stephen L. Cervantes, LPC (Billing records)**
[ ] **Dr. Elizabeth Joann Murphey, PHD (Medical records)**
[ ] **Dr. Elizabeth Joann Murphey, PHD (Billing records)**
[ ] **Dina Trevino, PhD (Medical records)**
[ ] **Dina Trevino, PhD (Billing records)**

[ ] **ALL OF THE ABOVE**                                          [ ] **NO COPIES**
                                                                    (Default if no response)

[ ] **Contact me for fee approval on any record set over $_____ before sending copies.**

Please bill invoices for record copies to:

_____        _____
Date of signature and return                    **Responding attorney signature**

                                                _____
                                                Printed name

By ordering copies of records with this form, you acknowledge responsibility for charges assessed for production and delivery. You also acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in Bexar County, Texas. All order cancellations must be submitted in writing. If records have already been copied and fees incurred, billing will be prorated accordingly.

Please return to:     **Blend Document Technologies, LLC**
                      1015 Central Parkway North, Ste. 100
                      San Antonio, TX 78232
                      TEL: (210) 227-9500 | FAX: (877) 255-8158
                      records@blendlit.com
6507                  **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS**

To **Plaintiff(s)**, by and through their attorneys of record: **Rain Levy Minns (MINNS LAW FIRM, P.C.) and Tor Ekeland (TOR EKELAND LAW, PLLC);**
To all other parties, by and through their attorneys of record: **J. David Apple (APPLE & FINK, LLP)**

You will please take notice that on 07/13/2022 at 10:00 a.m., at the offices of the Custodian(s) of records, a deposition by written questions will be taken of the Custodian(s) of records for:

**Stephen L. Cervantes, LPC (Medical records) located at 325 Sonterra, Ste 230, San Antonio, TX 78258
Stephen L. Cervantes, LPC (Billing records) located at 325 Sonterra, Ste 230, San Antonio, TX 78258
Dr. Elizabeth Joann Murphey, PHD (Medical records) located at 1202 W Bitters Rd, Ste 3, San Antonio, TX 78216
Dr. Elizabeth Joann Murphey, PHD (Billing records) located at 1202 W Bitters Rd, Ste 3, San Antonio, TX 78216
Dina Trevino, PhD (Medical records) located at 7272 Wurzbach Rd #1504, San Antonio, TX 78240
Dina Trevino, PhD (Billing records) located at 7272 Wurzbach Rd #1504, San Antonio, TX 78240**

before a Notary Public for    **Blend Document Technologies, LLC
1015 Central Parkway North, Ste. 100
San Antonio, TX 78232
Tel: (210) 227-9500 | Fax: (877) 255-8158**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce all records, as described on the attached questions and/or exhibit(s), and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to **Rodrigo Cantu**, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

/s/ Ricardo G. Cedillo

**Ricardo G. Cedillo**
Bar #04043600
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212-3135
Tel.: (210) 822-6666  |  Fax: (210) 660-3795
**Attorney for Defendant(s), Dr. Sandra Guerra**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all parties listed by hand delivery, e-mail, facsimile, and/or certified mail on this day.

Dated: __June 28, 2022__                By:    /s/ Ricardo G. Cedillo

**EXHIBIT B**

From: Blend Record Retrieval Fax: 18772558158 To: Fax: (972) 315-1955 Page: 54 of 89 06/28/2022 9:34 PM

Case 5:20-cv-00746-JKP Document 104-4 Filed 09/01/22 Page 55 of 90

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU<br><br>V.<br><br>DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | )<br>)<br>)<br>)  Civil Action No. 5:20-CV-0746-JKP-HJB<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
       Stephen L. Cervantes, LPC
       325 Sonterra, Ste 230
       San Antonio, TX 78258
    *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Stephen L. Cervantes, LPC,<br>325 Sonterra, Ste 230, San Antonio, TX 78258 | Date and Time:<br><br>07/13/2022 10:00 AM |
|---|---|

  The deposition will be recorded by this method: Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/28/2022

     *CLERK OF COURT*
             OR     /s/ Ricardo G. Cedillo
   _____  _____
    *Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendant(s)
Dr. Sandra Guerra              , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135 (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

### EXHIBIT B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO.  **5:20-CV-0746-JKP-HJB** |
| | § | |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of records for:   **Stephen L. Cervantes, LPC**
Records pertain to:         **Rodrigo Cantu**
Records requested:          **See Attached Exhibit 'A'**

1. Please state your full name, official title and business address.

   Answer: _____

2. Please state whether **Stephen L. Cervantes, LPC** has provided healthcare services and/or treatment to **Rodrigo Cantu**.

   Answer: _____

3. Please state whether **Stephen L. Cervantes, LPC** has ever made or caused to be made any notes, records and/or reports pertaining to **Rodrigo Cantu**.

   Answer: _____

4. Are documents such as those described above under your supervision, direction, custody and/or control?

   Answer: _____

5. Have you received a subpoena for the production of the above described documents**?**

   Answer: _____

6. Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

   Answer: _____

7. Were these documents made (or caused to be made) during the regular course of business activity?

   Answer: _____

8. Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

   Answer: _____

9. Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

   Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

6507.001                                    **EXHIBIT B**

12. Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU AND | § | |
| DR. RODRIGO CANTU | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB |
| | § | |
| DR. SANDRA GUERRA AND | § | |
| DIGITAL FORENSICS CORPORATION, LLC | § | |

### EXHIBIT 'A'

**ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT,** including but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format **(IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD)** pertaining to: Rodrigo Cantu; DOB: 08/27/1972.

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | ) | |
| | ) | |
| V. | ) | Civil Action No.   5:20-CV-0746-JKP-HJB |
| | ) | |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | ) | |
| | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Stephen L. Cervantes, LPC
325 Sonterra, Ste 230
San Antonio, TX 78258
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Stephen L. Cervantes, LPC,<br>325 Sonterra, Ste 230, San Antonio, TX 78258 | Date and Time:<br>07/13/2022 10:00 AM |
|---|---|

　　　　The deposition will be recorded by this method:  Written Questions

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　06/28/2022

　　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　OR

| | |
|---|---|
| _____ | /s/ Ricardo G. Cedillo<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　Defendant(s)
Dr. Sandra Guerra　　　　　　　　　　　　　　　　　　　　　, who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❑ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                         *Server's signature*

                                 _____
                                       *Printed name and title*

                                 _____
                                       *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:   **Stephen L. Cervantes, LPC**
Records pertain to:              **Rodrigo Cantu**
Records requested:              **See Attached Exhibit 'A'**

1. Please state your full name.

    Answer: _____

2. Please state by whom you are employed and the business address.

    Answer: _____

3. What is the title of your position or job?

    Answer: _____

4. Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

    Answer: _____

5. Are you able to identify these documents as originals, or as true copies thereof?

    Answer: _____

6. Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition.  Have you complied?  If not, please give the reasons for any omissions.

    Answer: _____

7. Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

    Answer: _____

8. Were such documents kept in the regular course of business of this facility?

    Answer: _____

9. Was it in the regular course of business of **Stephen L. Cervantes, LPC** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

    Answer: _____

6507.002                                         **EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Rodrigo Cantu** for the period of **01/01/2014 to present**:

   A.  TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

   Answer: _____

   B.  TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

   Answer: _____

   C.  TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

   Answer: _____

   D.  TOTAL AMOUNT PAID BY **Rodrigo Cantu** OR THEIR REPRESENTATIVES:

   Answer: _____

   E.  TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

   Answer: _____

   F.  TOTAL AMOUNT STILL OWED, AND BY WHOM:

   Answer: _____


                                    _____
                                    WITNESS (Custodian of Records)

          Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly
sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records
attached hereto are exact duplicates of the original records.

          SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


                                    _____
                                    NOTARY PUBLIC

                                    My commission expires: _____


6507.002                                    **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

**ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Rodrigo Cantu; DOB: 08/27/1972.**

6507

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
#### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND<br>DR. RODRIGO CANTU | ) |
| | ) |
| V. | ) Civil Action No. 5:20-CV-0746-JKP-HJB |
| | ) |
| DR. SANDRA GUERRA AND<br>DIGITAL FORENSICS CORPORATION, LLC | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Dr. Elizabeth Joann Murphey, PHD
1202 W Bitters Rd, Ste 3
San Antonio, TX 78216
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dr. Elizabeth Joann<br>Murphey, PHD, 1202 W Bitters Rd, Ste 3, San Antonio, TX<br>78216 | Date and Time:<br>07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method: Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/28/2022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Ricardo G. Cedillo |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant(s)
Dr. Sandra Guerra , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135 (210) 822-6666

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____     for travel and $ _____     for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                              *Server's signature*

                                                     _____
                                                              *Printed name and title*

                                                     _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MELODY JOY CANTU AND                                                        §
DR. RODRIGO CANTU                                                          §
                                                                          §
V.                                                                         §     CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB**
                                                                          §
DR. SANDRA GUERRA AND                                                      §
DIGITAL FORENSICS CORPORATION, LLC                                         §

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:   **Dr. Elizabeth Joann Murphey, PHD**
Records pertain to:         **Rodrigo Cantu**
Records requested:          **See Attached Exhibit 'A'**

1.  Please state your full name, official title and business address.

    Answer: _____

2.  Please state whether **Dr. Elizabeth Joann Murphey, PHD** has provided healthcare services and/or treatment to **Rodrigo Cantu**.

    Answer: _____

3.  Please state whether **Dr. Elizabeth Joann Murphey, PHD** has ever made or caused to be made any notes, records and/or reports pertaining to **Rodrigo Cantu**.

    Answer: _____

4.  Are documents such as those described above under your supervision, direction, custody and/or control?

    Answer: _____

5.  Have you received a subpoena for the production of the above described documents**?**

    Answer: _____

6.  Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

    Answer: _____

7.  Were these documents made (or caused to be made) during the regular course of business activity?

    Answer: _____

8.  Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

    Answer: _____

9.  Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

    Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

**EXHIBIT B**

12. Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____

WITNESS (Custodian of Records)

      Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly
sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records
attached hereto are exact duplicates of the original records.

      SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

6507.003

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU AND | § | |
| DR. RODRIGO CANTU | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB |
| | § | |
| DR. SANDRA GUERRA AND | § | |
| DIGITAL FORENSICS CORPORATION, LLC | § | |

**EXHIBIT 'A'**

**ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT,** including but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format **(IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD)** pertaining to: Rodrigo Cantu; DOB: 08/27/1972.

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU | ) ) ) | |
| V. | ) ) | Civil Action No.   5:20-CV-0746-JKP-HJB |
| DR. SANDRA GUERRA AND DIGITAL FORENSICS CORPORATION, LLC | ) ) ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Dr. Elizabeth Joann Murphey, PHD
1202 W Bitters Rd, Ste 3
San Antonio, TX 78216
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dr. Elizabeth Joann Murphey, PHD, 1202 W Bitters Rd, Ste 3, San Antonio, TX 78216 | Date and Time: 07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Ricardo G. Cedillo |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant(s)
Dr. Sandra Guerra                                                                     , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

   ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

   $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____

                   _____
                            *Server's signature*

                   _____
                           *Printed name and title*

                   _____
                           *Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of records for:  **Dr. Elizabeth Joann Murphey, PHD**
Records pertain to:          **Rodrigo Cantu**
Records requested:          **See Attached Exhibit 'A'**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these documents as originals, or as true copies thereof?

   Answer: _____

6. Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition.  Have you complied? If not, please give the reasons for any omissions.

   Answer: _____

7. Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

   Answer: _____

8. Were such documents kept in the regular course of business of this facility?

   Answer: _____

9. Was it in the regular course of business of **Dr. Elizabeth Joann Murphey, PHD** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

   Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

    Answer: _____

6507.004                                    **EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Rodrigo Cantu** for the period of **01/01/2014 to present**:

   A.  TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

   Answer: _____

   B.  TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

   Answer: _____

   C.  TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

   Answer: _____

   D.  TOTAL AMOUNT PAID BY **Rodrigo Cantu** OR THEIR REPRESENTATIVES:

   Answer: _____

   E.  TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

   Answer: _____

   F.  TOTAL AMOUNT STILL OWED, AND BY WHOM:

   Answer: _____


                                             _____
                                           WITNESS (Custodian of Records)

      Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

      SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


                                             _____
                                           NOTARY PUBLIC

                                           My commission expires: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**EXHIBIT 'A'**

ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Rodrigo Cantu; DOB: 08/27/1972.

6507

**EXHIBIT B**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU | ) ) ) |
| V. | ) ) |
| DR. SANDRA GUERRA AND DIGITAL FORENSICS CORPORATION, LLC | ) ) ) |

Civil Action No.   5:20-CV-0746-JKP-HJB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Dina Trevino, PhD
              7272 Wurzbach Rd #1504
              San Antonio, TX 78240
            *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dina Trevino, PhD, 7272 Wurzbach Rd #1504, San Antonio, TX 78240 | Date and Time: 07/13/2022 10:00 AM |
|---|---|

    The deposition will be recorded by this method:   Written Questions

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/28/2022

        *CLERK OF COURT*
                                                OR
                                                        /s/ Ricardo G. Cedillo
    _____        _____
       *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant(s)
Dr. Sandra Guerra                                                    , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § | |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of records for:   **Dina Trevino, PhD**
Records pertain to:         **Rodrigo Cantu**
Records requested:          **See Attached Exhibit 'A'**

1.  Please state your full name, official title and business address.

    Answer: _____

2.  Please state whether **Dina Trevino, PhD** has provided healthcare services and/or treatment to **Rodrigo Cantu**.

    Answer: _____

3.  Please state whether **Dina Trevino, PhD** has ever made or caused to be made any notes, records and/or reports pertaining to **Rodrigo Cantu**.

    Answer: _____

4.  Are documents such as those described above under your supervision, direction, custody and/or control?

    Answer: _____

5.  Have you received a subpoena for the production of the above described documents?

    Answer: _____

6.  Were the entries on these notes, records and/or reports made at the time or shortly after the time of the transactions recorded by these entries?

    Answer: _____

7.  Were these documents made (or caused to be made) during the regular course of business activity?

    Answer: _____

8.  Was it the regular course of business for a person having knowledge of the acts, events, or conditions recorded to make such records, or to transmit the information to be included in such records?

    Answer: _____

9.  Does the source of information or the method of preparing the record indicate the records are of a trustworthy nature?

    Answer: _____

10. Were the records kept and maintained in a trustworthy manner?

    Answer: _____

11. Please provide all documents as requested on the attached subpoena to the Notary Public for attachment to this deposition. Have you done as requested? If not, please give the reason for any such omissions or for any refusal to comply.

    Answer: _____

**EXHIBIT B**

12. Are the documents you have provided in response to the subpoena the originals, or true and correct copies thereof?

Answer: _____

_____

WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly
sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records
attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU AND | § | |
| DR. RODRIGO CANTU | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB |
| | § | |
| DR. SANDRA GUERRA AND | § | |
| DIGITAL FORENSICS CORPORATION, LLC | § | |

## EXHIBIT 'A'

ALL MEDICAL RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: patient information sheets, intake and/or history forms, admission records, hospital records, mental health records, rehabilitation records, functional capacity evaluations, impairment and rating records, counseling records, psychotherapy records, prescription & pharmacy records, worker's compensation documents, worker's compensation work status reports, insurance policy and claim documents, physical therapy records, diagnostic studies, clinical abstracts, histories, charts, admission sheets, system history or system review, summary sheet, medical service sheets, nurses' notes, discharge notes, chronological summary, consultant reports, raw data, evaluation protocols, surgical notes, operative reports, letters of protection and all other attorney correspondence, photographs, office notes, transcripts, reports and correspondence; any records not located in the medical record library (such as emergency room records), and any correspondence, including any handwritten or typed notes to or from any medical professional, attorney, or any other person; and any other documents and tangible things relevant to past, present and future physical condition, treatment, care or hospitalization, whether originally created by your facility or received from another, whether stored in hard-copy or electronic format (IF RECORDS ARE MAINTAINED ELECTRONICALLY, PLEASE PRODUCE ON CD) pertaining to: Rodrigo Cantu; DOB: 08/27/1972.

6507

## EXHIBIT B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MELODY JOY CANTU AND DR. RODRIGO CANTU | ) ) ) |
| V. | ) ) ) |
| DR. SANDRA GUERRA AND DIGITAL FORENSICS CORPORATION, LLC | ) ) ) |

Civil Action No.   5:20-CV-0746-JKP-HJB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

Dina Trevino, PhD
7272 Wurzbach Rd #1504
San Antonio, TX 78240
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Direct Questions to be Propounded to the Witness and/or Exhibit 'A'

| Place: Office of the custodian of records: Dina Trevino, PhD, 7272 Wurzbach Rd #1504, San Antonio, TX 78240 | Date and Time: 07/13/2022 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Written Questions

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit 'A'

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/28/2022

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Ricardo G. Cedillo |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant(s)
Dr. Sandra Guerra                                                , who issues or requests this subpoena, are:
Ricardo G. Cedillo, DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Ste. 250, San Antonio, TX 78212-3135  (210) 822-6666

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-0746-JKP-HJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU AND** | § |
| **DR. RODRIGO CANTU** | § |
| | § |
| **V.** | §   CIVIL ACTION NO. **5:20-CV-0746-JKP-HJB** |
| | § |
| **DR. SANDRA GUERRA AND** | § |
| **DIGITAL FORENSICS CORPORATION, LLC** | § |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of records for:   **Dina Trevino, PhD**
Records pertain to:        **Rodrigo Cantu**
Records requested:        **See Attached Exhibit 'A'**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are the documents described in the attached subpoena in your custody, or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these documents as originals, or as true copies thereof?

   Answer: _____

6. Please provide all of the documents requested by the attached subpoena to the Notary Public authenticating this deposition. Have you complied? If not, please give the reasons for any omissions.

   Answer: _____

7. Are the documents which you have provided to the Notary Public authenticating this deposition true and correct copies of all such documents, or the originals thereof?

   Answer: _____

8. Were such documents kept in the regular course of business of this facility?

   Answer: _____

9. Was it in the regular course of business of **Dina Trevino, PhD** for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record, or to transmit information thereof to be included in such record?

   Answer: _____

10. Were the entries on these documents made at the time of the transaction recorded, or shortly thereafter?

    Answer: _____

6507.006                                         **EXHIBIT B**

11. Please fill in the following blanks with the requested information concerning services rendered to **Rodrigo Cantu** for the period of **01/01/2014 to present**:

A.  TOTAL AMOUNT FOR ALL SERVICES OR PRODUCTS BILLED:

Answer: _____

B.  TOTAL AMOUNT PAID BY PRIVATE INSURANCE:

Answer: _____

C.  TOTAL AMOUNT PAID BY MEDICARE AND/OR MEDICAID:

Answer: _____

D.  TOTAL AMOUNT PAID BY **Rodrigo Cantu** OR THEIR REPRESENTATIVES:

Answer: _____

E.  TOTAL AMOUNT ADJUSTED, DISCOUNTED OR WRITTEN OFF:

Answer: _____

F.  TOTAL AMOUNT STILL OWED, AND BY WHOM:

Answer: _____


_____
WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My commission expires: _____

6507.006                                           **EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MELODY JOY CANTU AND** | § | |
| **DR. RODRIGO CANTU** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-0746-JKP-HJB** |
| | § | |
| **DR. SANDRA GUERRA AND** | § | |
| **DIGITAL FORENSICS CORPORATION, LLC** | § | |

### EXHIBIT 'A'

**ALL BILLING RECORDS DATED FROM 01/01/2014 TO PRESENT, including but not limited to: a complete itemized documentation of all billing to and from any parties; documentation of all charges, payments, adjustments, discounts, write-offs, refunds, and balances, not limited to a current balance statement; documentation of any sale of debt; itemized invoices, receipts and statements as originally submitted to any party; CPT and/or ICD-9 and/or ICD-10 codes for any treatment; all future cost reports, estimates, price quotes, and life care plans; contact logs and all correspondence to and from the patient, their attorney, insurance, and any other parties; contracts, agreements, liens, letters of protection, assignment of benefits or proceeds, and any other financial agreements; notes, files, memoranda, records and all other tangible things pertaining to the patient or any other involved party, whether stored electronically or on paper regarding Rodrigo Cantu; DOB: 08/27/1972.**

6507

**EXHIBIT B**