UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC,

Defendants.
_____

5:20-CV-0746 JKP – HJB

# PLAINTIFFS' OPPOSITION TO CO-DEFENDANT DR. GUERRA'S MOTION TO COMPEL PLAINTIFFS' RESPONSES TO WRITTEN DISCOVERY AND REQUEST FOR SANCTIONS

Plaintiffs Dr. David Cantu and Melody Joy Cantu submit this Opposition to Co-Defendant Dr. Sandra Guerra's ("Dr. Guerra") Motion to Compel Written Discovery and for Sanctions. The Court should deny Co-Defendant's motion for the reasons argued below.

First, Defendant's request for production of Plaintiff Melody Joy Cantu's engagement agreements and attorneys' fee statements and invoices is premature because Defendant Dr. Guerra does not have prevailing party status. Attorney fees as damages on the Complaint's substantive counts aren't at issue yet because no party has prevailed on any claims or counterclaims. It is premature to devote resources to the issue before resolution of the substantive issues at the heart of this case - Dr. Guerra's hack, along with Co-Defendant Digital Forensics Corporation, LLC ("DFC"), of the Cantus, and Dr. Guerra's and DFC's subsequent malicious prosecution of Plaintiff Melody Cantu using information and affidavit templates obtained from DFC.

Second, Defendant Dr. Guerra's request for production of communications between Plaintiff Melody Joy Cantu and third-parties is dispensable because the communications are non-responsive. Additionally, on September 15, 2022, as previously ordered by the Court, Plaintiffs will be producing a final set of responsive discovery to Co-Defendants and will do its final review with Co-Defendant's requests in mind.

**Background**

On June 15, 2022, Defendant Dr. Guerra served her First Requests for Production.

On June 24, 2022, Defendant Dr. Guerra served her Second Request for Production

On July 15, 2022, Plaintiff Melody Joy Cantu served her objections and responses to the June 15, 2022, requests.

On July 25, 2022, Plaintiff Melody Joy Cantu served her objections and responses to the June 24, 2022, requests.

Plaintiff Melody Joy Cantu has repeatedly attempted to confer with counsel for Co-Defendants, but the parties were unable to resolve this discovery dispute.

Defendant Dr. Guerra has repeatedly failed to comply with her discovery obligations, but now seeks to enforce frivolous, premature, and unresponsive production from Plaintiff Melody Joy Cantu as part of her relentless campaign against Plaintiff Melody Joy Cantu. Co-Defendants create unduly burdensome and unnecessary work for Plaintiff's counsel by the filing of their Motion to Compel Plaintiffs Responses to Written Discovery and Requests for Sanctions. This Court should deny it so we can move to the substantive issues rather than distractions.

Plaintiffs' counsel repeatedly asked Dr. Guerra during her deposition whether she'd searched for responsive emails and testified she had searched and found none. The next day Co-Defendant Dr. Guerra produced responsive emails. Plaintiffs have chosen not to move for sanctions because they prefer to move on to close of discovery and forward to dispositive motions and trial.

**Argument**

Co-Defendant cites no case law supporting its contention that it is entitled to discovery of Attorneys' Fees before it is a prevailing party. Courts may award attorneys' fees to the prevailing

party, although this is the exception to the norm, known as the American Rule, that parties to a litigation bear their own costs.[1] But the issue is premature until there actually is a prevailing party.

To be a prevailing party, a plaintiff must

(1) obtain actual relief, such as an enforceable judgment or a consent decree;

(2) that materially alters the legal relationship between the parties; and

(3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement.[2]

Co-Defendant Dr. Guerra is not a prevailing party because they have no enforceable judgment. Were they a prevailing party, they would have the burden under Texas state law to show the reasonable fees they are owed, either through the lodestar method or the market value method.[3] There are certain causes of action that require the use of the lodestar calculation.[4]

Using the lodestar analysis, the computation of a reasonable attorney's fee award is a two-step process.[5] First, courts determine the reasonable hours spent by counsel and a reasonable

---

[1] *See Dearmore v. City of Garland*, 519 F.3d 517, 519 (5th Cir. 2008); *Frew v. Taylor*, 688 F. App'x 249, 251 (5th Cir. 2017).

[2] *See Dearmore v. City of Garland*, 519 F.3d 517, 519 (5th Cir. 2008).

[3] *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *Natour v. Bank of Am., N.A.*, Civil Action No. 4:21-CV-00331, 2022 U.S. Dist. LEXIS 149165, at *2 (E.D. Tex. Aug. 19, 2022); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law but also discussing Texas's adoption of the lodestar method in other cases)*; AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.).

[4] *See City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013).

[5] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)).

hourly rate, and then multiply the two together to get the base fee or lodestar.[6] Second, courts adjust the lodestar up or down based on relevant factors, these are referred to as the "*Johnson* factors".[7] However, even if the lodestar calculation is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation.[8] This is all needless work unless they are a prevailing party in this litigation entitled to attorneys fees. This case is still in discovery.

## Conclusion

This Court should deny Dr. Guerra's Motion to Compel Plaintiffs Responses to Written Discovery and Requests for Sanctions because Defendant Dr. Guerra does not have prevailing party status. She has not won, this case is still in discovery. Defendant Dr. Guerra has not obtained actual relief, such as an enforceable judgment or a consent decree that materially alters the legal relationship between the parties and that modifies the plaintiff's behavior in a way that directly benefits the defendant at the time of the judgment or settlement.

Defendant Dr. Guerra's request for production of communications between Plaintiff Melody Joy Cantu and third-parties requests non-responsive information, and to the extent Plaintiffs final discovery review comes across any responsive documents they will be produced by the final discovery deadline in this matter on September 15, 2022.

---

[6] *Id.* (citing *Gonzales*, 72 S.W.3d at 412).

[7] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *See also Natour v. Bank of Am., N.A.*, Civil Action No. 4:21-CV-00331, 2022 U.S. Dist. LEXIS 149165, at *2-3 (E.D. Tex. Aug. 19, 2022).

[8] *Montano*, 414 S.W.3d at 736.

Plaintiff's counsel further requests that this Court grant Plaintiff Melody Joy Cantu reasonable attorney's fees incurred in responding to this frivolous and unnecessary motion.

Dated: September 6, 2022

Submitted,

/s/ Michael Hassard

Michael Hassard
(NY Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 – 5417
michael@torekeland.com

Tor Ekeland (NY Bar No. 4493631)
Pro Hac Vice
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 6th day of September 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland