# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

———————————————————————

MELODY JOY CANTU AND DR. RODRIGO                 5:20-CV-0746 JKP – HJB
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.

———————————————————————


**Plaintiff's Reply to Co-Defendant Dr. Sandra Guerra's Opposition and
Request for Sanctions in Response to Plaintiff's Motion for a Protective Order**

Plaintiffs Dr. David Cantu and Melody Joy Cantu submit this Opposition to Co-Defendant Dr. Sandra Guerra's ("Dr. Guerra") Response to Plaintiff's Opposed Motion for Protective Order Regarding Plaintiff's Production of Medical Records and Request for Sanctions Against Plaintiff's and/or Plaintiffs' Counsel.[1] The Court should grant the protective order requested to ensure that medical and billing records produced by third-parties to Dr. Guerra are protected. The Court should deny Co-Defendant's request for sanctions as they are the ones generating the controversy here. This protective order is primarily sought to ensure that third-party production of medical information is protected.

## Background

On June 15, 2022, Defendant Dr. Guerra served her First Requests for Production.

On June 23, 2022, this Court entered a Confidentiality and Protective Order that is silent on discovery material produced by third-parties.[2]

On June 28, 2022, Co-Defendant Dr. Guerra sent out subpoenas for deposition of Plaintiffs' doctors and therapists ("Medical Providers"). Plaintiffs' counsel was notified of these subpoenas at roughly the same time they were served. The subpoenas did not include any HIPAA release from the Plaintiffs. The subpoenas confused the medical providers because they were not clear as to who they were seeking information about. The subpoenas don't mention who they're seeking information for until the fourth page. The medical providers were also confused

---

[1] (Dkt. No. 104.).

[2] (Dkt. No. 88.).

as to who sent the subpoenas, asking undersigned counsel whether they were sent by us. Furthermore, the company hired by Dr. Guerra to serve the subpoenas continually harassed the medical providers with constant phone calls, at one point calling a provider over a dozen times in a four-hour time span.

On June 24, 2022, Defendant Dr. Guerra served her Second Request for Production.

On July 13, 2022, Plaintiff Melody Joy Cantu filed a Motion to Quash Subpoenas for Medical Records.[3]

On July 15, 2022, Plaintiff Melody Joy Cantu served her objections and responses to the June 15, 2022, requests.

On July 20, 2022, Defendant Dr. Guerra filed a Response to Plaintiff's Motion to Quash Subpoenas for Medical Records.[4]

On July 25, 2022, Plaintiff Melody Joy Cantu served her objections and responses to the June 24, 2022, requests.

On August 11, 2022, this Court held a video-hearing and issued an Order denying Plaintiff's Motion to Quash Subpoenas for Medical Records.[5]

---

[3] (Dkt. No. 88.).

[4] (Dkt. No. 93.).

[5] (Dkt. No. 98.).

On August 25, 2022, Plaintiff Melody Joy Cantu filed an Opposed Motion for Protective Order Regarding Plaintiff's Production of Medical Records.[6]

Plaintiff Melody Joy Cantu has repeatedly attempted to confer with counsel for Co-Defendants, but the parties were unable to resolve this dispute.

Co-Defendant creates unduly burdensome and unnecessary work for Plaintiffs' counsel by adding a request for sanctions in her Response. Plaintiff simply wants to protect her privacy. This Court should grant Plaintiff's request for Protective Order to cover the third-party medical provider medical information subpoenaed by Co-Defendant, and this Court should deny Dr. Guerra's motion for sanctions because they are unwarranted.

On September 15, 2022, as previously ordered by the Court, Plaintiffs will be producing a final set of responsive discovery.

## Argument

Plaintiff's request for a protective order is a result of Dr. Guerra's last-minute June 28, 2022, service of subpoenas to third-party medical providers of Plaintiffs without warning. The prior procedural posture raised by Dr. Guerra in her Response is inapposite - now that Plaintiff is working to produce responsive information to Co-Defendant on this issue after the Court's ruling on Plaintiff's Motion to Quash, Plaintiff simply seeks a protective order that clearly covers the

---

[6] (Dkt. No. 101.).

third-party productions. Moreover, discovery is not yet closed, and any sanction for discovery violations is premature.

Sanctions are not essential here to preserving the authority of the Court:

> A district court has the inherent authority to impose sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcasieu Television & Radio, Inc*., 894 F.2d 696, 703 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO, Inc*., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The court may also use that power to sanction conduct, *see Chambers*, 501 U.S. at 44, if it is "in direct defiance of the sanctioning court," *CJC Holdings, Inc. v. Wright & Lato, Inc*., 989 F.2d 791, 794 (5th Cir. 1993), or constitutes "disobedience to the orders of the Judiciary," *Chambers*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Inherent power, however, "may be exercised only if essential to preserve the authority of the court . . . ." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc*., 86 F.3d 464, 467 (5th Cir. 1996).[7]

Nothing in this matter has risen to the level of sanctions. If sanctions are so easy to obtain in federal court, then the courts will be flooded by frivolous motions by money-motivated sanction seekers. This is one of the reasons the "American Rule" requires that litigants bear their own costs.

## Conclusion

This Court should grant Plaintiff's Motion for Protective Order and deny Dr. Guerra's Motion for Sanctions.

---

[7] *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010).

Dated: September 8, 2022
New York, NY

                                            Submitted,

                                            /s/ Michael Hassard

                                            Michael Hassard
                                            (NY Bar No. 5824768)
                                            Tor Ekeland Law, PLLC
                                            30 Wall Street, 8th Floor
                                            New York, NY
                                            t:  (718) 737 - 7264
                                            f:  (718) 504 – 5417
                                            michael@torekeland.com

                                            Tor Ekeland (NY Bar No. 4493631)
                                            Pro Hac Vice
                                            Tor Ekeland Law, PLLC
                                            30 Wall Street, 8th Floor
                                            New York, NY
                                            t:  (718) 737 - 7264
                                            f:  (718) 504 - 5417
                                            tor@torekeland.com

                                            *Counsel for Plaintiffs Melody Joy Cantu*
                                            *and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 8th day of September 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland