**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU and** | § | |
| **DR. RODRIGO CANTU,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| | § | |
| V. | § | |
| | § | |
| **DR. SANDRA GUERRA and** | § | |
| **DIGITAL FORENSICS** | § | |
| **CORPORATION, LLC** | § | |
| *Defendants* | § | |

**DEFENDANT, DR. SANDRA GUERRA'S REPLY TO PLAINTIFFS' OPPOSITION TO
CO-DEFENDANT DR. GUERRA'S MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO WRITTEN DISCOVERY AND REQUEST FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"),
and, in accordance with the Court's Order [Doc. 98] and the Fed. R. Civ. P. 37, files this her Reply
to Plaintiffs' Opposition to Co-Defendant Dr. Guerra's Motion to Compel Plaintiffs' Responses to
Written Discovery and Request for Sanctions ("Plaintiffs' Response") [Doc. 105].  Dr. Guerra
respectfully requests an in-person hearing, especially to the extent the Court believes an in-person
hearing may be helpful in resolving the matters that are the subject of the Court's Order [Doc. 98]:

**I.    DR. GUERRA'S REQUEST FOR PRODUCTION OF PLAINTIFFS' ENGAGEMENT AGREEMENT
AND ATTORNEYS' FEES STATEMENTS/INVOICES.**

1.      Plaintiffs' sole focus on "prevailing party status" in Plaintiffs' Response is a red
herring and "head fake" by Plaintiffs intended to distract the Court from Plaintiffs' continued
intentional failure to produce documents or properly respond to deposition questions pertaining to
Plaintiffs' fee arrangements with their counsel in this lawsuit and the amount of attorneys' fees

and expenses Plaintiffs have allegedly incurred in connection with this suit.

2.      Plaintiffs incorrectly state that "Dr. Guerra cites no case law supporting its [sic] contention that it is entitled to discovery of Attorneys' Fees before it is a prevailing party."[1]  Dr. Guerra relies upon Rule 26(b)(1), *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991), *Rep. Ins. Co. v. Davis,* 856 S.W.2d 158, 163, and *In re Nat's Lloyds Inc. Co.*, 532 S.W.3d 794, 807 (Tex. 2017) in support of her Motion to Compel Plaintiffs' production of Plaintiffs engagement agreements with their counsel and copies of fee statements and invoices (redacted for privilege) evidencing the attorneys' fees, expenses, and costs allegedly incurred by Plaintiffs in this lawsuit.[2]  None of the legal authorities cited by Dr. Guerra prohibit the discovery of information or documents regarding attorneys' fees until the determination of a party's "prevailing party status."

3.      Plaintiffs' Response is nothing more than a recitation of the legal authority applicable to the determination of "prevailing party status" and computation of a reasonable attorney fee award using the lodestar analysis, which is irrelevant to this discovery dispute.  None of the legal authorities cited by Plaintiffs stand for the proposition that parties are prohibited from engaging in or obtaining discovery regarding attorneys' fees during the *discovery phase* of litigation.

4.      Separate and apart from Plaintiffs' affirmative claim for attorneys' fees against Defendants, Plaintiffs also seek to recover compensatory damages from Dr. Guerra and Digital Forensics Corporation, LLC ("DFC") in the amount of  "approximately $50,000" for "fees, taxes, and penalties" Plaintiffs claim they incurred "for withdrawing money from their retirement funds

---

[1] Plaintiffs' Response [Doc. 105], p. 3.
[2] Defendant, Dr. Sandra Guerra's Motion to Compel Plaintiffs' Responses to Written Discovery and Request for Sanctions [Doc. 102] ("Dr. Guerra's Motion to Compel"), ¶5-6, 8.

in order to pay attorney's fees."[3]  "Generally, early withdrawal from a retirement account is subject to being included in gross income plus a 10 percent additional tax penalty"[4]  As such, discovery regarding the amount of attorneys' fees incurred and paid by Plaintiffs is relevant to Plaintiffs' allegation that they incurred approximately $50,000.00 in compensatory damages.  Specifically, Dr. Guerra is entitled to discover whether the amounts allegedly withdrawn early from Plaintiffs' retirement account (and the resulting $50,000 in fees, taxes, and penalties Plaintiffs claim they incurred as of December 1, 2020) were *solely* for the payment of Plaintiffs' attorneys' fees in this lawsuit.  Accordingly, Plaintiffs are entitled to information and documents regarding whether (i) Plaintiffs' counsel is representing Plaintiffs on a contingency fee basis, hourly fee, flat fee, or some other basis, (ii) Plaintiffs have paid their attorneys for their legal representation of Plaintiffs in this lawsuit, and, (iii) if so, how much has been paid and *when* were such payments made.  As such, the "prevailing party status" of Dr. Guerra or any other party to this lawsuit has no relevance to such compensatory damage claim by Plaintiffs.

5.     Lastly, Plaintiffs' argument that Dr. Guerra's requests for discovery pertaining to attorneys' fees is "premature" directly contradicts Plaintiffs prior attempts to obtain discovery *from Dr. Guerra and DFC regarding this very same information*.  Plaintiffs noticed the deposition of DFC's counsel, David Apple, for July 19, 2022, but subsequently cancelled the deposition.[5]  Plaintiffs *again* requested on August 16, 2022 to take the depositions of counsel for Dr. Guerra

---

[3] *See* Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (Plaintiffs' Initial Disclosures") attached as Exhibit 1 to Dr. Guerra's Motion to Compel [Doc. 102].

[4] https://www.irs.gov/newsroom/what-if-i-withdraw-money-from-my-ira#:~:text=Generally%2C%20early%20withdrawal%20from%20an,premium%20after%20a%20job%20loss.

[5] *See* Exhibit A.

and counsel for DFC on the issue of attorneys' fees.[6]  Counsel for Dr. Guerra and DFC provided their availability and the deposition of Ricardo G. Cedillo, counsel for Dr. Guerra, was scheduled for September 14, 2022.  Counsel for Dr. Guerra held September 14, 2022 in order to accommodate Plaintiffs and Plaintiffs' counsel and, in doing so, had to schedule other meetings, hearing dates, and other matters for other clients around such date.  Now that Plaintiffs are faced with a Motion to Compel and a potential sanctions for failure to respond to written discovery on the same topic, Plaintiffs now take the position that all requests for discovery on the issues of attorneys' fees is "premature" and, for obvious self-serving purposes, notified counsel for Co-Defendants on September 13, 2022 (over 2 weeks *after* Dr. Guerra filed her Motion to Compel and Request for Sanctions) that Plaintiffs did not intend to proceed with the deposition of Dr. Guerra's attorney, Ricardo G. Cedillo, that was scheduled for the very next day on September 14, 2022.

6.      Plaintiffs should be estopped from asserting a position contrary to the positions they previously maintained and asserted against Defendants.  Accordingly, Dr. Guerra requests that the Court order Plaintiffs to produce documents responsive Dr. Guerra's Request for Production No. 16 and 17 and, pursuant to Fed. R. Civ. P. 37(a)(5), order Plaintiffs and/or Plaintiffs' counsel to pay the reasonable attorneys' fees incurred by Dr. Guerra in bringing Dr. Guerra's Motion to Compel as result of Plaintiffs' failure to comply with the rules of discovery.

## II.    REQUESTS FOR PRODUCTION OF COMMUNICATIONS BETWEEN PLAINTIFFS AND NON-PARTIES IDENTIFIED IN PLAINTIFFS' INITIAL DISCLOSURES.

7.      Dr. Guerra propounded written discovery to Plaintiffs on June 24, 2022 (approx. 81 days ago) requesting copies of all written communications between Plaintiffs and certain non-parties identified in Plaintiffs' Initial Disclosures as "witnesses" likely to have discoverable

---

[6] *See* Exhibit B.

information regarding any matter that is the subject of this lawsuit.[7] Plaintiffs argue in Plaintiffs'

Response that Dr. Guerra's requests are allegedly "dispensable because the communications are

non-responsive."[8] Yet, Plaintiffs did not (and still have not) responded to Dr. Guerra's written

requests for discovery by affirmatively stating that, after a diligent search of documents within

Plaintiffs' care, custody or control, there are no documents responsive to Dr. Guerra's requests.

Instead, Plaintiffs asserted the following invalid objection to each of Dr. Guerra's requests for

communications between Plaintiffs' and the non-parties Plaintiffs' identified as "witnesses":

**Request For Production No. 21:**

All communications (including, without limitation, emails, text messages, Facebook messenger, and all other social media platforms) between You and Rene Charles regarding any matter that is the subject of this lawsuit.

Objection: Rene Charles is no longer a potential witness in this matter.

8.      Plaintiffs' responses to these written requests for production were due on July 25,

2022 (50 days ago). Now, Plaintiffs, in direct contravention of the Rules, advise the Court in

Plaintiffs' Response that they intend to wait *until the last day of discovery* on September 15, 2022

to respond to Dr. Guerra's written requests for production of the communications between

Plaintiffs and these non-parties. Plaintiffs' intentional and wanton disregard of the Rules

prejudices Dr. Guerra and her ability to engage in discovery and prepare for trial.

9.      Accordingly, Dr. Guerra requests that the Court order Plaintiffs to respond and

produce documents responsive to Dr. Guerra's requests for production of all communications

between Plaintiffs and the individuals identified in Plaintiffs' Initial Disclosures, and, pursuant to

Fed. R. Civ. P. 37(a)(5), order Plaintiffs and/or Plaintiffs' counsel to pay the reasonable attorneys'

---

[7] Dr. Guerra's Motion to Compel [Doc. 102], Exhibit 3, RFP Nos. 20-30; Exhibit 4, RFP Nos. 12-22.
[8] Plaintiffs' Response [Doc. 105], p. 2.

fees incurred by Dr. Guerra in bringing Dr. Guerra's Motion to Compel as result of Plaintiffs' failure to comply with the rules of discovery.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court, (i) grant Dr. Guerra's Motion to Compel Plaintiffs' Responses to Written Discovery and Request for Sanctions, (ii) order Plaintiffs and/or Plaintiffs' counsel, pursuant to Fed. R. Civ. P. 37(a)(5), to pay Dr. Guerra $2,500.00 (or $5,000.00 in the event the Court holds an oral hearing on this Motion) for the reasonable attorneys' fees incurred by Dr. Guerra as a result of Plaintiffs' noncompliance with the rules of discovery, and (iii) grant Defendant all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

Dated:  September 13, 2022.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: _____*/s/Ricardo G. Cedillo*_____
            RICARDO G. CEDILLO
            Texas State Bar No. 04043600
            rcedillo@lawdcm.com
            BRANDY C. PEERY
            Texas State Bar No. 24057666
            bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of September 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

*/s/Ricardo G. Cedillo*
RICARDO G. CEDILLO