

**From:** Brandy Peery
**Sent:** Wednesday, August 17, 2022 10:03 AM
**To:** Tor Ekeland <tor@torekeland.com>; Michael Hassard <Michael@torekeland.com>; Rain Minns <rain@rainminnslaw.com>; David Apple <jdapple@applefinklaw.com>
**Cc:** Kathleen N. Folks <kfolks@lawdcm.com>; Ricardo Cedillo <rcedillo@lawdcm.com>; Nicole Guitelman <nicoleg@torekeland.com>
**Subject:** RE: [External] Cantu v. Guerra - Plaintiffs' Third Set of Productions to DFC and Dr. Guerra

Tor:

I am available for depositions on August 30; September 1-4, 6-7, 9-15. Please note that we previously noticed the depositions of Jackie Johnston, Danielle Wollervweron, Dottie Laster, and Kristina Prewitt and have made several attempts to serve them, but Plaintiffs provided incorrect contact information for them in their Initial Disclosures. Despite our repeated requests for their updated telephone numbers and addresses, Plaintiffs have refused to supplement their Initial Disclosures to provide the correct contact information for these witnesses. Mrs. Cantu testified she is still in contact with these witnesses and, therefore, has the ability to obtain their contact information and provide it to us as required under the Rules. We intend to take the depositions of these 4 witnesses on the dates proposed but will coordinate with the witnesses. If these witnesses do not wish to be served, then please let us know if they have authorized you to accept service on their behalf. If that is the case, please let us know by Friday, August 19th which of the dates they are available for their depositions.

With respect to re-deposing Dr. Guerra, you already spent hours deposing her on July 21, 2022 (which was after the dates of the depositions of DFC's expert and corporate representative). At the conclusion of Dr. Guerra's deposition, you said on the record that you had no further questions and you passed the witness. You did not note on the record that you were reserving the right to re-depose Dr. Guerra on any specific topics or issues. Accordingly, we object to your "blanket" request to re-depose Dr. Guerra. However, in an effort to comply with the Local Rules and Judge Bemporad's explicit order to reasonably cooperate on resolving discovery disputes, if there are specific limited topics that were not covered in Dr. Guerra's deposition on July 21st that you allege you only were made aware of *after* her deposition, then we *may* consider presenting Dr. Guerra for such limited purpose. Please send us the topics you intend to address during your re-deposition of Dr. Guerra and we will review and get back with you. In addition, we will agree to present Dr. Guerra for her re-deposition on the condition that you agree to present Melody Joy Cantu and Dr. Cantu for re-deposition on issues and topics (including, without limitation, the medical records, their engagement agreements with their attorneys, attorneys' fee statement, correspondence with non-party fact witnesses) that they refused to produce prior to their depositions on July 16th.

With respect to Christine Hefel and Ben Delgado, these individuals are non-parties and Dr. Guerra has no control over these individuals. You are free to notice their depositions on the proposed dates and have them served. Please note that all communications between Mr. Delgado and Dr. Guerra made during their marriage are subject to the marital communication privilege. We will object to any deposition examination questions regarding any communications between Mr. Delgado and Dr. Guerra based upon such privilege and instruct Mr. Delgado not to answer.

With respect to Nate Bellinger, Mr. Bellinger does not live in Texas and is outside subpoena range. Nevertheless, we will confer with Dr. Guerra and Mr. Bellinger regarding his willingness to voluntarily appear for his deposition. Notwithstanding the foregoing, all communications between Mr. Bellinger and Dr. Guerra made during their marriage are subject to the marital communication privilege. We will object to any deposition examination questions regarding any communications between Mr. Bellinger and Dr. Guerra based upon such privilege and instruct Mr. Bellinger not to answer.

With respect to Ricardo, he is available to be deposed on September 13 or 14. However, as set forth in Dr. Guerra's expert designation, it is anticipated that, in addition to Dr. Guerra's attorneys' fees, Ricardo will also testify regarding the reasonableness of *Plaintiffs'* attorneys' fees. We have made repeated requests for production of Plaintiffs' engagement agreement with their attorneys' and copies of their attorneys' fee statements redacted for privilege, but Plaintiffs' refuse to produce them. Plaintiffs have asserted a claim against Defendants for the recovery of attorneys' fees. Making a claim for attorney fees puts Plaintiffs' attorney fees at issue in the litigation. Therefore, Plaintiffs have waived the privilege by offensive use. *See Rep. Ins. Co. v. Davis,* 856 S.W.2d 158, 163 ("In an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived."). Furthermore, Plaintiffs' objection that our request for these documents is "premature" is unfounded as we are 30 days away from the discovery deadline and Plaintiffs are asking to depose Ricardo and Mr. Apple on the issue of attorneys' fees. Please immediately provide these documents.

**Brandy C. Peery**
**Shareholder**



***Note: New Suite Number***

OFFICE:    210-822-6666
FAX:         210-660-3795
EMAIL:    bpeery@lawdcm.com
ADDRESS: 755 E. Mulberry Ave., Suite 250
               San Antonio, Texas 78212

The information contained in this e-mail is attorney-client privileged and confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 210/822-6666 and please return the original message to us at the following address via the U.S. Postal Service. Davis, Cedillo & Mendoza, Inc., 755 E Mulberry Suite 500, San Antonio, Texas 78212. As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Communications by email are not intended to and should not be construed to create any contractual or other legal obligation unless the context of the email unequivocally indicates an intention by the sender of this email to create a legally binding obligation.

**From:** Nicole Guitelman <nicoleg@torekeland.com>
**Sent:** Tuesday, August 16, 2022 9:09 PM

**To:** Brandy Peery <bpeery@lawdcm.com>; Tor Ekeland <tor@torekeland.com>; Michael Hassard <Michael@torekeland.com>; Rain Minns <rain@rainminnslaw.com>; David Apple <jdapple@applefinklaw.com>
**Cc:** Kathleen N. Folks <kfolks@lawdcm.com>; Ricardo Cedillo <rcedillo@lawdcm.com>
**Subject:** [External] Cantu v. Guerra - Plaintiffs' Third Set of Productions to DFC and Dr. Guerra

Good Evening all,

Please see the attached:

> *Third Request for Production to Digital Forensics Corporation, LLC.*
> *Third Request for Production to Dr. Sandra Guerra*

Following our review of the Deposition Transcripts, we seek to call the following individuals for Deposition. We are flexible and are available to depose these individuals on the following days: August 30; September 1-4, 6-15. Please let us know of their availability by Friday 8/19/22 EOB, so that we can send out Notices of Deposition, otherwise we will choose a date on their behalf.

On behalf of DFC:
- Examiner 223 (author of Phase I report Igor Mikhaylov);
- A DFC corporate representative that can speak to DFC's corporate structure and with knowledge of "Records Retention" as referenced in Mr. Quellos Transcript at 8:5 (as the previous rep's produced by DFC did not have sufficient knowledge on said topics);
- DFC's owner Dmitry Belkin;
- Brian Pishek, Sean McCarthy and Brent Walters (see Mr. Beardshall's transcripts 12:18-20 and Mr. Quellos Transcript 9:3-9:6), both testified these individuals worked on Dr. Guerra's matter;
- Operations Manager Kenneth Probola (Mr. Beardshall's Transcript 20:10);
- Human Resources Head Jacqueline Diab (Mr. Beardshall's Transcript 20:11-14);
- DFC CTO Victor Sobieski (Mr. Quellos Transcript 10:25-11:1);
- David Apple

On behalf of Dr. Guerra:
- Dr. Guerra (we will be requesting a second deposition date with the court);
- Christine Hefel;
- Nate Bellinger;
- Ben Delgado;
- Ricardo Cedillo and/or Brandy Peery

Kind Regards,
Nicole

Law Clerk, Pending Admission
Tor Ekeland Law, PLLC
30 Wall Street,
8th Floor

New York, NY 10005-2205
(718) 737-7264

nicoleg@torekeland.com
www.torekeland.com

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.