# EXHIBIT 9

DOCUMENT SCANNED AS FILED

NO. 2008-CI-18856

| | | |
|---|---|---|
| IN THE | § | IN THE DISTRICT COURT |
| INTEREST OF | § | |
| | § | |
| | § | |
| | § | |
| | § | 150th JUDICIAL DISTRICT |
| | § | |
| SOFIA ELENA CANTU AND MAYA | § | |
| ISABELLA CANTU, CHILDREN | | |
| | § | BEXAR COUNTY, TEXAS |

## MEDIATED SETTLEMENT AGREEMENT

The undersigned parties to this settlement agreement agree to compromise and settle the stated claims and controversies between them as described on the attachments. The parties wish to avoid potentially protracted and costly litigation.

1. Terms of the settlement are as attached as Exhibit "A".

2. Each party is responsible for their own attorney fees and court costs, unless otherwise provided.

3. If any dispute arises with regard to the interpretation or performance of this agreement or any of its provisions, including the necessity and form of closing documents, the parties agree to try to resolve the dispute by phone conference with the mediator who facilitated this settlement. Disputes regarding drafting provisions will be resolved using language contained in the Texas Family Law Practice Manual. Any disputes regarding drafting shall be resolved by ERNEST E. KARAM as Arbitrator by binding arbitration.

4. This agreement is made in Bexar County, Texas.

1

09/26/2015 VOL 5198 PG 0308

GUERRA 000724

DOCUMENT SCANNED AS FILED

5. Each signatory to this settlement has entered into the settlement freely and without duress after having consulted with professionals of his or her choice. Each party has been advised by the mediator that the mediator is not the attorney for any party and that each party should have this agreement approved by that party's attorney before executing it.

6. This stipulation is signed voluntarily on the dates set out below and subject to the court's approval, and its provisions are intended to be incorporated into a final order.

7. The parties agree that either party may appear in court to present evidence and secure rendition of judgment in accordance with this Mediated Settlement Agreement.

8. Parties will do everything necessary to effectuate this agreement.

9. This agreement can be modified upon mutual agreement of the parties in writing.

THIS AGREEMENT IS NOT SUBJECT TO REVOCATION.

_____
Petitioner

Signed on: 9/25/19

_____
Attorney for Petitioner, Tania Rosamond

Signed on: 09/25/2019

2

GUERRA 000725

DOCUMENT SCANNED AS FILED

_____
Respondent

Signed on: 9/25/19

_____
Attorney for Respondent

Signed on: 9.25.19

_____
ERNEST E, KARAM, Mediator

Signed on: 9-25-19

APPROVED AND RENDERED this 25 day of September, 2019.

SEP 2 5 2019

_____
JUDGE PRESIDING

Norma Gonzales
Presiding Judge
131st Judicial District
Bexar County, Texas

3

GUERRA 000726

September 25, 2019
RODRIGO "DAVID" CANTU "Dad" (Atty. Tania Rosamond) and SANDRA GUERRA "Mom" (Atty. Tina Torres)
Modification/Enforcement Mediation (#2008-CI-18856), In the 150th District Court Bexar
ITIO Maya (16), Child

Exh. "A"
(R2)  

## MODIFY ONLY THE FOLLOWING CHILD PROVISIONS FROM PREVIOUS FINAL ORDERS:

1) Child Support Modification: Dad's obligation is fully prepaid, satisfied and ceases effective today.
2) Health Insurance p/FDD. Finding of no arrears effective today.
3) Loving and Caring Order which parents will enforce against third parties who are in parent's presence.
4) Dad will be respectful of child's desires regarding possession/access which will be subject to child's approval.
5) Mutual personal injunctions p/Bexar County Standing Orders, paragraph III, which shall apply to spouses and "significant others" and include prohibition against illegal actions against the other or member(s) of their household.
6) Standing/Temporary Orders end upon signing of this agreement.
7) If Maya agrees to counseling, she may participate with counselor of her choice and parent's will cooperate.
8) Parties agree neither party owes the other for obligations under prior Orders.

## ENFORCEMENT/SUSPENSION OF COMMITMENT ORDER:
To be Dismissed with Prejudice.

**70805**

SPECIAL ORDER NO._____

| | | |
|---|---|---|
| IN RE: | ) | IN THE CIVIL DISTRICT COURTS |
| | ) | |
| | ) | |
| **STANDING ORDER REGARDING** | ) | |
| **CHILDREN, PROPERTY, AND** | ) | |
| **CONDUCT OF PARTIES IN DIVORCE** | ) | |
| **AND SUITS AFFECTING THE** | ) | |
| **PARENT CHILD RELATIONSHIP** | ) | BEXAR COUNTY, TEXAS |

**STANDING ORDER REGARDING CHILD(REN), PROPERTY
AND CONDUCT OF PARTIES IN DIVORCE AND
SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP**

I.   INTRODUCTION

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Bexar County Civil District Courts that applies in every divorce suit and every suit affecting the parent-child relationship filed in Bexar County. **This Order is not intended to affect or circumvent prior orders entered regarding conservatorship of children, including the right to determine the primary residence of a child and all prior orders remain in effect until further order of the Court.** The Civil District Courts of Bexar County have adopted this order because the parties and their child(ren) should be protected and their property preserved while the lawsuit is pending before the Court.

II.   NO DISRUPTION OF CHILD(REN)

Both parties are ORDERED to refrain from doing the following acts concerning any child(ren) who are subjects of this case:

2.1 Removing the child(ren) from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.

2.2 Disrupting or withdrawing the child(ren) from the school or day-care facility where the child(ren) are presently enrolled, without the written agreement of both parents or an order of this Court.

2.3 Hiding or secreting the child(ren) from the other parent or changing the child(ren)'s current residence, without the written agreement of both parents or an order of this Court.

2.4 Disturbing the peace of the child(ren).

2.5 Making disparaging remarks about each other or the other person's family members, to include but not be limited to the child(ren)'s grandparents, aunts, uncles, or stepparents.

1

08/28/2018 VOL 4996 PG 1648

**70805**

Document scanned as filed.

**GUERRA 000728**

**70805**

2.6 Discussing with the child(ren), or with any other person in the presence of the child(ren), any litigation related to the child(ren) or the other party.

2.7 Consuming any illegal Controlled Substance (as that term is defined in the Texas Controlled Substance Act), 12 hours prior to and during possession of the child(ren).

2.8 If this is an original divorce action, allowing anyone with whom the party is romantically involved, to remain over night in the home while in possession of the child(ren). Overnight is defined from 10:00 p.m. that evening until 7:00 a.m. the next morning.

### III.   CONDUCT OF THE PARTIES DURING THE CASE

Both parties, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

3.1 Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party, whether in person, by telephone, or in writing.

3.2 Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

3.3 Placing one or more telephone calls, at an unreasonable hour, in an offensive or repetitious manner, without a legitimate purpose of communication, or anonymously.

3.4 Opening or diverting mail addressed to the other party.

### IV.   PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following:

4.1 Destroying, removing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

4.2 Misrepresenting or refusing to disclose to the other party or the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

4.3 Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

4.4 Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

2

**70805**

08/28/2018 V O L 4986 PG 1649

GUERRA 000729

**70805**

4.5 Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real estate property, and whether separate or community, except as specifically authorized by this order.

4.6 Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

4.7 Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

4.8 Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

4.9 Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

4.10 Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

4.11 Taking any action to terminate or limit credit or charge cards in the name of the other party.

4.12 Entering, operating, or exercising control over the motor vehicle in the possession of the other party

4.13 Discontinuing or reducing the withholding for federal income taxes on wages or salary while this suit is pending.

4.14 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such service.

4.15 Intercepting or recording the other party's electronic communications.

4.16 Excluding the other party from the use and enjoyment of the other party's residence.

V.   PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

5.1   Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations.

3

**70805**

**GUERRA 000730**

**70805**

5.2    Falsifying any writing or record relating to the property of either party.

"Records" include e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device.

## VI.    INSURANCE IN DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

6.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order.

6.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' child(ren).

6.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property of persons including the parties' minor child(ren).

## VII.    SPECIFIC AUTHORIZATION IN DIVORCE CASE

If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

7.1 To engage in acts reasonable and necessary to the conduct of that party's usual business and occupation.

7.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

7.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.

7.4 To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

## VIII.    SERVICE AND APPLICATION OF THIS ORDER

8.1 The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition.

8.2 This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the

4

**70805**

08/28/2018 VOL 49886 PG 1651

GUERRA 000731

70805

original petition and is renewed for subsequent periods of every fourteen days thereafter until a temporary injunction is ordered. If no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of the filing of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of the court. This entire order will terminate and will no longer be effective once the court signs a final order.

## IX. EFFECT OF OTHER ORDERS

If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

## X. PARTIES ARE ENCOURAGED TO MEDIATE

The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation or collaborative law, to resolve the conflicts that may arise in this lawsuit.

## XI. BOND WAIVED

It is ORDERED that the requirement of a bond is waived.

## XII. FAMILY STABILIZATION

Parents of minor child(ren) are required to attend a family stabilization program (Helping Children Cope with Divorce) within 60 days of the filing of the Petition for Divorce or the Suit Affecting the Parent Child Relationship. Waivers may be granted only by order of the court. Proof of completion of the program must be provided to the court upon meeting this requirement.

SIGNED August 27, 2018      AUG 27 2018

MICHAEL MERY
37TH DISTRICT COURT

CATHLEEN STRYKER
224TH DISTRICT COURT

STEPHANI WALSH
45TH DISTRICT COURT

PETER SAKAI
225TH DISTRICT COURT

ANTONIA ARTEAGA
57TH DISTRICT COURT

RICHARD PRICE
285TH DISTRICT COURT

5

70805

GUERRA 000732

70805

*[signature]*
DAVID CANALES
73RD DISTRICT COURT

*[signature]*
SOL CASSEB, III
288TH DISTRICT COURT

*[signature]*
NORMA GONZALES
131ST DISTRICT COURT

*[signature]*
KAREN POZZA
407TH DISTRICT COURT

*[signature]* Renee A Yanta
RENEE YANTA
150TH DISTRICT COURT

*[signature]*
ANGELICA JIMENEZ
408TH DISTRICT COURT

*[signature]*
LAURA SALINAS
166TH DISTRICT COURT

*[signature]*
ROSIE ALVARADO
438TH DISTRICT COURT

08/28/2018 VOL 4986 PG 1633

6

70805

**GUERRA 000733**