# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO                    5:20-CV-0746 JKP – HJB
CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

Defendants.


_____




**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## Table of Contents

Background ........................................................................................................................ 4

Legal Standard ................................................................................................................. 6

Argument .......................................................................................................................... 8

I.   The Court Should Grant Summary Judgment as to Malicious Prosecution ................ 8

    A.   Defendant DFC's Willful Failure to Produce ........................................................ 9

    B.   Dr. Guerra Admits to Taking the DFC Phase I Report to the Police ................... 9

    C.   All Charges were Dismissed ...............................**Error! Bookmark not defined.**

II.   The Court Should Grant Summary Judgment on the CFAA Counts ...................... 11

    A.   Unauthorized Access under 18 U.S.C. §1030 (a)(2)(C) ................................... 11

    B.   Unauthorized Damage under 18 U.S.C. §1030 (a)(5)(A) ................................. 12

    C.   Unauthorized Access and Reckless Damage Under 18 U.S.C. §1030 (a)(5)(B) 13

    D.   Unauthorized Access Causing Damage and Loss under 18 U.S.C. §1030
(a)(5)(C)   ........................................................................................................ 14

    E.   Defendants Conspired on all CFAA Counts ..................................................... 14

III.   The Court Should Grant Summary Judgment on the Texas State Law Computer
Law Claims   ............................................................................................................... 14

Conclusion ........................................................................................................... 15

Certificate of Service .......................................................................................... 16

Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu move this Court for Summary Judgment against Defendants Dr. Sandra Guerra ("Dr. Guerra") and Digital Forensics Corporation Inc. ("DFC") on Causes of Action 1-11 and 13.

# Background

In their Amended Complaint, Plaintiffs assert claims against Defendants under the Federal Computer Fraud and Abuse Act, Texas's statutes covering unauthorized access to computers, as well as the Texas state tort of malicious prosecution.[1] Defendants jointly conspired to engage in the malicious prosecution of Defendant Melody Joy Cantu as well as the stalking and harassment of both Plaintiffs through a campaign of hacking, phishing, and surveillance in violation of federal and Texas law.[2]

Defendant Dr. Sandra Guerra hired Defendant DFC to hack, investigate and surveil Plaintiffs.[3] As part of this conspiracy, DFC produced a "Phase I" report for Defendant Dr.

---

[1] (1) Unauthorized Access to a Protected Computer 18 U.S.C. 1030(a)(2)(c); (2) Unauthorized Damage to a Protected Computer 18 U.S.C. 1030(a)(5)(A); (3) Unauthorized Access to a Protected Computer Recklessly Causing Damage 18 U.S.C. 1030(a)(5)(B); (4) Unauthorized Access to a Protected Computer Causing Damage And Loss 18 U.S.C. 1030(a)(5)(C); (5) Conspiracy to Commit Unauthorized Access to a Protected Computer 18 U.S.C. 1030(a)(2)(c) & 1030(b); (6) Conspiracy To Commit Unauthorized Damage to a Protected Computer 18 U.S.C. 1030(a)(5)(A) & 1030(b); (7) Conspiracy To Commit Reckless Damage to a Protected Computer 18 U.S.C. 1030(a)(5)(B) & 1030(b); (8) Conspiracy to Commit Unauthorized Access to a Protected Computer Causing Damage And Loss 18 U.S.C. 1030(a)(5)(C) & 1030(b); (9) Knowingly Accessing Without Effective Consent a Computer, Computer Network, Or Computer System Tex. Civ. Prac. & Rem. Code § 143.001 & Texas Penal Code § 33.02(a); (10) Knowingly Accessing a Computer, Computer Network, or Computer System With The Intent to Defraud, or Harm Another or Alter, Damage, or Delete Property Without Effective Consent Tex. Civ. Prac. & Rem. Code § 143.001 & Texas Penal Code § 33.02(b-1); (11) Electronic Access Interference Tex. Civ. Prac. & Rem. Code § 143.001 & Texas Penal Code § 33.022; and (13) Malicious Prosecution.

[2] *See* Dkt. 6, Am. Compl.

[3] *See e.g.* BATES#: D 000060-61 (Aff. of Dr. Guerra stating she has retained DFC (attached as Ex. A)).

Guerra.[4] The Phase I report contained a sample affidavit written by DFC for use by Dr. Guerra to submit as part of a police report. DFC required the filing of the police report in order to do further work for Defendant and generate a "Phase II" report. Defendant Dr. Guerra admitted at depositions that the affidavit she submitted to the police was substantially written by DFC and not her.[5] Moreover, the Phase I report and communications between DFC and Dr. Guerra reveal that DFC created tracking URLs deployed by Dr. Guerra against Plaintiffs.[6]

The record establishes that Dr. Guerra and DFC phished Plaintiffs multiple times via text and email. DFC intentionally employed phishing links to gain access to Plaintiffs' networks.[7] During the same time period, Plaintiffs discovered that someone spliced their cable network with a coaxial splicer.[8] At deposition, DFC's expert Shawn Kasal admitted that one can wiretap someone's internet connection with a coaxial cable splicer, and spoke of his knowledge of military wire-tapping surveillance techniques.[9] Furthermore, when questioned about Defendant

---

[4] *See* BATES#: GUERRA 000062-87 (DFC Phase I Report (attached as Ex. B)).

[5] *See* Dep. of Dr. Guerra 45:16-46:3 (admitting she took a copy of DFC's Phase I report to the San Antonio Police Department (attached as Ex. C)).

[6] *See e.g.* BATES#: GUERRA 000340 (discussing URL tracking links deployed against Plaintiffs (marked confidential and subject to Protective Order, Ex. D available for *in camera* review)).

[7] *See* BATES#: D 000110-13 (phishing links sent to Plaintiffs by Dr. Guerra using fake email addresses) (attached as Ex. E)).

[8] *See e.g.* MCantuProd00193-206 (service appointment scheduling and billing from Spectrum Cable to identify the issue with Plaintiff's internet network, and photos of cable splicing (attached as Ex. F).

[9] *See* Dep. of S. Kasal (Jul 18, 2022) at 6:10-12:10. (discussing knowledge of military-grade splicing techniques, discussing methods of splicing, and evading further answers (attached as Ex. G)).

DFC's use of a coaxial wiretap in this case, he became evasive and refused to answer questions, citing his obligations of secrecy to the military.[10]

On September 4, 2018, Defendant Dr. Guerra took the Phase I report to the San Antonio Police Department and filed a false police report against Plaintiff Melody Joy Cantu.[11] On December 21, 2018, Plaintiff Melody Joy Cantu was arrested.[12] On June 24, 2019, all charges against Plaintiff Melody Joy Cantu were dismissed by the court. [13]

## Legal Standard

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] The party seeking summary judgment has the initial burden to show the absence of a material fact.[15]

---

[10] *See* Ex. G, at 8:4-9:8 (refusing to answer questions, citing his obligation to the military).

[11] *See* GUERRA 000957-61 (police affidavit memorializing Dr. Guerra stating she hired DFC (attached as Ex. H)); Ex. B, at GUERRA 000086-87 (affidavit template provided by DFC to Dr. Guerra); Ex. D, at 45:16-46:3 (stating she took a copy of DFC's Phase I report to the San Antonio Police Department).

[12] *See* BATES#: GUERRA 000952 (docket for Plaintiff Melody Joy Cantu's criminal case in Bexar County (attached as Ex. K)); Ex. H, at GUERRA 000960-61 (bond report for Bexar County Criminal Case against Plaintiff Melody Joy Cantu); DrCantuProd#000029-30 (surety bond for criminal matter (attached as Ex. L)).

[13] *See* BATES#: GUERRA 000953-55 (order granting dismissal of criminal case against Plaintiff Melody Joy Cantu (attached as Ex. M).

[14] Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

[15] *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[16]

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.[17] Thus, to defeat a properly supported motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."[18] Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[19] The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party.[20] Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden."[21]

"Courts agree that a willful or intentional destruction of evidence to prevent its use in litigation can justify severe sanctions."[22] "Sanctions for spoliation of evidence may include awarding attorney fees, deeming certain facts admitted, giving an adverse inference instruction to

---

[16] *Anderson,* 477 U.S. at 248.

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

[18] *Anderson,* 477 U.S. at 247-48 ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.").

[19] *Id.* at 248.

[20] *Id.* at 255.

[21] *Wallace v. Tex. Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

[22] *See Rimkus Consulting Grp., Inc. v. Cammarata,* 688 F. Supp. 2d 598, 618 (S.D. Tex. 2010).

the jury, excluding evidence or expert testimony, striking pleadings, entering a default judgment, and dismissing the case entirely."[23] Spoliation of evidence may also subject a party to criminal penalties, contempt sanctions, and disciplinary sanctions.[24] Much like criminal sentencing, an appropriate discovery sanction will take into account principles of deterrence, restitution, and punishment in proportion to the significance of the violation.[25]

## Argument

This Court should grant Plaintiffs summary judgment because no reasonable juror would find a genuine issue as to any material fact evidencing that Defendants maliciously prosecuted Plaintiffs through a scheme of illegal computer hacking, phishing, stalking, and surveillance, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.* ("CFAA"), the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et. seq.,* the Texas Harmful Access by Computer Act §143.001 ("HACA"), Texas Penal Code § 33.02(b-1) (1), and the Texas torts of malicious prosecution and intentional infliction of emotional distress.

## I.      The Court Should Grant Summary Judgment as to Malicious Prosecution

The record establishes the absence of any question of material fact as to whether the elements of malicious prosecution under Texas state law have been met:  (1) Defendant Dr. Guerra commenced criminal proceedings against Plaintiff Melody Joy Cantu using a form

---

[23] *Allstate Texas Lloyd's v. McKinney,* 964 F. Supp. 2d 678, 683 (S.D. Tex. 2013) (quotation marks and citation omitted).

[24] *Wallace v. Ford Motor Co.,* No. 3:11-CV-567-CWR-FKB, 2013 WL 3288435, at *5 n.1 (S.D. Miss. June 28, 2013).

[25] *McKinney,* 964 F. Supp. 2d at 682-83.

affidavit written by DFC; (2) The false charge lacked probable cause and was dismissed in

Plaintiff Melody Joy Cantu's favor; (3) Defendants acted with malice as part of their campaign

to stalk, harass and hack Plaintiffs.[26]

### A. Defendant DFC's Willful Failure to Produce

Depositions reveal that Defendant DFC willfully withheld a broad swath of discovery

they were obligated to produce. Only after depositions and Plaintiffs' Motions to Compel did

DFC produce a small amount of material. To date, DFC has not produced their complete

communications with Defendant Dr. Guerra, the code used to phish Plaintiffs Melody Joy Cantu

and Dr. Rodrigo Cantu[27], server logs for the server they controlled to do it, or a substantial

portion of the material information that Plaintiffs requested from Defendant DFC and that the

discovery indicates exists.

### B. Dr. Guerra Admits to Taking the DFC Phase I Report to the Police

Defendant Dr. Guerra filed a false police report against Plaintiff Melody Joy Cantu at the

urging of Defendant DFC. DFC expressly told Dr. Guerra that in order to obtain a Phase II report

on Plaintiff Melody Joy Cantu, a police report was required.[28]

---

[26] *See e.g. Akin v. Dahl*, 661 SW 2d 917 (Tex. Sup Ct. 1983).

[27]  *See e.g.* Ex. E, at D 000110-113 (Phishing Links sent by Dr. Guerra to Plaintiffs produced by DFC).

[28] *See* BATES#: D 000149 (DFC call log registering a 12-minute call with Dr. Guerra (marked confidential
and subject to Protective Order, Ex. D available for *in camera* review)); Ex. B at GUERRA 000399 (Phase I report
requiring Dr. Guerra to file a police report); Ex. H at GUERRA 000957-58 (police affidavit memorializing Dr.
Guerra stating she hired DFC); Ex. B at GUERRA 000086-87 (affidavit template provided by DFC to Dr. Guerra);

This false police report, done without probable cause, led to Plaintiff Melody Joy Cantu's arrest and prosecution.[29] Defendant Dr. Guerra admitted to the San Antonio Police Department she communicated with and hired Defendant DFC.[30]

Throughout discovery, both Defendants have been evasive and have refused to produce evidence related to their hacking, harassment and surveillance of Plaintiffs. For instance, when asked three times at her deposition whether she had searched for responsive communications, Dr. Guerra answered "yes" and then stated that she had found none.[31] The next day Dr. Guerra's counsel produced communications between Dr. Guerra and DFC. The discovery indicates that Plaintiffs have still not received the full scope of communications between Defendants regarding their conspiracy against Plaintiffs. Defendant Dr. Guerra's deliberate misrepresentations as to the existence of her communications with Defendant DFC in her deposition, as well as DFC's willful withholding of evidence, erases any doubt as to material facts underlying all the elements of malicious prosecution.

---

Dep. of Dr. Guerra 45:16-46:3 (Dr. Guerra admits she took a copy of DFC's Phase I report to the San Antonio Police Department).

[29] *See* Ex. H, at GUERRA 000957-58 (police affidavit memorializing Dr. Guerra stating she hired DFC); Ex. C at 35:23-25 (admitting she did not know who attempted to access her account); 36:1-11 (admitting she does not know who MonkeyBar1970 is); 93:12-25 (admitting she has no evidence that her computer network was accessed without authorization), 97:1-11 (admitting her last contact with Plaintiff Melody Joy Cantu was April 1, 2018 for two-minutes outside a restaurant); D 000055 (Emails between DFC and Dr. Guerra discussing tracking URLs and phishing scheme (attached as Ex. J)).

[30] *See* Ex. H, at GUERRA 000957-58 (police affidavit memorializing Dr. Guerra stating she hired DFC); San Antonio Police bodycam footage of Dr. Guerra making her police report against Melody Joy Cantu. On file with Plaintiffs.

[31] *See* Ex. C, at 7:5-9:15 (claiming she does not recall emailing with DFC, that she had searched responsive communications, and that she found none).

## II.    The Court Should Grant Summary Judgment on the CFAA Counts

### A.  Unauthorized Access under 18 U.S.C. §1030 (a)(2)(C)

Plaintiffs' computers are used in interstate commerce and are "protected computers" as the term is used in 18 U.S.C. §1030 (e)(2)(B). Plaintiffs maintained and secured their computers by reasonable means, and never authorized Defendants to access them. Defendants Dr. Guerra and DFC conspired together to intentionally access Plaintiff Melody Joy Cantu's protected computers without authorization.[32]

Defendants used phishing links to gain unauthorized access to Plaintiff Melody Joy Cantu's protected computers.[33] Phishing is a violation of Texas criminal law.[34] Also, DFC's refusal to produce evidence in this matter, coupled with their own expert's military-grade knowledge of cable splicing, warrants this Court finding that there is no question of material fact as to whether Defendants violated the CFAA and federal wiretap law.

---

[32] *See* BATES#: D 000031-32 (communications between Dr. Guerra and DFC including Plaintiff Dr. Cantu's PII (marked confidential and subject to Protective Order, Ex. N available for *in camera* review); Ex. N, at D 000034-54 (DFC sends background check on Plaintiff Melody Joy Cantu to Dr. Guerra); Ex. A, at D 000060-61 (Retainer agreement between Dr. Guerra and DFC).

[33] *See* Ex. H, at D 000110-D 000113 (emails in which Dr. Sandra forwards to DFC emails from fake email addresses she phished Plaintiffs with by sending URL tracking links); GUERRA 00339-46 (instructions from DFC directing Dr. Guerra how to deploy phishing links (attached as Ex. O)); Ex. B, at GUERRA 000081 (DFC Phase I report to Dr. Guerra with URL tracking link results), Ex. G at 24:4-24:10 (stating he reviewed code of the phishing links sent to Plaintiffs), 27:12-15 (conceding he reviewed raw text files), 30:19-24 (stating phishing links can be used to install malware on target networks), 35:6-22 (acknowledging he knows phishing is a crime), 37:1-7 (admitting phishing techniques employ deceptive tactics).

[34] *See* Texas Harmful Access by Computer Act §143.001 ("HACA"), Texas Penal Code § 33.02(b-1) (1).

As a direct result of Defendants' conduct, Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu suffered loss in expending time, money, and resources aggregating at least $5000.00 in value, to investigate the intrusion, assess the damage, and restore their systems to their prior state.[35]

### B.  Unauthorized Damage under 18 U.S.C. §1030 (a)(5)(A)

Defendants Dr. Guerra and DFC knowingly caused transmission of a program, information, code, or command, and intentionally caused damage without authorization. This damage includes impairment to the integrity and availability of the Cantu's data, programs, systems, and information on the Cantu's computers and networks resulting from computer crashes, diminished bandwidth, diminished processing time, and the deletion and alteration of data, all caused by Defendants' phishing, wiretapping, malware, and use of malicious codes against Plaintiffs.[36]

As a direct result of Defendants' conduct, Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu suffered loss in expending time, money, and resources aggregating at least

---

[35] *See* BATES#: Dr.CantuProd#000001-28 (receipts and invoices from Exhibit A Computer Forensics Investigation LLC to discover and assess damage to computer network (attached as Ex. P)), 000050-51 (invoices from Exhibit A Computer Forensics Investigation LLC for consultation services provided (attached as Ex. Q)); Ex. F, at MCantuProd 00193-00206 (invoices from Spectrum work orders and photographs of damage caused by splicer).

[36] *See* Ex. G at 20:17-25 (admitting that DFC produced a package for implementation by user), 21:1-22:3 (stating that DFC's phishing methods allow DFC to access data and that he reviewed the code of the phishing links); Ex. F, at MCantuProd 00193-00206 (invoices from Spectrum work orders and photographs of damage caused by splicer).

$5000.00 in value, to investigate the intrusion, assess the damage, and restore their systems to their prior state.[37]

        C.  <u>Unauthorized Access and Reckless Damage Under 18 U.S.C. §1030 (a)(5)(B)</u>

Defendants Dr. Guerra and DFC intentionally accessed Plaintiffs' protected computers without authorization and thereby recklessly impaired the integrity and availability of the Plaintiff's data, programs, systems, and information.[38] The Defendants reckless conduct caused computer crashes, diminished bandwidth, diminished processing time, and resulted in the deletion of data.[39]

As a direct result of Defendants' conduct, Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu suffered loss in expending time, money, and resources aggregating at least $5000.00 in value, to investigate the intrusion, assess the damage, and restore their systems to their prior state.[40]

---

[37] *See* BATES#: Dr.CantuProd#000001-28 (receipts and invoices from Exhibit A Computer Forensics Investigation LLC to discover and assess damage to computer network (attached as Ex. P)), 000050-51 (invoices from Exhibit A Computer Forensics Investigation LLC for consultation services provided (attached as Ex. Q)); Ex. F, at MCantuProd 00193-00206 (invoices from Spectrum work orders and photographs of damage caused by splicer).

[38] *See* Ex. F, at MCantuProd 00193-00206 (invoices from Spectrum work orders and photographs of damage caused by splicer); Ex. G, at 34:22-35:5 (admitting he knows technologies that can be used to tap into systems via coaxial cable connectors); Dep. of Dr. Rodrigo Cantu at 18:3-16 (Plaintiff Dr. Cantu admits that he was having difficulties after DFC connected to his home internet connection (attached as Ex. R).

[39] Ex. F, at MCantuProd 00193-00206 (invoices from Spectrum work orders and photographs of damage caused by splicer).

[40] *See* BATES#: Dr.CantuProd#000001-28 (receipts and invoices from Exhibit A Computer Forensics Investigation LLC to discover and assess damage to computer network (attached as Ex. P)), 000050-51 (invoices from Exhibit A Computer Forensics Investigation LLC for consultation services provided (attached as Ex. Q)); Ex. F, at MCantuProd 00193-00206 (invoices from Spectrum work orders and photographs of damage caused by splicer).

D.  Unauthorized Access Causing Damage and Loss under 18 U.S.C. §1030
    (a)(5)(C)

As a direct result of Defendants' conduct, Plaintiffs Melody Joy Cantu and Dr. Rodrigo
Cantu suffered loss in expending time, money, and resources aggregating at least $5000.00 in
value, to investigate the intrusion, assess the damage, and restore their systems to their prior
state.[41]

E.  Defendants Conspired on all CFAA Causes of Action

This Court should grant Plaintiffs summary judgment on the conspiracy cause of action
because no reasonable juror would find a genuine issue as to any material fact establishing that
Defendants conspired to hack and surveil Plaintiffs' computers and networks. The evidence
shows, and Defendants admit in their depositions, that Dr. Guerra paid, and DFC agreed, to a
scheme of illegal computer hacking, phishing, stalking, and surveillance, in violation of the
CFAA and Texas state computer law.[42]

## III.  The Court Should Grant Summary Judgment on the Texas State Law Computer Law Claims

For the same reasons argued above as to the CFAA claims, this Court should grant
Plaintiffs summary judgment on the Texas state law claims. Texas State Law provides a cause of

---

[41] *Id.*

[42] *See* Ex. N, at D 000031-32 (communications between Dr. Guerra and DFC including Plaintiff Dr. Cantu's PII); Ex. N, at D 000034-54 (DFC sends background check on Plaintiff Melody Joy Cantu to Dr. Guerra); Ex. A, at D 000060-61 (affidavit documenting retainer agreement between Dr. Guerra and DFC); Ex. B (Phase I report advising Dr. Guerra to file a police report); Ex. H, at GUERRA 000958 (police affidavit memorializing Dr. Guerra stating she hired DFC).

action for anyone who is injured or whose property is damaged as a result of an intentionally committed computer intrusion.[43]

## Conclusion

For the reasons stated above, this Court should grant summary judgment on causes of action 1-11 and 13.

Brooklyn, NY
Dated: October 14, 2022

Respectfully submitted,

/s/ Michael Hassard
(NY Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
(718) 737 - 7264
michael@torekeland.com

/s/ Tor Ekeland
(NY Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
(718) 737 - 7264
tor@torekeland.com

*Counsel for Plaintiffs Melody Joy Cantu
and Dr. Rodrigo Cantu*

---

[43] Tex. Civ. Prac. & Rem. Code § 143.001 & Texas Penal Code § 33.02(a)

## Certificate of Service

I certify that on this 14th of October 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Michael Hassard