Exhibit 'M'

CAUSE NO. 601478

FILED IN MY OFFICE
LUCY ADAME-CLARK
COUNTY CLERK BEXAR CO.
2019 JUN 24 PM 3:05

| | | |
|---|---|---|
| STATE OF TEXAS | ) | IN THE COUNTY COURT |
| VS. | ) | AT LAW NUMBER SIX |
| MELODY JOY CANTU | ) | BEXAR COUNTY, TEXAS |

## MOTION TO SET ASIDE INFORMATION FOR FAILURE TO AFFORD CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Melody Joy Cantu, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, Article I, § 10 of the Texas Constitution, and articles 1.03, 1.04 and 1.05 of the Texas Code of Criminal Procedure, moves the Court to set aside the information for failure to afford the defendant a speedy trial, and shows the following in support:

I.

The information in this case was filed on November 20th, 2018, and purports to allege an offense that occurred on or about April 1, 2018..

II.

There are no satisfactory reasons for the delay in bringing defendant to trial. Ms. Cantu and undersigned counsel appeared in Court on April 3, 2019 and counsel and the prosecutor conferred and advised the Court that both sides would benefit from a lengthy reset in order to investigate the merits of the case. The Court gave a reset until June 24, 2019, which is considerably longer than usual, for the investigation to continue. On June 24, 2019, the State announced "not ready." If there was a written motion for continuance, counsel has

1

**GUERRA 000953**

not seen it. The prosecutor orally announced that his office was still issuing subpoenas in an effort to prove this case, or some other unspecified case or cases. Counsel objected to a reset orally, pointing out that the State could not prove this case, now, or ever, and this Court suggested that a motion to dismiss for want of a speedy trial should be filed.

III.

The defendant has never waived her right to a speedy trial. Indeed, on January 17, 2019, Loraine Efron requested discovery on behalf of Ms. Cantu, and in that request, also a speedy trial.

IV.

The offense allegedly occurred on or about April 1, 2018, well beyond the 8 months necessary to show presumptive prejudice. Leaving this case pending will cause Ms. Cantu actual prejudice, specifically, anxiety, concern, and loss of productivity.

V.

All four of the balancing factors identified in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972), favor Ms. Cantu, and militate in favor of dismissal. *See Gonzales v. State*, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014).

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully prays that this Court set the matter for a hearing and, after said hearing, that the Court order this information set aside.