**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU and** | § | |
| **DR. RODRIGO CANTU,** | § | |
| ***Plaintiffs*** | § | |
| | § | |
| | § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| | § | |
| V. | § | |
| | § | |
| **DR. SANDRA GUERRA and** | § | |
| **DIGITAL FORENSICS** | § | |
| **CORPORATION, LLC** | § | |
| ***Defendants*** | § | |

**DEFENDANT, DR. SANDRA GUERRA'S MOTION TO COMPEL PLAINTIFFS' RESPONSES TO WRITTEN REQUESTS FOR DISCOVERY REGARDING PLAINTIFFS' DAMAGES AND REQUEST FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Defendant" and "Dr. Guerra"), and, in accordance with Fed. R. Civ. P. 26 and 37,[1] files this her Motion to Compel Plaintiffs' Responses to Written Requests for Discovery Regarding Plaintiffs' Damages and Request for Sanctions, and, in support thereof, respectfully shows unto the Court as follows:

**I. Background.**

1. Plaintiffs have asserted 8 causes of action against Dr. Guerra and co-defendant, Digital Forensics Corporation, LLC ("DFC"), for violation of the Computer Fraud Abuse Act (the "CFAA Claims"), 3 causes of action for Harmful Access by Computer (the "Texas Statutory

[1] The discovery requests which are the subject of this Motion to Compel are not the subject of the Court's Order dated August 11, 2022 [Doc. 98] because such written discovery requests were propounded by Dr. Guerra after the Court's entry of such Order and was, therefore, not subject to any prior court filing. The deadline for completion of discovery in this cause was September 15, 2022 and Dr. Guerra timely served the discovery requests which are the subject of this Motion.

Claims"), 1 cause of action for violation Federal Wire Tap Act, 1 cause of action for intentional infliction of emotional distress, and 1 cause of action for malicious prosecution. In connection therewith, Plaintiffs seek to recover compensatory, consequential, and punitive damages from Dr. Guerra and DFC (collectively, "Defendants").[2]

2. Dr. Guerra served her First Set of Interrogatories to Plaintiff, Melody Joy Cantu and First Set of Interrogatories to Plaintiff, Dr. Rodrigo Cantu, on August 15, 2022 requesting, that Plaintiffs "[i]dentify with specificity all the compensatory [, consequential, and punitive] damages [they] seek to recover from Dr. Guerra [and DFC] in connection with [their] CFAA Claims [Texas Statutory Claims, intentional inflection of emotional distress, and malicious prosecution claims]," including the amount of each item of damages and the date such damage/cost was incurred.[3]

3. Plaintiffs' objections and responses to Dr. Guerra's interrogatories were due on September 14, 2022, but they failed to timely serve their objections and responses on that date. Instead, Plaintiffs served boilerplate objections on September 15, 2022 and failed to include any responses whatsoever to any of the interrogatories.[4]

4. Dr. Guerra also served her Third Request for Production to Plaintiff, Melody Joy Cantu, and Second Request for Production to Plaintiff, Dr. Rodrigo Cantu, on August 15, 2022 requesting, among other things, that Plaintiffs produce all receipts, invoices, and documents evidencing their alleged compensatory, consequential, and punitive damages they seek to recover in connection with their CFAA Claims, Texas Statutory Claims, intentional inflection of emotional distress, and malicious prosecution claims against Defendants.[5]

---

[2] Plaintiffs' First Amended Complaint [Doc. 6], "Prayer for Relief," (a)-(c).
[3] Exhibit A and Exhibit B.
[4] Exhibit C and Exhibit D.
[5] Exhibit E and Exhibit F.

5. Plaintiffs' objections and responses to Dr. Guerra's requests for production were due on September 14, 2022, but Plaintiffs never served any objections and have not produced all documents responsive to these requests.

6. Counsel for Dr. Guerra has attempted to confer with counsel for Plaintiffs on multiple occasions regarding this specific matter, but the parties were unable to resolve this discovery dispute. Plaintiffs' counsel refuses to withdraw Plaintiffs' untimely, boilerplate objections to Dr. Guerra's interrogatories or to respond to any of these discovery requests.

## II. <u>Argument and Authorities</u>.

7. Rule 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

8. [The Fifth Circuit] recognizes broad and liberal treatment of the federal discovery rules. *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991). The Court should grant Dr. Guerra's Motion and assess sanctions against Plaintiffs and/or Plaintiffs' counsel pursuant to Fed. R. Civ. P. 37(a)(5) for the following reasons:

### A. <u>Dr. Guerra's Written Requests for Discovery Regarding Plaintiffs' Alleged Damages.</u>

#### *i.* <u>*Plaintiffs Failed to Timely Object*</u>.

9. Dr. Guerra served her interrogatories and requests for production on August 15,

[6] Fed. R. Civ. P. 26(b)(1).

2022[7] and Plaintiffs' signed and sworn responses to such interrogatories were due on September 14, 2022.[8] Plaintiffs did not serve their objections to Dr. Guerra's interrogatories until September 15, 2022 and never served any objections to Dr. Guerra's requests for production. Accordingly, pursuant to Rule 33(b)(2) and 34(b)(2)(C), Plaintiffs' have waived any objection to such discovery due to their failure to timely object.

***ii. Plaintiffs Failed to Object with Specificity.***

10. Damages are an essential element of Plaintiffs' burden of proof for each and every cause of action asserted against Defendants. In particular, under the CFAA, Plaintiffs must prove that they incurred damages of more than $5,000 during any 1-year period.[9] To prove an action for malicious prosecution, Plaintiff, Melody Joy Cantu, must establish she suffered damages as a result of the prosecution.[10]

11. Dr. Guerra's interrogatories specifically request information regarding the type and amount of damages Plaintiffs seek to recover from Defendants. Nevertheless, Plaintiffs asserted six invalid "general objections" and specifically asserted the following boilerplate objections to each and every interrogatory and refused to provide any response:

> **1. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the CFAA Claims you have asserted against Dr. Guerra. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.**
>
> Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and seeks information already known to Defendant and is premature as damages are not an issue at this juncture.

---

[7] Exhibit A, Exhibit B, Exhibit E, Exhibit F

[8] FED. R. CIV. P. 33(b)(2) and 34(b)(2)(C).

[9] 18 U.S.C. §§1030(c)(4)(A)(i)(I), (g)

[10] *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

12. The "prohibition against general [or blanket] objections to discovery requests has been long established."[11] Rule 33(b)(4) requires that "grounds for an objection to an interrogatory must be stated with specificity," and Rule 34(b)(2)(C) requires that an objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection."[12] In short, "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections."[13]

13. "So-called boilerplate or unsupported objections—even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests —are likewise improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as 'an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system.' "[14] Simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection."[15]

14. Here, Plaintiffs offer no explanation as to *how* or *why* Dr. Guerra's interrogatories or requests for production seeking information specifically pertaining to Plaintiffs' alleged compensatory, consequential, and punitive damages are overly broad, unduly burdensome, or irrelevant. It is particularly confounding how Plaintiffs, on the one hand, refuse to disclose any information pertaining to their alleged damages on the basis that such information is allegedly

---

[11] *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (citation omitted).
[12] FED. R. CIV. P. 33(b)(4), 34(b)(2)(C).
[13] *Heller*, 303 F.R.D. at 483 (citation omitted).
[14] *Id*. at 483-84 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484-86 (5th Cir.1990)).
[15] *McLeod,* 894 F.2d at 1484-86.

"irrelevant", but, on the other hand, they simultaneously seek summary judgment from the Court on their CFAA Claims, Texas Statutory Claims, and malicious prosecution claims by claiming that no genuine issues of material fact exists as to Plaintiffs' purported damages.[16]

15. Thus, Plaintiffs have not only failed to timely object to Dr. Guerra's written discovery requests, but such untimely objections wholly fail to comply with the Rules requiring Plaintiffs to object "with specificity."

**B. REQUEST FOR SANCTIONS.**

16. "Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests."[17]

17. Rule 26(g) requires every discovery response and objection to be signed by at least one attorney of record.[18] "By signing, an attorney or party certifies that the to best of the person's knowledge, information and belief formed after a reasonable inquiry…with respect to a discovery request, response, or objection, it is …

> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.[19]

18. Rule 26(g) further provides that "if a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction

---

[16] *See* Plaintiffs' Motion for Summary Judgement [Doc. 110].
[17] *McLeod,* 894 F.2d at 1486.
[18] Fed. R. Civ. P. 26(g).
[19] *Id*. at 26(g)(1)(B)(ii)-(iii).

on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[20]

19. The United States Court of Appeals for the Fifth Circuit has further commended the Texas Lawyers' Creed's command that an attorney "will not make objections…for the purpose of delaying or obstructing the discovery process," and the Court of Appeals observed that "the spirit of the Federal Rules of Civil Procedure is served by adherence to similar principles of professionalism and civility." [21] "Rule 26(g) was enacted 'to bring an end to the abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual basis.'"[22] "Rule 26(g) 'and its commentary are starkly clear: an objection to requested discovery may not be made until after a lawyer has paused and consider[ed] whether, based on a *reasonable* inquiry, there is a factual basis [for the] ... objection.' "[23]

20. No such factual basis exists here, and Plaintiffs' request in their motion for summary judgment that the Court find that no genuine issues of material fact exist as to Plaintiffs' alleged damages only serves to underscore the absence of any such factual basis for Plaintiffs' objections to Dr. Guerra's interrogatories.[24]

21. Accordingly, Dr. Guerra seeks mandatory sanctions against Plaintiffs and/or Plaintiffs' counsel under Rule 26(g)(3) — in the form of an award of Dr. Guerra's reasonable and necessary attorneys' fees — on the basis that Plaintiffs have not substantial justification for their continued refusal to respond to Dr. Guerra's discovery requests regarding Plaintiffs' damages,

[20] *Id*. at 26(g)(3) (emphasis added).
[21] *McLeod,* 894 F.2d at 1486 (internal quotation marks omitted).
[22] *Heller*, 303 F.R.D. at 477 (citing *Mancia v. Mayflower Textile Services. Co.,* 253 F.R.D. 354, 358 (D.Md.2008)).
[23] *Id*. (internal quotation marks omitted) (emphasis added).
[24] *See* Plaintiffs' Motion for Summary Judgement [Doc. 110].

which is indisputable an essential element of Plaintiffs' claims against Defendants. Alternatively, Dr. Guerra seeks sanctions against Plaintiffs and/or Plaintiffs' counsel under Rule 37(a)(5)(A).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court, (i) grant Dr. Guerra's Motion to Compel Plaintiffs' Responses to Written Requests for Discovery Regarding Plaintiffs' Damages and Request for Sanctions, (ii) order Plaintiffs to serve their signed, sworn responses, without objection, to Dr. Guerra's First Set of Interrogatories served on August 15, 2022, (ii) order Plaintiffs to serve their responses, without objection, to Dr. Guerra's requests for production served on August 15, 2022, (iii) order Plaintiffs and/or Plaintiffs' counsel, pursuant to Fed. R. Civ. P. 26(g), or, alternatively, Rule 37(a)(5)(A), to pay Dr. Guerra $1,500.00 (or $2,500.00 in the event the Court holds an oral hearing on this Motion) for the reasonable attorneys' fees incurred by Dr. Guerra as a result of Plaintiffs' noncompliance with the rules of discovery, and (iii) grant Dr. Guerra all such other and further relief, both general and special, at law or in equity, to which she may be entitled.

Dated: October 27, 2022.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: *___/s/Ricardo G. Cedillo___________*
RICARDO G. CEDILLO
Texas State Bar No. 04043600
rcedillo@lawdcm.com
BRANDY C. PEERY
Texas State Bar No. 24057666
bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## CERTIFICATE OF SERVICE

I certify that on this 27th day of October 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

*/s/Ricardo G. Cedillo*
RICARDO G. CEDILLO