# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MELODY JOY CANTU and § | |
| DR. RODRIGO CANTU, § | |
| *Plaintiffs* § | |
| § | |
| § | CASE NO.: 5:20-CV-00746-JKP (HJB) |
| § | |
| V. § | |
| § | |
| DR. SANDRA GUERRA and § | |
| DIGITAL FORENSICS CORPORATION, § | |
| LLC § | |
| *Defendants* § | |

## DEFENDANT, DR. SANDRA GUERRA'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, DR. RODRIGO CANTU

**TO:** DR. RODRIGO CANTU, by and through his counsel of record, Tor Ekeland, *Pro Hac Vice*, Email: tor@torekeland.com, Michael Hassard, Email: hassard.mike@gmail.com, TOR EKELAND LAW, PLLC, 30 Wall Street, 8th Floor, New York, NY 10005, and Rain Levy Minns, Email: rain@rainminnslaw.com, MINNS LAW FIRM, P.C., D/B/A RAIN MINNS LAW FIRM, 4412 Spicewood Springs Rd., Suite 500, Austin, Texas 78759-8583.

NOW COMES, Defendant, DR. SANDRA GUERRA, and serves this her First Set of Interrogatories on Plaintiff, DR. RODRIGO CANTU, pursuant to Federal Rules of Civil Procedure 26, 33 and 34. You are hereby notified that DR. SANDRA GUERRA specifies that your answers shall be signed by you under oath and served on the undersigned attorney for on the first business day after the expiration of thirty (30) days after the service of these Interrogatories.

Date:  August 15, 2022.  Respectfully submitted,

**dc&m | Davis, Cedillo & Mendoza, INC.**
ATTORNEYS AT LAW

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: */s/ Brandy C. Peery*
    BRANDY C. PEERY
    State Bar No. 24057666
    Email: bpeery@lawdcm.com
    RICARDO G. CEDILLO
    Texas State Bar No. 04043600
    Email: rcedillo@lawdcm.com

**ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA**

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August 2022, a true and correct copy of the foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                      */s/Brandy C. Peery*
                                      BRANDY C. PEERY

## DEFINITIONS AND INSTRUCTIONS
## INSTRUCTIONS

1. Your answers to these Interrogatories are subject to the Federal Rules of Civil Procedure and are to be made fully, separately and in writing.

2. In responding to the Interrogatories set forth below, please furnish all information in your possession and the possession of all other persons acting on your behalf. Each Interrogatory calls not only for your knowledge, but also all information that is available to you by reasonable inquiry and due diligence, including inquiry of your agents, representatives and attorneys.

3. These Interrogatories are to be regarded as continuing and you are requested to provide, by way of supplementary responses thereto, such additional information as may hereafter be obtained by you, or by any person on your behalf, which will augment or otherwise modify any answers given to the following Interrogatories.

4. If any of these Interrogatories cannot be responded to in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating what information you do have concerning the unanswered portion.

**As used herein, the following terms shall have the meaning indicated below:**

1. "Person" means natural persons, general partnerships, limited partnerships, joint ventures, associations, corporations, governmental agencies (whether federal, state or local or any agency of the government of a foreign county), departmental units or subdivisions thereof, and any other form of business entity or association, as the case maybe.

2. The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Federal Rules of Civil Procedure, and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, and any computer-generated, computer-stored, or electronically stored information that constitute or contain matters relevant to the subject matter of this lawsuit. The terms "document" and "documents" include responsive data or information that exists in electronic or magnetic form, and such responsive data should be produced on a CD, DVD, or other electronic form.

3. "Document" also includes electronically stored information – including, without limitation, writings, drawings, graphs, charts, photographs, text messages, emails,, image files (e.g., .tiff and .pdf images)sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party.

4. The term "and/or," "or," and "and" are used inclusively, not exclusively.

5. Wherever the words "evidencing," "reflecting," "relating," "demonstrating," "pertaining to" and/or "concerning" appear herein, the meaning intended shall include: directly or indirectly referring to, related to, relating to, alluding to, having any relationship to, pertaining , comprising, evidencing, constituting evidence of, connected with, commenting on, regarding, discussing, mentioning, analyzing, constituting, showing, referring in any way to, embodying in whole or in part, or being relevant to that subject matter, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, and/or used in the preparation of any document called for by the Request.

6. Use of the singular shall be taken to include the plural and vice-versa.

7. The term "communication" refers to any transfer of information, oral or written, be it in the form of facts, ideas, inquiries, opinions or otherwise, by any means, at any time or place, under any circumstances, and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to the file.

8. "Identity" or "Identify" or "Identification":

    (a) When used in reference to a natural person, "identity," "identify," or "identification" means to state his or her full name and present or last known address and present employer, specifying in each instance the title or position and the dates so held.

    (b) When used with respect to document, "identity," "identify," or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegraph, memorandum, computer printout, sound reproduction, chart, etc.), its present location and the identity of its present custodian. This shall include documents with respect to which a privilege is or may be claimed, if such document was, but no longer is, in Your possession or subject to Your control, state whether (a) it is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily to others; or ( d) otherwise disposed of. In each such instance explain the circumstances surrounding an authorization for such disposition.

    (c) When used in respect to an occasion, event, meeting or conversation, "identity," "identify," or "identification" means to state the date, place, duration and persons attending or participating.

9. "You" and "Your" mean Plaintiff, DR. RODRIGO CANTU, including her attorneys, agents, employees, representatives and any other person or entity acting on or for her behalf, including without limitation, Tor Ekland and any attorneys, paralegals, legal assistants, contractors, or consultants of the employees, of .

10. "CFAA Claims" means Plaintiffs' causes of action one (1) through (8) set forth in paragraphs 54-92 of Plaintiffs' First Amended Complaint [Doc. 3] and cause of action twelve (12) set forth in paragraphs 109-111 of Plaintiffs' First Amended Complaint.

11. "Texas Statutory Claims" means Plaintiffs' causes of action nine (9) through eleven (11) set forth in paragraphs 93-108 of Plaintiffs' First Amended Complaint [Doc. 3].

5

## **PERIOD OF TIME**

Unless a specific date or dates is set forth in any specific interrogatory herein, you are directed that each question shall be answered for the period of time beginning on March 25, 2009 up to and including the present date.

## FIRST SET OF INTERROGATORIES TO PLAINTIFF, DR. RODRIGO CANTU

1. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the CFAA Claims you have asserted against Dr. Guerra. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

2. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from Digital Forensics Corporation, LLC ("DFC") in connection with the CFAA Claims you have asserted against DFC. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

3. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the Texas Statutory Claims you have asserted against Dr. Guerra. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

4. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from DFC in connection with the Texas Statutory Claims you have asserted against DFC. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

5. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the malicious prosecution claim you have asserted against Dr. Guerra. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

6. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from DFC in connection with the malicious prosecution claim you have asserted against DFC. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

7. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the intentional infliction of emotional distress claim you have asserted against Dr. Guerra. Please include with your answer the amount of each item of compensatory damages and the date such damage/cost was incurred.

8. Identify with specificity all the compensatory damages (including, without limitation, all medical bills and costs) you seek to recover from DFC in connection with the intentional infliction of emotional distress claim you have asserted against DFC. Please include with your answer the amount of each item of compensatory damages and the date such

7

    damage/cost was incurred.

9. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the CFAA Claims you have asserted against Dr. Guerra. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

10. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from Digital Forensics Corporation, LLC ("DFC") in connection with the CFAA Claims you have asserted against DFC. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

11. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the Texas Statutory Claims you have asserted against Dr. Guerra. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

12. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from DFC in connection with the Texas Statutory Claims you have asserted against DFC. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

13. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the malicious prosecution claim you have asserted against Dr. Guerra. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

14. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from DFC in connection with the malicious prosecution claim you have asserted against DFC. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

15. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from Dr. Guerra in connection with the intentional infliction of emotional distress claim you have asserted against Dr. Guerra. Please include with your answer the amount of each item of consequential damages and the date such damage/cost was incurred.

16. Identify with specificity all the consequential damages (including, without limitation, all medical bills and costs) you seek to recover from DFC in connection with the intentional infliction of emotional distress claim you have asserted against DFC. Please include with your answer the amount of each item of consequential damages and the date such

    damage/cost was incurred.

17. Identify with specificity the amount of punitive damages you seek to recover from Dr. Guerra in connection with your claims asserted against her in the lawsuit and the basis for the calculation of such amount.

18. Identify with specificity the amount of punitive damages you seek to recover from DFC in connection with your claims asserted against them in the lawsuit and the basis for the calculation of such amount.