**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELODY JOY CANTU and** | § | |
| **DR. RODRIGO CANTU,** | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| | § | |
| **DR. SANDRA GUERRA and** | § | |
| **DIGITAL FORENSICS** | § | |
| **CORPORATION, LLC** | § | |
| *Defendants* | § | |

**DR. GUERRA'S RESPONSE TO**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Dr. Guerra" and "Defendant"), and files this Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment [Doc. 110], and, in support thereof, would respectfully show unto the Court as follows:

**I.**
**SUMMARY OF ARGUMENT**

1.      Plaintiff, Melody Joy Cantu ("Melody") seeks summary judgment on her claims against Dr. Guerra and co-defendant, Digital Forensics Corporation, LLC ("DFC") for malicious criminal prosecution.  Melody, and her co-Plaintiff and husband, Dr. Rodrigo Cantu ("Dr. Cantu") also seek summary judgment on their claims against Dr. Guerra and DFC (collectively, "Defendants") for violation of the Computer Fraud Abuse Act ("CFAA") and the Texas Harmful Access by Computer law.

2.      The Court should deny Melody's request for summary judgment on her malicious prosecution claim because Melody:

(i)      has failed to conclusively establish as a matter of law that she was innocent of the misdemeanor charge of harassment;

(ii)      cannot overcome the presumption of probable cause;

(iii)      has failed to conclusively establish as a matter of law that Defendants acted with malice; and

(iv)      has failed to conclusively establish as a matter of law that she suffered damages as a result of the criminal prosecution against her.

3.      The Court should deny Melody's request for summary judgment on her CFAA Claims and Texas Harmful Access by Computer Claims because Plaintiffs:

(i)      have a failed to conclusively establish as a matter of law that Defendants intentionally or knowingly accessed Plaintiffs' computers or intentionally caused any damage; and

(ii)      there are genuine issues of material fact as to whether Plaintiffs incurred the requisite amount of damages within the requisite amount of time to support a civil claim under the CFAA or the Texas Harmful Access by Computer law.

## II.
## SUMMARY JUDGMENT EVIDENCE

4.      In support of this Response, Dr. Guerra relies upon the following:

- <u>Exhibit</u> A: Capias
- <u>Exhibit</u> B: Probable Cause Affidavit
- <u>Exhibit</u> C: Facebook Messenger Messages from Melody Joy Cantu to Stacy Bellinger.
- <u>Exhibit D</u> – Excerpts from the Deposition Transcript of Melody Joy Cantu dated July 16, 2022.
- <u>Exhibit E</u> – Facebook Messenger Messages from Melody Joy Cantu to Dr. Guerra.
- <u>Exhibit F</u> –  Excerpts from the Deposition Transcript of Dr. Rodrigo Cantu dated July 16, 2022.
- <u>Exhibit G</u> – Criminal Docket Sheet and Motion to Set Aside Information for Failure to Afford Constitutional Right to Speedy Trial
- <u>Exhibit H</u> – Plaintiff, Melody Joy Cantu's Responses to Defendant Dr. Guerra's First Set of Interrogatories.

- Exhibit I – Excerpts from the Deposition Transcript of Dr. Sandra Guerra dated July 21, 2022.
- Exhibit J – Plaintiff, Dr. Rodrigo Cantu's Responses to Defendant Dr. Guerra's First Set of Interrogatories.

5.      In addition, Dr. Guerra relies upon, and incorporates herein by reference as if fully set forth verbatim,  Dr. Guerra's Motion for Summary Judgment on Plaintiffs' Claims [Doc. 109] and Exhibits 1 – 12 attached thereto.[1]  Dr. Guerra also requests the Court to take judicial notice of the pleadings and motions of the parties referenced herein and all other orders and pleadings on file.

**III.**
**RESERVATION OF RIGHT TO AMEND AND/OR SUPPLEMENT PENDING OUTCOME OF NOVEMBER 4, 2022 HEARING**

6.      Dr. Guerra filed a Motion to Compel Plaintiffs' Responses to Written Discovery and Request for Sanctions [Doc. 102] on August 29, 2022 ("Dr. Guerra's August Motion to Compel") requesting the Court to order Plaintiffs to produce (i) all communications between Plaintiffs and the individuals identified in Plaintiffs' Initial Disclosures as likely to have discoverable information, and (ii) the engagement letters between Plaintiffs and Plaintiffs' counsel and all fee statement and invoices (redacted for privilege) evidencing the attorneys' fees and costs Plaintiffs seek to recover from Defendants.

7.      Plaintiffs allege that Defendants caused them to suffer severe emotional distress and identified various physicians in Plaintiffs' Initial Disclosures who allegedly treated them.  Dr. Guerra served notices of her intent to take depositions upon written questions to the treating physicians identified in Plaintiffs' Initial Disclosures and subpoena for the production of Plaintiffs' medical and billing records, but no medical or billing records have been produced as of this date.

---

[1] Docs. 109, 109-1 to 109-13.

Instead, Melody filed her Notice of Motion for Opposed Protective Order [Doc. 101] ("Melody's Motion for Protective Order").

8.      The Court has ordered an in-person hearing on November 4, 2022 on Dr. Guerra's August Motion to Compel and Melody's Motion for Protective Order.

9.      Dr. Guerra also filed a Motion to Compel Plaintiffs' Responses to Written Requests for Discovery Regarding Plaintiffs' Damages and Request for Sanctions [Doc. 111] on October 27, 2022 ("Dr. Guerra's October Motion to Compel") requesting the Court to order Plaintiffs to respond to interrogatories and requests for production.   In order to prevail on Plaintiffs' CFAA Claims against Defendants, Plaintiffs must prove that they incurred damages of more than $5,000 during any 1-year period.[2]  Plaintiff, Melody Joy Cantu, must also establish she suffered damages as a result of the prosecution commenced by Dr. Guerra in order to prevail on her malicious criminal prosecution claim against her.[3]  Plaintiffs seek summary judgment on their CFAA and malicious prosecution claims, but they simultaneously refuse to respond to Dr. Guerra's written discovery requests regarding their alleged damages.

10.      Accordingly, Dr. Guerra reserves the right to amend and/or supplement this Response pending the Court's ruling on such motions and the production of any documents and responses to interrogatories that may be ordered by the Court.

## IV.
## LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

11.      Although summary judgment is proper in a case in which there is no genuine dispute of material fact, this is not a case in which the Court should grant Plaintiffs' summary judgment.[4]  A

---

[2] 18 U.S.C. §§1030(c)(4)(A)(i)(I), (g)
[3] *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).
[4] *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *see* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

party moving for summary judgment must satisfy its burden by submitting summary-judgment proof that establishes all elements of its claim as a matter of law.[5] This burden is satisfied only if, after viewing the evidence in the light most favorable to the non-movant, no genuine disputes of material fact exist and no reasonable trier of fact could find in favor of the nonmovant.[6]

12.     In determining whether there is a genuine dispute of material fact that prevents summary judgment, a court must consider all evidence in the light most favorable to the nonmovant.[7] *Id.*   "A fact is 'material if it might affect the outcome of a case under the governing substantive law.[8] The court must also resolve all reasonable doubts about the facts in favor of the nonmovant.[9]

## V.
## ARGUMENT AND AUTHORITIES

**A.  PLAINTIFFS HAVE FAILED TO ESTABLISH AS A MATTER OF LAW ALL ELEMENTS OF HER CLAIM AGAINST DEFENDANTS FOR MALICIOUS CRIMINAL PROSECUTION.**

13.     Malicious prosecution is not favored at law because Texas courts have long recognized that the tort cuts against the societal interest in citizens reporting criminal conduct.[10] The Texas Supreme Court has noted that:

> What is distinctive about malicious prosecution is that there is little room for error in applying the law. Even a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and encouraging reporting of criminal conduct.[11]

14.     This careful application of the elements of malicious prosecution is intended to "assure reasonable protection to citizens who report criminal activity to prosecuting authorities."[12]

---

[5] See *Celotex* at 322–23 (1986); *Johnson v. World All. Fin. Corp.,* 830 F.3d 192, 195 (5th Cir. 2016).
[6] *See Johnson,* 830 F.3d at 195.
[7] *Id.*
[8] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).
[9] *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).
[10] *Browning-Ferris Indus., Inc. v. Lieck,* 881 S.W.2d 288, 290-91 (Tex. 1994).
[11] *Id.*
[12] *Ellis County State Bank v. Keever,* 888 S.W.2d 790, 793 (Tex. 1994).

15.    To succeed on a claim for malicious prosecution, a plaintiff must prove: (i) commencement of a criminal prosecution against the plaintiff; (ii) initiated or procured by the defendant; (iii) terminated in favor of the plaintiff; (iv) who was innocent; (v) without probable cause; (vi) with malice; (vii) resulting in damage to the plaintiff.[13]

16.    Plaintiff, Melody Joy Cantu, is not entitled to summary judgment on her malicious prosecution claims against Defendants because (i) Plaintiff has failed to conclusively establish as a matter of law that she was innocent of the misdemeanor charge of harassment; (ii) Plaintiff cannot overcome the presumption of probable cause; (ii) Plaintiff has failed to conclusively establish as a matter of law that Defendants acted with malice; (iv) Plaintiff has failed to conclusively establish as a matter of law that she suffered damages as a result of the criminal prosecution against her.

### i.    *Melody has Failed to Conclusively Establish as a Matter of Law that She was Innocent*.

17.    Plaintiff, Melody Joy Cantu, was criminally charged with the misdemeanor offense of harassment.[14]  Specifically, the State of Texas filed charges against Plaintiff alleging that "on or about the 1st day of April, 2018, MELODY JOY CANTU…with the intent to harass, annoy, alarm, abuse, torment, and embarrass another, namely, Sandra Guerra,…did send repeated electronic communications to Sandra Guerra in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, and offend another, to-wit: contact [Sandra Guerra's] social media contacts using a social media platform, access [Sandra Guerra's] Verizon wireless account without [Sandra Guerra's] consent, and contact [Sandra Guerra] on social media.[15]

18.    The Probable Cause Affidavit states that the State of Texas, in charging Melody Joy Cantu with harassment, relied on the San Antonio Police Department offense report wherein

---

[13] *Richey v. Brookshire Grocery Co.,* 952 S.W.2d 515, 517 (Tex. 1997).
[14] Exhibit A and Exhibit B.
[15] Exhibit B.

the detective wrote that Dr. Guerra "positively identified" Plaintiff, Melody Joy Cantu, as the person who, among other things, (i) "contacted Stacey Bellinger, the ex-wife of Dr. Guerra's then boyfriend [and now husband, Nate Bellinger]" and "told her that [Dr. Guerra] has a sexually transmitted disease" and "she should not trust [Dr. Guerra] around the kids [Ms. Bellinger and Nate] share;" (ii) contacted Dr. Guerra's then-employer, Humana and "made a false report to Humana about [Dr. Guerra] in hope of getting her fired;" and (iii) "repeatedly contacted [Dr. Guerra] on social media and mentioned a sex video that [Dr. Guerra] may be depicted in," which Dr. Guerra fears Plaintiff, Melody Joy Cantu, might release.[16]

19.     To prove an action for malicious prosecution, Plaintiff, Melody Joy Cantu, must establish she was **innocent** of the criminal charge of harassment.[17]  Because a suit for malicious prosecution is a civil action, there is no presumption that the plaintiff was innocent of the crime.[18]

20.     Not only has Plaintiff, Melody Joy Cantu, failed to produce any evidence conclusively establishing as a matter of law that she was *innocent* of the criminal harassment charge, she wholly failed to mention anywhere in her motion that she bears the burden of proving this essential element of her malicious prosecution claim in order to prevail on her motion for summary judgment.[19]  More significantly, Plaintiff, Melody Joy Cantu, has *admitted* to several of the allegations set forth in the Probable Cause Affidavit.

21.     Melody testified she did not know Stacey Bellinger (the ex-wife of Dr. Guerra's then-boyfriend and now husband) "at all" but admitted she sent Ms. Bellinger several messages via Facebook Messenger stating, among other things, that "she had legitimate concerns about how

---

[16] *Id.*

[17] *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006); *Richey,* 952 S.W.2d at 517 (emphasis added).

[18] *See Missouri, Kan. & Tex. Ry. V. Groseclose*, 110 S.W. 477, 480 (Tex.App.—Texarkana 1908, no writ).

[19] *See* Plaintiffs' Motion for Summary Judgment [Doc. 110], pp. 8-11.

[Dr. Guerra] would affect [Ms. Bellinger's] children.[20]  Melody admitted that she told Ms. Bellinger that "Dr. Guerra is manipulative and deceptive" and "destroys people."[21]  She also testified that she told Ms. Bellinger, "If you have been intimate w [sic] Nate I would get tested. Watch out for her."[22]

22.    Melody also admitted under oath that she called Dr. Guerra's then-employer, Humana, in April 2018 to make a complaint against Dr. Guerra.[23]  Melody testified that when she was sending Dr. Guerra numerous messages over Facebook, she saw at the bottom of Dr. Guerra's profile picture "a lot of data and information" that Melody claims she believed was "proprietary" to Humana.  Melody admitted that she took it upon herself to call Dr. Guerra's employer, Humana, and told them "there was [allegedly] data at the bottom of [Dr. Guerra's] Facebook picture…that appeared to be numbers and spreadsheets."[24]

23.    Plaintiff, Dr. Cantu, testified that on Easter Sunday on April 1, 2018, he was having dinner at Pei Wei with the two daughters he shares with Dr. Guerra when Dr. Guerra happened to show up at the restaurant.[25]  He testified that his daughters invited their mother to stay and eat with them, "which [Dr. Cantu] agreed to."[26]  Melody, who proudly testified she owns several guns and has a concealed carry license,[27] stated under oath that she was waiting in the parking lot and as Dr. Cantu, Dr. Guerra, and their daughters were walking out of the restaurant, Melody went up to Dr. Guerra and her daughters and said:

---

[20] Exhibit C and Exhibit D, 102:18-113:5 (Exhibit C to this Response [Melody's Facebook Messenger messages to Stacy Bellinger] is referenced as Deposition Exhibit 7 in Exhibit D to this Response).
[21] *Id*.
[22] *Id*.
[23] Exhibit D, 215:14-217:8.
[24] *Id*.
[25] Exhibit F, 47:11-59:23.
[26] *Id*.
[27] Exhibit D, 24:23-26:6.

"I'm here today because David and I have been in a secret relationship.· He's afraid that you -- and I looked at the girls -- won't love him anymore, and you -- and then I looked at Sandra -- won't let him see his girls."[28]

24.      Plaintiff, Dr. Cantu, admitted that Dr. Guerra and his daughters did not know Melody was in the parking lot and were not expecting to see her when she suddenly approached them.[29]  According to Melody, Dr. Guerra "got very upset" and told Melody she "didn't appreciate being ambushed."[30]  Melody testified that she realized "it was surprise to [Dr. Guerra that Melody showed up] and that there was a little bit of shock."[31]  Dr. Cantu stated that "it was obvious that [Dr. Guerra] was very upset and [Dr. Cantu] thought [his] daughters were getting upset as well…"[32]  He also admitted he was upset with Melody after he saw the reaction of Dr. Guerra and his kids after Melody approached.[33]

25.      Melody testified that after the Pei Wei incident she sent numerous messages to Dr. Guerra via Facebook beginning at approximately 9:34 p.m. on April 1, 2018.[34]  In the messages, Melody told Dr. Guerra, "I'm sorry to have surprised you" and then sent Dr. Guerra numerous photographs of Melody and Dr. Cantu together and described all the alleged gifts Dr. Cantu had given her.[35]  Melody also claimed in her Facebook messages to Dr. Guerra that Melody had intimate photographs of Dr. Guerra.[36]  Moreover, Melody stated under oath that Plaintiff, Dr.

---

[28] *Id*., 83:18-84:12.
[29] Exhibit F, 47:11-59:23.
[30] Exhibit D, 83:18-84:8.
[31] *Id*.
[32] Exhibit F, 47:11-59:23.
[33] *Id*.
[34] Exhibit D, 88:7-98:12; Exhibit E (Exhibit E to this Response [Melody's Facebook Messenger messages to Dr. Guerra] is referenced as Deposition Exhibit 5 in Exhibit D to this Response).
[35] Exhibit E.
[36] Exhibit D, 97:11-98:12.

Cantu, allegedly had provocative photographs of Dr. Guerra and testified, "When we were married, we [Melody and Dr. Cantu] decided to save them."[37]

26.    The record reflects that there are genuine issues of material fact regarding Melody's innocence.  Plaintiffs point to no evidence that conclusively establishes as a matter of law that Melody was innocent of the criminal harassment charge against her and, therefore, Plaintiffs have failed to satisfy their summary judgment burden with respect to this essential element of Melody's malicious prosecution claims against Defendants.

### ii.  *Melody Cannot Overcome the Presumption of Probable Cause*.

27.    To prove an action for malicious criminal prosecution, the plaintiff must establish the defendant did not have probable cause to initiate or procure the prosecution.[38]  In the context of malicious prosecution, probable cause is defined as the existence of facts and circumstances that would create a belief in a reasonable person, acting on the facts within her knowledge, that the person charged was guilty of a crime.[39]  The probable-cause inquiry asks whether a reasonable person would believe a crime had been committed, given the facts as the defendant honestly and reasonably believed them to be before the criminal proceeding was instituted.[40]  The question is not what the actual facts were, but what the defendant honestly and reasonably believed the facts

---

[37] *Id*.

[38] *Kroger Tex.*, 216 S.W.3d at 792 n.3; *Richey*, 952 S.W.2d at 517; *Browning-Ferris Indus. v. Lieck*, 881 S.W.2d 288, 292 n.2 (Tex.1994); *see First Valley Bank v. Martin*, 144 S.W.3d 466, 470 (Tex.2004).

[39] *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983); *Rico v. L-3 Comms.*, 420 S.W.3d 431, 439 (Tex.App.—Dallas 2014, no pet.); *Hernandez v. Porter*, 406 S.W.3d 789, 793 (Tex.App.—El Paso 2013, pet. denied); *San Antonio Credit Un. v. O'Connor*, 115 S.W.3d 82, 94 (Tex.App.—San Antonio 2003, pet. denied); *Lonon v. Fiesta Mart, Inc.*, 999 S.W.2d 458, 460 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

[40] *Kroger Tex.*, 216 S.W.3d at 792–93; *Pettit v. Maxwell*, 509 S.W.3d 542, 547 (Tex.App.—El Paso 2016, no pet.); *Lesher v. Coyel*, 435 S.W.3d 423, 427–28 (Tex.App.—Dallas 2014, pet. denied); *Tranum v. Broadway*, 283 S.W.3d 403, 414 (Tex.App.—Waco 2008, pet. denied); *Lonon*, 999 S.W.2d at 460.

to be.[41]  The plaintiff's acquittal of the charge in the criminal prosecution does not necessarily prove that the defendant did not have probable cause.[42]  When the objective elements of a crime reasonably appear to have been completed, probable cause is established as a matter of law.[43]

28.      The plaintiff has the burden of proving the defendant did not have probable cause to initiate or procure the prosecution.[44]  There is a presumption that the defendant acted reasonably and in good faith and therefore had probable cause to believe a crime was committed.[45]  This presumption is based on the public policy that balances society's interest in the efficient enforcement of the criminal law with the individual's interest in freedom from unjustifiable and oppressive criminal prosecution.[46]  In order to overcome the presumption of probable cause, the plaintiff must produce evidence that the motives, grounds, beliefs, and other evidence upon which the defendant acted did not constitute probable cause.[47]

29.      Plaintiff, Melody Joy Cantu, makes the conclusory allegation in her motion that the criminal charge against her for harassment "lacked probable cause" but she fails to submit any competent summary judgment evidence establishing as a matter of law that Dr. Guerra did not have probable cause to file a report with the police regarding Melody's actions and behavior described *supra* in Section V(A)(i), including, without limitation Melody lying in wait and accosting Dr. Guerra and her daughters in a parking lot, sending a barrage of bizarre messages to

---

[41] *Kroger Tex.*, 216 S.W.3d at 792–93; *Hernandez*, 406 S.W.3d at 793; *San Antonio Credit Un.*, 115 S.W.3d at 94.

[42] *Kroger Tex.*, 216 S.W.3d at 794; *see Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 811 (Tex.App.—Houston [1st Dist.] 2020, no pet.).

[43] *First Valley Bank*, 144 S.W.3d at 470.

[44] *Buckingham Senior Living*, 605 S.W.3d at 811; *Pettit*, 509 S.W.3d at 547.

[45] *Kroger Tex.*, 216 S.W.3d at 793; *Richey*, 952 S.W.2d at 517; *Lesher*, 435 S.W.3d at 428; *Tranum*, 283 S.W.3d at 414.

[46] *Richey*, 952 S.W.2d at 517; *Rico*, 420 S.W.3d at 439; *see Buckingham Senior Living*, 605 S.W.3d at 811.

[47] *Richey,* 952 S.W.2d at 517-18.

Dr. Guerra over Facebook, claiming to have intimate photographs of Dr. Guerra, contacting Dr. Guerra's employer to make a complaint against Dr. Guerra, and contacting the ex-wife of Dr. Guerra's then-boyfriend (and now husband) claiming to have concerns about how Dr. Guerra would affecting her children, accusing Dr. Guerra of being manipulative, and implying (if not expressly stating) that Dr. Guerra has a sexually transmitted disease.

30.     Plaintiff's criminal charge for harassment was dismissed on "speedy trial" grounds,[48] but this evidence is insufficient to overcome the presumption of probable cause.  There was never any finding by the Court that Dr. Guerra lacked probable cause and Plaintiffs submit no such evidence.[49]

31.     Plaintiffs assert the tenuous argument that "Dr. Guerra's [alleged] deliberate misrepresentations as to the existence of her communications with Defendant DFC in her deposition [on July 21, 2022], as well as DFC's [alleged] willful withholding of evidence, erases any doubt as to material facts underlying all the elements of malicious prosecution."[50]  However, Plaintiff has the burden to prove that, as a matter of law, Dr. Guerra had no probable cause *before* the initiation of criminal proceeding against Melody in 2018.[51] Even though events after the initiation of the criminal proceedings may seem relevant to the issue of probable cause, they are immaterial to the defendant's belief and motives *before* the initiation of the proceedings.[52] Therefore, the parties' respective compliance (or alleged non-compliance) with discovery requests parties in *this civil lawsuit* in 2022 is insufficient to prove that Dr. Guerra lacked probable cause when she filed a police report against Melody for harassment in 2018.  As detailed *supra* in Section

---

[48] Exhibit G.
[49] *Id*.
[50] Plaintiffs' Motion for Summary Judgment [Doc. 101], p. 10.
[51] *Pettit*, 509 S.W.3d at 547; *Turner v. Roadway Express, Inc.*, 911 S.W.2d 224, 226–27 (Tex.App.—Fort Worth 1995, writ denied).
[52] *Turner*, 911 S.W.2d at 227.

V(A)(i), there is substantial competent summary evidence establishing that Dr. Guerra honestly and reasonably believed that Melody was criminally harassing her in 2018.

32.     Accordingly, Plaintiff, Melody Joy Cantu, cannot overcome the presumption of probable cause.   Melody is not entitled to summary judgment because she has failed to conclusively establish as a matter of law that Dr. Guerra did not have probable cause when she filed a police report in 2018 against Melody for harassment.

### iii.  *Melody has Failed to Conclusively Establish as a Matter of Law that Dr. Guerra Acted with Malice.*

33.     To prove an action for malicious criminal prosecution, the plaintiff must establish the defendant acted with malice.[53]  For purposes of malicious prosecution, malice means "ill will or evil motive, or such gross indifference or reckless disregard for the rights of others as to amount to a knowing, unreasonable, wanton, and willful act."[54]

34.     Plaintiff makes the conclusory allegation that "Defendants acted with malice" but fails to point to any specific competent summary judgment evidence establishing, as a matter of law, that Defendants acted with ill will, gross indifference, or reckless disregard for the rights of Melody.   Accordingly, Melody cannot succeed on her request for summary judgment on her malicious prosecution claim against Defendants.

### iv.  *Melody has Failed to Conclusively Establish as a Matter of Law that She Suffered Damages as a Result of the Criminal Prosecution.*

35.     To prove an action for malicious criminal prosecution, plaintiff must establish she suffered damages as a result of the prosecution.[55]  However, Plaintiff failed to include any

---

[53] *Kroger Tex*, 216 S.W.3d at 792 n.3; *Richey*, 952 S.W.2d at 517.
[54] *Luce v. Interstate Adjusters, Inc.,* 26 S.W.3d 561, 566 (Tex. App.—Dallas 2000, no pet.).
[55] *Richey*, 952 S.W.2d at 517.

arguments or submit any competent summary judgment evidence in her motion regarding any alleged damages she suffered as a result of the criminal prosecution against her for harassment.

36.     Furthermore, Dr. Guerra propounded interrogatories to Melody specifically requesting that she "[i]dentify with specificity" all the compensatory and consequential damages she seeks to recover from Defendants in connection with her malicious prosecution claim against them.[56]

37.     Although the law is clear that damages is an essential element of Melody's malicious prosecution claim against Defendants, Plaintiff objected to Dr. Guerra's requests for specific information regarding the amount of Plaintiff's damages and the date they were incurred on the ground that such requests seek "*irrelevant* information."[57]  Melody has failed and/or refused to provide any written response to such interrogatories pertaining to the purported damages she suffered as a result of the criminal prosecution against her for harassment.[58]  Such refusal to provide *any* written response whatsoever makes clear that Melody cannot conclusively establish as a matter of law that she suffered any damages from such prosecution.  As such, Melody cannot succeed on her motion for summary judgment on her malicious prosecution claim against Defendants.

**B.      PLAINTIFFS HAVE FAILED TO ESTABLISH AS A MATTER OF LAW ALL ELEMENTS OF THEIR CFAA CLAIMS.**

38.     Plaintiffs seek summary judgment on all 8 of their causes of action against Defendants for violation of the following sections of the CFAA: 18 U.S.C. §§1030(a)(2)(C) [First COA]; 1030(a)(5)(A) [Second COA]; 1030(a)(5)(B) [Third COA]; 1030(a)(5)(C) [Fourth COA]; 1030(a)(2)(C) and 1030(b) [Fifth COA]; 1030(a)(5)(A) and 1030(b) [Sixth COA]; 1030(a)(5)(B)

---

[56] Exhibit H.
[57] *Id*. (emphasis added).
[58] *Id*.

and 1030(b) [Seventh COA]; 1030(a)(5)(C) [Eighth COA] (collectively, "Plaintiffs' CFAA Claims").[59]

39.    Plaintiffs also seek summary on all 3 of their Texas Harmful Access by Computer claims against Defendant for violations of:  §33.02(a) of the Texas Penal Code and Tex. Civ. Prac. Rem. Code §143.001 [Plaintiffs' Ninth COA]; §33.02(b-1)(1) of the Texas Penal Code and Tex. Civ. Prac. Rem. Code §143.001 [Plaintiffs' Tenth COA]; and §33.022 of the Texas Penal Code and Tex. Civ. Prac. Rem. Code §143.001 [Plaintiffs' Eleventh COA] (collectively, "Plaintiffs' Texas Harmful Access by Computer Claims").[60]

40.    Dr. Guerra filed her own Motion for Summary Judgment om Plaintiffs' Claims [Doc. 109] requesting the Court to grant summary judgment and dismiss all of Plaintiffs' CFAA Claims and Texas Harmful Access by Computer Claims [Doc. 109].  Dr. Guerra incorporates her Motion for Summary Judgment on Plaintiffs' Claims [Doc. 109], including all exhibits, arguments, and legal authorities cited therein, in this Response by reference as if fully set forth herein verbatim.  Accordingly, Dr. Guerra will respond to Plaintiffs' Motion, but will attempt to avoid reiterating all her prior arguments set forth in Dr. Guerra's Motion for Summary Judgment on Plaintiffs' Claims.

   ***i.    There is No Competent Summary Judgment Evidence that Defendants Intentionally or Knowingly Accessed Plaintiffs' Computers or Intentionally Caused Any Damage.***

41.    Courts have held that the CFAA must be construed narrowly, even in civil actions, because the same sections that give rise to civil remedies also give rise to criminal penalties.[61]

---

[59] Plaintiffs' First Amended Complaint [Doc. 6].

[60] *Id.*

[61] *Oracle Corp. v. SAP AG*, 734 F. Supp. 2d 956, 967 (N.D. Cal. 2010); *Lockheed Martin Corp. v. Speed*, 6:05-CV-1580-ORL-31, 2006 WL 2683058, at *7 (M.D. Fla. Aug. 1, 2006); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12 n. 8, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004) (using the rule of lenity to interpret a criminal statute that was being enforced in a civil action).

42.    Plaintiffs have failed to meet their summary judgment burden to conclusively prove as a matter of law that that Dr. Guerra and DFC acted with the requisite intent or knowledge required to give rise to liability under the CFAA.  The provisions of the CFAA relevant to Plaintiffs' claims against Defendants provide in pertinent part as follows:

> (a) Whoever—
>
> > (2)(C) ***intentionally*** accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer [Plaintiffs' First COA]; or
> >
> > (5)(A) ***knowingly*** causes the transmission of a program, information, code, or command, and as a result of such conduct, ***intentionally*** causes damage without authorization, to a protected computer [Plaintiffs' Second COA]; or
> >
> > (5)(B) ***intentionally*** accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage [Plaintiffs' Third COA]; or
> >
> > (5)(C) ***intentionally*** accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss [Plaintiffs' Fourth COA]
>
> ***
>
> shall be punished as provided in subsection (c) of this section.
>
> (b) Whoever conspires to commit or attempts to commit an offense under subsection (a) [(2)(C) and 5(A)(C), above,] of this section shall be punished as provided in subsection (c) of this section [Plaintiffs' Fifth, Sixth, Seventh and Eighth COA].[62]

43.    Plaintiffs' Motion is riddled with conclusory allegations that Dr. Guerra and DFC hacked, phished, stalked, and surveilled Plaintiffs in violation of the CFAA and Texas state computer law."[63]  Plaintiffs simply reiterate the legal elements of Plaintiffs' CFAA Claims [and Texas Harmful Access by Computer Claims] against Defendants and definitively declare that

---

[62] 18 U.S.C. §§1030(a)(2)(C), (a)(5)(A)-(C), and 1030(b) (emphasis added).
[63] Plaintiffs' Motion for Summary Judgment [Doc. 110].

Defendants committed such acts without offering any competent summary judgment evidence conclusively establishing as a matter of law how Defendants' conduct satisfied each and every element of such claims.[64]

44.     Plaintiffs' arguments in support of their Motion are based solely on assumptions, speculation, supposition, and motive (including, without, limitation, Dr. Guerra's alleged "obsessive jealousy"[65] and Melody's belief that Dr. Guerra wanted to get "an edge up on the [underlying] family case then pending in District Court[66]).

45.     Melody testified that she "*believe[s]*" Dr. Guerra sent her a phishing link and "*believe[s]* that [Dr. Guerra] hired DFC to do it,"[67] but Plaintiffs do not have any competent summary judgment evidence conclusively establishing as a matter of law that DFC or Dr. Guerra intentionally and/or knowingly accessed Plaintiffs' computers or computer networks or that DFC conspired with Dr. Guerra to do so.  Dr. Guerra testified that she did not send the links referenced in the DFC report or any "tracking URLS" to Plaintiffs.[68]

46.     Plaintiffs incorrectly represent to the Court that Dr. Guerra's Affidavit [Ex. A to Plaintiffs' Motion] is evidence that "Dr. Guerra hired Defendant DFC to hack, investigate and surveil Plaintiffs."[69] However, Dr. Guerra's Affidavit simply states that Dr. Guerra "retained the services of DFC…and have authorized them to *request* information on [her behalf]."[70]  Melody admitted that she is neither a digital forensic expert or analyst nor an expert in cable splitters,[71] but nevertheless impermissibly opinion that "it's a *possibility*" based upon an unrelated case in Austin

---

[64] Plaintiffs' Motion for Summary Judgment [Doc. 110].
[65] Plaintiffs' First Amended Complaint, ¶3.
[66]*See* Doc. 109-1, 149:1-19.
[67] *See* Doc. 109-1, 144:22-149:19 (emphasis added).
[68] Exhibit I, 37:19-43:9.
[69] Plaintiffs' Summary Judgment Motion [Doc. 110], p. 4.
[70] *See* Exhibit A to Plaintiffs' Summary Judgment Motion [Doc. 110-1].
[71] Exhibit D, 125:7-19; 190:15-20.

that that "[DFC has those capabilities]" to conduct video surveillance of her, her children, and Dr. Cantu.[72]

47.    Plaintiffs' argue that "DFC's refusal to produce evidence in this matter, coupled with [DFC's] own expert's military-grade knowledge of cable splicing, warrants this Court finding that there is no question of material fact as to whether Defendants violated the CFAA and federal wiretap law."[73]  However, DFC's expert's knowledge regarding "cable splicing" does not establish as a matter of law that Defendants intentionally or knowingly accessed Plaintiffs' computers or computer networks.  DFC's expert did not offer any opinion testimony regarding the purported cable splitter Plaintiffs allege was attached to their cable line.  Plaintiffs have failed to produce any expert witness testimony or a single piece of competent summary judgment evidence that conclusively establishes as a matter of law that Dr. Guerra and/or DFC placed, or caused to be place, the alleged cable splitter on Plaintiffs' cable box.

48.    The competent summary judgment evidence in this matter establishes that the cable box that is the subject of Plaintiffs' Motion was "shared between four houses" and was not even located on Plaintiffs' property.[74]  More significantly, the documents produced by Melody's employer, USAA, also show that USAA's investigator was informed by a Spectrum representative that the cable splitter appeared to have been attached by *Spectrum*.[75]

49.    Accordingly, Plaintiffs have no actual competent, admissible evidence that conclusively establishes that Defendants installed the cable splitter, sent any tracking URLs to

---

[72]  *See* Doc. 109-1, 44:22-149:19 (emphasis added).
[73]  Plaintiffs' Motion for Summary Judgment [Doc. 110], p. 11.  Dr. Guerra notes that Plaintiffs reference the feral wiretap law [Plaintiffs' Twelfth Cause of Action], but do not request that the Court grant summary judgment on such claim.  *See* Plaintiffs' Motion for Summary Judgment [Doc. 110], "Conclusion," p. 15.
[74] Exhibit D, 121:10-124:21.
[75]Doc. 109-2.

Plaintiffs or that they otherwise knowingly or intentionally intercepted Plaintiffs' communications. Therefore, Plaintiffs are not entitled to summary judgment on their CFAA claims because they have failed to satisfy their burden of proving that Dr. Guerra and DFC, as a matter of law, acted with the requisite intent and/or knowledge required to give rise to liability under the CFAA.

### ii. *There are Genuine Issues of Material Fact as to Whether Plaintiffs Incurred the Requisite Amount of Damages to Support a Civil Claim under the CFAA.*

50.     As detailed above, Plaintiffs have failed and/or refused to provide any written responses to Dr. Guerra's interrogatories pertaining to the purported compensatory and consequential damages they suffered as a result of Defendants' alleged violations of CFAA and Texas Harmful Access by Computer law[76]   Such refusal to provide *any* written response whatsoever makes clear that Plaintiffs cannot conclusively establish as a matter of law that they suffered the requisite amount of damages within the requisite period of time prescribed by the CFAA.

51.     Plaintiffs also allege that they began experiencing problems with their internet connection at home on June 6, 2018.[77]  They claim a Spectrum representative discovered a cable splitter on their line on September 4, 2018 but later discovered on November 15, 2018 that it was removed.[78]  However, all the invoices Plaintiffs attached as Exhibit P [Doc 110-16] in support of their Motion are for charges incurred in 2019, 2021, and 2022.[79]  Many of the costs appear to be related to "monthly storage of data and devices" without any explanation or evidence that such cost were incurred directly as a result of Defendants alleged violations of the CFAA and Texas Harmful Access by Computer law as opposed to monthly data storage fees that would normally be

---

[76]<u>Exhibit H</u> and <u>Exhibit J</u>.
[77] Plaintiffs' First Amended Petition [Doc. 6], ¶30.
[78] Forensic
[79] Doc. 110-16.

incurred in the ordinary course by an individual or household to back up and protect personal and/or business information.[80]  In addition, none of the Spectrum invoices indicate the purpose of such service call or what services were performed.[81]

52.     Accordingly, there are genuine issues of material fact regarding the amount, if any, of Plaintiffs' alleged damages and the date such damages were allegedly incurred.  Therefore, Plaintiffs have failed to conclusively prove as a matter of law the critical element required under the CFAA that they incurred damages of more than $5,000 during any 1-year period as a result of Defendants' alleged violations of the CFAA.

**C.     PLAINTIFFS HAVE FAILED TO ESTABLISH AS A MATTER OF LAW ALL ELEMENTS OF THEIR TEXAS HARMFUL ACCESS BY COMPUTER CLAIMS.**

53.     For the reasons set forth in Dr. Guerra's Motion for Summary Judgment on Plaintiffs' Claims [Doc. 109] and similar reasons set forth in Section V(B) *supra*, which are incorporated hereunder by reference as if fully set forth verbatim, Plaintiffs' are not entitled to summary judgment on Plaintiffs' Texas Harmful Access by Computer Claims [Plaintiffs' Ninth, Tenth, and Eleventh COA][82] and incorporates herein by reference the foregoing paragraphs as if fully set forth verbatim.  Specifically, Tex. Civ. Prac. & Rem. Code § 143.001(a) provides a civil cause of action for a person who is injured or whose property has been injured as a result of a **_knowing_** and **_intentional_** violation of Chapter 33 of the Texas Penal Code.[83]

54.     Chapter 33.02(a) of the Texas Penal Code [Plaintiffs' Ninth COA] makes it an offense if a person "**_knowingly_** accesses a computer, computer network, or computer system without the effective consent of the owner."[84]   Chapter 33.02(b-1)(1) of the Texas Penal Code

---

[80] Doc. 110-16, pp. 8-29.
[81] Doc. 110-6.
[82] Plaintiffs' First Amended Complaint, ¶¶93-103.
[83] TEX. CIV. PRAC. & REM. CODE ANN. § 143.001(a) (emphasis added).
[84] TEX. PEN. CODE ANN. § 33.02(a) (emphasis added).

[Plaintiffs' Tenth COA] makes it an offense "if, with the *intent* to defraud or harm another or alter, damage, or delete property, the person *knowingly* accesses a computer, computer network, or computer system without the effective consent of the owner."[85]   Chapter 33.022 makes it an offense if a person "*intentionally* interrupts or suspends access to a computer system or computer network without the effective consent of the owner." [Plaintiffs' Eleventh COA] [86]

55.    As detailed above and in Dr. Guerra's Motion for Summary Judgment on Plaintiffs' Claims [Doc. 109], Plaintiffs' theories of liability against Dr. Guerra pertaining to their Texas Harmful Access by Computer Claims are based purely on conjecture.  Plaintiffs have no actual competent, admissible evidence that Dr. Guerra *knowingly* accessed Plaintiffs' computer, computer network, or computer system; had any *intent* to defraud or harm Plaintiffs or alter, damage, or delete Plaintiffs' property; or *intentionally* interrupted or suspended Plaintiffs' access to their computer system or network.  As such, Plaintiffs are not entitled to summary judgment on Plaintiffs' Texas Harmful Access by Computer Claims because they have failed to conclusively prove as a matter of law all elements of their Texas Harmful Access by Computer Claims against Defendants.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court deny Plaintiffs' Motion for Summary Judgment in all respects and grant Dr. Guerra all such other and further relief, both general and special, at law or in equity, to which she may be justly entitled.

---

[85] TEX. PEN. CODE ANN. § 33.02(b-1)(1) (emphasis added).
[86] TEX. PEN. CODE ANN. § 33.022 (emphasis added).

Dated:  October 28, 2022.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 250
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 660-3795

By: ___*/s/Ricardo G. Cedillo*_____
    RICARDO G. CEDILLO
    Texas State Bar No. 04043600
    rcedillo@lawdcm.com
    BRANDY C. PEERY
    Texas State Bar No. 24057666
    bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR.
SANDRA GUERRA


## CERTIFICATE OF SERVICE

I certify that on this 28th day of October 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.


    */s/Ricardo G. Cedillo*_____
    RICARDO G. CEDILLO