# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO

_____

MELODY JOY CANTU AND DR. RODRIGO CANTU,

Plaintiffs,

v.

DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC,

Defendants.

5:20-CV-0746 JKP – HJB

_____

# PLAINTIFFS' REPLY TO DEFENDANT DR. GUERRA'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# Contents

Argument .................................................................................................................................. 3

I.   The Discovery Establishes Defendant's Malicious Prosecution ................................. 3

  A.   There Was No Competent Evidence for Dr. Guerra's Malicious Accusations ....... 3

  B.   There was no Probable Cause .................................................................................. 4

  C.   Dr. Guerra Acted with Malice ................................................................................. 4

II.   Dr. Guerra's Malicious Prosecution Damaged Plaintiffs ............................................ 5

III.   Defendants Knowingly Accessed Plaintiffs' Computer Systems and Intentionally Caused Damage ............................................................................................................................. 6

  A.   Defendants Damaged Plaintiffs Computers ............................................................. 6

  B.   Defendants Violated the Texas Harmful Access by Computer Act ....................... 7

Conclusion ............................................................................................................................... 7

Certificate of Service ............................................................................................................... 9

Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu file this reply to Defendant Dr. Sandra Guerra's Response to Plaintiffs' Motion for Summary Judgment. For the reasons stated below, this Court should grant Plaintiffs' motion in its entirety.

## Argument

### I.      The Discovery Establishes Defendant's Malicious Prosecution

To succeed on a claim for malicious prosecution, a plaintiff must prove: (i) commencement of a criminal prosecution against the plaintiff; (ii) initiated or procured by the defendant; (iii) terminated in favor of the plaintiff; (iv) who was innocent; (v) without probable cause; (vi) with malice; (vii) resulting in damage to the plaintiff.

Plaintiff Mrs. Cantu has established that Dr. Guerra maliciously commenced a criminal prosecution against her that was not based upon any probable cause and was terminated in Mrs. Cantu's favor and resulted in significant loss. Dr. Guerra submitted a false police report and testified in her deposition that the affidavit submitted was substantially written by DFC.[1] Furthermore, Dr. Guerra's statements in her police report conflictswith texts she exchanged with her husband.[2]

<u>There Was No Competent Evidence for Dr. Guerra's Malicious Accusations</u>

The State dropped Dr. Guerra's malicious prosecution when it could not prove its case. There is no evidence for Defendants false accusations that led to Mrs. Cantu's false arrest. As the

---

[1] *See* Dep. of Dr. Guerra 45:16-46:3 (admitting she took a copy of DFC's Phase I report to the San Antonio Police Department (attached as Ex. C)).

[2] *See* Ex. W at Guerra 001052-53.

Motion to Set Aside the prosecution states, "the State could not prove its case, now, or ever".[3] The favorable disposition reflects Mrs. Cantu's innocence od Defendants' malicious and baseless charges.

### There was no Probable Cause

The Motion to Set Aside states that the court could not make any findings of probable cause and that it could not prove its case.[4] This fact, combined with the false statements in Dr. Guerra's police report submitted in collusion with DFC, overcome any presumption of probable cause. Simply put, Defendants lied to the police and the State had no way to prove its case because it was based on a lie.

### Dr. Guerra Acted with Malice

Dr. Guerra's obsessive stalking campaign against Plaintiffs stems from her raging jealousy. She simply cannot move on, instead choosing to unleash a multi-year campaign of harassment and cyberstalking against Plaintiffs with the help of DFC.

Dr. Guerra and Dr. Cantu divorced in 2009. Plaintiffs married in 2014. Despite being divorced for over 2 years, Dr. Guerra professed her love for Dr. Cantu in love letters dating from September 2011. Dr. Guerra has never fully accepted that Dr. Cantu moved on and has repeatedly targeted Mrs. Cantu.[5]

---

[3] *See* Ex. M at Guerra 000953-54.

[4] *See* Ex. M at Guerra 000953-4.

[5] *See* Guerra 000320-21 (Love letter sent from Dr. Guerra to Dr. Cantu (attached as Ex. V)).

Throughout her campaign of harassment, cyber stalking and hacking of Plaintiffs, Dr. Guerra has repeatedly exhibited malicious conduct. On May 25, 2018, Dr. Guerra put her malicious intent on display when she texted her husband that "I am going to take Joy down".[6]

Dr. Guerra's malicious conduct did not stop at Mrs. Cantu. Evidence from the Texas Medical Board shows that Dr. Guerra lied to authorities, wrongfully accusing Dr. Cantu of failing to meet his child support obligations.[7] As a direct result of Dr. Guerra's malicious conduct, Dr. Cantu's medical license was suspended.[8]

## II.   Dr. Guerra's Malicious Prosecution Damaged Plaintiffs

The Discovery establishes that Mrs. Cantu suffered significant damages as a direct result of Dr. Guerra's obsessive campaign against her and Dr. Cantu. Mrs. Cantu has produced medical bills totaling $9,085.00 attributable to the Dr. Guerra's malicious campaign of harassment and hacking.[9] Because of Dr. Guerra and DFC's malicious prosecution of Mrs. Cantu, Mrs. Cantu has had to undergo therapy. And her reputation was damaged by her false arrest.

Doctors' notes detail the severity of the emotional hardships Mrs. Cantu suffered as a direct result of Dr. Guerra's campaign against her.[10] In addition to medical costs associated with

---

[6] *See* Ex. W at Guerra 0001063.

[7] *See* Dr.CantuProd#000092 (Notice from Texas Medical Board that Dr. Cantu's medical license is suspended (attached as Ex. U)).

[8] *Id.*

[9] *See* MCantuFinalProd#Bates 000796-828, 001619-001679 (Medical Billing Records (attached as Ex. S)).

[10] *See* MCantuPRod#Bates 000829-000848; 001512-001615, 001619-1679 (Doctor's notes (attached as Ex. T)).

Dr. Guerra and DFC's malicious prosecution, Plaintiff Melody Joy Cantu had to hire a defense attorney, and incur significant legal costs.

### III. Defendants Knowingly Accessed Plaintiffs' Computer Systems and Intentionally Caused Damage

The Discovery establishes that Dr. Guerra hired DFC to hack Plaintiffs' computer networks. She worked with DFC to deploy phishing links against Plaintiffs that allowed DFC to intentionally gain unlawful access to Plaintiffs' computer networks. DFC instructed Dr. Guerra on how to deploy the phishing links.[11] Dr. Guerra followed DFC's instructions and used fake email address to get Plaintiffs to clink on the URL tracking links provided to her by DFC.[12]

<u>Defendants Damaged Plaintiffs Computers</u>

Defendant Dr. Guerra confuses CFAA damages with CFAA loss in her Motion for Summary Judgment. Damages under the CFAA have nothing to do with monetary loss and are specifically defined in nonmonetary terms. 18 USC §1030(e)(8) defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information."[13] 18 USC §1030(e)(11) defines "loss" as any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data program,

---

[11] *See* Ex. H, at D 000110-D 000113 (emails in which Dr. Sandra forwards to DFC emails from fake email addresses she phished Plaintiffs with by sending URL tracking links); GUERRA 00339-46 (instructions from DFC directing Dr. Guerra how to deploy phishing links (attached as Ex. O)); Ex. B, at GUERRA 000081 (DFC Phase I report to Dr. Guerra with URL tracking link results), Ex. G at 24:4-24:10 (stating he reviewed code of the phishing links sent to Plaintiffs), 27:12-15 (conceding he reviewed raw text files), 30:19-24 (stating phishing links can be used to install malware on target networks), 35:6-22 (acknowledging he knows phishing is a crime), 37:1-7 (admitting phishing techniques employ deceptive tactics).

[12] *Id.*

[13] *See* 18 USC §1030(e)(8).

system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."[14] Moreover, Defendant relies on outdated caselaw when discussing CFAA damages, as the statute was amended in 2001 to separately define the loss and damage provisions.

Plaintiffs brought forth receipts for CFAA loss totaling $14,565.3. A substantial portion of this loss was incurred from retaining Exhibit A Computer Forensic Investigations, LLC.[15] The remaining loss incurred by hiring Spectrum Cable to identify and correct the damage Dr. Guerra and DFC inflicted upon Plaintiffs' computer networks.[16]

<u>Defendants Violated the Texas Harmful Access by Computer Act</u>

Texas State Law provides a cause of action for anyone who is injured or whose property is damaged as a result of an intentionally committed computer intrusion.[17] As outlined above, Plaintiffs have appropriately established that Defendants Dr. Guerra and DFC hacked and surveilled Plaintiffs, and caused significant damage to their computer networks.

## Conclusion

For the reasons stated above, this Court should grant Plaintiff's Motion for Summary Judgment.

---

[14] *See* 18 USC §1030(e)(11).

[15] *See* MCantuProd#Bates 001719 – 001764 (Exhibit A Computer Forensic Investigations, LLC billing records (attached as Ex. X)).

[16] *See* Ex. F, at MCantuProd 00193-00206

[17] Tex. Civ. Prac. & Rem. Code § 143.001 & Texas Penal Code § 33.02(a)

Austin, TX
Dated: November 4th, 2022

                                        Respectfully submitted,

/s/ Michael Hassard
(NY Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
(718) 737 - 7264
michael@torekeland.com


/s/ Tor Ekeland
(NY Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
(718) 737 - 7264
tor@torekeland.com


*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

## Certificate of Service

I certify that on this 4th of November 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Michael Hassard