IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU and** § | |
| **DR. RODRIGO CANTU,** § | |
| *Plaintiffs* § | |
| § | |
| V. § | **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| § | |
| **DR. SANDRA GUERRA and** § | |
| **DIGITAL FORENSICS** § | |
| **CORPORATION, LLC** § | |
| *Defendants* § | |

**DR. GUERRA'S MOTION FOR LEAVE TO FILE HER SUR-REPLY TO PLAINTIFFS' REPLY TO DR. GUERRA'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Dr. Guerra" and "Defendant"), and pursuant to Local Rule CV-7(f)(1) and Rule 56(e), moves the Court for leave to file her Sur-Reply to Plaintiffs' Reply to Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment [Doc. 118] (the "Reply"), and, in support thereof, would respectfully show unto the Court as follows:

1. Plaintiffs filed their Reply on November 4, 2022. However, Plaintiffs' Reply contains new arguments not previously asserted in Plaintiffs' Motion for Summary Judgment filed on October 14, 2022 [Doc. 109]. More significantly, Plaintiffs submitted new summary judgment evidence that was not included with the summary judgment evidence previously submitted by Plaintiffs when they filed Plaintiffs' Motion for Summary Judgment.[1]

2. Plaintiffs claim for the first time in their Reply that "[b]ecause of Dr. Guerra and

---

[1] Plaintiffs added Docs. 118-19 to 118-23 to their Reply, which were not included with the summary judgment evidence submitted by Plaintiffs when they filed Plaintiffs' Motion for Summary Judgment on October 14, 2022.

DFC's malicious prosecution of [Plaintiff, Melody Joy Cantu], Mrs. Cantu has had to undergo therapy."[2] Accordingly, Plaintiffs' new summary judgment evidence includes, without limitation, Plaintiff, Melody Joy Cantu's unredacted medical records,[3] which Plaintiffs publicly filed with Court in support of Melody's claim that she "suffered significant damages as a direct result of Dr. Guerra's obsessive campaign against her and Dr. Cantu."[4] However, the newly filed medical records actually demonstrate that Melody's therapy and emotional hardships not only predate Dr. Guerra's filing of a police report against Melody for harassment, but they are the direct result of Melody's pre-existing mental health conditions and dysfunctional relationship with her husband Dr. Cantu.

3. Furthermore, Plaintiffs' Reply contains several misstatements and mischaracterizations of the summary judgment evidence and facts. For example, Plaintiffs misrepresent to the Court that "[e]vidence from the Texas Medical Board shows that Dr. Guerra lied to authorities, wrongfully accusing Dr. Cantu of failing to meet his child support obligations" and "as a direct result…,Dr. Cantu's medical license was suspended.[5] However, the competent summary judgment evidence establishes that Dr. Cantu did <u>not</u> timely pay all the child support payments he owed to Dr. Guerra. Moreover, after receiving a request from the Texas Attorney General's Office, Dr. Guerra completed a Custodial Parent's Affidavit of Direct Payments and returned it to the Texas Attorney General as requested.

---

[2] Doc. 118, p. 5.
[3] Dr. Guerra notes that Plaintiffs submitted Plaintiffs' medical records as part of the public record in spite of their spurious objections to Dr. Guerra's third-party subpoenas and requests for production of Plaintiffs' medical and billing records and repeated refusals to provide HIPAA authorizations for the production of such medical and billing records. *See* Docs. 90, 93, 101, 104, 106, and 116. Plaintiffs continue to withhold Plaintiffs' HIPAA authorization as of the date of this filing.
[4] Doc. 118, p. 5 (citing Doc. 118-19 and 118-20 in fn. 9-10 therein)
[5] Doc. 118, p.5 (citing Doc. 118-21 in fn. 7 therein); *see also* Ex. S, which is a legible copy of Doc. 118-21.

4.      Accordingly, Dr. Guerra requests leave to file a sur-reply to address new arguments and correct misstatements and mischaracterizations contained in the Plaintiffs' Reply.

5.      In addition, Dr. Guerra requests leave to file a sur-reply because Plaintiffs just recently produced some of the supplementation discovery responses they were required to provide to Defendants pursuant to the parties' Joint Advisory to the Court Regarding the In-Person Hearing Set on November 4, 2022 [Doc. 116]. Counsel for Plaintiffs sent a link via email at 7:19 p.m. CST on November 11, 2022[6] to counsel for the Defendants containing Plaintiffs' purported supplemental discovery responses. However, the link was defective, and Defendants were unable to access Plaintiffs' supplemental discovery responses until Plaintiffs' counsel sent a new link on November 14, 2022 (the date hereof).[7]

6.      In accordance with Local Rule CV-7(b), a copy of the Dr. Guerra's proposed Sur-reply to Plaintiffs' Reply to Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment is included with this Motion for Leave.

Dated:  November 14, 2022.                              Respectfully submitted,

---

[6] Veteran's Day was on November 11, 2022.
[7] As of the date hereof, Plaintiffs have still failed to comply with all the terms of the parties' agreement under the Joint Advisory. Accordingly, Dr. Guerra reserves the right to file a motion for leave to amend and/or supplement her Summary Judgment on Plaintiffs' Claims [Doc. 109], Response to Plaintiffs' Motion for Summary Judgement [Doc. 114], and Dr. Guerra's sur-reply requested herein pending Plaintiffs' full compliance with the Joint Advisory.

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 250
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 660-3795

By:   */s/Ricardo G. Cedillo*
　　　RICARDO G. CEDILLO
　　　Texas State Bar No. 04043600
　　　rcedillo@lawdcm.com
　　　BRANDY C. PEERY
　　　Texas State Bar No. 24057666
　　　bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## CERTIFICATE OF SERVICE

　　I certify that on this 14th day of November 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

　　　　　*/s/Ricardo G. Cedillo*
　　　　　RICARDO G. CEDILLO