IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODY JOY CANTU and | § | |
| DR. RODRIGO CANTU, | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | CASE NO.: 5:20-CV-00746-JKP (HJB) |
| | § | |
| DR. SANDRA GUERRA and | § | |
| DIGITAL FORENSICS | § | |
| CORPORATION, LLC | § | |
| *Defendants* | § | |

**DR. GUERRA'S SUR-REPLY TO PLAINTIFFS' REPLY TO DR. GUERRA'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, DR. SANDRA GUERRA ("Dr. Guerra" and "Defendant"), and files this Dr. Guerra's Sur-Reply to Plaintiffs' Reply to Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment [Doc. 118], and, in support thereof, would respectfully show unto the Court as follows:

**I.
SUMMARY JUDGMENT EVIDENCE**

1. In support of this Sur-Reply, Dr. Guerra relies upon the following:

- Exhibit K: Dr. Rodrigo Cantu's Supplemental Responses to Dr. Guerra's First Request for Production – Joint Advisory

- Exhibit L: Melody Joy Cantu's Supplemental Responses to Dr. Guerra's Second Request for Production– Joint Advisory

- Exhibit M: Melody Joy Cantu's Supplemental Responses to Dr. Guerra's Interrogatories – Joint Advisory

- Exhibit N: Dr. Rodrigo Cantu's Supplemental Responses to Dr. Guerra's Interrogatories – Joint Advisory

- Exhibit O: Bexar County Criminal Docket Sheet – Order of the Court

- Exhibit P: Emails between Dr. Sandra Guerra and Dr. Rodrigo Cantu

- Exhibit Q: Final Decree of Divorce of Melody Joyce Ross and Charles Robert Ross
- Exhibit R: Mother's Day Card from Dr. Rodrigo Cantu to Dr. Guerra
- Exhibit S: Texas Medical Board Notice to Dr. Cantu of Denial of Registration dated November 26, 2018
- Exhibit T: Emails between Dr. Rodrigo Cantu and Dr. Guerra Regarding Child Support Payments
- Exhibit U: Letter from Texas Attorney General Child Support Division to Dr. Guerra dated December 31, 2018 and Dr. Guerra's Custodial Parent's Affidavit of Direct Payments
- Exhibit V: Excerpts from the Deposition Transcript of Melody Joy Cantu dated July 16, 2022
- Exhibit W: Dr. Rodrigo Cantu's Original Petition for Divorce from Melody Joy Cantu
- Exhibit X: Melody Joy Cantu's Original Answer and Original Counter-Petition for Divorce from Dr. Rodrigo Cantu
- Exhibit Y: San Antonio Police Report filed Against Melody Joy Cantu by Dr. Rodrigo Cantu.

2. In addition, Dr. Guerra relies upon, and incorporates herein by reference as if fully set forth verbatim, Dr. Guerra's Motion for Summary Judgment on Plaintiffs' Claims [Doc. 109] and Exhibits 1 – 12 attached thereto[1] and Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment [Doc. 114] and Exhibits A – J thereto.[2] Dr. Guerra also requests the Court to take judicial notice of the pleadings and motions of the parties referenced herein and all other orders and pleadings on file.

## II.
## RESERVATION OF RIGHT TO AMEND AND/OR SUPPLEMENT

3. Pursuant to the parties' Joint Advisory to the Court Regarding the In-Person Hearing Set on November 4, 2022 [Doc. 116], Plaintiffs were required to supplement their discovery responses no later than November 11, 2022. However, as of the date hereof, Plaintiffs

---

[1] Docs. 109, 109-1 to 109-13.
[2] Doc. 114-1 to 114-11.

have failed to comply with the terms of the parties' agreement under the Joint Advisory. Plaintiffs, among other things, were required to confirm in writing that no documents responsive to Dr. Guerra's certain requests for production to Plaintiffs are being withheld by Plaintiffs on the basis of privilege or any objection.[3] Plaintiffs failed to provide such required written confirmation.[4]

4. Plaintiffs were also required to serve, no later than November 11, 2022 their *signed* and *sworn* responses to each and every interrogatory set forth in Dr. Guerra's First Set of Interrogatories to Melody Joy Cantu served on August 15, 2022 and Dr. Guerra's First Set of Interrogatories to Dr. Rodrigo Cantu served on August 15, 2022.[5] However, the responses provided by Plaintiffs were neither signed nor sworn to by Plaintiffs.[6]

5. In addition, Plaintiffs' counsel was required to provide a signed and sworn affidavit stating the total amount Plaintiffs have actually paid Tor Ekeland Firm, PLLC and the Rain Minns Law Firm for fees and expenses as of November 3, 2022.[7] Plaintiffs' counsel stated the amount they purportedly "billed" Plaintiffs but failed to comply with their obligation under the Joint Advisory to state the total amount Plaintiffs have *actually paid* to their attorneys.

6. Accordingly, Dr. Guerra reserves the right to amend and/or supplement her Summary Judgment on Plaintiffs' Claims [Doc. 109], Response to Plaintiffs' Motion for Summary Judgment [Doc. 114], and this Sur-Reply pending Plaintiffs full compliance with the Joint Advisory.

---

[3] Doc. 116, ¶2(a).
[4] Ex. L and Ex. K.
[5] Doc. 116, ¶4(a).
[6] Ex. M and Ex. N.
[7] Doc. 116, ¶2(c).

# III.
# ARGUMENT AND AUTHORITIES

### A. MELODY HAS FAILED TO CONCLUSIVELY ESTABLISH AS A MATTER OF LAW THAT SHE WAS INNOCENT.

7. Melody continues to ignore in her Reply that she must conclusively establish as a matter of law that she was **innocent** of the criminal charge of harassment against Dr. Guerra in order to be entitled to summary judgment on her malicious criminal prosecution claims against Defendants.[8] Because a suit for malicious prosecution is a civil action, there is no presumption that the plaintiff was innocent of the crime.[9] Yet, Melody has failed to produce any competent summary judgment evidence conclusively establishing that she was **innocent** of any of allegations reported by Dr. Guerra to the San Antonio Police Department.

8. Melody completely fails to address the fact that she *admitted* under oath to committing several of the acts described in the State of Texas' Probable Cause Affidavit,[10] including, without, limitation, (i) calling Dr. Guerra's then-employer, Humana, to accuse Dr. Guerra of posting Human's proprietary information om Facebook, (ii) accosting Dr. Guerra and her daughters in a restaurant parking lot and sending Dr. Guerra numerous unsolicited messages over social media, (iii) sending numerous messages to the ex-wife of Dr. Guerra's then-boyfriend (now husband) accusing Dr. Guerra of being "manipulative and deceptive" and implying (if not explicitly stating) that Dr. Guerra had a sexually transmitted disease."[11]

9. The record reflects that there are genuine issues of material fact regarding Melody's innocence. Plaintiffs point to no evidence in Plaintiffs' Motion for Summary Judgment or in

---

[8] *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006); *Richey,* 952 S.W.2d at 517 (emphasis added).
[9] *See Missouri, Kan. & Tex. Ry. V. Groseclose*, 110 S.W. 477, 480 (Tex.App.—Texarkana 1908, no writ).
[10] *See* Doc. 114-2.
[11] *See* Doc. 114, ¶¶17-26 (including Exhibits cited in fn. 14-36 therein).

Plaintiffs' Reply that conclusively establishes as a matter of law that Melody was innocent of the criminal harassment charge against her. Consequently, Plaintiffs have failed to satisfy their summary judgment burden with respect to this essential element of Melody's malicious prosecution claims against Defendants.

B. **PLAINTIFFS LACK COMPETENT SUMMARY JUDGMENT EVIDENCE TO OVERCOME THE PRESUMPTION OF PROBABLE CAUSE**.

10. In order to overcome the presumption of probable cause, the plaintiff must produce evidence that the motives, grounds, beliefs, and other evidence upon which the defendant acted did not constitute probable cause.[12]

11. Again, completely ignoring the fact that Melody has *admitted* under oath to committing several of the acts described in the State of Texas' Probable Cause Affidavit, Plaintiffs make the conclusory allegation in their Reply that "Defendants lied to the police and the State had no way prove its case because it was based on a lie."[13] However, Plaintiffs have failed to submit any competent summary judgment evidence to support such allegation. Instead, Plaintiffs cite to *Melody's own* Motion to Set Aside Information for Failure to Afford Constitutional Right to Speedy Trial (the "Motion to Set Aside") and falsely advises this Court that the "*prosecution* state[d], 'the State could not prove its case, now, or ever.' "[14] Plaintiffs also falsely claim that the "Motion to Set Aside states the court could not make any findings of probable cause and that it could not prove its case."[15] These are blatant and egregious misrepresentations of the facts and evidence. The Motion to Set Aside, which was filed by *Melody*, is a *request* to the Court to "set

---

[12] *Richey,* 952 S.W.2d at 517-18.
[13] Doc. 118, p. 4.
[14] *Id*. citing Doc. 118-113 (emphasis added).
[15] *Id*. citing Doc. 118-113.

aside the information for failure to afford the defendant [Melody] a speedy trial" and states as follows:

> The prosecutor orally announced that his office was still issuing subpoenas in effort to prove this case, or some other unspecified case or cases. [*Melody's*] *Counsel* objected to a reset orally, pointing out that the State could not prove this case, now or ever, and this Court suggested that a motion to dismiss for want of a speedy trial should be filed.[16]

12.     Contrary to Plaintiffs' representations in their Reply, neither the prosecutor nor the Court stated that the "court could not make any findings of probable cause." The Motion to Set Aside is just that: a *motion* containing a *request* for relief. It is not an *order* of the Court. The Motion to Set Aside does not contain any findings of fact or conclusions of law by the Court.[17] The Court simply dismissed the case on "speedy trial grounds."[18]

C.  **MELODY HAS FAILED TO CONCLUSIVELY ESTABLISH AS A MATTER OF LAW THAT DR. GUERRA ACTED WITH MALICE**.

13.     For purposes of malicious prosecution, malice means "ill will or evil motive, or such gross indifference or reckless disregard for the rights of others as to amount to a knowing, unreasonable, wanton, and willful act."[19]

14.     The events giving rise to Melody's purported malicious criminal prosecution claim against Defendants occurred on or about September 4, 2018 when Dr. Guerra filed a police report against Melody for harassment.[20] Plaintiffs allege in their Reply that Dr. Guerra has engaged in an "obsessive stalking campaign against Plaintiffs" which "stems from her [alleged] jealousy" because "she simply cannot move on."[21] In support of this conclusory allegation, Plaintiffs rely

---

[16] Doc. 118-13, p. 2-3.
[17] Doc. 118.
[18] Ex. O.
[19] *Luce v. Interstate Adjusters, Inc.*, 26 S.W.3d 561, 566 (Tex. App.—Dallas 2000, no pet.).
[20] Doc. 6, ¶40.
[21] Doc. 118, p. 4.

upon an email sent by Dr. Guerra to Dr. Rodrigo on September 11, 2011 (the "2011 Email") as purported evidence that "Dr. Guerra has never fully accepted that Dr. Cantu moved on and has repeatedly targeted Mrs. [Melody] Cantu."[22]

15. The 2011 Email was sent by Dr. Guerra to Dr. Cantu on the 10th anniversary of 9/11 and reflects on the events of that day and its impact on Dr. Guerra, her family, and the two daughters she and Dr. Cantu share.[23] Dr. Guerra sent the 2011 Email to Dr. Cantu nearly *7 years before* the date Dr. Guerra filed a police report against Melody for harassment on September 4, 2018. More interestingly, Dr. Guerra sent the 2011 Email to Dr. Cantu, nearly *3 years before* Plaintiffs, Melody Joy Cantu and Dr. Cantu, were ever married.[24] In fact, Melody was *still married to her second husband*, Charles Robert Ross, when Dr. Guerra sent the 2011 Email to Dr. Cantu.[25]

16. It is also important to note that Plaintiffs only included Dr. Guerra's email to Dr. Cantu sent on September 11, 2011.[26] Plaintiffs purposefully excluded Dr. Cantu's email response to Dr. Guerra, which was inexplicably sent to Dr. Guerra *seven years later* on September 12, 2018.[27]

17. Plaintiffs allege that "[t]hroughout her campaign of harassment…Dr. Guerra has repeatedly exhibited malicious conduct," but Plaintiffs omit that Dr. Cantu sent Dr. Guerra a Mother's Day card in 2018 stating:

> …Thank you for being such a great mom to our kids. "Great" doesn't do you justice. I'm so blessed to be in this parenting thing with you![28]

---

[22] Doc. 118, p. 4 (citing Doc. 118-22 in fn. 5).
[23] Doc. 118-22; *see also* Ex. P.
[24] Doc. 118, p. 4 ("Plaintiff married in 2014").
[25] Ex. Q.
[26] Doc. 118, p.4 (citing Doc. 118-22 in fn. 5).
[27] Doc. 118, p.4 (citing Doc. 118-22 in fn. 5); *compare* to Ex. P.
[28] Ex. R.

18. Furthermore, although it is entirely irrelevant to *Melody*'s malicious criminal prosecution claims against Defendants, Plaintiffs misrepresent to the Court that "[e]vidence from the Texas Medical Board shows that Dr. Guerra lied to authorities, wrongfully accusing Dr. Cantu of failing to meet his child support obligations" and "as a direct result…,Dr. Cantu's medical license was suspended."[29] However, the letter from the Texas Medical Board to Dr. Cantu actually states:

> Dear Dr. Cantu,
>
> *You are being contacted as a result of a computerized match, based on identifiers such as social security number, name, and date of birth.* This matching process is performed by the Texas Office of the Attorney General – Child Support Division in order to notify licensing boards that you may have defaulted on your child support payments for six months or more prior to the date of this notice.[30]

19. The summary judgment evidence establishes that Dr. Cantu's June 2018 child support payment to Dr. Guerra was returned by the bank due to insufficient funds and his September 2018 child support payment was late.[31] Nevertheless, after Dr. Guerra received a notice from the Texas Attorney General Child Support Division dated December 31, 2018 requesting she complete and return an Affidavit of Direct Payments, she promptly completed the Custodial Parent's Affidavit of Direct Payments on January 9, 2019 and returned it to the Texas Attorney General as requested.[32] Thus, Plaintiffs' allegations that Dr. Guerra "lied" and caused Dr. Cantu's medical license to be suspended are further gross fabrications by Plaintiffs of the truth.

---

[29] Doc. 118, p.5 (citing Doc. 118-21 in fn. 7 therein); *see also* Ex. S, which is a legible copy of Doc. 118-21.
[30] Doc. 118-21; *see also* Ex. S, which is a legible copy of Doc. 118-21 (emphasis added).
[31] Ex. T.
[32] Ex. U.

D. **MELODY'S ALLEGED EMOTIONAL HARDSHIPS ARE THE RESULT OF HER PRE-EXISTING MENTAL HEALTH CONDITIONS AND DYSFUNCTIONAL RELATIONSHIP WITH PLAINTIFF, DR. CANTU**.

20.  Plaintiffs publicly filed Melody's unredacted medical records as part of their summary judgment evidence[33] in support of Melody's claim that she "suffered significant damages as a direct result of Dr. Guerra's obsessive campaign against her and Dr. Cantu."[34] Plaintiffs claim that "[b]ecause of Dr. Guerra and DFC's malicious prosecution of Mrs. Cantu, Mrs. Cantu has had to undergo therapy."[35] However, the competent summary judgment evidence (including Melody's medical records filed with her Reply) establish that Melody's therapy and emotional hardships not only predate the date Dr. Guerra filed a police report against Melody for harassment, but are the direct result of Melody's pre-existing mental health conditions and dysfunctional relationship with her husband Dr. Cantu.[36]

21.  Melody suffers from Major Depressive Disorder and Panic Disorder with Agoraphobia.[37] Melody testified she was diagnosed with Major Depressive Disorder "in 2014 or 2015 when [Plaintiff, Dr. Cantu] and [Melody] started getting divorced."[38] She testified she was diagnosed with Panic Disorder with Agoraphobia in 2016 but claimed the "[agoraphobia] started

---

[33] Dr. Guerra notes that Plaintiffs submitted Plaintiffs' medical records as part of the public record in spite of their spurious objections to Dr. Guerra's third-party subpoenas and requests for production of Plaintiffs' medical and billing records and repeated refusals to provide HIPAA authorizations for the production of such medical and billing records. *See* Docs. 90, 93, 101, 104, 106, and 116. Plaintiffs continue to withhold Plaintiffs' HIPAA authorization as of the date of this filing.
[34] Doc. 118, p. 5 (citing Doc. 118-19 and 118-20 in fn. 9-10 therein)
[35] Doc. 118, p. 5.
[36] *See* Doc. 118-19 and 118-20.
[37] Ex. V, 9:12-16:25.
[38] *Id* 9:12-15.

in 2015."[39]  Melody's medical records also indicate that she suffers from Obsessive Compulsive Disorder ("OCD").[40]

22. Plaintiffs, Melody and Dr. Cantu, married on April 18, 2014[41] and "ceased to leave together as husband and wife" as of the date Dr. Cantu filed his petition for divorce from Melody on November 5, 2015.[42]  Melody filed her Counter-Petition for Divorce on December 10, 2015[43] and Plaintiffs finalized their divorce on June 17, 2016.[44]  Plaintiffs later re-married on June 1, 2018.[45]

23. Melody testified that "[Dr. Cantu] was very difficult to live with" and was "cruel [to her] at times."[46]  Dr. Cantu, for his part, filed a police report against Melody for harassment on April 2, 2018 wherein the police investigator stated that Dr. Cantu reported that "[Melody] had called him more than 50 times…and stated in text messages to [Dr. Cantu] that [she] was going to send intimate pictures of him and [her] to [Dr. Cantu's] parents if [Dr. Cantu] does not take her back."[47]

24. The events giving rise to this lawsuit occurred in 2018.  Specifically, Dr. Guerra filed a police report against Melody for harassment on September 4, 2018.  However, the medical records indicate Melody was in therapy long before 2018, and she continued therapy after 2018 for reasons wholly unrelated to Defendants.[48]  By way of example, Melody's therapist included the following notes in Melody's medical records:

---

[39] *Id*. 11:8-12; 15:12-16:4.
[40] Doc. 118-19, MCantuFinalProd#Bates1657, 1659, 1662.
[41] Ex. V, 57:11-13.
[42] Ex. W.
[43] Ex. X.
[44] Ex. V, 62:20-25.
[45] *Id*. at 115:2-11.
[46] *Id*. at 90:22 – 92:7.
[47] Ex. Y.
[48] *See* Doc. 118-19 and 118-20.

- **Sep. 9, 2016**: "…[Melody] states she is confused about the relationship with David. She wants more now and wants him to lessen his relationship with family and focus more on her. Suggested it might be an unrealistic expectation to ask him to disconnect from family…"[49]

- **March 26, 2018**: "…At this session, client starts off mildly tearful and cursing her ex [Dr. Cantu]. She talked [sic] what a bad person he was and how upset she is with him."[50]

- **April 2, 2018:** "Melody is anxious and depressed. [She] disclosed that she confronted her ex's exwife and ex at a restaurant and informed her that she and David, her ex, had been together for the last 3 years as a secret. [Melody] sent pictures and text copies to both David's ex and David's parents. **She disclosed many intimate details about them and their relationship as well as pictures and letters and texts. Client expressed no regret for what she did but at times is fearful that she will never be able to see David again.**"[51]

- **April 9, 2018**: "…[Melody] continues to report sadness regarding her relationship with David. She reports that she continues to feel hurt and confused regarding the relationship and why it didn't work out…"[52]

- **December 10, 2018**: "Mood is depressed and anxious. [Melody] reports that she only goes out at late night…OCD is worse with more compulsions. Angry at spouse [David] as well.

- **February 4, 2019**: "…[Melody] states that her health continues to fail with issues from lymph nodes…[Melody] states that her OCD has spiraled out of control and she is afraid nothing can be done at this point. She is spending much of her time ruminating and his increased avoidance. **She barely leaves the house. She states she has become fearful of running into [David's] ex or her children. She has become more *irrational* about that fear which concerns this therapist…**"[53]

- **February 20, 2019**: "Mood is depressed and anxious…States that she is feeling overwhelmed at this point and does not know how much more 'she can handle'…Hypervigilant to cars parked on her street. Increased agitations and feelings of panic occurring more frequently. Ruminated 'constantly.' Complains that it is getting more difficult for her to do her job due to the ruminations as well as her moods…"[54]

---

[49] Doc. 118-19, MCantuFinalProd#Bates1643.
[50] *Id*. at MCantuFinalProd#Bates1644.
[51] *Id*. at MCantuFinalProd#Bates1646 (emphasis added).
[52] *Id*. at MCantuFinalProd#Bates1647.
[53] *Id*. at MCantuFinalProd#Bates1659 (emphasis added).
[54] Doc. 118-19, MCantuFinalProd#Bates1660.

- **March 6, 2019**: "….[Melody] reports that she only gets out of her bed to work. She spends most of her time in bed when not working or taking care of her kids…She reports an increase in her OCD…(This is probably the worst I have seen her OCD in all the years I have known her).[55]

## IV.
## CONCLUSION

Plaintiffs' arguments and evidence in support of their Motion for Summary Judgment and Reply are based solely upon Plaintiffs' assumptions, speculation, unfounded conspiracy theories, imagined facts, and distortions of the truth. As detailed herein and in Dr. Guerra's Motion for Summary Judgment on Plaintiffs' Claims [Doc. 109] and Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment [Doc. 114], Plaintiffs have failed to conclusively establish as a matter of law each and every element of Plaintiffs' CFAA Claims and Texas Harmful Access by Computer Claims and Melody's malicious prosecution claims against Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendant, DR. SANDRA GUERRA, respectfully prays that this Court deny Plaintiffs' Motion for Summary Judgment in all respects and grant Dr. Guerra all such other and further relief, both general and special, at law or in equity, to which she may be justly entitled.

---

[55] *Id*. at MCantuFinalProd#Bates1662.

Dated:  November 14, 2022.                    Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 250
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 660-3795

By:   */s/Ricardo G. Cedillo*
    RICARDO G. CEDILLO
    Texas State Bar No. 04043600
    rcedillo@lawdcm.com
    BRANDY C. PEERY
    Texas State Bar No. 24057666
    bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

## CERTIFICATE OF SERVICE

I certify that on this 14th day of November 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

    */s/Ricardo G. Cedillo*
    RICARDO G. CEDILLO