# EXHIBIT Q



2011CI07983 -D288

NO. <u>2011 CI 07983</u>

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| MELODY JOY ROSS | § | |
| AND | § | 288TH JUDICIAL DISTRICT |
| CHARLES ROBERT ROSS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| MADELEINE JOY ROSS, WILLIAM | § | |
| STUART ROSS AND LILLIAN GRACE | § | BEXAR COUNTY, TEXAS |
| ROSS, CHILDREN | § | |

### FINAL DECREE OF DIVORCE

On _____1-11-12_____ the Court heard this case.

*Appearances*

Petitioner, Melody Joy Ross, appeared in person and through attorney of record, Barry L. Efron, and announced ready for trial.

Respondent, Charles Robert Ross, appeared in person and through attorney of record, S. Keith Engelke, and announced ready for trial.

*Record*

The making of a record of testimony was waived by the parties with the consent of the Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

GUERRA 000885

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

*Divorce*

IT IS ORDERED AND DECREED that Melody Joy Ross, Petitioner, and Charles Robert Ross, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Children of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following children:

Name: Madeleine Joy Ross

Sex:    Female

Birth date:    March 6, 2006

Home state:    Texas

Social Security number:    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

Driver's license number and issuing state:    none, Texas

Name: William Stuart Ross

Sex:    Male

Birth date:    June 3, 2009

Home state:    Texas

Social Security number:    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

Driver's license number and issuing state:    none, Texas

Name: Lillian Grace Ross

Sex:    Female

Birth date:    December 2, 2010

-2-

GUERRA 000886

Home state:   Texas

Social Security number:      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

Driver's license number and issuing state:     none, Texas

The Court finds no other children of the marriage are expected.

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the children, possession of and access to the children, child support, and optimizing the development of a close and continuing relationship between each party and the children constitute the parenting plan established by the Court.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the children, finds that the following orders are in the best interest of the children.

IT IS ORDERED that Melody Joy Ross is appointed Sole Managing Conservator and Charles Robert Ross is appointed Possessory Conservator of the following children: Madeleine Joy Ross, William Stuart Ross and Lillian Grace Ross.

IT IS ORDERED that, at all times, Melody Joy Ross, as a parent sole managing conservator, shall have the following rights:

1.    the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.    the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.    the right of access to medical, dental, psychological, and educational records of the children;

4.    the right to consult with a physician, dentist, or psychologist of the children;

5.    the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.    the right to attend school activities;

7.    the right to be designated on the children's records as a person to be notified in case of an emergency;

-3-

GUERRA 000887

8.   the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9.   the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Charles Robert Ross, as a parent possessory conservator,

shall have the following rights:

1.   the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.   the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.   the right of access to medical, dental, psychological, and educational records of the children;

4.   the right to consult with a physician, dentist, or psychologist of the children;

5.   the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.   the right to attend school activities;

7.   the right to be designated on the children's records as a person to be notified in case of an emergency;

8.   the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9.   the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Melody Joy Ross, as a parent sole managing conservator

shall have the following duties:

1.   the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.   the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C

-4-

01/17/2012 VOL 3791 PG 2610

MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, at all times, Charles Robert Ross, as a parent possessory conservator, shall have the following duties:

1.      the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.      the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, Melody Joy Ross, as a parent sole managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the children;

2.      the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the children to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the children.

IT IS ORDERED that, during his periods of possession, Charles Robert Ross, as a parent possessory conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the children;

2.      the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the children to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the children.

IT IS ORDERED that Melody Joy Ross, as parent sole managing conservator, shall have the following exclusive rights and duty:

-5-

01/12/2012 VOL 3791 PG 2611

GUERRA 000889

1.    the right to designate the primary residence of the children;

2.    the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3.    the right to consent to psychiatric and psychological treatment of the children;

4.    the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5.    the right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6.    except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the children;

7.    except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

8.    the duty to manage the estates of the children to the extent the estates have been created by community property or the joint property of the parents.

9.   the right to make educational decisions for the children.

IT IS ORDERED that Melody Joy Ross shall have the exclusive right and duty to prepare and file income tax returns for the estates of Madeleine Joy Ross, William Stuart Ross and Lillian Grace Ross.

IT IS ORDERED that Charles Robert Ross shall furnish such information to Melody Joy Ross as is requested to prepare federal income tax returns for the children's estates within thirty days of receipt of a written request for the information, and in no event shall the information be furnished later than March 1 of that year. As requested information becomes available after that date, it shall be furnished within ten days of receipt.

*Possession and Access*

1.    *Standard Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)    Definitions

1.    In this Standard Possession Order "school" means the primary or

-6-

GUERRA 000890

secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

    2.    In this Standard Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)    Mutual Agreement or Specified Terms for Possession

    IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

(c)    Parents Who Reside 100 Miles or Less Apart

    Except as otherwise expressly provided in this Standard Possession Order, when Charles Robert Ross resides 100 miles or less from the primary residence of the child, Charles Robert Ross shall have the right to possession of the child as follows:

    1.    Weekends -

    On weekends that occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

    On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

    2.    Weekend Possession Extended by a Holiday -

    Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Charles Robert Ross begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at 6:00 p.m. on the immediately preceding Thursday.

    Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Charles Robert Ross ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

    3.    Thursdays - On Thursday of each week during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m.

01/12/2012 VOL 3791 PG 261

GUERRA 000891

4.      Spring Vacation in Even-Numbered Years - In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5.      Extended Summer Possession by Charles Robert Ross -

With Written Notice by April 1 - If Charles Robert Ross gives Melody Joy Ross written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Charles Robert Ross shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m on each applicable day, as specified in the written notice.  These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1 - If Charles Robert Ross does not give Melody Joy Ross written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Charles Robert Ross shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the Thursday periods of possession during the regular school term and the weekend periods of possession ORDERED for Charles Robert Ross, it is expressly ORDERED that Melody Joy Ross shall have a superior right of possession of the child as follows:

1.      Spring Vacation in Odd-Numbered Years - In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2.      Summer Weekend Possession by Melody Joy Ross - If Melody Joy Ross gives Charles Robert Ross written notice by April 15 of a year, Melody Joy Ross shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Charles Robert Ross in that year, provided that Melody Joy Ross picks up the child from Charles Robert Ross and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

3.      Extended Summer Possession by Melody Joy Ross - If Melody Joy Ross gives Charles Robert Ross written notice by April 15 of a year or gives Charles Robert Ross fourteen days' written notice on or after April 16 of a year, Melody Joy Ross may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by Charles Robert Ross shall not take place in that year, provided that the weekend so designated does not interfere with Charles Robert Ross's period or periods of extended summer possession or with Father's Day

-8-

GUERRA 000892

01/12/2012 VOL 3791 PG 2614

possession.

(d)     Parents Who Reside More Than 100 Miles Apart

Except as otherwise expressly provided in this Standard Possession Order, when Charles Robert Ross resides more than 100 miles from the residence of the child, Charles Robert Ross shall have the right to possession of the child as follows:

1.     Weekends - Unless Charles Robert Ross elects the alternative period of weekend possession described in the next paragraph, Charles Robert Ross shall have the right to possession of the child on weekends that occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday, and on weekends that do not occur during the regular school term, beginning at 6:00 p.m. on the first, third and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, Charles Robert Ross shall have the right to possession of the child not more than one weekend per month of Charles Robert Ross's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. Charles Robert Ross may elect an option for this alternative period of weekend possession by giving written notice to Melody Joy Ross within ninety days after the parties begin to reside more than 100 miles apart. If Charles Robert Ross makes this election, Charles Robert Ross shall give Melody Joy Ross fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Mother's Day possession below.

2.     Weekend Possession Extended by a Holiday -

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Charles Robert Ross begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday during the summer months when school is not in session, that weekend period of possession shall begin at 6:00 p.m. on the immediately preceding Thursday

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Charles Robert Ross ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3.     Spring Vacation in All Years - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

4.     Extended Summer Possession by Charles Robert Ross -

-9-

GUERRA 000893

With Written Notice by April 1 - If Charles Robert Ross gives Melody Joy Ross written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Charles Robert Ross shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m. on each applicable day, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1 - If Charles Robert Ross does not give Melody Joy Ross written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Charles Robert Ross shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

Notwithstanding the weekend periods of possession ORDERED for Charles Robert Ross, it is expressly ORDERED that Melody Joy Ross shall have a superior right of possession of the child as follows:

1.      Summer Weekend Possession by Melody Joy Ross - If Melody Joy Ross gives Charles Robert Ross written notice by April 15 of a year, Melody Joy Ross shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by Charles Robert Ross during Charles Robert Ross's extended summer possession in that year, provided that if a period of possession by Charles Robert Ross in that year exceeds thirty days, Melody Joy Ross may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that Melody Joy Ross picks up the child from Charles Robert Ross and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

2.      Extended Summer Possession by Melody Joy Ross - If Melody Joy Ross gives Charles Robert Ross written notice by April 15 of a year, Melody Joy Ross may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which Charles Robert Ross shall not have possession of the child, provided that the period or periods so designated do not interfere with Charles Robert Ross's period or periods of extended summer possession or with Father's Day possession. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

(e)      Holidays Unaffected by Distance

Notwithstanding the weekend and Thursday periods of possession of Charles Robert Ross, Melody Joy Ross and Charles Robert Ross shall have the right to possession of the child as follows:

1.      Christmas Holidays in Even-Numbered Years - In even-numbered

-10-

GUERRA 000894

years, Charles Robert Ross shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and Melody Joy Ross shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

2.    Christmas Holidays in Odd-Numbered Years - In odd-numbered years, Melody Joy Ross shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and Charles Robert Ross shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3.    Thanksgiving in Odd-Numbered Years - In odd-numbered years, Charles Robert Ross shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

4.    Thanksgiving in Even-Numbered Years - In even-numbered years, Melody Joy Ross shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

5.    Child's Birthday - If a parent is not otherwise entitled under this Standard Possession Order to present possession of a child on the child's birthday, that parent shall have possession of the child and the child's minor siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the children from the other parent's residence and returns the children to that same place.

6.    Father's Day - Charles Robert Ross shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if Charles Robert Ross is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from Melody Joy Ross's residence and return the child to that same place.

7.    Mother's Day - Melody Joy Ross shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at 6:00 p.m. on Mother's Day, provided that if Melody Joy Ross is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from Charles Robert Ross's residence and return the child to that same place.

(f)    Undesignated Periods of Possession

Melody Joy Ross shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for Charles Robert Ross.

(g)    General Terms and Conditions

-11-

GUERRA 000895

Except as otherwise expressly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.      Surrender of Child by Melody Joy Ross - Melody Joy Ross is ORDERED to surrender the child to Charles Robert Ross at the beginning of each period of Charles Robert Ross's possession at the residence of Melody Joy Ross.

2.      Surrender of Child by Charles Robert Ross - Charles Robert Ross is ORDERED to surrender the child to Melody Joy Ross at the residence of Charles Robert Ross at the end of each period of possession.

3.      Surrender of Child by Charles Robert Ross - Charles Robert Ross is ORDERED to surrender the child to Melody Joy Ross, if the child is in Charles Robert Ross's possession or subject to Charles Robert Ross's control, at the beginning of each period of Melody Joy Ross's exclusive periods of possession, at the place designated in this Standard Possession Order.

4.      Return of Child by Melody Joy Ross - Melody Joy Ross is ORDERED to return the child to Charles Robert Ross, if Charles Robert Ross is entitled to possession of the child, at the end of each of Melody Joy Ross's exclusive periods of possession, at the place designated in this Standard Possession Order.

5.      Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.      Designation of Competent Adult - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.      Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.      Written Notice - Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

This concludes the Standard Possession Order.

2.      *Other Parenting Plan Provisions*

In addition to all other provisions for possession provided in this decree, the following periods of possession are ORDERED:

1.      Memorial Day Weekend in Even-Numbered Years - Melody Joy Ross shall have possession of the children in even-numbered years beginning at 6 p.m. on the Friday before Memorial Day and ending on 6 p.m. on the Memorial Day Holiday.

-12-

GUERRA 000896

2.     Memorial Day Weekend in Odd-Numbered Years - Charles Robert Ross shall have possession of the children in odd-numbered years beginning at 6 p.m. on the Friday before Memorial Day and ending on 6 p.m. on the Memorial Day Holiday.

3.     Labor Day Weekend - Charles Robert Ross shall have possession of the children for Labor Day weekend every year beginning at 6 p.m on the Friday of the Labor Day Weekend and ending at 6 p.m. on Labor Day.

4.     Parent's Birthday - When it is the parent's birthday, the birthday parent shall be entitled to have the children for up to three hours for a celebration on the birthday and shall give notice to the other parent of his or her plan to exercise this option at least three days in advance.

5.     Extracurricular Activities -

Each parent shall make a good-faith effort to give information to the other parent about events and activities in the children's life like school programs, concerts, award ceremonies, plays, sports events, and other events or activities in which the children are participating.

3.     *Duration*

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

4.     *Noninterference with Possession*

IT IS ORDERED that neither conservator shall take possession of the children during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

5.     *Electronic Communication*

For purposes of this order, the term "electronic communication" means any communication facilitated by the use of any wired or wireless technology via the Internet or any other electronic media.  The term includes communication facilitated by the use of a telephone, electronic mail, instant messaging, videoconferencing, or webcam.

IT IS ORDERED that the conservators shall have electronic communication with the children to supplement their periods of possession as follows:

a.     The parent who is with the children shall make the children available by telephone from 8 a.m. to 8 p.m. on weekends and from 6 p.m. to

-13-

GUERRA 000897

8 p.m. on weekdays so that the other parent may talk to the children.

b.   Telephone calls and other communication shall not be monitored by the other parent unless either believes in good faith that a child is having a problem, in which case the parent shall advise the other parent that the call or other communication is being monitored.

IT IS ORDERED that each conservator shall -

a.   provide the other conservator with the e-mail addresses and other electronic communication access information of the children within 3 days after the Court signs this order;

b.   notify the other conservator of any change in the e-mail addresses or other electronic communication access information not later than twenty-four hours after the date the change takes effect; and

c.   if necessary equipment is reasonably available, accommodate electronic communication with the child with the same privacy, respect, and dignity accorded all other forms of access, at a reasonable time and for a reasonable duration subject to any limitation provided in this order.

6.   *Termination of Orders*

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of Melody Joy Ross to Charles Robert Ross unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code.

*Child Support*

IT IS ORDERED that Charles Robert Ross is obligated to pay and shall pay to Melody Joy Ross child support of nine hundred fourteen dollars ($914) per month, with the first payment being due and payable on February 1, 2012, and a like payment being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the

-14-

GUERRA 000898

events specified below:

    1.    any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

    2.    any child marries;

    3.    any child dies;

    4.    the parent-child relationship is terminated based on genetic testing that excludes the obligor as the child's genetic father;

    5.    the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

    6.    any child's disabilities are otherwise removed for general purposes.

Thereafter, Charles Robert Ross is ORDERED to pay to Melody Joy Ross child support of six hundred seventy-five dollars ($675) per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for another child and a like sum of six hundred seventy-five dollars ($675) due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for another child.

Thereafter, Charles Robert Ross is ORDERED to pay to Melody Joy Ross child support of five hundred forty dollars ($540) per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for another child and a like sum of five hundred forty dollars ($540) due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for another child.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that Charles Robert Ross's obligation to pay child support to Melody Joy Ross shall not terminate but shall continue for as long as the child is enrolled-

    1.    under chapter 25 of the Texas Education Code in an accredited secondary school in

-15-

GUERRA 000899

a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

    2.    on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

<u>Statement on Guidelines</u>

In accordance with Texas Family Code section 154.130, the Court makes the following findings and conclusions regarding the child support order made in open court in this case on _1-11-12_ .

    1.    The amount of child support ordered by the Court is in accordance with the percentage guidelines.

    2.    The net resources of Charles Robert Ross per month are $3047.63.

    3.    The net resources of Melody Joy Ross per month are $500.

    4.    The percentage applied to the first $7,500 of Charles Robert Ross's net resources for child support is 30 percent.

<u>Withholding from Earnings</u>

IT IS ORDERED that any employer of Charles Robert Ross shall be ordered to withhold from earnings for child support from the disposable earnings of Charles Robert Ross for the support of Madeleine Joy Ross, William Stuart Ross and Lillian Grace Ross.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of Charles Robert Ross by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due

GUERRA 000900

remains an obligation of Charles Robert Ross, and it is hereby ORDERED that Charles Robert Ross pay the balance due directly to the state disbursement unit specified below.

On this date the Court signed an Order/Notice to Withhold Income for Child Support.

Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to Melody Joy Ross for the support of the children. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

Change of Employment

IT IS FURTHER ORDERED that Charles Robert Ross shall notify this Court and Melody Joy Ross by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of Charles Robert Ross and the name and address of his current employer, whenever that information becomes available.

Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, Melody Joy Ross, Charles Robert Ross, or an attorney representing Melody Joy Ross or Charles Robert Ross, the clerk of this Court shall cause a certified copy of the Order/Notice to Withhold Income for Child Support to be delivered to any employer.

*Health Care*

1. IT IS ORDERED that Melody Joy Ross and Charles Robert Ross shall each provide medical support for each child as set out in this order as additional child support for as long as the Court may order Melody Joy Ross and Charles Robert Ross to provide support for the child under

-17-

sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day Melody Joy Ross and Charles Robert Ross's actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that Melody Joy Ross and Charles Robert Ross are discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date.

2.      Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all children for which Charles Robert Ross is responsible under a medical support order that does not exceed 9 percent of Charles Robert Ross's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a.      to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

-18-

GUERRA 000902

    b.    to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

    c.    to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

3.    Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the children through Charles Robert Ross's employment or membership in a union, trade association, or other organization at a reasonable cost of $170.00.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the children.

4.    Provision of Health-Care Coverage -

As additional child support, Charles Robert Ross is ORDERED to continue to maintain health insurance for each child who is the subject of this suit that covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

Charles Robert Ross is ORDERED to maintain such health insurance in full force and effect on each child who is the subject of this suit as long as child support is payable for that child. Charles Robert Ross is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for each child within fifteen days of termination of his employment or other disqualification from the group insurance. Charles Robert Ross is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change.

Charles Robert Ross is ORDERED to furnish Melody Joy Ross a true and correct copy of

-19-

GUERRA 000903

the health insurance policy or certification and a schedule of benefits within 30 days of the signing of this order. Charles Robert Ross is ORDERED to furnish Melody Joy Ross the insurance cards and any other forms necessary for use of the insurance within 30 days of the signing of this order. Charles Robert Ross is ORDERED to provide, within three days of receipt by him, to Melody Joy Ross any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the children that Melody Joy Ross paid or incurred.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if Charles Robert Ross is eligible for dependent health coverage but fails to apply to obtain coverage for the children, the insurer shall enroll the children on application of Melody Joy Ross or others as authorized by law.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: Melody Joy Ross is ORDERED to pay 50 percent and Charles Robert Ross is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, Charles Robert Ross is providing health insurance as ordered.

The party who incurs a health-care expense on behalf of a child is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of any child who is the subject of this suit that are incurred while child support is payable for that child.

5.    Secondary Coverage - IT IS ORDERED that if a party provides secondary health

-20-

GUERRA 000904

insurance coverage for the children, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the children and to ensure that the party who pays for health-care expenses for the children is reimbursed for the payment from both carriers to the fullest extent possible.

6.      Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the children in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like.  Each party is ORDERED to attempt to use "preferred providers," or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required.  Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment; however, if a bill is disallowed or the benefit reduced because of the failure of a party to follow insurance procedures or requirements, IT IS ORDERED that the party failing to follow the insurance procedures or requirements shall be wholly responsible for the increased portion of that bill.

7.      Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the children is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the children. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the children, at that party's option , may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the children and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, Melody Joy Ross is designated the managing conservator or possessory conservator of the children.

-21-

The party who is carrying the health insurance policy covering the children is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of a child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8.    Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of a child shall belong to the party who paid those expenses.  IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9.    WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

10.    Miscellaneous Health Care Provisions -

Each parent will deliver the medications of the children to the other parent at the beginning of the other parent's parenting time, unless the medications have been divided by the pharmacist into two containers that provide appropriate dosages and administrations to cover the time with each parent or unless two prescriptions can be obtained.

Each parent will inform the other of regular health-care appointments in advance, and both may attend.

-22-

GUERRA 000906

*Miscellaneous Child Support Provisions*

<u>Life Insurance</u>

As additional child support, IT IS ORDERED that Charles Robert Ross shall, as long as child support is payable under the terms of this decree, maintain in full force and effect at Charles Robert Ross's sole cost and expense a life insurance policy insuring the life of Charles Robert Ross, in an amount not less than ~~fifty thousand dollars ($50,000)~~, naming Melody Joy Ross as primary beneficiary for the benefit of the children.  If Charles Robert Ross's death occurs before the termination of his child support obligation, the proceeds of the life insurance policy shall be applied to any delinquent support obligation and the acceleration of the unpaid child support obligation. The amount of accelerated child support shall be calculated pursuant to section 154.015© of the Texas Family Code.  If the proceeds of the insurance policy are insufficient to satisfy the accelerated unpaid child support obligation, any unsatisfied balance shall be an obligation of Charles Robert Ross's estate. If the proceeds of the life insurance policy exceed the accelerated unpaid child support obligation to be satisfied, that excess amount shall be turned over by Melody Joy Ross to Charles Robert Ross's estate or the person designated in writing by Charles Robert Ross.  Charles Robert Ross is ORDERED to furnish Melody Joy Ross written proof from the life insurance company confirming the coverage required under this decree no later than thirty days after the date this decree is signed by the Court and thereafter annually on the anniversary date of the divorce.

<u>Support as Obligation of Estate</u>

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of Charles Robert Ross and shall not terminate on the death of Charles Robert Ross. Payments received for the benefit of the children, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation.  Any remaining balance of the child support is an obligation of Charles Robert Ross's estate.

-23-

GUERRA 000907

<u>Termination of Orders on Remarriage of Parties but Not on Death of Obligee</u>

The provisions of this decree relating to current child support terminate on the remarriage of Melody Joy Ross to Charles Robert Ross unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of Melody Joy Ross but continues as an obligation to Madeleine Joy Ross, William Stuart Ross and Lillian Grace Ross.

*Optimizing Development of Relationship between Parties and Children*

Each party is ORDERED to encourage and nurture the relationship between the child and the other party by encouraging the child to interact with the other party., taking good faith measures to ensure visitation and refraining from doing anything to undermine the relationship between the other party and the child. Each party is ORDERED to do everything within his or her power to create in the child's mind a loving and caring feeling toward the other party. IT IS FURTHER ORDERED that each party is permanently enjoined from speaking badly or in a disparaging fashion about the other party to anyone in any way. It is the intention of the Court that this provision be enforceable by contempt of Court. The Court further notes that each party has been admonished by the Court that their failure to act in accordance with this specific order of the Court shall be punishable by any and all remedies available for contempt of Court, including, but not limited to the imposition of a fine of up to Five Hundred Dollars ($500.00) and/or confinement in jail for up to six (6) months for each violation thereof. Each party is FURTHER ORDERED AND DECREED to notify the other party immediately verbally or in writing of any and all events pertaining to the child, including but not limited to:

1. any and all medical, dental and psychological conditions of the children;

2. the identity, including name, address and telephone number, of any physician, dentist or psychologist providing treatment to the children;

3. any and all medications, if any, prescribed for the children, including, but not limited to, the time the medications was last given to a child;

-24-

4. any matter relating to the children's educational status, including school activities, grades, homework, field trips, disciplinary slips, progress notes, teacher conferences and the like;

5. upon request of the other parent, any matter relating to the extracurricular activities of the children, including, but not limited to, the times and places of such activities;

6. vacation plans which include the children, including the itinerary and location of the children and a telephone number where the children may be reached, if the children are to be absent from the residence of a parent for more than twenty-four (24) consecutive hours during any period of possession by a parent; and

7. any and all other matters which affect or impact on the welfare of the children in any manner, in include anything that may be as insignificant as a hangnail on the children.

IT IS FURTHER ORDERED that each party shall refrain from allowing the child to overhear a parent's telephone calls with the other parent. EACH party is ORDERED to place a photograph of the other party in the children's bedroom at all times.

*Medical Notification*

Each party is ORDERED to inform the other party within 24 hours of any medical condition of the children requiring surgical intervention, hospitalization, or both.

Within 30 days after the Court signs this decree, each party is ORDERED to execute -

1. all necessary releases pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508 to permit the other conservator to obtain health-care information regarding the children; and

2. for all health-care providers of the children, an authorization for disclosure of protected health information to the other conservator pursuant to the HIPAA and 45 C.F.R. section 164.508.

Each party is further ORDERED to designate the other conservator as a person to whom protected health information regarding the children may be disclosed whenever the party executes an authorization for disclosure of protected health information pursuant to the HIPAA and 45 C.F.R.

-25-

GUERRA 000909

section 164.508.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: Melody Joy Ross

Social Security number:   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

Driver's license number:   16198766   Issuing state:  Texas

Current residence address:   10606 Arabian Sands, San Antonio, Texas  78254

Mailing address:   10606 Arabian Sands, San Antonio, Texas  78254

Home telephone number:   210-425-5765

Name of employer:   San Antonio Jewelry

Address of employment:   1874 North Loop 1604 West

San Antonio, Texas 78248

Work telephone number:   210-340-8689

Name: Charles Robert Ross

Social Security number:   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

Driver's license number   22111657   Issuing state:  Texas

Current residence address:   6400 Wurzbach Road #1507, San Antonio, Texas  78240

Mailing address:   6400 Wurzbach Road #1507, San Antonio, Texas  78240

Home telephone number:   210-445-1031

Name of employer:   Northside Independent School District

Address of employment:   5900 Evers Road

San Antonio, Texas 78238

Work telephone number:   210-397-8500

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN

-26-

GUERRA 000910

THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 100 Dolorosa, San Antonio, Texas 78205. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section,

-27-

GUERRA 000911

MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Division of Marital Estate*

-28-

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

Property to Husband

IT IS ORDERED AND DECREED that the husband, Charles Robert Ross, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1.    One-half of the net proceeds from the sale of the following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

> Lot 22, Block 42 Wildhorses Subdivision Unit 15, as subdivision of Bexar County, Texas, according to Map or Plat thereof, recorded at Volume 9652, Pages 180 though 181 of the Deed and Plat Records of Bexar County, Texas and more particularly described in Deed from Brian H. Murray and Sara Murray to Charles Ross and Spouse, Melody Joy Ross, dated July 3, 2008. and appearing of record beginning at Volume 13582, Page 571 of the Offical Records of Bexar County, Texas.
>
> 10606 Arabian Sands, San Antonio, Texas

H-2.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control.

H-3.    All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-4.    All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

GUERRA 000913

H-5.    The following policies of insurance insuring the husband's life:

      a.     USAA, Policy number G575735552

H-6.    The 2005 Chevrolet Malibu motor vehicle, vehicle identification number 1G1ZT62845F159346, together with all prepaid insurance, keys, and title documents.

<u>Property to Wife</u>

IT IS ORDERED AND DECREED that the wife, Melody Joy Ross, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.    One-half of the net proceeds from the sale of the following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

> Lot 22, Block 42 Wildhorses Subdivision Unit 15, as subdivision of Bexar County, Texas, according to Map or Plat thereof, recorded at Volume 9652, Pages 180 though 181 of the Deed and Plat Records of Bexar County, Texas and more particularly described in Deed from Brian H. Murray and Sara Murray to Charles Ross and Spouse, Melody Joy Ross, dated July 3, 2008. and appearing of record beginning at Volume 13582, Page 571 of the Offical Records of Bexar County, Texas
>
> 10606 Arabian Sands, San Antonio, Texas

W-2.    All household furniture, furnishings, fixtures, ogoods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.

W-3.    All clothing, jewelry, and other personal·effects in the possession of the wife or subject to her sole control.

W-4.    All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other

GUERRA 000914

financial institutions, which accounts stand in the wife's sole name or from which the wife has the

sole right to withdraw funds or which are subject to the wife's sole control.

W-5.   The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise,

together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-

sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan,

employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason

of the wife's past, present, or future employment, including but not limited to: *1/12/2012,*

a.   Teacher Retirement System of Texas *as of September 2000 as per QDRO.* *All of Husband's*

W-6.   The  2011  Kia  Sorrento  motor  vehicle,  vehicle  identification  number

5XYKT4A16BG078553, together with all prepaid insurance, keys, and title documents.

Division of Debt          *Each Party shall be responsible for 1/2 of*

Debts to Husband          *any medical debt incurred by Petitioner as*
                          *a result of*

IT IS ORDERED AND DECREED that the husband, Charles Robert Ross, shall pay, as a *her pregnancy*

part of the division of the estate of the parties, and shall indemnify and hold the wife and her *or losses*
                                                                                              *for any*
property harmless from any failure to so discharge, these items:                              *procedures*
                                                                                              *thru*
H-1.   ~~Three fourths of~~ the balance due, including principal, interest, tax, and insurance *Jun 1/2012.* *All of*

escrow, on the promissory note executed by Melody Joy Ross and Charles Robert Ross, in the

original principal sum of $144,728, dated July 1, 2008, payable to Wells Fargo Bank, N.A., and

secured by deed of trust on the real property awarded in this decree to the husband and wife, which

is recorded at volume 13582, page 574, Deed of Trust Records of Bexar County, Texas.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, Melody Joy Ross, shall pay, as a part of

the division of the estate of the parties, and shall indemnify and hold the husband and his property

harmless from any failure to so discharge, these items:

~~W-1.   One-fourth of the balance due, including principal, interest, tax, and insurance~~

~~escrow, on the promissory note executed by Melody Joy Ross and Charles Robert Ross, in the~~

-31-

*H-2 $200.00 due to collection agency as a result of*
*of N.S.F. fees imposed by USAA to be paid by Respondent*
*to Petitioner w/in 60 days of the entry of this Decree.*

~~original principal sum of $144,728, dated July 1, 2008, payable to Wells Fargo Bank, N.A., and~~ ~~secured by deed of trust on the real property awarded in this decree to the husband and wife, which~~ ~~is recorded at volume 13582, page 574, Deed of Trust Records of Bexar County,~~ Texas.

W-2.   The balance due, including principal, interest, and all other charges, on the promissory note payable to USAA Federal Savings Bank, San Antonio, Texas and given as part of the purchase price of and secured by a lien on the 2011 Kia Sorrento motor vehicle awarded to wife.

W-3.   All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

### Provisions Dealing with Sale of Residence

IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot 22, block 42, Wildhorses subdivision, Unit 15, according to the map, plat, or deed records of Bexar County, Texas, and more commonly known as 10606 Arabian Sands, San Antonio, Bexar County, Texas, shall be sold under the following terms and conditions:

1.   The parties shall attempt to sell the property without its being listed with a duly licensed real estate broker.

2.   The property shall be sold for a price that is mutually agreeable to Petitioner and Respondent.

3.   Respondent shall continue to make all payments of principal, interest, taxes, and insurance on the property during the pendency of the sale, and Petitioner shall have the exclusive right to enjoy the use and possession of the premises until closing.  All maintenance and repairs necessary to keep the property in its present condition shall be paid by Petitioner.

-32-

GUERRA 000916

4.    The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows: each party to receive one half of the net sales proceeds with Respondent to control the sales price. Respondent shall be responsible for payment of 100% of any deficiency that arises as a result of a voluntary sale at a price chosen by him..

<u>Attorney's Fees</u>

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

<u>Liability for Federal Income Taxes for Prior Year</u>

IT IS ORDERED AND DECREED that Melody Joy Ross and Charles Robert Ross shall be equally responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2011, and each party shall timely pay 50 percent of any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold the other party and his or her property harmless from 50 percent of such liabilities unless such additional tax, penalty, and/or interest resulted from a party's omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by the party who earned the omitted income or proffered the claim for an erroneous deduction. The parties agree that nothing contained herein shall be construed as or is intended as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code.

IT IS ORDERED AND DECREED that if a refund is made for overpayment of taxes for any year during the parties' marriage through December 31 of 2011, each party shall be entitled to one-half of the refund, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party, to the extent of one-half of the total amount of the refund, and shall

GUERRA 000917

pay to the other party one-half of the total amount of the refund check within five days of receipt of the refund check. Either party is ORDERED to endorse a refund check on presentation by the other party.

Treatment/Allocation of Community Income for Year of Divorce

IT IS ORDERED AND DECREED that, for the calendar year 2011, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2011, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2011 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2012. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that each party shall pay for the preparation of his or her return for 2011.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

the father will file the tax exemption for the children for each year.

IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid

-34-

01/13/2013

VOL. 3791

PG 2640

by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

<u>Credit Cards</u>

IT IS ORDERED AND DECREED that Charles Robert Ross is granted exclusive use of the following credit cards and Melody Joy Ross is enjoined and prohibited from using or incurring any indebtedness on these cards:

Chase
Account Number: 4185 8639 2542 0580
Name(s) on account:  Charles Ross

Household Bank
Account Number: 42693200014944350
Name(s) on account: Charles Ross

Household Bank
Account Number: 5408-0100-3234-7631
Name(s) on account: Charles Ross

Bank of America
Account No: 74997886447216
Name(s) on account: Charles Ross

Citibank/Drive Card
Account Number: 6035-5111-1086-6318
Name(s) on account: Charles Ross

Citi
Account Number: 5466-1600-7632-3722
Names(s) on account: Charles Ross

Chase/Best Buy
Account Number: 1820000004530941
Name(s) on account: Charles Ross

Dillards
Account Number:6045872530186838
Name(s) on Account: Charles Ross

JC Penney
Account Number: 3993248420
Name(s) on Account: Charles Ross

Melody Joy Ross is ORDERED to return the following cards to Charles Robert Ross by

-35-

GUERRA 000919

December 15, 2011:

    Chase
    Account Number: 4185 8639 2542 0580
    Name(s) on account:  Charles Ross

    Household Bank
    Account Number: 42693200014944350
    Name(s) on account: Charles Ross

    Household Bank
    Account Number: 5408-0100-3234-7631
    Name(s) on account: Charles Ross

    Bank of America
    Account No: 74997886447216
    Name(s) on account: Charles Ross

    Citibank/Drive Card
    Account Number: 6035-5111-1086-6318
    Name(s) on account: Charles Ross

    Citi
    Account Number: 5466-1600-7632-3722
    Names(s) on account: Charles Ross

    Chase/Best Buy
    Account Number: 1820000004530941
    Name(s) on account: Charles Ross

    Dillards
    Account Number:6045872530186838
    Name(s) on Account: Charles Ross

    JC Penney
    Account Number: 3993248420
    Name(s) on Account: Charles Ross

*Transfer and Delivery of Property*

    Direction to Deliver Property

Charles Robert Ross is ORDERED to deliver to Melody Joy Ross on February 15, 2012, at 6 pm. at 10606 Arabian Sands, San Antonio, Texas 78254: Repaired hard drive with pictures of children (unless cost of repair exceed $500).

Melody Joy Ross is ORDERED to deliver to Charles Robert Ross on February 15, 2011 at

-36-

GUERRA 000920

10:am at 106226 Arabian Sands, San Antonio, Texas, 78254: All Personal Property of Charles Robert Ross located at 10606 Arabian Sands, San Antonio, Texas 78254

*Change of Petitioner's Name*

IT IS ORDERED AND DECREED that Melody Joy Ross's name is changed to Melody Joy Brown.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on May, 23, 2011.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, Melody Joy Ross, and Respondent, Charles Robert Ross, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

*Indemnification*

-37-

GUERRA 000921

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly

GUERRA 000922

granted is denied. This is a final judgment, for which let execution and all writs and processes

necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties

and is appealable.

*Date of Judgment*

SIGNED on _____1-11-12_____.


**JUDGE PRESIDING**


APPROVED AS TO FORM ONLY:

S. Keith Engelke, Attorney for Respondent
2313 Lockhill Selma Road, No. 224
San Antonio, Texas 78230
State Bar No. 06624550
Tel: 210.342.9669
Fax: 888.770.4081


By:_____
Barry L. Efron
Attorney for Petitioner
State Bar No. 00793003


APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

Melody Joy Ross, Petitioner

Chalres Robert Ross, Respondent

-39-

GUERRA 000923