# EXHIBIT W

FILED
11/5/2015 1:54:21 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

Case 5:20-cv-00746-JKP   Document 119-15   Filed 11/14/22   Page 2 of 11

NO. **2015CI18653**

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § § § | IN THE DISTRICT COURT **131ST** |
| RODRIGO DAVID CANTU AND MELODY JOY CANTU | § § § § | _____ JUDICIAL DISTRICT BEXAR COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE

1. *Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. *Objection to Assignment of Case to Associate Judge*

Petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

3. *Parties*

This suit is brought by RODRIGO DAVID CANTU, Petitioner.

MELODY JOY CANTU is Respondent.

4. *Domicile*

Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

5. *Service*

Process should be served on Respondent at 423 Heather Ridge, San Antonio, Texas 78260.

1

GUERRA 000098

6. *Protective Order Statement*

No protective order under title 4 of the Texas Family Code is in effect, and no application for a protective order is pending with regard to the parties to this suit.

7. *Dates of Marriage and Separation*

The parties were married on or about April 18, 2014 and have since ceased to live together as husband and wife.

8. *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

9. *Children of the Marriage*

There is no child born or adopted of this marriage, and none is expected.

10. *Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

**GUERRA 000099**

11. *Separate Property*

Petitioner owns certain separate property that is not part of the community estate of the parties, and Petitioner requests the Court to confirm that separate property as Petitioner's separate property and estate.

12. *Standing Orders*

The Amended Standing Order Regarding Children, Property and Conduct of the Parties in Divorce and Suits Affecting the Parent-Child Relationship is attached hereto as Exhibit "A."

13. *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of KENNETH T. ISENBERG and the law firm of CASSEB & PEARL, INC., licensed attorneys, to prepare and prosecute this suit. If a trial of this suit is required, and to effect an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorneys; or, in the alternative, Petitioner requests that reasonable attorney's fees, expenses, and costs through trial and appeal be taxed as costs and be ordered paid directly to Petitioner's attorneys, who may enforce the order in the attorneys' own names. Petitioner requests post-judgment interest as allowed by law.

14. *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

GUERRA 000100

Petitioner prays for general relief.

                Respectfully submitted,

                CASSEB & PEARL, INC.
                8620 N. New Braunfels, Ste. 105
                San Antonio, Texas 78217
                (210) 223-4381
                (210) 798-2654 FAX

                By: _____
                    KENNETH T. ISENBERG
                    State Bar No. 10432420
                    kisenberg@cassebbldg.com

                ATTORNEY FOR RODRIGO DAVID CANTU

GUERRA 000101

NO._____

| | |
|---|---|
| _____ ) | IN THE DISTRICT COURT |
| _____ ) | |
| _____ ) | \_\_\_\_JUDICIAL DISTRICT |
| _____ ) | |
| _____ ) | BEXAR COUNTY, TEXAS |

### AMENDED STANDING ORDER REGARDING CHILD(REN), PROPERTY AND CONDUCT OF PARTIES IN DIVORCE AND SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP

#### I.   INTRODUCTION

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Bexar County Civil District Courts that applies in every divorce suit and every suit affecting the parent-child relationship filed in Bexar County. **This Order is not intended to affect or circumvent prior orders entered regarding conservatorship of children, including the right to determine the primary residence of a child and all prior orders remain in effect until further order of the Court.** The Civil District Courts of Bexar County have adopted this order because the parties and their child(ren) should be protected and their property preserved while the lawsuit is pending before the Court.

#### II.   NO DISRUPTION OF CHILD(REN)

Both parties are ORDERED to refrain from doing the following acts concerning any child(ren) who are subjects of this case:

2.1 Removing the child(ren) from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.

2.2 Disrupting or withdrawing the child(ren) from the school or day-care facility where the child(ren) are presently enrolled, without the written agreement of both parents or an order of this Court.

2.3 Hiding or secreting the child(ren) from the other parent or changing the child(ren)'s current residence, without the written agreement of both parents or an order of this Court.

2.4 Disturbing the peace of the child(ren).

2.5 Making disparaging remarks about each other or the other person's family members, to include but not be limited to the child(ren)'s grandparents, aunts, uncles, or stepparents.

2.6 Discussing with the child(ren), or with any other person in the presence of the child(ren), any litigation related to the child(ren) or the other party.

1

EXHIBIT A

GUERRA 000102

2.7 Consuming any illegal Controlled Substance (as that term is defined in the Texas Controlled Substance Act), 12 hours prior to and during possession of the child(ren).

2.8 If this is an original divorce action, allowing anyone with whom the party is romantically involved, to remain over night in the home while in possession of the child(ren). Overnight is defined from 10:00 p.m. that evening until 7:00 a.m. the next morning.

### III.   CONDUCT OF THE PARTIES DURING THE CASE

Both parties, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

3.1 Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party, whether in person, by telephone, or in writing.

3.2 Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

3.3 Placing one or more telephone calls, at an unreasonable hour, in an offensive or repetitious manner, without a legitimate purpose of communication, or anonymously.

3.4 Opening or diverting mail addressed to the other party.

### IV.   PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following:

4.1 Destroying, removing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

4.2 Misrepresenting or refusing to disclose to the other party or the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

4.3 Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

4.4 Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

4.5 Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real estate property, and whether separate or community, except as specifically authorized by this order.

**GUERRA 000103**

4.6 Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

4.7 Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

4.8 Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

4.9 Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

4.10 Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

4.11 Taking any action to terminate or limit credit or charge cards in the name of the other party.

4.12 Entering, operating, or exercising control over the motor vehicle in the possession of the other party

4.13 Discontinuing or reducing the withholding for federal income taxes on wages or salary while this suit is pending.

4.14 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such service.

4.15 Intercepting or recording the other party's electronic communications.

4.16 Excluding the other party from the use and enjoyment of the other party's residence.

V. PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

5.1 Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations.

5.2 Falsifying any writing or record relating to the property of either party.

GUERRA 000104

"Records" include e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device.

## VI. INSURANCE IN DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

6.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order.

6.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' child(ren).

6.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property of persons including the parties' minor child(ren).

## VII. SPECIFIC AUTHORIZATION IN DIVORCE CASE

If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

7.1 To engage in acts reasonable and necessary to the conduct of that party's usual business and occupation.

7.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

7.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.

7.4 To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

## VIII. SERVICE AND APPLICATION OF THIS ORDER

8.1 The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition.

8.2 This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition and is renewed for subsequent periods of every fourteen days thereafter until a temporary injunction is ordered. If no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of the filing of the original petition, this order

GUERRA 000105

shall continue in full force and effect as a temporary injunction until further order of the court. This entire order will terminate and will no longer be effective once the court signs a final order.

### IX.   EFFECT OF OTHER ORDERS

If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

### X.   PARTIES ARE ENCOURAGED TO MEDIATE

The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation, to resolve the conflicts that may arise in this lawsuit.

### XI.   BOND WAIVED

It is ORDERED that the requirement of a bond is waived.

### XII.   FAMILY STABILIZATION

Parents of minor child(ren) are required to attend a family stabilization program (Helping Children Cope with Divorce) within 60 days of the filing of the Petition for Divorce or the Suit Affecting the Parent Child Relationship. Waivers may be granted only by order of the court. Proof of completion of the program must be provided to the court upon meeting this requirement.

SIGNED _____ DEC 0 4 2013 _____

_____
MICHAEL MERY
37TH DISTRICT COURT

_____
CATHLEEN STRYKER
224TH DISTRICT COURT

_____
BARBARA NELLERMOE
45TH DISTRICT COURT

_____
PETER SAKAI
225TH DISTRICT COURT

_____
ANTONIA ARTEAGA
57TH DISTRICT COURT

_____
RICHARD PRICE
285TH DISTRICT COURT

5

GUERRA 000106

_____
DAVID CANALES
73RD DISTRICT COURT

_____
SOL CASSEB, III
288TH DISTRICT COURT

_____
JOHN GABRIEL
131ST DISTRICT COURT

_____
KAREN POZZA
407TH DISTRICT COURT

_____
JANET LITTLEJOHN
150TH DISTRICT COURT

_____
LARRY NOLL
408TH DISTRICT COURT

_____
LAURA SALINAS
166TH DISTRICT COURT

_____
GLORIA SALDANA
438TH DISTRICT COURT

6