# EXHIBIT X

FILED
12/10/2015 8:11:35 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

Case 5:20-cv-00746-JKP   Document 119-16   Filed 11/14/22   Page 2 of 10

NO. 2015CI18653

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RODRIGO DAVID CANTU | § | 131ST JUDICIAL DISTRICT |
| AND | § | |
| MELODY JOY CANTU | § | BEXAR COUNTY, TEXAS |

**RESPONDENT'S ORIGINAL ANSWER AND
ORIGINAL COUNTER-PETITION FOR DIVORCE**

**I.
RESPONDENT'S ORIGINAL ANSWER**

MELODY JOY CANTU, Respondent, files this Original Answer to Original Petition for Divorce. The last three numbers of **MELODY JOY CANTU'S** driver's license number are ▇ The last three numbers of **MELODY JOY CANTU'S** social security number are ▇

1. *GENERAL DENIAL*

Respondent enters a general denial.

2. *OBJECTION TO ASSIGNMENT OF CASE TO ASSOCIATE JUDGE*

Respondent objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

**II.
ORIGINAL COUNTER-PETITION FOR DIVORCE**

1. *DISCOVERY LEVEL*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. *OBJECTION TO ASSIGNMENT OF CASE TO ASSOCIATE JUDGE*

Counterpetitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

3. *PARTIES*

This suit is brought by **MELODY JOY CANTU**, Counterpetitioner. The last three numbers of **MELODY JOY CANTU'S** driver's license number are ▇ The last three numbers of **MELODY JOY CANTU'S** social security number are ▇.

**RODRIGO DAVID CANTU** is Counterrespondent.

4. *DOMICILE*

Counterpetitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

1

5. **SERVICE** - Service of this document may be had in accordance with Rule 21a, Texas Rules of Civil Procedure, by serving Counterrespondent's attorney of record, Kenneth T. Isenberg, Casseb & Pearl, Inc., 8620 N. New Braunfels, Suite 105, San Antonio, Texas 78217, via facsimile (210) 798-2654.

6. **PROTECTIVE ORDER STATEMENT**

No protective order under title 4 of the Texas Family Code is in effect, and no application for a protective order is pending with regard to the parties to this suit.

7. **DATES OF MARRIAGE AND SEPARATION**

The parties were married on or about April 18, 2014 and have ceased to live together as husband and wife.

8. **GROUNDS FOR DIVORCE**

The marriage has become insupportable because of discord or conflict of personalities between Counterpetitioner and Counterrespondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

Counterrespondent is guilty of cruel treatment toward Counterpetitioner.

9. **DIVISION OF COMMUNITY PROPERTY**

Counterpetitioner believes Counterrespondent will enter into an agreement for the division of their estate. If such an agreement is made, Counterpetitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Counterpetitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

10. **SEPARATE PROPERTY**

Counterpetitioner owns certain separate property that is not part of the community estate of the parties, and Counterpetitioner requests the Court to confirm that separate property as Counterpetitioner's separate property and estate.

11. **STANDING ORDER**

Counterpetitioner hereby incorporates the Bexar County Standing Order attached hereto as Exhibit "A".

12. **ATTORNEY'S FEES, EXPENSES, COSTS, AND INTEREST**

It was necessary for Counterpetitioner to secure the services of **BARRY L. EFRON**, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Counterrespondent and in favor of Counterpetitioner for the use and benefit of Counterpetitioner's attorney; or, in the alternative, Counterpetitioner requests that reasonable attorney's fees, expenses, and costs through trial and appeal be taxed as costs and be ordered paid directly to

GUERRA 000109

Counterpetitioner's attorney, who may enforce the order in the attorney's own name. Counterpetitioner requests postjudgment interest as allowed by law.

13. **PRAYER**

Counterpetitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this counterpetition.

Counterpetitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Counterpetitioner prays for general relief.

Respectfully submitted,

EFRON & EFRON, INC.
10010 San Pedro Avenue, Suite 660
San Antonio, Texas 78216
Tel: (210) 366-9676
Fax: (210) 366-0412

By: /S/ by BARRY L. EFRON
**BARRY L. EFRON**
State Bar No. 00793003
Attorney for Respondent/Counterpetitioner

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on December 10, 2015.

/S/ by BARRY L. EFRON
**BARRY L. EFRON**
Attorney for Respondent/Counterpetitioner

GUERRA 000110

NO. 2015CI18653

| | |
|---|---|
| In the Matter of the Marriage of ) | IN THE DISTRICT COURT |
| Rodrigo David Cantu ) | 131st JUDICIAL DISTRICT |
| And ) | |
| Melody Joy Cantu ) | BEXAR COUNTY, TEXAS |

**STANDING ORDER REGARDING CHILD(REN), PROPERTY
AND CONDUCT OF PARTIES IN DIVORCE AND
SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP**

I.     INTRODUCTION

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Bexar County Civil District Courts that applies in every divorce suit and every suit affecting the parent-child relationship filed in Bexar County. The Civil District Courts of Bexar County have adopted this order because the parties and their child(ren) should be protected and their property preserved while the lawsuit is pending before the Court.

II.    NO DISRUPTION OF CHILD(REN)

Both parties are ORDERED to refrain from doing the following acts concerning any child(ren) who are subjects of this case:

2.1    Removing the child(ren) from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.

2.2    Disrupting or withdrawing the child(ren) from the school or day-care facility where the child(ren) are presently enrolled, without the written agreement of both parents or an order of this Court.

2.3    Hiding or secreting the child(ren) from the other parent or changing the child(ren)'s current residence, without the written agreement of both parents or an order of this Court.

2.4    Disturbing the peace of the child(ren).

2.5    Making disparaging remarks about each other or the other person's family members, to include but not be limited to the child(ren)'s grandparents, aunts, uncles, or stepparents.

2.6    Discussing with the child(ren), or with any other person in the presence of the child(ren), any litigation related to the child(ren) or the other party.

2.7    Consuming any illegal Controlled Substance (as that term is defined in the Texas Controlled Substance Act), 12 hours prior to and during possession of the child(ren).

1

EXHIBIT A

GUERRA 000111

2.8     If this is an original divorce action, allowing anyone with whom the party is romantically involved, to remain over night in the home while in possession of the child(ren). Overnight is defined from 10:00 p.m. that evening until 7:00 a.m. the next morning.

### III.    CONDUCT OF THE PARTIES DURING THE CASE

Both parties, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

3.1     Intentionally communicating in person or in any other manner, including by telephone, or another electronic voice transmission, video chat, in writing, or electronic messaging with the other party by use of vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party.

3.2     Threatening the other party in person or in any other manner, including by telephone, or in another electronic voice transmission, video chat, in writing or electronic messaging, to take unlawful action against any person, intending by this action to annoy or alarm the other party.

3.3     Placing a telephone call, anonymously, at an unreasonable hour, in an offensive or repetitious manner, without a legitimate purpose of communication with the intent to annoy or alarm the other party.

3.4     Intentionally, knowingly, or recklessly causing bodily injury to the other party or to a child of either party.

3.5     Threatening the other party or a child of either party with imminent bodily injury.

3.6     Opening or diverting mail or email or any other electronic communication addressed to the other party.

### IV.    PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following:

4.1     Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of the parties or either party.

4.2     Misrepresenting or refusing to disclose to the other party or the Court, on proper request, the existence, amount, or location of any tangible or intellectual property of the parties or either party, including electronically stored or recorded information.

4.3     Damaging or destroying the tangible or intellectual property of the parties or either party, including electronically stored or recorded information.

2

GUERRA 000112

4.4   Tampering with the tangible or intellectual property of the parties or either party, including electronically stored or recorded information, and causing pecuniary loss or substantial inconvenience to the other party.

4.5   Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of the parties or either party, regardless of whether the property is personal property, real property, or intellectual property and whether separate or community, except as specifically authorized by this order.

4.6   Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

4.7   Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

4.8   Spending any money in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

4.9   Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account of either party, except as specifically authorized by this order.

4.10   Signing or endorsing the other party's name on any negotiable instrument, check, or draft, including a tax refund, insurance payment, and dividend, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

4.11   Taking any action to terminate or limit credit or charge cards in the name of the other party.

4.12   Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

4.13   Discontinuing or reducing the withholding for federal income taxes from either party's wages or salary while this suit is pending.

4.14   Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, including security, pest control, landscaping, or yard maintenance at the residence of either party, or in any manner attempting to withdraw any deposits for service in connection with those services.

4.15   Destroying, disposing of, or altering any e-mail, text message, video message, or chat message or other electronic data or electronically store information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

4.16   Modifying, changing, or altering the native format or metadata of any electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage,

GUERRA 000113

regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

4.17    Deleting any data or content from any social network profile used or created by either party or a child of the parties.

4.18    Using any password or personal identification number to gain access to the other party's e-mail account, bank account, social media account, or any other electronic account.

4.19    Excluding the other party from the use and enjoyment of a specifically identified residence of the other party.

## V.    PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

5.1    Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations including electronic records.

5.2    Falsifying any writing or record, including an electronic record, relating to the property of either party.

> "Records" include e-mail or other digital or electronic data, whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

## VI.    INSURANCE IN DIVORCE CASE

If this is a divorce case, both parties to the marriage, their agents, servants, and/or employees, are ORDERED to refrain from doing the following acts:

6.1    Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party or a child of the parties, except as specifically authorized by this order.

6.2    Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or a child of the parties.

6.3    Canceling, altering, failing to renew or pay premiums on, or in any manner affecting the level of coverage that existed at the time the suit was filed of, any life, casualty, automobile, or health insurance policy insuring the parties' property or persons, including a child of the parties.

**GUERRA 000114**

## VII. SPECIFIC AUTHORIZATION IN DIVORCE CASE

If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

7.1   To engage in acts reasonable and necessary to the conduct of that party's usual business and occupation.

7.2   To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

7.3   To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.

7.4   To make withdrawal from accounts in financial institutions only for the purposes authorized by this order.

## VIII. SERVICE AND APPLICATION OF THIS ORDER

8.1   The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time the petition is filed, if the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented.

8.2   This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition and is renewed for subsequent periods of every fourteen days thereafter until a temporary injunction is ordered. If no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of the filing of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of the court. This entire order will terminate and will no longer be effective once the court signs a final order.

## IX. EFFECT OF OTHER ORDERS

If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

## X. PARTIES ARE ENCOURAGED TO MEDIATE

The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation, to resolve the conflicts that may arise in this lawsuit.

GUERRA 000115

XI.     BOND WAIVED

It is ORDERED that the requirement of a bond is waived.

XII.     FAMILY STABILIZATION

Parents of minor child(ren) are required to attend a family stabilization program (Helping Children Cope with Divorce) within 60 days of the filing of the Petition for Divorce or the Suit Affecting the Parent Child Relationship. Waivers may be granted only by order of the court. Proof of completion of the program must be provided to the court upon meeting this requirement.

SO ORDERED THIS 10th OF SEPTEMBER, 2015.

| | |
|---|---|
| JUDGE MICHAEL MERY<br>37TH DISTRICT COURT | JUDGE CATHLEEN STRYKER<br>224TH DISTRICT COURT |
| JUDGE STEPHANI WALSH<br>45TH DISTRICT COURT | JUDGE PETER SAKAI<br>225TH DISTRICT COURT |
| JUDGE ANTONIA ARTEAGA<br>57TH DISTRICT COURT | JUDGE RICHARD PRICE<br>285TH DISTRICT COURT |
| JUDGE DAVID CANALES<br>73RD DISTRICT COURT | JUDGE SOL CASSEB<br>288TH DISTRICT COURT |
| JUDGE JOHN GABRIEL<br>131ST DISTRICT COURT | JUDGE KAREN POZZA<br>407TH DISTRICT COURT |
| JUDGE RENEE YANTA<br>150TH DISTRICT COURT | JUDGE LARRY NOLL<br>408TH DISTRICT COURT |
| JUDGE LAURA SALINAS<br>166TH DISTRICT COURT | JUDGE GLORIA SALDANA<br>438TH DISTRICT COURT |

6

GUERRA 000116