# Exhibit 'F'

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA GUERRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-0882_____ |
| | § | |
| HUMANA and HUMANA GOVERNMENT | § | |
| BUSINESS, INC. d/b/a HUMANA, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' ORIGINAL ANSWER AND DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Humana Inc.[1] ("Humana") and Humana Government Business, Inc. ("HGB") file this Original Answer and Defenses to Plaintiff's Original Petition ("Petition") filed in the 150th District Court of Bexar County, Texas, by Plaintiff Sandra Guerra ("Plaintiff") and subsequently removed to this Court. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Petition to the extent possible. Defendants deny each and every allegation set forth in Plaintiff's Petition except as specifically admitted, qualified, explained, clarified, or otherwise pleaded below, and specifically answer as follows:

I.

**DISCOVERY CONTROL PLAN**

**1.01** This case is filed pursuant to Section 190.4 (Level 3) of the Texas Rules of Civil Procedure.

---

[1] "Humana" is a trade name only. Defendants presume Plaintiff's intention is to name "Humana Inc." as a Defendant, albeit an improper Defendant as Plaintiff was employed by Humana Government Business, Inc.

**RESPONSE**: Defendants admit Plaintiff filed this lawsuit in the 150th Judicial District Court of Bexar County, Texas, pursuant to Section 190.4 of the Texas Rules of Civil Procedure but deny the applicability of the Texas Rules of Civil Procedure following Defendants' removal of the case to this Court.

## II.

## PARTIES

**2.01** Plaintiff, SANDRA GUERRA, (hereinafter "Dr. Guerra" or "Plaintiff") is a resident of San Antonio, Bexar County, Texas.

**RESPONSE:** Defendants admit that Plaintiff resided in San Antonio, Bexar County, Texas, during her employment with HGB. Defendants are without information or knowledge sufficient to admit or deny Plaintiff's allegation regarding her current residency, and therefore, deny the same.

**2.02** Defendant, HUMANA (hereinafter referred to as "Humana" or "Employer" or "Defendant") is a foreign corporation that does business in the State of Texas and can be served with process by serving:

Jennifer Starr
Humana Government Business, Inc.
500 W. Main St.
Louisville, KY 40202

**RESPONSE:** Defendants admit that "Humana Inc." is a foreign corporation doing business in the State of Texas. Defendants deny that "Humana" employed Plaintiff. Defendants deny Jennifer Starr being the registered agent for service of process for Humana Inc.

**2.03** Defendant, HUMANA GOVERNMENT BUSINESS, INC. d/b/a HUMANA, is a foreign corporation that does business in the State of Texas, and may be served in its assumed name pursuant to Tex. R. Civ. Pro. 28 as follows:

Corporation Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

**RESPONSE**: Defendants deny HGB doing business as "Humana." Defendants admit that HGB is a foreign corporation that does business in the State of Texas as Humana Military and admit they accepted service of process.

### III.

### JURISDICTION & VENUE

**3.01**  The incident made the basis of this lawsuit occurred in San Antonio, Bexar County, Texas. As such, jurisdiction and venue are proper in Bexar County.

**RESPONSE**: Defendants admit that jurisdiction and venue are proper in this Court and Division.

**3.02**  Plaintiff seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that she anticipates (at this time) that the amount of damages she will request the jury to assess at trial will be more than $250,000.00 but not more than $1 million.

**RESPONSE**: Defendants deny Plaintiff's allegations in Paragraph 3.02 of the Petition, including her entitlement to recovery of any damages whatsoever.

**3.03**  Based on section **3.02,** Plaintiff anticipates she will be entitled to recover punitive damages in this case. Punitive damages are recoverable for willful violations of the Texas Human Rights Act. See Tex. Lab. Code 21.2585 (d). The termination of Dr. Guerra, a long-term Humana employee, was an adverse employment action motivated by malice and/or reckless indifference to Dr. Guerra's state-created rights under the Texas Human Rights Act as more fully shown below.

**RESPONSE:** Defendants deny acting unlawfully or with malice or reckless indifference to Plaintiff's rights under state (or federal) law as HGB terminated Plaintiff for a legitimate, non-discriminatory reason unrelated to her gender, color, or national origin, namely, her admitted violation of Humana's Harassment Policy, which prohibits any form of harassment regardless of whether such harassment rises to the level of violating the law, and its Critical Offenses policy, which identifies harassment as conduct warranting immediate termination. Defendants deny all remaining allegations in Paragraph 3.03 of the Petition, including her entitlement to any damages whatsoever.

## IV.

### [ALLEGED] EXHAUSTION OF ADMINISTRATIVE REMEDIES

**4.01**   Plaintiff timely filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division on or about July 21, 2020. *See* Exhibit A.

**RESPONSE:** Defendants admit that Plaintiff filed a charge of discrimination with the Texas Workforce Commission-Civil Rights Division ("TWC-CRD") on or about July 21, 2020, and that Exhibit A appears to be a copy of the charge Plaintiff filed. Defendants deny all remaining allegations in Paragraph 4.01 of the Petition.

**4.02**   On or about July 8, 2021, Plaintiff received the Dismissal and Notice of Right to File a Civil Action from the Texas Workforce Commission Civil Rights Division. *See* Exhibit B.

**RESPONSE:** Defendants admit that Exhibit B appears to be a copy of the Dismissal and Notice of Right to File a Civil Action issued by the TWC-CRD with a date of July 8, 2021. Defendants are without information or knowledge sufficient to admit or deny Plaintiff's allegation as to when she received Exhibit B, and therefore, deny the same.

V.

**[PLAINTIFF'S] FACTUAL ALLEGATIONS**

**5.01**   Plaintiff, Sandra Guerra, is a medical doctor ("Dr. Guerra").

**RESPONSE**:  Defendants admit the allegation in Paragraph 5.01 of the Petition.

**5.02**   She is a United States citizen of Mexican-American descent.

**RESPONSE**:  Defendants admit that, at the time of her hire with HGB, Plaintiff provided proof of her U.S. citizenship and she identified herself as being Hispanic/Latino.  Defendants are without information or knowledge sufficient to admit or deny Plaintiff's allegation that she is of Mexican-American descent and therefore, deny the same.

**5.03**   Defendant hired Dr. Guerra in 2012.

**RESPONSE**:  Defendants admit that HGB hired Plaintiff in 2012.

**5.04**   When last employed by Defendant, Dr. Guerra's title was Vice-President/Chief Medical Officer.

**RESPONSE**:  Defendants admit that when last employed by HGB, Plaintiff's title was Vice President, Chief Medical Officer.

**5.05**   Dr. Guerra was employed by Defendant for over 8 years.

**RESPONSE**:  Defendants admit that Plaintiff was employed with HGB from October 2012 to February 18, 2020.

**5.06**   Plaintiff was terminated for a false reason, falsely accused by ("Matthew Stiner") a subordinate of harassment.

**RESPONSE**:  Defendants admit that Plaintiff's direct report, Matthew Stiner, made an internal complaint that Plaintiff had sent him sexually explicit text messages and made otherwise inappropriate comments. HGB substantiated these allegations through a review of the text

messages at issue and by Plaintiff's own admissions during the course of an internal investigation. Plaintiff's text messages to Mr. Stiner included the following:

- Stiner: "I might have to get off at 10AM"; Plaintiff: "Sexually? I'm in a conference."
- Plaintiff: "Are your boxers too tight?"
- Stiner: "…I went to bed early"; Plaintiff: "Alone?"; Stiner: "My flight left at 6AM this morning and I don't know why the hell I picked that flight"; Plaintiff: "I hope the clothes were on your body."

Defendants admit that HGB terminated Plaintiff for a legitimate, non-discriminatory reason unrelated to her gender, color, or national origin, namely, her admitted violation of Humana's Harassment and Critical Offenses policies. Defendants deny the remaining allegations in Paragraph 5.06 of the Petition.

**5.07** Coincidentally, Matthew Stiner, a white male, was written-up/reprimanded by Dr. Guerra just several days *before* he first raised false allegations of harassment against Dr. Guerra.

**RESPONSE:** Defendants admit that Mr. Stiner is male and admit that Mr. Stiner identified himself as being Caucasian. Defendants admit that Plaintiff administered disciplinary action to Mr. Stiner on February 4, 2020. Defendants admit that Mr. Stiner made an internal complaint on or about February 7, 2020, that Plaintiff had sent him sexually explicit text messages and made otherwise inappropriate comments. HGB substantiated these allegations through a review of the text messages at issue and by Plaintiff's own admissions during the course of an internal investigation. Defendants deny all remaining allegations in Paragraph 5.07 of the Petition.

**5.08** The false allegations lodged by Matthew Stiner against Dr. Guerra were retaliatory.

**RESPONSE:** Defendants deny the allegations in Paragraph 5.08 of the Petition.

**5.09** Dr. Guerra had no negative human resources complaints or violations.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.09 of the Petition.

**5.10** In fact, her work performance was evaluated as excellent by her supervisors.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.10 of the Petition.

**5.11** Unlike Dr. Guerra, white male executives were treated more fairly by Defendant.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.11 of the Petition.

**5.12** Eric Lisle, Vice President of Humana, sexually harassed females. Mr. Lisle was given the option to voluntarily separate rather than face an adverse personnel action.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.12 of the Petition.

**5.13** Phil White, Chief Operating Officer for Humana was laterally transferred despite poor work performance. Mr. White did not suffer an adverse personnel action.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.13 of the Petition.

**5.14** Neil Mullany [sic], Vice President/Chief Operating Officer for Humana, over paid and under paid providers. Humana was penalized in the millions of dollars. Mr. Mullany [sic] did not suffer any adverse employment action based on penalties in the millions of dollars.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.14 of the Petition.

**5.15** Alan Wheatly [sic], Senior Vice President of Humana, engaged in sexual harassment/relations with a subordinate and was later beaten up by the woman's husband in front of the Humana tower in Louisville, Kentucky. Mr. Wheatly [sic] suffered no adverse personnel action. In fact, he was promoted.

**RESPONSE**: Defendants deny the allegations in Paragraph 5.15 of the Petition.

**5.16** Dr. Guerra was replaced by white males. Dr. Guerra's job duties were split between Robert Johnson and Joseph Kennedy.

**RESPONSE:** Defendants admit that Robert Johnson and Joseph Kennedy are men who were employed by HGB at the time of Guerra's termination, who have both identified as being Caucasian, and who assumed Plaintiff's former job duties in addition to their own, until HGB hired Dr. Alefiyah Mesiwala, who assumed management of the medical directors previously supervised by Plaintiff. Defendants deny that Plaintiff was replaced following her termination.

5.17    Dr. Guerra's termination was pretextual.

**RESPONSE:** Defendants deny the allegation in Paragraph 5.17 of the Petition.

5.18    Defendant's motivation for terminating Dr. Guerra, on February 18 2020, was motivated by unlawful discrimination (color, national origin and sex) in violation of Chapter 21 of the Texas Labor Code.

**RESPONSE:** Defendants admit that HGB terminated Plaintiff's employment on February 18, 2020, for a legitimate, non-discriminatory reason unrelated to her gender, color, or national origin, namely, her admitted violation of Humana's Harassment and Critical Offenses policies. Defendants deny the remaining allegations in Paragraph 5.18 of the Petition.

## VI.

## [ALLEGED] CAUSES OF ACTION

6.01    **Texas Labor Code Chapter 21.** Plaintiff asserts that Defendant violated Chapter 21 of the Texas Labor Code in that her termination was motivated by unlawful discrimination.

**RESPONSE:** Defendants deny the allegations in Paragraph 6.01 of the Petition.

6.02    Plaintiff seeks compensatory under Chapter § 21.2585 of the Texas Labor Code. Furthermore, Plaintiff seeks costs, attorney's fees, including compensation for reasonable expert fees, under Chapter § 21.259 of the Texas Labor Code.

**RESPONSE:** Defendants deny the allegations in Paragraph 6.02 of the Petition, including Plaintiff's entitlement to any damages whatsoever.

**6.03** Plaintiff asserts claims under the Texas Labor Code exclusively. Plaintiff does not assert claims under federal statute, the code of federal regulations or the United States constitution.

**RESPONSE:** Defendants admit that Plaintiff advances claims under the Texas Labor Code and not under federal law, but Defendants deny violation of any law.

## VII.

## CONTROLLING AUTHORITY

**7.01** An employer commits an unlawful employment practice if because of *race, color,* disability, religion, *sex, national origin,* or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges or employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

**RESPONSE:** The allegations in Paragraph 7.01, including subparts (1) and (2), constitute statements of law that Defendants are neither required to admit or deny. To the extent a response is required, Defendants deny the allegations, including any violation of the law.

## VIII.

## [ALLEGED] DAMAGES

**8.01** As a result of acts and/or omissions as set forth above, Plaintiff sustained the following damages, including but not limited to:

(a) Back Pay;

(b) Interest on back pay;

(c) Compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

(d) Punitive damages;

(e) Front Pay;

(f) Interest on Front Pay;

(g) Pre-judgment interest;

(h) Post-judgment interest;

(i) Cost of court/suit;

(j) Reasonable expert fees; and

(k) Attorney's fees.

**RESPONSE:** Defendants deny the allegations in Paragraph 8.01, including subparts (a) – (k), and deny Plaintiff's entitlement to any damages whatsoever.

## IX.

## JURY DEMAND

9.01   Plaintiff demands a trial by jury herein.

**RESPONSE:**  Defendants admit Plaintiff has demanded a jury trial.

## X.

## NUMBER OF EMPLOYEES

10.01   Defendant employs more than 500 employees.

**RESPONSE:**  Defendants admit that Plaintiff's former employer, HGB, employs more than 500 employees.

## XI.

## EXHIBITS

**11.01** Plaintiff attaches the following exhibits to her Original Petition:

**EXHIBIT A** Employment Discrimination Complaint Form;

**EXHIBIT B** Dismissal and Notice of Right to File a Civil Action; and

**EXHIBIT C** Plaintiff's First Set of Discovery Requests (Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure) to Defendant.

**RESPONSE:** Defendants admit that the Petition included Exhibits A-C, purporting to be the documents described above. Defendants deny any obligation to respond to the discovery requests attached to the Petition as Exhibit C.

## XII.

## [PLAINTIFF'S] PRAYER

**12.01** WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, HUMANA, be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiff recovers judgment against Defendant for her actual damages in amounts within the jurisdictional limits of this Court, for all damages respectively sustained by her as set forth above together with pre-judgment interest thereon at the maximum legal or equitable rate; for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court; and for such other and further relief, at law or in equity, to which she may show herself justly entitled.

**RESPONSE**: Defendants deny the allegations set forth in Plaintiff's Prayer and deny Plaintiff's entitlement to any of the relief requested therein.

## XIII.

## **DEFENDANTS' DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants assert the following defenses, including affirmative defenses, as follows:

1. To the extent Plaintiff's claims exceed the scope of or are inconsistent with the charge of discrimination she filed with the EEOC and the TWC-CRD, they are barred by her failure to exhaust administrative remedies.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations to the extent that they were not presented to the TWC-CRD in a timely-filed charge of discrimination.

3. Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to Plaintiff's gender, national origin, or color. HGB terminated Plaintiff for her admitted violation of Humana's Harassment and Critical Offenses policies. In particular, Plaintiff's direct subordinate made an internal complaint that Plaintiff had sent him sexually explicit text messages and made otherwise inappropriate comments. The subordinate provided HGB with a copy of the text messages, and Plaintiff admitted to her behavior and comments.

4. At all times, Defendants' actions were lawful, justified, and made in good faith.

5. HGB would have made the same employment decision with regard to Plaintiff even in the absence of any alleged impermissible discriminatory intent, and such motive is denied.

6. Defendants have in place a clear and well disseminated policy against discrimination, and a reasonable and available procedure for handling complaints of violations thereof, which provides for prompt and effective responsive action. To the extent Plaintiff failed

to take advantage of the preventive or corrective opportunities provided by Defendants, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

7. Pending discovery, and without conceding Plaintiff has suffered any damages because of any alleged acts or omissions by Defendants, Plaintiff's alleged damages are limited or barred by the after-acquired evidence doctrine.

8. Pending discovery, and without conceding Plaintiff has suffered any damages because of any alleged acts or omissions by Defendants, Plaintiff has failed to mitigate any damages she may claim to have suffered as a result of any alleged actions by Defendants. Alternatively, any damages claimed to have been suffered by Plaintiff should be reduced by whatever income or economic benefits she has earned or received since her separation of employment with HGB.

9. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendants, Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and Texas Labor Code § 21.2585.

10. Defendants did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights, nor did Defendants approve, authorize, ratify, or have actual knowledge of any such acts.

11. If any improper, illegal, or discriminatory act was taken by any of Defendants' employees against Plaintiff (which Defendants deny), it was outside the course and scope of that employee's employment, contrary to Defendants' policies, and was not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

12. Defendants cannot be vicariously liable for punitive damages in light of their good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

13. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitations on punitive and exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

Defendants specifically reserve the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Original Petition with prejudice and that Defendants be awarded Defendants' costs, attorneys' fees incurred in this action, and award it any such other relief that this Court deems just and proper.

Respectfully submitted,

 */s/ Tiffany Cox Stacy*
Tiffany Cox Stacy
Texas Bar No. 24050734
tiffany.cox@ogletree.com
Brandon E. Strey
State Bar No. 24084969
brandon.strey@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 E. Pecan Street, Suite 2700
San Antonio, Texas 78205
Telephone: 210.354.1300
Fax: 210.277.2702

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 17th day of September, 2021 I electronically filed the foregoing with the Clerk of the Court and will serve a copy of same to the following:

Mauro F. Ruiz
RUIZ LAW FIRM, P.L.L.C.
118 West Pecan Blvd.
McAllen, Texas 78501
mruiz@mruizlaw.com


                            */s/ Tiffany Cox Stacy*
                            Tiffany Cox Stacy

48603741.1
301006.000176