IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELODY JOY CANTU and  <br>DR. RODRIGO CANTU,  <br>*Plaintiffs*  <br><br>V.  <br><br>DR. SANDRA GUERRA and  <br>DIGITAL FORENSICS  <br>CORPORATION, LLC  <br>*Defendants* | §  <br>§  <br>§  <br>§  <br>§   CASE NO.: 5:20-CV-00746-JKP (HJB)  <br>§  <br>§  <br>§  <br>§  <br>§  <br>§  <br>§ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS AGAINST PLAINTIFFS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants, DR. SANDRA GUERRA ("Dr. Guerra") and DIGITAL FORENSICS CORPORATION, LLC ("DFC" and, together with Dr. Guerra, "Defendants"), and file this Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File Supplemental Motion for Summary Judgment [Doc. 120] and Request for Sanctions Against Plaintiffs:

**I.  INTRODUCTION.**

1. This case has been pending for over 3 years.[1]

2. Plaintiffs filed *eight* requests for continuance of the Court's scheduling order over the past 3-year period.[2] The discovery deadline in this case expired on September 15, 2022, and

---

[1] Plaintiffs' Complaint was filed on June 24, 2020 [Doc. 1].
[2] *See* First Continuance Request [Doc. 42]; Second Continuance Request [Doc. 45]; Third Continuance Request [Doc. 47]; Fourth Continuance Request [Doc. 49]; Fifth Continuance Request [Doc. 57]; Sixth Continuance Request [Doc. 65]; Seventh Continuance Request [Doc. 67]; Eighth [misnamed Seventh] Continuance Request [Doc. 95].

the dispositive motion deadline expired on October 14, 2022.[3] Plaintiffs and Defendants timely filed their respective motions for summary judgment, responses, replies, and sur-replies thereto.[4]

3. Various motions to compel discovery were pending as of the date of the dispositive motion deadline on October 14, 2022 and the Court had set an in-person hearing on such motions for November 4, 2023.[5] However, Plaintiffs never requested an extension of time to file Plaintiffs' Motion for Summary Judgment pending the outcome of such in-person hearing.

4. Now, *over 9 months after* the scheduling order deadline to file dispositive motions, Plaintiffs seek leave to file Plaintiffs' Proposed Supplemental Motion for Summary Judgement [Doc 120-3] for the purpose of "incorporat[ing]…into Plaintiffs' arguments" evidence produced by DFC on November 11, 2022 (*over 8 months ago*).[6] However, not only is such request for leave untimely, but Plaintiffs failed to advise the Court in their Motion for Leave that Plaintiffs' Proposed Supplemental Motion for Summary Judgment also seeks to add new arguments regarding Plaintiffs' purported malicious prosecution claims against Defendants[7] and new summary judgment evidence that was available to Plaintiffs and was in fact *produced by Plaintiffs* months before the dispositive motion deadline.[8]

5. Accordingly, Defendants oppose Plaintiffs' Motion for Leave because Plaintiffs have failed to demonstrate good cause for permitting such an untimely supplemental motion for summary judgment. Defendants also request that the Court impose sanctions against Plaintiffs

---

[3] Doc. 98.
[4] *See* Doc. 109, Doc. 110, Doc. 112, Doc. 114, Doc. 115, Doc. 118, Doc. 119.
[5] Doc. 108.
[6] Plaintiffs' Motion for Leave [Doc. 120], ¶¶3, 6.
[7] Doc. 120-3, p. 14.
[8] *Compare* Docs. 110, 112, and 114 to Doc. 120-3, fn. 39 [Ex. D (Doc. 120-4), Bates labeled MCantuProd00133-134], fn. 40 [Ex. E (Doc. 120-5), Bates labeled MCantuProd0097-101], fn. 40 [Ex. F (Doc. 120-6)], fn. 41 [Ex. G (Doc. 120-7)].

and/or Plaintiffs' counsel pursuant to Rule 11(c)(2) and/or Rule 16(f)(1)(C) as a result of Plaintiffs' frivolous motion and their abject failure to disclose to the Court and counsel that Plaintiffs were also seeking leave to supplement their request for summary judgment with evidence and arguments that were readily available to Plaintiffs *at the time* Plaintiffs filed their motion for summary judgment and responses and replies to Defendants' competing motions for summary judgment in October – November 2022.[9]

## II. ARGUMENTS AND LEGAL AUTHORITY.

### A. Plaintiffs Have Failed to Address or Satisfy the Four-Factor Test for the "Good Cause" Requirement Under Rule 16(B).

6.  Rule 16 of the Federal Rules of Civil Procedure requires the District Court to promptly enter a scheduling order that limits, among other things, the time in which the parties may file motions.[10] Under Rule 16(b)(4), a scheduling order deadline "may be modified only for good cause and with the judge's consent."[11]

7.  The good cause standard under Rule 16(b) requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[12] Once the scheduling order deadline to file dispositive motions has expired, the party seeking leave must satisfy the following four-factor test: " '(1) explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' "[13]

---

[9] FED. R. CIV. P. 11.
[10] *Id.* at 16(b)(3)(A).
[11] *Id.* at 16(b)(4).
[12] 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990).
[13] *See S&W Enters., LLC*, 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)); *see also Batiste v. Lewis*, 976 F.3d 493, 500-01 (5th Cir. 2020).

8.   Here, Plaintiffs do not even address, much less satisfy, Rule 16(b)(4)'s good cause standard, and the four factors weigh against Plaintiffs.

9.   First, Plaintiffs offer no explanation whatsoever for their over 8-month failure to seek leave to supplement their Motion for Summary Judgment [Doc. 110] to include evidence [Ex. A, Doc. 120-1] Plaintiffs admit was produced to them by DFC on November 11, 2022.[14] More significantly, setting aside Plaintiffs' inexplicable failure to disclose to the Court in their Motion for Leave that they were also seeking to supplement their Motion for Summary Judgment to include evidence that *Plaintiffs produced over 1 year ago* on July 15, 2022,[15] Plaintiffs offer no explanation whatsoever for their failure to include such evidence (i) with Plaintiffs' Motion for Judgment [Doc. 110] filed on October 14, 2022 (the dispositive motion deadline), or (ii) with Plaintiffs' Opposition to Dr. Guerra's Motion for Summary Judgment [Doc. 112] filed on October 27, 2022, or (iii) with Plaintiffs' Reply to Dr. Guerra's Response to Plaintiffs' Motion for Summary Judgment [Doc. 118] filed on November 4, 2022.

10.   Plaintiffs also incorrectly allege that DFC continues to "withhold discovery" that was required to be produced by November 3, 2022[16] pursuant to the parties Joint Advisory to Court Regarding the In-Person Hearing Set on November 4, 2022.[17] Nevertheless, Plaintiffs have taken absolutely no action over the past 7 months to compel or otherwise seek judicial intervention with respect to the discovery they allege is being withheld. Moreover, Plaintiffs' Motion for Summary Judgment [Doc. 110] already includes Plaintiffs' unsubstantiated allegations regarding Defendants' purported "withholding of evidence."[18]

---

[14] Doc. 120, ¶3
[15] *Supra* fn. 8.
[16] Doc. 120, ¶¶2-5.
[17] Doc. 116.
[18] Doc. 110, p. 10.

11. Second, even if the links produced by DFC on November 11, 2022 [Ex. A (Doc. 120-1)] or the Purported Malicious Prosecution Evidence produced by and/or available to Plaintiffs on July 15, 2022[19] were important to Plaintiffs' case (which Defendants dispute), the purported importance of that evidence highlights the need for Plaintiffs to have (i) timely filed such evidence with Plaintiffs' Motion for Summary Judgment or with any of Plaintiffs' subsequent responses or replies to Defendants' competing motions for summary judgment in October – November 2022, or (ii) immediately sought leave from the Court to supplement Plaintiffs' Motion for Summary Judgment instead of waiting over 8 months after DFC produced such evidence. The alleged importance of such evidence, *if any*, does not override the Court's enforcement of the Court's scheduling order.

12. Third, granting Plaintiffs leave to file Plaintiffs' Supplemental Motion for Summary Judgment over 10 months after the close of discovery and over 9 months after the dispositive motion deadline will prejudice Defendants because they will need to file responses to Plaintiffs' Supplemental Motion for Summary Judgment which will needlessly increase the cost of litigation to the detriment of Defendants.

13. Lastly, Plaintiffs have already filed *eight* requests for continuance of the Court's Scheduling Order over 3-year period this case has been pending.[20] No trial date has been set in this case, and granting Plaintiffs leave to file Plaintiffs' Supplemental Motion for Summary Judgment will only further delay the possibility of setting of a trial date in the near future.

---

[19] Doc. 120-3, fn. 39 [Ex. D (Doc. 120-4), Bates labeled MCantuProd00133-134], fn. 40 [Ex. E (Doc. 120-5), Bates labeled MCantuProd0097-101], fn. 40 [Ex. F (Doc. 120-6)], fn. 41 [Ex. G (Doc. 120-7)] (collectively, the "Purported Malicious Prosecution Evidence").

[20] *See* First Continuance Request [Doc. 42]; Second Continuance Request [Doc. 45]; Third Continuance Request [Doc. 47]; Fourth Continuance Request [Doc. 49]; Fifth Continuance Request [Doc. 57]; Sixth Continuance Request [Doc. 65]; Seventh Continuance Request [Doc. 67]; Eighth [misnamed Seventh] Continuance Request [Doc. 95].

14. Accordingly, Plaintiffs have not and cannot establish that "good cause" exists to supplement Plaintiffs' Motion for Summary Judgment. Consequently, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave in its entirety.

### B. Defendants' Request for Sanctions.

15. Defendants reassert the facts and legal arguments and authorities set forth in the preceding paragraphs and incorporate those facts and legal arguments and authorities by reference below as if fully set forth verbatim.

16. By presenting to the Court a written motion "—whether by signing, filing, submitting, or later advocating— an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

> (1) [such motion] is not presented for any improper purpose, such as to harass, delay, or needlessly increase the cost of litigation…"[21]

17. Plaintiffs have provided no valid reason that justifies their filing a motion for leave to file Plaintiffs' Proposed Supplemental Motion for Summary Judgment over 9 months after the expiration of the dispositive motion deadline.

18. More significantly, Plaintiffs falsely allege in Plaintiffs' Proposed Supplemental Motion for Summary Judgment that "Dr. Guerra has a history of misrepresentation in federal and state court proceedings." Yet, Plaintiffs incorrectly represent to the Court that they are only requesting leave to file Plaintiffs' Proposed Supplemental Motion for Summary Judgment for the purpose of "incorporat[ing] Defendants' belatedly produced evidence [from November 11, 2022] into Plaintiffs' arguments."[22] Nowhere in Plaintiffs' Motion for Leave do Plaintiffs disclose to the

---

[21] FED. R. CIV. P. 11(b)(1).
[22] Doc. 120, ¶¶6.

Court that Plaintiffs' Proposed Supplemental Motion for Summary Judgment *also* seeks to add new summary judgment evidence that was available to Plaintiffs and was in fact *produced by Plaintiffs* months before the dispositive motion deadline on October 14, 2022.[23]

19. Plaintiffs' untimely Motion for Leave was not asserted in good faith and Plaintiffs, once again,[24] have needlessly increased the cost of litigation to the detriment of Defendants by forcing Defendants to incur additional attorneys' fees to respond to such improper Motion. The flouting of the scheduling order deadlines and conscious disregard of the Rules by Plaintiffs and Plaintiff's counsel, as well as the failure by Plaintiffs' counsel to adhere to the duty of candor they owe to the Court, warrant the imposition of sanctions.

20. Accordingly, Defendants seek sanctions against Plaintiffs and/or Plaintiffs' counsel under Rule 11(c)(2) in the form of an award of Defendants' reasonable and necessary attorneys' fees. Alternatively, or additionally, Defendants seek sanctions against Plaintiffs and/or Plaintiffs' counsel under Rule 16(f)(1)(C) for their defiance of the Rules and the Court's scheduling order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, respectfully pray that this Court, (i) deny Plaintiffs' Motion for Leave to File Supplemental Motion for Summary Judgment, (ii) grant Defendants' request for sanctions hereunder and order Plaintiffs and/or Plaintiffs' counsel, pursuant to Rule 11(c)(2) and/or Rule 16(f)(1)(C), to pay the reasonable attorneys' fees and costs incurred by Defendants in responding to and defending against Plaintiffs' Motion for Leave, and

---

[23] *Compare* Docs. 110, 112, and 114 to Doc. 120-3, fn. 39 [Ex. D (Doc. 120-4), Bates labeled MCantuProd00133-134], fn. 40 [Ex. E (Doc. 120-5), Bates labeled MCantuProd0097-101], fn. 40 [Ex. F (Doc. 120-6)], fn. 41 [Ex. G (Doc. 120-7)].
[24] *See e.g.,* Doc. 72, Doc. 104, Doc. 111.

(iii) grant Defendants all such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

Dated: July 24, 2023.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: _/s/Ricardo G. Cedillo_
RICARDO G. CEDILLO
Texas State Bar No. 04043600
rcedillo@lawdcm.com
BRANDY C. PEERY
Texas State Bar No. 24057666
bpeery@lawdcm.com

ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

-AND-

**APPLE & FINK, L.L.P.**

735 Plaza Blvd., Suite 200
Coppell, Texas 75019
Telephone No.: (972) 315-1900
Telecopier No.: (972) 315-1955

By: _/s/J. David Apple_
J. DAVID APPLE
Texas State Bar No. 01278850
jdapple@applefinklaw.com

ATTORNEYS FOR DEFENDANT, DIGITAL FORENSICS CORPORTION, LLC

## CERTIFICATE OF SERVICE

    I certify that on this 24th day of July 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

                                        */s/Ricardo G. Cedillo*
                                        RICARDO G. CEDILLO