IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY JOY CANTU** and **DR. RODRIGO CANTU,** *Plaintiffs* | §<br>§<br>§<br>§ |
| | § **CASE NO.: 5:20-CV-00746-JKP (HJB)** |
| | § |
| V. | § |
| | § |
| **DR. SANDRA GUERRA** and **DIGITAL FORENSICS CORPORATION, LLC** *Defendants* | §<br>§<br>§<br>§ |

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS AGAINST PLAINTIFFS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants, DR. SANDRA GUERRA ("Dr. Guerra") and DIGITAL FORENSICS CORPORATION, LLC ("DFC" and, together with Dr. Guerra, "Defendants"), and file this Defendants' Sur-Reply to Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File Supplemental Motion for Summary Judgment and Request for Sanctions Against Plaintiffs [Doc. 122] and, in support thereof, respectfully show unto the Court as follows:

**ARGUMENT AND AUTHORITIES**

I.  **PLAINTIFFS HAVE FAILED TO CARRY THEIR BURDEN TO SHOW GOOD CAUSE**.

   A.  **Plaintiffs' Explanation for Delay is Not Compelling**.

   1.  Plaintiffs admit that they have been in possession of the computer codes they purportedly seek to add as new summary judgment evidence since **November 11, 2023**. Yet,

Plaintiffs provide no compelling explanation as to why Plaintiffs waited *over 8 months* thereafter to file a motion for leave to supplement their motion for summary judgment.

2. Plaintiffs make the conclusory statement that "analysis" of the computer code was "tedious and technical" but offer no specific details or explanation as to what exactly was entailed in such alleged "analysis" process or how long it took. Plaintiffs also offer no explanation as to why they never filed an advisory to the Court or conferred with opposing counsel at any time over the past 8 months to report on the status of Plaintiffs' alleged analysis of the computer codes or to otherwise advise the Court or opposing counsel of their desire to supplement their motion for summary judgment once such analysis was completed.

3. Plaintiffs have failed to produce any evidence of the exercise of diligence on their part which adequately explains their failure to timely move for leave in the *over 8 months* since they obtained the computer codes. Accordingly, the first factor under the Rule 16(b) "good cause" analysis weighs against granting Plaintiffs' motion.

**B.   The Computer Codes Do Not Conclusively Establish Defendants' Liability**.

4. Plaintiffs seek leave to add 117 pages of computer code as new evidence in support of Plaintiffs' motion for summary judgment, but do not offer any evidence that interprets or analyzes the code or otherwise supports Plaintiffs' conclusory allegation in their Reply that the computer codes establish Defendants' "unlawful and illegal conduct."[1] In fact, Plaintiffs concede that the "codes raise more questions than it [sic] answers" which conflicts with Plaintiffs' assertion that the codes conclusively "establish Defendants' liability for the complained cause of action."[2]

---

[1] Doc. 122, p. 7, ¶b.
[2] *Id.*, p. 8.

5.     Thus, the second factor regarding the importance of supplementing Plaintiffs' motion summary judgment to include bare bones "computer code" weighs against granting Plaintiffs' motion.

### C. Defendants Will Be Prejudiced if Plaintiffs are Permitted to Supplement Plaintiffs' Motion for Summary Judgment.

6.     In assessing factor three, "courts 'consider the timing of the request vis-à-vis the case's procedural posture; if the discovery period has expired or the case is essentially too far along, courts generally find prejudice to the defendant.'"[3] Here, Plaintiffs incorrectly state that "currently there is no scheduling order" in this case.[4] The Court issued an Order on August 8, 2023 regarding the scheduling deadlines [Doc. 98] and stated therein that the dispositive motion deadline expired on October 14, 2022.

7.     Plaintiffs argue that Defendants will not be prejudiced if Plaintiffs are granted leave to supplement their motion for summary judgment over 9 months after the dispositive motion deadline because there are no hearing dates or trial scheduled in this case.[5] However, the Court has issued a Trial Scheduling Order [Doc. 123] and the Final Pretrial Conference is now scheduled on September 7, 2023 and Jury Trial is scheduled on September 11, 2023.

8.     Accordingly, Defendants will be prejudiced if Plaintiffs are granted leave to supplement because of the possibility that Defendants may not be afforded the full 14 days under Local Rule CV-7(D)(2) to file their Response and the likelihood that Defendants will be forced to allocate time and resources away from drafting Court ordered pre-trial submissions and preparing for trial to instead draft a Response to Plaintiffs' proposed supplemental motion for

---

[3] *Cantu v. Wayne Wilkens Trucking, LLC*, No. SA-19-CV-1067-XR, 2020 WL 3132410, at *2 (W.D. Tex. June 11, 2020) (quoting *Strong v. Marathon Res. Mgmt. Grp., LLC*, No. 1:18-CV-634-RP, 2019 WL 4696418, at *2 (W.D. Tex. Sept. 25, 2019) (internal citations omitted).
[4] Doc. 122, p. 9, ¶c
[5] Doc. 122, p. 9

summary judgment. Therefore, factor three weighs against granting Plaintiffs' motion for leave to supplement.

### D. The Court Has Ordered the Parties to Jury Trial on September 11, 2023.

9.   Lastly, this case has been pending for over 3 years. The Court has found that "although dispositive motions remain pending…this case is sufficiently ready for jury trial."[6] As such, this case is now set for jury trial on September 11, 2023. Consequently, the trial date is imminent and there is no availability of a continuance to cure any potential prejudice to Defendants if Plaintiffs are granted leave to supplement their motion for summary judgment. Therefore, factor four weighs against granting Plaintiffs' motion.

## II. PLAINTIFFS INTENTIONALLY HAVE FAILED TO CARRY THEIR BURDEN TO SHOW GOOD CAUSE.

10.   In their Response [Doc. 121], Defendants specifically identified the issue of Plaintiffs' failure to disclose to the Court in their Motion for Leave that Plaintiffs' Proposed Supplemental Motion for Summary Judgment also seeks to add new arguments regarding Plaintiffs' purported malicious prosecution claims against Defendants[7] and new summary judgment evidence that was available to Plaintiffs and was in fact *produced by Plaintiffs* months before the dispositive motion deadline.[8]

11.   Nevertheless, Plaintiffs wholly failed to address this issue in their Reply and refused to correct Plaintiffs' misrepresentation to the Court. In fact, Plaintiffs (without disclosing or acknowledging their actions to the Court) continue to attempt to insert into their proposed supplemental motion for summary judgment evidence that was not only *undisputedly* available

---

[6] Doc. 123.
[7] Doc. 120-3, p. 14.
[8] *Compare* Docs. 110, 112, and 114 to Doc. 120-3, fn. 39 [Ex. D (Doc. 120-4), Bates labeled MCantuProd00133-134], fn. 40 [Ex. E (Doc. 120-5), Bates labeled MCantuProd0097-101], fn. 40 [Ex. F (Doc. 120-6)], fn. 41 [Ex. G (Doc. 120-7)].

to Plaintiffs but was actually produced by Plaintiffs well in advance of the October 14, 2023 dispositive motion deadline.

12. Accordingly, Defendants reassert their arguments set forth in their Response [Doc. 121] in support of their request for sanctions against Plaintiffs and/or Plaintiffs' counsel.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants, DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, respectfully pray that this Court, (i) deny Plaintiffs' Motion for Leave to File Supplemental Motion for Summary Judgment, (ii) grant Defendants' request for sanctions hereunder and order Plaintiffs and/or Plaintiffs' counsel, pursuant to Rule 11(c)(2) and/or Rule 16(f)(1)(C), to pay the reasonable attorneys' fees and costs incurred by Defendants in responding to and defending against Plaintiffs' Motion for Leave, and (iii) grant Defendants all such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

Dated: August 7, 2023.                    Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By:   */s/Ricardo G. Cedillo*
   RICARDO G. CEDILLO
   Texas State Bar No. 04043600
   rcedillo@lawdcm.com
   BRANDY C. PEERY
   Texas State Bar No. 24057666
   bpeery@lawdcm.com

   ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

*-AND-*

**APPLE & FINK, L.L.P.**

735 Plaza Blvd., Suite 200
Coppell, Texas 75019
Telephone No.: (972) 315-1900
Telecopier No.: (972) 315-1955

By:   */s/J. David Apple*
   J. DAVID APPLE
   Texas State Bar No. 01278850
   jdapple@applefinklaw.com

   ATTORNEYS FOR DEFENDANT, DIGITAL FORENSICS CORPORTION, LLC

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of August 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

    */s/Ricardo G. Cedillo*
    RICARDO G. CEDILLO