UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

MELODY JOY CANTU AND DR. RODRIGO
CANTU,

        Plaintiffs,

  v.

DR. SANDRA GUERRA and DIGITAL
FORENSICS CORPORATION, LLC,

        Defendants.

5:20-CV-0746 JKP – HJB

**Plaintiffs' Opposed Motion for an Ends of Justice Continuance of Trial**

Plaintiffs Dr. Rodrigo Cantu and Melody Joy Cantu move this Court for continuance of the trial dates set in the above referenced matter because Plaintiffs' Counsel has a scheduling conflict with a federal criminal trial that has been scheduled since December 2, 2022, and is set to begin trial on September 14, 2023.

**Background**

On April 27, 2021, Roman Sterlingov was arrested at Los Angeles International Airport and accused of operating the Bitcoin Fog mixing service. He has been in federal custody ever since.

On March 22, 2022, Attorney Tor Ekeland filed an appearance as Defense Counsel in the case *United States v. Roman Sterlingov* (21-CR-00399-RDM), a federal criminal case in Washington D.C. in which the Defendant faces a potential life sentence in a first-of-its-kind, complex, blockchain prosecution.[1]

On April 4, 2022, Attorney Michael Hassard filed an appearance as Defense Counsel in the case *United States v. Roman Sterlingov* (21-CR-00399-RDM).[2]

On December 2, 2022, the Honorable Randolph D. Moss, District Court Judge in the District of Columbia, set a Pre-Trial Hearing for August 30, 2023, and a trial beginning September 14, 2023, in *United States v. Roman Sterlingov*.[3]

On October 14, 2022, Plaintiffs filed a Motion for Summary Judgment in the above captioned case, *Cantu et al. v. Guerra et al.* (20-CV-0746).[4] On October 28, 2022, Defendants

---

[1] *U.S. v. Sterlingov*, Dkt. 33 (attached as Ex. A – Printout of Docket for *U.S. v. Sterlingov* (21-cr-00399-RDM (D.D.C.)).

[2] *Id.* at Dkt. 35.

[3] *Id.* Minute Entry (Dec. 2, 2023).

filed their Response.[5] On November 4, 2022, Plaintiffs filed their Reply.[6] On November 14, 2022, Defendants filed a Motion for Leave to File a Sur-Reply to Plaintiffs' Motion for Summary Judgment attaching 17 exhibits, one of which is their proposed sur-reply.[7] This Court has yet to rule on these motions.

On October 14, 2022, Defendants filed a Motion for Summary Judgment.[8] On October 27, 2022, Plaintiffs filed their Opposition.[9] Defendants never filed a Reply. This Court has yet to rule on this Motion.

On November 11, 2022, Defendant Digital Forensics Corporation ("DFC") produced discovery to Plaintiffs that included 117 pages of computer code directly relevant to Plaintiffs' claims.[10]

On July 17, 2023, Plaintiffs filed a Motion for Leave to File Supplemental Motion for Summary Judgment that incorporates the computer code produced after the deadline for summary judgment by Defendants.[11]

---

[4] *Cantu* Dkt. 109.

[5] *Id.* 114.

[6] *Id.* 118.

[7] *Id.* 119

[8] *Id.* 109.

[9] *Id.* 112.

[10] *Id.* 120 (Plaintiffs' Motion for Leave to File Summary Judgment Motion discussing Defendants' belated production of computer code).

[11] *See id.*

On August 2, 2023, this Court entered a Trial Scheduling Order setting a Pre-Trial Conference for September 7, 2023, and a Trial beginning September 11, 2023.[12]

On August 3, 2023, Plaintiffs' Counsel sent an email to Defendants' Counsel notifying them of Plaintiffs' Counsels' trial scheduling conflict and proposing a February 2024 trial date.[13]

On August 3, 2023, Defense Counsel for Defendant Dr. Guerra, sent an email to Plaintiffs' Counsel in which she indicated she had conferred with Defense Counsel for Defendant Digital Forensics Corporation, and that neither Defendant agreed to a continuance.[14]

On August 22 and 23, 2023, Plaintiff's Counsel is scheduled to appear in *U.S. v. Sterlingov* for *Daubert* hearings.[15] Currently, Plaintiffs' Counsel is deep in trial preparation preparing expert witnesses and the Defendant for their upcoming testimony both at the scheduled *Daubert* Hearings, as well as at trial. Plaintiffs' Counsel is also currently litigating pretrial motions for early returns on Federal Rule of Criminal Procedure 17(c) subpoenas, issuing witness subpoenas, preparing cross-examinations for all the Government witnesses, preparing trial exhibits and demonstratives, and drafting opening and closing statements, among other things. Furthermore, Plaintiffs' Counsel anticipates having to file a motion to compel against the Government should the current negotiations with the United States Department of Justice regarding their discovery production fail.

---

[12] *Cantu* Dkt. 123.

[13] *See* Email from Plaintiffs' Counsel to Defendants' Counsel regarding a continuance (Aug. 3, 2023) (attached as Ex. B).

[14] *See Id.*

[15] *Sterlingov* Dkt. Minute Order, July 19, 2023.

On September 6, 2023, Plaintiffs' Counsel is scheduled to appear in a Pretrial Conference in the United States District Court for the District of Columbia in the case of *U.S. v. Roman Sterlingov*.[16]

On September 14, 2023, Plaintiffs' Counsel will begin trial in the United States District Court for the District of Columbia in the case of *U.S. v. Roman Sterlingov*.[17] The parties anticipate the trial to take 4-8 weeks.

## Legal Standard

Federal Rule of Civil Procedure 16(b)(4) allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[18] In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice.[19]

Like other motions to modify a scheduling order, motions for a continuance "are addressed to the sound discretion of the district court," and "ordinarily the appellate court will

---

[16] *Id.*

[17] *See id.*

[18] *Nelson v. Landry*, No. 20-837-JWD-RLB, at *3 (M.D. La. Sep. 16, 2022) citing *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

[19] *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

not interfere with the district court's exercise of its discretion as long as there is no showing of abuse."[20]

Looking beyond the Court's authority to modify a scheduling order pursuant to Rule 16, the Supreme Court has recognized the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Such inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[21]

**Argument**

Defendant Roman Sterlingov faces a potential life sentence. Plaintiffs' Counsel have represented Mr. Sterlingov for over a year now and the current trial scheduled for September has been scheduled since December 2022. Plaintiffs' Counsel is deep in extensive and time-consuming trial preparations for the upcoming September 2023 trial in Washington D.C.

Plaintiffs' Counsel requests this Continuance in good faith and for good cause because it is impossible for them to do two trials at once and in the present civil action no one's liberty is at stake, and there is no prejudice to any of the parties if the currently scheduled trial date in this matter is moved to a date after Mr. Sterlingov's federal criminal trial.

Plaintiffs' Counsel does not seek this Continuance lightly and would not do so but for the scheduling conflict. Plaintiffs' Counsel committed to the trial date in *U.S. v. Sterlingov* in

---

[20] *See Facille v. Madere & Sons Towing, Inc.*, CIVIL ACTION No. 13-6470, at 7 (E.D. La. July 3, 2014) citing 9 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2352 (3d ed.); *see also, e.g.*, *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1193 (5th Cir. 1986).

[21] *Id.* citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *see also Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1406 (5th Cir. 1993)

December 2022. This motion is filed with good cause, as the current situation meets all of the requirements for good cause.

First, Plaintiffs' Counsel has a valid explanation for the requested extension. Defendant Mr. Sterlingov has been incarcerated pretrial since April 2021. Mr. Sterlingov's trial has already been continued well past the original Speedy Trial Act limitations, and it is unlikely that the D.C. District Court would grant any further continuances. The United States District Court for the District of Columbia has a particularly busy docket because of the accumulation of federal criminal cases related to the January 6th protests. Mr. Sterlingov was originally scheduled for trial in December 2022. When that trial date was continued, the next available date was not until the current trial date of September 14, 2023. Mr. Sterlingov maintains his innocence of the crimes he is accused of and has waited almost three years for his day in court. No one in this civil case is incarcerated, nor is their liberty at stake. Any continuance in *United States v. Sterlingov* would result in the defendant spending further time in pretrial incarceration.

Second, Plaintiffs' Counsel's requests the continuance for an important reason, beyond their control. The trial dates in *United States v. Sterlingov* were set over six-month ago, and the defendant has languished in prison pretrial waiting for his day in court since his arrest in April 2021. Any continuance in that matter because of Plaintiffs' Counsel appearing at trial in this matter would result in an extension of Mr. Sterlingov's incarceration. Plaintiffs' Counsel does not seek this Continuance for dilatory reasons, or any other reason beyond the fact that this federal criminal trial has been scheduled for over half a year and is now just a month away.

Third, any potential prejudice to the Defendants is minimal or non-existent. Neither Plaintiffs nor Defendants requested the September trial date from this Court. Trial dates were set by this Court only five days ago. That same day Plaintiffs' counsel conferred with Defendants'

Counsel inquiring whether they would oppose a continuance and indicating Plaintiffs' Counsel would like to work with Defendants' Counsel to propose dates to this court that work for both parties.[22]

Defendants' Counsel indicated that the reason for opposing the continuance is that they want to respect the Court's "inherent authority to control its docket". Defendants' Counsel did not provide any further justification for their opposition.[23]

It is not prejudicial to Defendants to reschedule the trial dates in this matter. Plaintiffs' Counsel merely requests that the trial dates be moved to after the conclusion of Mr. Sterlingov's trial with a maximum delay of 180 days. While Plaintiffs' Counsel originally suggested a trial date in February 2024, Plaintiff's Counsel is amenable to a continuance of a shorter duration. A trial date in November or December 2023 would be completely acceptable.

Finally, there is availability of a further continuance to cure any prejudice potentially suffered by Defendants for a trial date in November, December 2023, or January or February 2024. Should Defendants request a continuance of this matter, Plaintiffs would not oppose.

This Court has the inherent power to control its docket. But for the attorney's scheduling conflict with the previously scheduled federal criminal trial in the District of Columbia, Plaintiffs' Counsel would be available and eager to try this matter to verdict. It is only because of the scheduling conflict and the fact that Plaintiffs' counsel is deep in trial preparation for a complex federal criminal trial with multiple matters of first impression involving complex issues

---

[22] *See* Ex. B.

[23] *See id.*

of blockchain forensics and multiple expert witnesses that undersigned counsel requests this continuance.

## Conclusion

For the foregoing reasons, Plaintiffs' Counsel requests an ends of justice continuance no longer than 180 days because of the scheduling conflict with the September 14, 2023, trial set in *United States v. Roman Sterlingov* 21-CR-00399-RDM (D.D.C).

Dated: August 8, 2023

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

and

Michael Hassard (NYT Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Plaintiffs Melody Joy Cantu and Dr. Rodrigo Cantu*

**Certificate of Service**

I certify that on this 8th of August 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record. Counsel for Defendants have indicated their opposition to this motion.

/s/ Tor Ekeland