UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MELODY JOY CANTU and
DR. RODRIGO CANTU,**

    *Plaintiff*,

v.                                                   Case No. SA-20-CV-0746-JKP

**DR. SANDRA GUERRA and
DIGITAL FORENSICS
CORPORATION,**

    *Defendants*.

### ORDER DENYING CONTINUANCE

Before the Court is *Plaintiffs' Opposed Motion for an Ends of Justice Continuance of Trial* (ECF No. 125). Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiffs seek to continue the September 11, 2023 trial set in this case. Defendants have filed a response (ECF No. 127) to oppose the continuance, but they also state that, if the Court grants the continuance, it should leave the other deadlines in place, including the final pretrial conference set for September 7, 2023. The Court finds no need for a reply brief.

Plaintiffs assert that the currently scheduled trial date conflicts with a previously scheduled criminal trial that requires the attention of two of their attorneys. The criminal case is set for hearing on August 30, 2023, and for trial to commence September 14, 2023. Counsel also has a scheduled pretrial conference in that same criminal case for September 6, 2023. Plaintiffs do not address the availability of their local counsel for trial.

Given the nature of trials, the Court **DENIES** the motion for continuance without prejudice. Should the conflict remain through the date of the final pretrial conference in this case Plaintiffs may file another such motion. Within any such filing, Plaintiffs shall explain (1) why the

Court should not consider the availability of local counsel to handle trial and (2) why one of the two conflicted attorneys cannot handle this civil case. Although the present motion does not directly indicate any conflict with the currently scheduled pretrial conference in this case, if the pretrial conference poses logistical issues for counsel, the Court may permit counsel to appear via Zoom on proper motion.

Two years ago, Plaintiffs and Dr. Guerra previously participated in unsuccessful mediation. *See* ECF No. 60. At the time, the mediating parties had no intent to further mediate the case. Notably, Defendant Digital Forensics Corporation did not participate in the prior mediation because it was without counsel. The contours of this case have changed materially since the Court's recent rulings on summary judgment motions. If all parties jointly request a mediation referral to a United States Magistrate Judge, the Court will consider such motion and ascertain whether any magistrate judge has availability to conduct such a mediation before the scheduled pretrial conference in this case. But, with the rapidly approaching pretrial conference, mediation by a United States Magistrate Judge may not be feasible. Thus, if the parties are interested in further mediation, they are also encouraged to engage in private good faith settlement efforts.

**IT IS SO ORDERED this 15th day of August 2023.**

*[Signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**