IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELODY JOY CANTU and<br>DR. RODRIGO CANTU,<br>*Plaintiffs* | §<br>§<br>§<br>§ |
| | § CASE NO.: 5:20-CV-00746-JKP (HJB) |
| V. | §<br>§<br>§ |
| DR. SANDRA GUERRA and<br>DIGITAL FORENSICS<br>CORPORATION, LLC<br>*Defendants* | §<br>§<br>§<br>§ |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE COUNSEL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME, Defendants, DR. SANDRA GUERRA ("Dr. Guerra") and DIGITAL FORENSICS CORPORATION, LLC ("DFC" and, together with Dr. Guerra, "Defendants"), and hereby file Defendants' Response in Opposition to Plaintiffs' Motion to Substitute Counsel [Doc. 129] and, in support thereof, respectfully shows unto the Court as follows:

**I.   SUMMARY**

1. The Motion at issue is misidentified as a motion to "substitute" counsel when it is substantively a motion by Ms. Rain Levy Minns to "withdraw" as Plaintiffs' counsel less than 3 weeks before jury trial.

2. Ms. Minns entered an appearance on behalf of Plaintiffs in this matter over 3 years ago on July 27, 2020 [Doc. 7]. Plaintiffs now purportedly seek to "substitute Michael Hassard…as counsel of record in place of Rain Minns." However, Plaintiffs incorrectly represent to the Court that Mr. Hassard is "new counsel" when, in fact, Mr. Hassard previously entered an appearance as *additional* counsel of record for Plaintiffs on April 20, 2022 [Doc. 71].

3.    No effort has been made by Ms. Minns to withdraw as counsel in the past 16 months since Mr. Hassard entered his appearance.[1] Nevertheless, Ms. Minns suddenly seeks to withdraw as counsel for Plaintiffs now that the Court has denied Plaintiffs' motion for continuance [Doc. 128] and dismissed 12 of Plaintiffs' 14 causes of action against Dr. Guerra on summary judgment [Doc. 126].

4.    The Court should deny Ms. Minns' motion to withdraw because Plaintiffs and Plaintiffs' counsel have wholly failed to comply with Federal law and the Local Court Rules for the Western District of Texas governing an attorney's request for withdrawal as counsel. Specifically, Defendants assert that the motion should be denied for the following reasons:

   a.   Ms. Minns and Plaintiffs' other counsel failed to confer with counsel for Defendants before filing their Motion in violation of Local Rule CV-7(G);

   b.   Ms. Minns has failed to comply with her burden of proving that there is "good cause" for her withdrawal; and

   c.   Ms. Minns' withdrawal appears to be deliberately designed to cause delay and/or disruption of the currently scheduled Pre-Trial Conference on September 7, 2023 and jury trial on September 11, 2023.

II.   **ARGUMENT AND AUTHORITIES**

   A.   **PLAINTIFFS' COUNSEL FAILED TO CONFER**.

5.    Local Rule CV-7(G) expressly provides:

**Conference Required**. The court may refuse to hear or **may deny** a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made…A motion is unopposed only if there has been an actual conference with opposing

---

[1] Ms. Minns continued to sign Plaintiffs' pleadings after Mr. Hassard entered his appearance. *See e.g.,* Doc. 95.

counsel and there is no opposition to any of the relief requested in the motion. (emphasis added).

6. Ms. Minns' motion to withdraw does not contain a Certificate of Conference or any statement that Plaintiffs' counsel conferred with Defendants' counsel in a good-faith attempt to resolve the issue of Ms. Minns' withdrawal because Plaintiffs' counsel made absolutely no attempt to reach out or confer with Defendants' counsel before unilaterally filing this motion.

7. Accordingly, Defendants request that the Court outright deny Ms. Minns' motion to withdraw as a result of the blatant disregard of the Local Rules demonstrated by Plaintiffs' counsel.

**B. MS. MINNS HAS FAILED TO COMPLY WITH HER BURDEN OF PROVING THERE IS "GOOD CAUSE" FOR HER WITHDRAWAL.**

8. Attorneys normally are expected to work through the completion of a case.[2] Attorneys may not withdraw as counsel of record until certain requirements are satisfied.[3] Ultimately, the determination of whether these requirements are met is a matter "entrusted to the sound discretion of the [trial] court."[4] *Id.*

9. "The first requirement is that attorneys may only withdraw upon leave of court and a showing of good cause and reasonable notice to the client."[5] Local Rule AT-3 also specifically states that "an attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal..."

---

[2] *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).
[3] *Id.*
[4] *Id.* (citations omitted).
[5] *Noviello v. Adam Wines Consulting LLC,* No. 3:22-cv-52-BN, 2023 WL 2589241, at *3 (N.D. Texas. March 21, 2023) (citing *Wynn* at 646).

10. The withdrawing attorney bears the burden of proving there is good cause to withdraw.[6] A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the case.[7] "If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw."[8]

11. Here, Ms. Minns does not even address, much less satisfy, the "good cause" standard required for withdrawal. Ms. Minns offers no explanation or reason whatsoever for her request for withdrawal as required under Local Rule AT-3 or the applicable Federal case law.

12. Consequently, Ms. Minns motion for withdrawal should be denied.

C. **MS. MINNS' WITHDRAWAL APPEARS TO BE DESIGNED TO CAUSE DELAY AND/OR DISRUPTION OF THE CASE**.

13. Even if "good cause for withdrawal exists [which Defendants dispute], it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.' "[9]

14. Courts typically consider several other factors when determining whether to allow an attorney to withdraw, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of

---

[6] *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 33-34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").
[7] *Noviello* at *3 (citation omitted).
[8] *White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).
[9] *Denton v. Suter*, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).

justice."[10] Chief among these factors is "undue delay in the proceedings, prejudice to the client, and the interests of justice."[11]

15. Looking to these relevant factors it appears that there is a strong likelihood that prosecution and completion of this lawsuit may be disrupted by Ms. Minns withdrawal. Notably, Ms. Minns' motion to withdraw does **not** state that it is not brought for purposes of delay.

16. Ms. Minns has been an attorney of record in this matter *for over 3 years*.[12] However, Ms. Minns suddenly seeks to withdraw now that the Court has denied Plaintiffs' motion for continuance and dismissed 12 of Plaintiffs' 14 causes of action against Dr. Guerra on summary judgment.[13]

17. Plaintiffs' request for continuance was based upon Mr. Ekland's and Mr. Hassard's alleged "scheduling conflicts."[14] However, in its Order Denying Continuance [Doc. 128] issued on August 15, 2023, the Court noted, among other things, that "Plaintiffs [did] not address the availability of their local counsel [Ms. Minns] for trial." Accordingly, *six days later* on August 21, 2023, Ms. Minns unexpectedly filed her motion to withdraw as Plaintiffs' counsel.

18. Consequently, it is reasonable to conclude that this last-minute motion to withdraw is nothing more than a deliberate attempt by Plaintiffs to circumvent the Court's Order Denying Continuance and intentionally cause a delay and/or disruption to the currently scheduled Final Pre-Trial Conference on September 7, 2023 and jury trial on September 11, 2023. As such, Ms. Minns'

---

[10] *White*, 2010 WL 2473833, at *3.
[11] *Dorsey v. Portfolio Equities, Inc.*, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008).
[12] *See* Doc. 7.
[13] Doc. 126 ("In accordance with Fed. R. Civ. P. 56(f), the Court has provided Plaintiffs notice and an opportunity to be heard as to why the Court should not dismiss those same claims [1 through 12 asserted against Defendant Dr. Guerra] as asserted against Defendant DFC.
[14] Doc. 125.

withdrawal is not in the interests of justice, and the length of time this case has been pending and the case's procedural posture weigh against granting the motion.

WHEREFORE, PREMISES CONSIDERED, Defendants, DR. SANDRA GUERRA and DIGITAL FORENSICS CORPORATION, LLC, respectfully pray that this Court deny Plaintiffs' Motion to Substitute Counsel; deny Ms. Rainn Levy Minns request to withdraw as Plaintiffs' counsel; and grant Defendants all such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

Dated: August 22, 2023.                    Respectfully submitted,

                                            **DAVIS, CEDILLO & MENDOZA, INC.**

                                            McCombs Plaza, Suite 500
                                            755 E. Mulberry Avenue
                                            San Antonio, Texas 78212
                                            Telephone No.: (210) 822-6666
                                            Telecopier No.: (210) 822-1151

                                            By:   */s/Ricardo G. Cedillo*
                                              RICARDO G. CEDILLO
                                              Texas State Bar No. 04043600
                                              rcedillo@lawdcm.com
                                              BRANDY C. PEERY
                                              Texas State Bar No. 24057666
                                              bpeery@lawdcm.com

                                            ATTORNEYS FOR DEFENDANT, DR. SANDRA GUERRA

                             *-AND-*

                                            **APPLE & FINK, L.L.P.**

                                            735 Plaza Blvd., Suite 200
                                            Coppell, Texas 75019
                                            Telephone No.: (972) 315-1900
                                            Telecopier No.: (972) 315-1955

                                            By:   */s/J. David Apple*
                                              J. DAVID APPLE
                                              Texas State Bar No. 01278850
                                              jdapple@applefinklaw.com

                                            ATTORNEYS FOR DEFENDANT, DIGITAL FORENSICS CORPORTION, LLC

## CERTIFICATE OF SERVICE

    I certify that on the 22nd day of August 2023 a true and correct copy of the foregoing was electronically via the CM/ECF System to all counsel of record.

                                              */s/Ricardo G. Cedillo*
                                              RICARDO G. CEDILLO