**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MELODY JOY CANTU and**
**DR. RODRIGO CANTU,**
*Plaintiffs*

**V.**                                              **CASE NO. 5:20-CV-00746-JKP (HJB**

**DR. SANDRA GUERRA and**
**DIGITAL FORENSICS CORPORATION, LLC**
*Defendants*

## COUNSEL MINNS' SUPPLEMENT TO PLAINTIFFS' MOTION TO SUBSTITUTE COUNSEL, AND ALTERNATIVELY, MOTION FOR CONTINUANCE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Rain Minns and hereby files a supplement to Plaintiffs' Motion to Substitute Counsel [Doc. 129], and in support thereof, shows the Court as follows.

1.     Quite a while back, the Plaintiffs reasonably did not want Ms. Minns to continue as local counsel. This is because the presence of Attorney Hassard in this case, who already had a co-counsel role and is also licensed in the Western District of Texas, made it duplicative to keep Ms. Minns on as local counsel. In fact, the Plaintiffs last paid Ms. Minns in May of 2021—more than two

1

years ago.  If Ms. Minns is forced by the court to remain as local counsel, then it forces a continued attorney-client representation that Plaintiffs and counsel both believe had reached its logical and financially-prudent conclusion.

2.  Ms. Minns has not had any involvement in the case since then.

3.  Until last week's unpleasant surprise, it was Ms. Minns' understanding that she had been formally substituted out of the case long ago.  In hindsight, Ms. Minns would have checked the record earlier to ensure that the substitution had been done.  Now, the matter is what it is.  Ms. Minns has no ability to prepare for trial at this point, and if she is not allowed to be substituted out as counsel, she would be forced to move for a continuance.

4.  On Monday, there was an attempt by Plaintiffs to rectify the error with the filing for Ms. Minns to be replaced by Mr. Hassard, who is also licensed in the district [Doc. 129].

5.  On Tuesday (today), Defendants filed their Response in Opposition to Plaintiffs' Motion to Substitute Counsel [Doc. 130]. Defendants argue Ms. Minns should be barred from being substituted out as counsel of record due to various technicalities, i.e., that she failed to confer with defense counsel prior to filing her motion, that she effectively seeks to withdraw as counsel (because the attorney who would replace her is already present in the case),

and that her motion "appears" to be designed to delay the trial (which it is not).  None of these arguments is a sufficient reason for the Court to deny Ms. Minns' motion.

6.    However, Plaintiffs' motion to substitute is for *good cause*.  As the Court has previously noted, Ms. Minns was not conferred with regarding pretrial or trial dates.  In addition, she runs a small, two-attorney law firm, has just finished a hard two-week trial, has a kid headed back to school this week, and is in the process of catching up on the firm's other cases. Since Mr. Hassard is licensed in the district, Ms. Minns' purpose as local counsel has been obviated. And, it was reasonable and understandable that the clients would want to avoid the expense of retaining two local attorneys.

7.    Furthermore, Mr. Hassard was previously entered in the record as "additional" counsel. He has represented Plaintiffs for over a year as local counsel. Pursuant to the court's approval, his substitution for Ms. Minns is a formality, and would not delay the trial.  In fact, neither Mr. Hassard nor Ms. Minns is the attorney in charge for Plaintiffs.  The attorney in charge is Tor Ekeland. This substitution of counsel would not cause a trial delay or prejudice the Defendants and Ms. Minns reiterates that assurance.

8.    Plaintiffs have also approved the substitution of counsel.

9.    Since receiving opposing counsel's opposition, Ms. Minns has personally conferred with Defendants' counsel to explain that the substitution is intended to obviate Ms. Minns' need to otherwise file for a continuance. Ironically, in filing their opposition to the substitution, Defendants create the very need for a continuance motion that they profess to want to avoid.

## CONCLUSION

10.   Plaintiffs' requested substitution of counsel is based on good cause and it will not delay the scheduled trial in this matter or prejudice Defendants.  For these reasons and for all the reasons given herein, Ms. Minns asks this Court to grant Plaintiffs' motion to substitute Michael Hassard in her place. Alternatively, if the substitution is denied, then Ms. Minns requests a continuance so that she can have an opportunity to adequately prepare as local counsel for this trial.

Respectfully submitted on the 22nd day of August, 2023.

Rain Levy Minns Udall
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Road, Suite 500
Austin, Texas 78759-8583
Phone: (512) 372-3222
Facsimile: (512) 861-2403
rain@rainminnslaw.com

4

## CERTIFICATE OF CONFERENCE

I certify that on August 22, 2023 I conferred with Defendants' counsel regarding Plaintiffs' motion for substitution.  We were unable to reach an agreement.

Rain Levy Minns Udall

## CERTIFICATE OF SERVICE

I certify that on August 22, 2023 a true and correct copy of the foregoing was sent electronically through the CM/ECF system as to all counsel of record.

Rain Levy Minns Udall