UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MELODY JOY CANTU and
DR. RODRIGO CANTU,**

    *Plaintiff*,

v.                                                             Case No. SA-20-CV-0746-JKP

**DR. SANDRA GUERRA and
DIGITAL FORENSICS
CORPORATION,**

    *Defendants*.

## ORDER GRANTING
## WITHDRAWAL OF COUNSEL

Before the Court is a *Substitution of Counsel* (ECF No. 129) that counsel docketed as a Motion to Substitute. The filing merely states that "subject to approval by the Court," Plaintiffs "substitute Michael Hassard . . . as counsel of record in place of Rain Minns." As pointed out by Defendants in their response to the motion, *see* ECF No. 130, the Court could summarily deny the motion for various procedural infirmities. But as Defendants also recognize, the issue of an attorney withdrawal is essentially a matter entrusted to the Court's sound discretion. With *Counsel Minns' Supplement to Plaintiffs' Motion to Substitute Counsel, and alternatively, Motion for Continuance* (ECF No. 131), the Court has received clarification as to many questions it had with Plaintiffs' initial filing. The Court sees no need for further briefing on these matters.

According to the filed supplement, Mr. Hassard is licensed in the Western District of Texas, thus making it duplicative to keep Ms. Minns as local counsel. Likewise, according to the filed supplement, the motion to substitute/withdraw is not designed to delay trial. In fact, the Court finds particularly noteworthy the following statements from the filed supplement:

> Pursuant to the court's approval, his substitution for Ms. Minns is a formality, and would not delay the trial. In fact, neither Mr. Hassard nor Ms. Minns is the attorney in charge for Plaintiffs. The attorney in charge is Tor Ekeland. This substitution of

counsel would not cause a trial delay or prejudice the Defendants and Ms. Minns reiterates that assurance.

Based on these representations in the filed supplement, the Court finds good cause for permitting Ms. Minns to withdraw. Given the representations regarding not delaying trial, the Court interprets the withdrawal as indicating that either the conflict Plaintiffs' remaining attorneys had with the current trial date has been resolved or that Mr. Hassard will handle the trial in this matter while Mr. Ekeland handles the criminal trial.

The Court further notes that the supplement cites to the motion to substitute as proof that Mr. Hassard is licensed in this district, but the motion itself contains no such proof. Still, the Court has no reason to question the veracity that he is licensed in this district or that granting the withdrawal will delay trial.

For good cause shown in the supplement, the Court **GRANTS** the *Motion to Substitute* (ECF No. 129), which is properly construed as a motion to withdraw because there is no substitution of counsel when the attorney to be "substituted" is already an attorney of record. Plaintiffs apparently desire to substitute Mr. Hassard as their local counsel for Ms. Minns. Rain Levy Minns who appeared in this case as local counsel for Plaintiffs is hereby permitted to withdraw from this matter. Plaintiffs will continue to be represented by Tor Ekeland and Michael Hassard. **The Clerk of Court should note on the docket that Ms. Minns is terminated as an attorney in this case as of this date**. Because the Court grants the requested withdrawal of counsel, it **MOOTS** the alternate *Motion for Continuance* (ECF No. 131).

**IT IS SO ORDERED this 23rd day of August 2023.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**